Case 1:17-cv-00124-LLS Document 250 Filed 02/21/19 Page 1 of 5
Case 17-3745, Document 207, 02/21/2019, 2504649, Page1 of 5

N.Y.S.D. Case #
17-cv-0124(LLS)

17-3745-cv(L)
*FTC v. Quincy Bioscience Holding Co.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 21st day of February, two thousand nineteen.

Present:    ROSEMARY S. POOLER,
            RAYMOND J. LOHIER, JR.,
            SUSAN L. CARNEY,
                *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Feb 21 2019

_____

FEDERAL TRADE COMMISSION, PEOPLE OF THE STATE OF NEW YORK,
BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK,

*Plaintiffs-Appellants*,

v.                                                       17-3745-cv (L)
                                                         17-3791-cv (CON)

QUINCY BIOSCIENCE HOLDING COMPANY, INC., a corporation, QUINCY BIOSCIENCE, LLC, a limited liability company, PREVAGEN, INC., a corporation DBA SUGAR RIVER SUPPLEMENTS, QUINCY BIOSCIENCE MANUFACTURING, LLC, a limited liability company, MARK UNDERWOOD, individually and as an officer of Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, and Prevagen, Inc., MICHAEL BEAMAN, individually and as an officer of Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, and Prevagen, Inc.,

*Defendants-Appellees*.

_____

CERTIFIED COPY ISSUED ON 02/21/2019

| | |
|---|---|
| Appearing for Appellant Federal Trade Commission: | Bradley D. Grossman, Federal Trade Commission (Joel Marcus, Deputy General Counsel, Michelle K. Rusk, Annette Soberats, of Counsel, *on the brief*), *for* David C. Shonka, Acting General Counsel, Federal Trade Commission, Washington, D.C. |
| Appearing for Appellant New York: | Scott A. Eisman, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, N.Y. |
| Appearing for Appellees Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., and Quincy Bioscience Manufacturing, LLC: | Jeffrey S. Jacobson, Kelley Drye & Warren LLP (John E. Villafranco, Glenn T. Graham, Kelley Drye & Warren LLP, J. Kathleen Bond, Amin Talati Upadhye, LLP, *on the brief*), New York, N.Y. |
| Appearing for Appellees Underwood and Beaman: | Michael B. de Leeuw, Cozen O'Connor (Tamar S. Wise, JB Kelly, *on the brief*), New York, N.Y. |
| Amici Curiae Truth in Advertising, Inc., AARP, AARP Foundation, Advertising Law Academics, and National Consumers League in support of Appellants: | Sean M. Fisher, Brenner Saltzman & Wallman LLP, New Haven, CT. |
| Amici Curiae Council for Responsible Nutrition and Consumer Healthcare Products Association in support of Appellees: | Benjamin M. Mundel, Sidley Austin LLP, Washington, D.C. |
| Amicus Curiae Natural Products Association in support of Appellees: | Richard J. Oparil, Porzio, Bromberg & Newman, P.C. (Scott A.M. Chambers, Kevin M. Bell, Carolina M. Wirth, *on the brief*), Washington, D.C. |
| Amicus Curiae Alliance for Natural Health-USA in support of Appellees: | Peter A. Arhangelsky, Emord & Associates, P.C., Gilbert, AZ. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Stanton, *J.*).

2

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this order.

Appellants FTC and the State of New York appeal from the September 29, 2017, judgment of the United States District Court for the Southern District of New York (Stanton, *J.*) dismissing the FTC's and the State of New York's claims that Defendants-Appellees' marketing campaign for the dietary supplement Prevagen was deceptive. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Defendants-Appellees (collectively, "Quincy") developed and marketed a suite of dietary supplements under the brand Prevagen ("Prevagen") and claimed in advertisements and marketing materials (1) that the supplements improve memory and provide other cognitive benefits, (2) that these effects are clinically proven, and (3) that the products' active ingredient "supplements" brain proteins that are lost with age. App'x at JA-23, ¶ 27A. The FTC and the State of New York (unless otherwise indicated, referred to collectively as the "FTC") allege that Quincy conducted a randomized, double-blind, placebo-controlled study that contradicted these representations. The study showed no statistically significant improvement in the memory and cognition of participants taking Prevagen over participants taking a placebo. According to the FTC's Complaint, Quincy subsequently "conducted more than 30 post hoc analyses of the results" of the study, and "the vast majority of these post hoc comparisons failed to show statistical significance." App'x at JA-37, ¶ 29. The FTC further alleges that while the study showed a "few positive findings on isolated tasks for small groups of the study population," these findings did not "provide reliable evidence of a treatment effect." App'x at JA-37, ¶ 29.

We review a district court's decision on a motion to dismiss de novo. *In re Actos End-Payor Antitrust Litig.*, 848 F.3d 89, 97 (2d Cir. 2017). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"—that is, the facts in the Complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim of deceptive advertising under the FTC Act, the Complaint must allege: "[1] a representation, omission, or practice, that [2] is likely to mislead consumers acting reasonably under the circumstances, and [3], the representation, omission, or practice is material." *FTC v. Verity Int'l, Ltd.*, 443 F.3d 48, 63 (2d Cir. 2006) (alterations in original) (internal quotation marks omitted). Similarly, "[t]o successfully assert a claim under General Business Law § 349(h) or § 350, a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (2012) (internal quotation marks omitted).

The FTC has stated a plausible claim that Quincy's representations about Prevagen are contradicted by the results of Quincy's clinical trial and are thus materially deceptive in violation of the FTC Act and New York General Business Law. 15 U.S.C. §§ 45(a), 52; N.Y. GBL §§ 349-350. For example, the FTC's Complaint quotes Quincy's broad claim that in a clinical study "Prevagen improved memory for most subjects within 90 days." App'x at JA-27, ¶ 27C. Yet the Complaint alleges that Quincy's clinical study of Prevagen "failed to show a statistically

3

significant improvement in the treatment group over the placebo group on any of the nine computerized cognitive tasks." App'x at JA-37, ¶ 28. Taking these allegations as true, not only has the FTC adequately alleged that Quincy's study undermines its representations that "the majority of people" experience cognitive improvement from taking Prevagen, App'x at JA-164, but the FTC has also stated a claim that Quincy's representations that this cognitive improvement is clinically supported are deceptive. *See In the Matter of Bristol-Meyers Co.*, 102 F.T.C. 21, 220 (1983) (requiring advertisers to "possess the level of proof claimed in the ad" where "an advertisement represents that a particular claim has been scientifically established"), *aff'd*, *Bristol Myers Co. v. FTC*, 738 F.2d 554 (2d Cir. 1984).

Lastly, the FTC alleges that Quincy's claim that the active ingredient in Prevagen, apoaequorin, "enters the human brain to supplement endogenous proteins that are lost during the natural process of aging" is false. App'x at JA-38, ¶ 31. The FTC alleges that, in fact, Quincy's "safety studies show that apoaequorin is rapidly digested in the stomach and broken down into amino acids and small peptides like any other dietary protein." App'x at JA-39, ¶ 31. Drawing reasonable inferences in favor of the FTC, as we must, the FTC plausibly alleged that Quincy's representations about Prevagen's active ingredient entering the brain are false.

The FTC and New York have made plausible allegations that Quincy's marketing campaign for Prevagen contained deceptive representations, and the district court erred in dismissing the Complaint in its entirety and refusing to exercise supplemental jurisdiction over New York's claims. We note that Defendants-Appellees have raised several grounds for affirmance that the district court did not consider. We express no opinion on these arguments, and the district court may consider them in the first instance on remand. *See Guippone v. BH S&B Holdings LLC*, 737 F.3d 221, 228 (2d Cir. 2013) (reversing the district court and declining to reach alternate grounds for affirmance where the district court had not previously considered the issues).

After this case was heard, Defendants-Appellees Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., and Quincy Bioscience Manufacturing, LLC moved for the recusal of the panel member whose potential conflict with an amicus associated with the Public Citizen amicus curiae brief prompted the panel to strike the brief. No. 17-3745(L), ECF Nos. 242, 246. Federal Rule of Appellate Procedure 29(a)(2) permits a panel to strike an amicus brief after it has already been filed, thus allowing a panel to reject the brief at any point at which a panel member discovers a potential conflict. The rule does not in text or spirit require an amicus brief to be stricken prior to oral argument, and the Public Citizen amicus brief has not been and will not be considered in the resolution of this case. Defendants-Appellees' motion for recusal is hereby DENIED.

      The judgment of the district court hereby is VACATED, and the case is REMANDED for further proceedings consistent with this order.

                                      FOR THE COURT:
                                      Catherine O'Hagan Wolfe, Clerk

5

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit