**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FEDERAL TRADE COMMISSION and

THE PEOPLE OF THE STATE OF NEW
YORK, by LETITIA JAMES,
Attorney General of the State of New York,

          Plaintiffs,

          v.

QUINCY BIOSCIENCE HOLDING
COMPANY, INC., a corporation;

QUINCY BIOSCIENCE, LLC, a limited
liability company;

PREVAGEN, INC., a corporation
d/b/a SUGAR RIVER SUPPLEMENTS;

QUINCY BIOSCIENCE
MANUFACTURING, LLC, a limited liability
company;

MARK UNDERWOOD, individually and as
an officer of QUINCY BIOSCIENCE
HOLDING COMPANY, INC., QUINCY
BIOSCIENCE, LLC, and PREVAGEN, INC.;
and

MICHAEL BEAMAN, individually and as an
officer of QUINCY BIOSCIENCE HOLDING
COMPANY, INC., QUINCY BIOSCIENCE,
LLC, and PREVAGEN, INC.,

          Defendants.

Case No. 1:17-cv-00124-LLS

---

**SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...............................................................................................1

I.      THIS ACTION SHOULD BE DISMISSED BECAUSE THE FTC LACKED A
VALID QUORUM TO AUTHORIZE ITS COMMENCEMENT......................................2

        A.     The Common Law Quorum Rule ..........................................................................2

        B.     The FTC's 2005 Quorum Rule is Invalid ............................................................3

        C.     The FTC's Authorization of this Action Violated the  Common Law
Quorum Rule, and Thus the Complaint  Should be Dismissed ..............................5

II.     THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL
AUTHORITY OVER THE NYAG'S STATE LAW CLAIMS.........................................9

CONCLUSION......................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bridgeman Art Library, Ltd. v. Corel Corp.*,
   25 F. Supp. 2d 421 (S.D.N.Y. 1998) ..........................................................................9

*Chamber of Commerce of U.S. v. NLRB*,
   879 F. Supp. 2d 18 (D.D.C. 2012) .............................................................................7

*In the Matter of Children's Advertising*,
   93 FTC 323, 1979 FTC LEXIS 509 (Mar. 7, 1979) ...............................................3, 8

*Falcon Trading Grp., Ltd. v. SEC*,
   102 F.3d 579 (D.C. Cir. 1996) ...................................................................................4

*FTC v. Flotill Prods., Inc.*,
   389 U.S. 179 (1967)........................................................................................ *passim*

*FTC v. Quincy Bioscience Holding Co.*,
   272 F. Supp. 3d 547 (S.D.N.Y. 2017)........................................................................9

*New Process Steel, L.P. v. NLRB*,
   560 U.S. 674 (2010)....................................................................................................5

*Salvani v. InvestorsHub.com, Inc.*,
   628 F. App'x 784 (2d Cir. 2015) ................................................................................9

*SEC v. Feminella*,
   947 F. Supp. 722 (S.D.N.Y. 1996) .............................................................................4

**Statutes**

15 U.S.C. § 41.............................................................................................................2, 3, 6

15 U.S.C. § 53(b) ........................................................................................................2, 5, 6

15 U.S.C. § 78d-1 ............................................................................................................4

15 U.S.C. § 78w(a)(1)......................................................................................................4

28 U.S.C. § 1367(c)(3).....................................................................................................9

**Other Authorities**

70 Fed. Reg. 53296-01 (Sept. 8, 2005) (codified at 16 C.F.R. § 4.14(b)) ...........3, 4, 5, 7

Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc. d/b/a Sugar River Supplements, and Quincy Bioscience Manufacturing, LLC (collectively "Defendants")[1], by their undersigned counsel, respectfully submit this memorandum in support of their motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint ("Compl.") for permanent injunctive and other equitable relief filed by the Federal Trade Commission ("FTC") and the People of the State of New York, by Letitia James, Attorney General of New York ("NYAG") (collectively, "Plaintiffs").

## PRELIMINARY STATEMENT

The FTC authorized this lawsuit in an unprecedented manner.  In the waning days of the prior administration and at odds with the common-law quorum rule and the FTC's statutory authority, just two Commissioners declared themselves to constitute a quorum of the five-member FTC and green-lighted this case.  The common-law quorum rule, however, holds that a federal commission needs a majority of its members to constitute a quorum and the FTC does not have the statutory authority to depart from this rule.  The FTC violated this common-law rule when only two Commissioners out of the five-member Commission voted to commence this action.  At the time that the FTC voted on this action, there were three seated Commissioners.  The third Commissioner was required to participate in order to satisfy the quorum rule, but she chose not to participate and did not vote.  A matter of this importance required that all *three* seated Commissioners vote on whether to commence this action.  Because the FTC chose not to abide by the common law rule, the claims in this action are *ultra vires* and therefore should be dismissed.

---

[1] The individual named defendants, Mark Underwood and Michael Beaman, will be adopting the arguments set forth herein in their own motion to dismiss.

**I.      THIS ACTION SHOULD BE DISMISSED BECAUSE THE FTC
         LACKED A VALID QUORUM TO AUTHORIZE ITS COMMENCEMENT**

The FTC's claims against the Defendants should be dismissed because they are *ultra vires*,

having been authorized in the last days of an outgoing administration by just two Commissioners,

Chairwoman Ramirez and Commissioner McSweeny, in a two-to-nothing vote.  The FTC needed

at least three Commissioners to participate to constitute a proper quorum.  Commissioner Maureen

Ohlhausen chose not to vote and thus did not participate, depriving this proceeding of constituting

a proper quorum.  *See* Declaration of Glenn T. Graham ("Graham Decl.") Ex. A (FTC, New York

State Charge the Marketers of Prevagen With Making Deceptive Memory, Cognitive Improvement

Claims (Jan. 9, 2017), *available at* https://www.ftc.gov/news-events/press-releases/2017/01/ftc-

new-york-state-charge-marketers-prevagen-making-deceptive).

This *ultra vires* action violates common-law quorum rules, Supreme Court precedent, and

the FTC's own stated policies.  The FTC can cure this deficiency by voting to commence an action

with the current five-member Commission.   Accordingly, this Court should find that two

Commissioners lacked authority on their own to authorize this suit.

**A.      The Common-Law Quorum Rule**

An action taken by two participating FTC Commissioners cannot constitute a proper

quorum.  Congress established the FTC as a five-member Commission.  *See* 15 U.S.C. § 41.  For

the first 90 years of its existence, the FTC's internal procedures, because they must, adhered to the

"almost universally accepted common-law rule" by requiring a quorum of three participating FTC

Commissioners to authorize certain business.  *FTC v. Flotill Prods., Inc.,* 389 U.S. 179, 183

(1967); *see* 15 U.S.C. § 53(b).  The common-law rule states that "in the absence of a contrary

statutory provision, a majority of a quorum constituted of a simple majority of a collective body is

empowered to act for the body."  *Flotill Prods., Inc.,* 389 U.S. at 183.  As the Supreme Court noted

2

in *Flotill*, "[t]he Federal Trade Commission Act does not specify the number of Commissioners who may constitute a quorum." *Id*. at 181. However, after reviewing the Congressional authorizations of what constitutes a quorum for other federal agencies, the Supreme Court determined that "if any conclusion is to be drawn, it is that Congress has been and is content to acquiesce in the Commission's practice of following the long-established common-law rule." *Id.* at 189-90. Thus, because the FTC is a five-member commission, that means a quorum must be constituted by no fewer than *three* seated, participating, and voting Commissioners. *See* 15 U.S.C. § 41.

In *In the Matter of Children's Advertising*, 93 FTC 323, 1979 FTC LEXIS 509, at *1 (Mar. 7, 1979), the FTC recognized that the departure of Commissioners to two Commissioners might remove its ability to "properly exercise certain decisionmaking authority[,]" but it nevertheless declined to try evading the common-law quorum rule. The FTC stated that "if at all reasonably possible, it is in the public interest that Commission decisions of significance . . . be taken with the participation of no fewer than three Commissioners." *Id.*

Congress granted no authority to allow the FTC to vest all of its decision-making in a one- or two-member quorum and thereby contravene the common-law quorum rule the FTC followed for decades.

## B.      The FTC's 2005 Quorum Rule is Invalid

In September 2005, however, the FTC purported to lower its quorum threshold from the "universal" common-law rule, providing instead that "[a] majority of the members of the Commission in office and not recused from participating in a matter . . . constitutes a quorum for the transaction of business in that matter." *See* 70 Fed. Reg. 53296-01 (Sept. 8, 2005) (codified at 16 C.F.R. § 4.14(b)). It does not appear that the FTC's rule has ever been tested before this matter, and it is and always was invalid.

In adopting its impermissible quorum rule in 2005, the FTC relied upon a Securities and Exchange Commission ("SEC") rule that permitted a two-member quorum in limited circumstances.  *See* 70 Fed. Reg. at 53296 & n.2 (citing *Falcon Trading Grp., Ltd. v. SEC*, 102 F.3d 579, 582 (D.C. Cir. 1996); *SEC v. Feminella*, 947 F. Supp. 722, 725-27 (S.D.N.Y. 1996)). The SEC rule, however, does not apply here because it rested on authority that Congress *explicitly* delegated to the SEC.  Congress did not delegate this same authority to the FTC in the FTC Act.

In *Falcon Trading Group*, the D.C. Circuit relied on the SEC's general rulemaking authority under 15 U.S.C. § 78w(a)(1) to find that the SEC had the power to determine how many of its members constituted a quorum.  102 F.3d at 582.  In *Feminella*, by contrast, the Southern District of New York *rejected* such a broad reading of the SEC's general rulemaking authority. *Feminella* held that general rulemaking provisions convey "authority to make substantive rules prohibiting certain acts under the statutes," but not "authority to establish the agency's own internal procedures," including how many Commissioners constitute a quorum.  947 F. Supp. at 726.

The *Feminella* court thus found it necessary to go beyond the SEC's *general* rulemaking authority and look instead for *specific* authorization to set aside the common-law quorum rule.  It found such authority in 15 U.S.C. § 78d-1, which authorized the SEC "to delegate to a single Commissioner a decision concerning whether or not to commence an enforcement action." *Feminella*, 947 F. Supp. at 726.  Accordingly, the court held that "Congress envisioned circumstances under which the [SEC] would find it necessary to carry out its functions, other than rulemaking, on the authority of fewer than three Commissioners."  *Id.* at 726-27.

The FTC Act, unlike the SEC's enabling statute, contains no language that would satisfy the *Feminella* standard.  The FTC's enabling statute requires the Commission to authorize certain business items, including the filing of complaints, but does not address how many Commissioners

constitutes a quorum for the conduct of the FTC's business. *See* 15 U.S.C. § 53(b). In the absence

of a specific delegation of authority, the common-law quorum rule applies. *See Flotill Prods.,*

*Inc.*, 389 U.S. at 189-90 (explaining the only conclusion to be drawn from Congressional intent is

that Congress acquiesced in the FTC complying with the common-law quorum rule). The FTC

thus had no valid basis to adopt a rule similar to the SEC's, let alone a rule providing for even a

one- or two-member "quorum" *without* the exigency requirement the SEC adopted. *See* 70 Fed.

Reg. at 53296 n. 3 (stating that the SEC rule "would not find a quorum in every situation where

the FTC's new rule would").

As the Supreme Court confirmed once again in 2010, federal agencies are not free to adopt

unusual procedures absent an indication that Congress would have intended or permitted those

procedures. *Cf. New Process Steel, L.P. v. NLRB*, 560 U.S. 674, 688 (2010) (refusing to read into

the National Labor Relations Board's enabling statute the authority to operate with a two-member

quorum when that authority could not be found in the statute).

The FTC's 2005 quorum rule, therefore, is invalid and *ultra vires.* Moreover, even if

exigent circumstances could excuse the FTC's action (which it cannot), no exigency existed that

required a rush to file this Complaint.

> **C.     The FTC's Authorization of this Action Violated the
> Common-Law Quorum Rule, and Thus the Complaint
> Should be Dismissed**

Here, just two Commissioners declared themselves a quorum and filed this action by a vote

of 2-0 despite the fact that there were three sitting FTC Commissioners. *See* Graham Decl. Ex A

("The Commission vote authorizing the staff to file the complaint was 2-0, with Commissioner

Maureen Ohlhausen not participating."). Congressional intent, Supreme Court precedent,

common-law rules, and the FTC's own policies precluded the FTC from acting based upon a vote

of fewer than three Commissioners to constitute a quorum.  Because the FTC lacked a proper

quorum, this Court should reject the Complaint as *ultra vires*.

As set forth above, based on clear Supreme Court precedent, two FTC Commissioners

cannot constitute a valid quorum.  Congress created the FTC in 1914 as a five-member

Commission, with seven-year staggered terms for Commissioners.  *See* 15 U.S.C. § 41; *see also*

*Flotill Prods., Inc.*, 389 U.S. at 189.  The statute requires the Commission to authorize certain FTC

business, including the filing of federal court and administrative actions.  *See* 15 U.S.C. § 53(b).

The statute did not expressly address how many Commissioners constitute a quorum for the

conduct of the FTC's business, but as then-FTC-Chairwoman Ramirez stated in 2015 (a decade

after the invalid 2005 quorum rule), "[t]he FTC's architects believed that decisions made by

consensus through a collective body, rather than by a single agency head, would make for better

policy."  *See, e.g.*, Edith Ramirez, *The FTC: A Framework for Promoting Competition and*

*Protecting Consumers*, 83 Geo. Wash. L. Rev. 2049, 2052-53 (2015).  Under this legislative

structure and guiding principles, the FTC's internal quorum rule adhered for more than 90 years

to the "almost universally accepted common-law rule."  *See Flotill Prods., Inc.*, 389 U.S. at 183

("[A] simple majority of a collective body is empowered to act for the body" as a quorum.).

Accordingly, a quorum of three Commissioners is required to vote on whether or not to authorize

the filing of a complaint.  Because only two Commissioners voted to authorize this action, it must

be dismissed.

In their briefing before the Second Circuit, *FTC v. Quincy Bioscience Holding Co., Inc.*,

No. 17-3745 (2d. Cir.) (Dkt. No. 175 at 21), and at the May 28, 2019 status conference before this

Court, the FTC argued for the first time that Commissioner Ohlhausen "voted" "not participating"

and, therefore, three Commissioners voted on the authorization of this Complaint.  The FTC did

not raise this argument in response to Defendants' motion to dismiss.  However, such an argument

makes little sense when considering the decades of adherence to common-law quorum precedent.

The relevant inquiry for a quorum is how many Commissioners actually *participated* in a vote.

*Flotill Prods., Inc.*, 389 U.S. at 180 (three Commissioners participated in decision).  In any event,

The FTC's position that a Commissioner can "vote" "not participating" does not appear to be based

on any rule, regulation or practice, but instead appears to be fabricated in an attempt to justify this

*ultra vires* action.  Indeed, not only is it belied by the FTC's own press release, it is belied by the

FTC's own submissions to this Court.  In opposition to Defendants' motion to dismiss, the FTC

acknowledges that only two Commissioners voted.  *See* Pls.' Opp'n Br. (Dkt. No. 41) at 18 ("Of

the remaining three Commissioners, one chose not to participate and the remaining two voted . . .

."); *id.* at 20 ("A majority of those three Commissioners voted . . . ."); *id.* (stating that "[h]ad

[Commissioner Ohlhausen] voted, the total vote would have been either 3 to 0 in favor of the

Complaint, or 2 to 1 in favor").  To the extent the FTC contends the vote with Commissioner

Ohlhausen would have yielded the same outcome, that argument must be rejected not only because

it is speculative, but also because it undercuts the purpose of a quorum, where members are

supposed to engage in discussions in an attempt to persuade the other members to change their

perspectives.  *See* 70 Fed. Reg. at 53297 n.2 (FTC acknowledging purpose of quorum rule is to

"enable[] Commissioners who oppose an agency action to try to change the minds of their

colleagues who are inclined to support it"); *see also Chamber of Commerce of U.S. v. NLRB*, 879

F. Supp. 2d 18, 28 (D.D.C. 2012) ("The Supreme Court clearly stated . . . that a member may not

be counted toward a quorum simply because he holds office.").  That did not and could not happen

here because the FTC rushed to authorize the Complaint without a valid quorum.  Regardless of

how the FTC now attempts to couch this *ultra vires* activity, the fact remains only two Commissioners voted.

Moreover, despite its adoption of the invalid 2005 quorum rule, on a past occasion when the FTC had only three sitting Commissioners, and considered a work-around to the common-law rule by means of a potential resolution, the FTC declined to adopt the resolution.  For good reason. The FTC recognized that it might lack the authority to "properly exercise certain decisionmaking authority" with less than three voting Commissioners, and that even if it possessed such authority, "it is in the public interest that Commission decisions of significance . . . be taken with the participation of no fewer than three Commissioners." *In the Matter of Children's Adver.*, 93 FTC 323, 1979 FTC Lexis 509.

It is clear that the FTC rushed to bring this Complaint without due consideration by a quorum of Commissioners.  Indeed, Chairwoman Ramirez resigned the same week that the Complaint was filed.  *See* Graham Decl. Ex. B (FTC Chairwoman Edith Ramirez Announces Resignation   (Jan.   13,   2017),   *available   at*   https://www.ftc.gov/news-events/press-releases/2017/01/ftc-chairwoman-edith-ramirez-announces-resignation).

Before this unprecedented and improper vote, the only other instance that Defendants could locate in which the FTC purportedly authorized suit on the authority of just two Commissioners came in 2009, in a distinguishable setting:  where two Commissioners authorized an emergency injunctive proceeding to block a merger[2].  *See* FTC Authorizes Suit to Stop CSLs Proposed $3.1

---

[2] The only other vote Defendants could located regarding the filing of a Complaint related to the approval of a Consent Judgment and an Amended Complaint, where Commissioner Ohlhausen did not participate and Commissioner Wright abstained.  *See* FTC, FTC Shuts Down Business Opportunity Scam (Feb. 19, 2014), *available at* https://www.ftc.gov/news-events/press-releases/2014/02/ftc-shuts-down-business-opportunity-scam.  Defendants are not aware of any instance where the FTC's 2005 quorum rule was challenged other than this action.

Billion   Acquisition   of   Talecris   Biotherapeutics,   May   27   2009,   *available   at*

http://www.ftc.gov/news-events/press-releases/2009/05/ftc-authorizes-suit-stop-csls-proposed-

31-billion-acquisition.[3]   In that matter, the defendant did not challenge the legality of the FTC's

action.  Plaintiffs sought no emergency injunction proceeding here.  Accordingly, because the FTC

lacked a valid quorum to authorize the Complaint, this action should be dismissed as *ultra vires*.

## II.   THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL AUTHORITY OVER THE NYAG'S STATE LAW CLAIMS

Because the FTC lacked a valid quorum to authorize the Complaint, this Court should

decline to exercise supplemental jurisdiction over the NYAG's state law claims and dismiss them

without prejudice.   A district court has broad discretion to decline to exercise supplemental

jurisdiction when it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C.

§ 1367(c)(3).  Once "all bases for federal jurisdiction have been eliminated from a case so that

only pendent [sic] state claims remain," there is a strong presumption to decline supplemental

jurisdiction.  *Bridgeman Art Library, Ltd. v. Corel Corp.*, 25 F. Supp. 2d 421, 431 (S.D.N.Y. 1998)

(alteration in original).

In *Salvani v. InvestorsHub.com, Inc.*, 628 F. App'x 784, 787 (2d Cir. 2015) (summary

order), the court affirmed dismissal of the plaintiff's state law claims, as is "the usual case" when

"all federal-law claims are eliminated before trial."   Similarly, as this Court noted, "[t]he New

York State courts may find merit in the . . . claims under New York statutes, which are best left to

them." *FTC v. Quincy Bioscience Holding Co.*, 272 F. Supp. 3d 547, 553 (S.D.N.Y. 2017), *vacated*

---

[3] Commissioners Kovavic and Harbour recused, leaving Commissioner Leibowitz and Commissioner Rosch, to vote.  The CSL matter involved a preliminary injunction in a merger case – a vital and urgent move where restoration of competition is often impossible by the time litigation concludes.

*and remanded*, 753 F. App'x 87 (2d Cir. 2019) (summary order).  Accordingly, here, the Court

should decline to exercise supplemental jurisdiction and dismiss the NYAG's claims.

## CONCLUSION

Because the FTC violated Supreme Court precedent and the established common-law rule

of conducting the proceeding that authorized this action with just two Commissioners instead of

three, the claims at issue in this action are *ultra vires* and, therefore, Quincy's motion to dismiss

the Complaint should be granted, along with such other and further relief as the Court deems just

and proper.

Dated: June 17, 2019
      New York, New York

                                             KELLEY DRYE & WARREN LLP

                                     By: /s/ Geoffrey W. Castello
                                           Geoffrey W. Castello (GC1509)
                                           Jaclyn M. Metzinger (JM1044)
                                           Glenn T. Graham (GG4230)
                                         101 Park Avenue
                                         New York, New York 10178
                                       Tel: (212) 808-7800
                                       Fax: (212) 808-7897
                                       gcastello@kelleydrye.com

                                     *Counsel for Defendants Quincy Bioscience*
                                     *Holding Company, Inc., Quincy Bioscience,*
                                     *LLC, Prevagen, Inc. d/b/a Sugar River*
                                     *Supplements, and Quincy Bioscience*
                                     *Manufacturing, LLC*

**CERTIFICATION OF SERVICE**

I hereby certify that on this 17th day of June, 2019, a copy of the foregoing was filed via

Electronic Case Filing.  Notice of this filing will be sent to all parties via the Court's Electronic

Case Filing System.

By: /s/ Geoffrey W. Castello
      Geoffrey W. Castello (GC1509)
      Jaclyn M. Metzinger (JM1044)
      Glenn T. Graham (GG4230)
      101 Park Avenue
      New York, New York 10178
      Tel: (212) 808-7800
      Fax: (212) 808-7897
      gcastello@kelleydrye.com

      *Counsel for Defendants Quincy Bioscience*
      *Holding Company, Inc., Quincy Bioscience,*
      *LLC, Prevagen, Inc. d/b/a Sugar River*
      *Supplements, and Quincy Bioscience*
      *Manufacturing, LLC*