# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NY 10178**

(212) 808-7800

WASHINGTON,DC
LOS ANGELES,CA
HOUSTON,TX
AUSTIN,TX
CHICAGO,IL
PARSIPPANY, NJ
STAMFORD, CT
BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

GEOFFREY W. CASTELLO
EMAIL:gcastello@kelleydrye.com

September 6, 2019

**VIA ECF**

Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 1007-1312

      Re:   *Federal Trade Comm'n, et al. v. Quincy Bioscience Holding Co., Inc.*
             Case No. 1:17-cv-00124-LLS

Your Honor:

      We represent defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience LLC, Prevagen, Inc. d/b/a Sugar River Supplements, and Quincy Bioscience Manufacturing, LLC (collectively, "Corporate Defendants") in the above-referenced action. We write today in response to Plaintiffs' letter of August 16, 2019 (Dkt. No. 77) requesting a pre-motion conference regarding their intention to file a motion to strike the affirmative defenses raised in the Answers of the Corporate Defendants and defendant Mark Underwood ("Plaintiffs' Letter"). The Corporate Defendants submit that Plaintiffs' request for a pre-motion conference and a motion to strike is unnecessary. Plaintiffs' request to file a motion to strike should be denied.

      First, Plaintiffs' request for a pre-motion conference should be denied because Plaintiffs do not specify which affirmative defenses will be the subject of their proposed motion to strike, nor do they suggest why any of the Corporate Defendants' affirmative defenses should be struck. Indeed, Plaintiffs contend there is "a long list of defenses that are deficient on multiple grounds[,]" but, at most, identify only three affirmative defenses and do not differentiate between the affirmative defenses contained within the Corporate Defendants' Answer or those in Mr. Underwood's Answer. (Dkt. No. 77.)

      Second, Plaintiffs' Letter construes *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F. 3d 92 (2d Cir. 2019), far too broadly. In *GEOMC*, the Second Circuit held the plausibility standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) applies to the pleading of an affirmative

**KELLEY DRYE & WARREN** LLP

September 6, 2019
Page Two

defense, "but with the recognition that, as the Supreme Court explained in *Iqbal*, applying the plausibility standard to any pleading is a 'context-specific' task." *GEOMC Co., Ltd.*, 918 F.3d at 98 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). In the context of an affirmative defense, an "aspect of the context [that] matters" is that the "pleader of a complaint has the entire time of the relevant statute of limitations to gather facts necessary to satisfy the plausibility standard." *Id.* In contrast, the pleader of an affirmative defense has only the limited time to respond to the complaint in accordance with the Federal Rules of Civil Procedure. *Id.* at 98. Moreover, facts needed to plead certain affirmative defenses "may not be readily known to the defendant" absent further discovery. *Id.* Such "circumstance[s] warrant[] a relaxed application of the plausibility standard" when pleading an affirmative defense. *Id.* Indeed, courts in this District have specifically held that "*GEOMC* does not stand for the proposition that an affirmative defense must be pleaded with the same degree of factual detail as a complaint." *New London Assocs., LLC. v. Kinetic Social LLC*, No. 18cv7963 (DLC), 2019 WL 2918163, at *1 (S.D.N.Y. July 8, 2019).

The circumstances at issue in *GEOMC* are also vastly different from those presented here. In *GEOMC*, the Second Circuit upheld the district court's striking of two affirmative defenses that were both "presented at a late stage of litigation" and after "GEOMC filed its second amended complaint, [but] they were not aimed at the one new cause of action in that complaint but sought to challenge claims made nearly a year earlier in the first amended complaint" to which the defendant had already responded. *GEOMC*, 918 F.3d at 99. The Second Circuit reasoned that permitting the affirmative defenses and "[e]xpanding the litigation at that stage would have been prejudicial to GEOMC." *Id.*

Here, the Court is not confronted with the "unusual situation" that the Second Circuit was faced with in *GEOMC*. *Id.* at 94. Rather, the Corporate Defendants filed their Answer in accordance with the Federal Rules of Civil Procedure before discovery had commenced, and therefore are entitled to "a relaxed application of the plausibility standard" with respect to their affirmative defenses. *Id.* at 98.

Third, Plaintiffs' contention that "[s]triking Defendants' affirmative defenses at this stage of the case would streamline the case by narrowing issues for discovery" is misplaced. (Dkt. No. 77 at 2.) For example, defenses adjudicated on Defendants' motions to dismiss are still relevant. The Court's decision on a motion to dismiss does not mean that the Corporate Defendants will not ultimately defeat Plaintiffs' claims on the merits of those defenses, and such issues will clearly be germane to discovery as this matter proceeds. Similarly, striking defenses that Plaintiffs characterize as "denials of the Complaint's allegations" will not "streamline the case" or "narrow[] issues for discovery." Those issues will be the primary focus of discovery regardless of whether or not they are asserted as an affirmative defense. Plaintiffs, therefore, have "not adequately explained how [they] would be prejudiced by the addition of these affirmative defenses at this stage of the litigation." *New London Assocs., Ltd.*, 2019 WL 2918163, at *2. It is axiomatic that defendants be permitted to preserve a potential defense and utilize facts to support that defense

**KELLEY DRYE & WARREN LLP**

September 6, 2019
Page Three

through the discovery process.  Foreclosing that opportunity at this earlier stage of the litigation will only create motion practice later in the litigation when defendants discover facts not necessarily known to them until the plaintiff engages in the discovery process.

Finally, the Corporate Defendants must assert all of their affirmative defenses to preserve them for purposes of any appeal.  Engaging in unneeded motion practice and briefing at this early juncture would be a waste of judicial and party resources and is unnecessary.  The Court should deny Plaintiffs' request.

If the Court is inclined to entertain Plaintiffs' request, the Corporate Defendants submit that they be afforded an opportunity to amend any affirmative defense that the Court deems is not sufficiently plead.  *See* Fed. R. Civ. P. 15(a)(2) ("[t]he court should freely give leave [to amend a pleading] when justice so requires").

Respectfully submitted,

*/s/ Geoffrey W. Castello*

Geoffrey W. Castello

cc:   All counsel of record (via ECF)