ORIGINAL
Case 1:17-cv-00124-LLS   Document 84   Filed 09/09/19   Page 1 of 3
Case 1:17-cv-00124-LLS   Document 85   Filed 09/10/19   Page 1 of 3

United States of America
# FEDERAL TRADE COMMISSION
Washington, DC 20580

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/19
```

Division of Advertising Practices
Michelle Rusk
202-326-3148
mrusk@ftc.gov

**MEMO ENDORSED**

September 9, 2019

**VIA ECF**
Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

RE: *Federal Trade Commission, et al. v. Quincy Bioscience Holding Co., LLC, et al.*
17-CV-00124-LLS
Request for Pre-Motion Conference on Plaintiffs' Motion to Strike Affirmative Defenses

Dear Judge Stanton:

> *Plaintiffs have leave to move. A pre-motion conference will not be necessary.*
>
> *So Ordered.*
>
> *Louis L. Stanton*
> *9/10/19*

On August 16, 2019, pursuant to Your Honor's Rules of Individual Practice, Plaintiffs the Federal Trade Commission and the People of the State of New York submitted a letter to request a pre-motion conference (Dkt. 77). Our letter requested leave to file a motion to strike the affirmative defenses raised in the answers filed by Defendants on August 7, 2019. (Dkts. 73 and 74). Three weeks later, on September 6, 2019, Defendants submitted letters opposing our request for a pre-motion conference. (Dkts. 82 and 83). Defendants' objections pertain not to the appropriateness of scheduling a conference on the matter, but to the merits.

Plaintiffs intend to fully address the legal and factual bases for striking affirmative defenses should the court grant us leave to file the motion. We did not consider our letter requesting the pre-motion conference to be the appropriate vehicle for fully briefing these arguments. Nevertheless, we submit the following response to Defendants' letters and renew our request for a pre-motion conference.

The answers filed by the Quincy Corporate Defendants (Quincy) and Mark Underwood each raise seventeen virtually identical affirmative defenses. Plaintiffs intend to limit our proposed Motion to Strike to the following specific defenses: Quincy First, Second, Fifth, Sixth, Tenth, Thirteenth, Fifteenth, and Seventeenth Affirmative Defenses; and the corresponding Underwood First, Third, Sixth, Seventh, Tenth, and Fifteenth Affirmative Defenses, and Preamble to those defenses. Contrary to Defendants' assertion, our initial letter did provide a succinct summary of the multiple grounds for our proposed Motion to Strike these defenses. We elaborate on that summary here.

The Honorable Louis L. Stanton                                September 9, 2019
Page 2

### 1. The Challenged Affirmative Defenses Fail to Meet Basic Pleading Standards

As we stated in our initial letter, the Quincy and Underwood defenses are little more than a laundry list of legal buzzwords with no supporting facts and should be stricken without further consideration. Their conclusory assertions do not meet basic requirements of notice pleading under Fed. R. Civ. P. 8 and Second Circuit law, particularly in light of *GEOMC Co. v. Calmare Therapeutics Inc.*, 916 F.3d 92, 98-99 (2d Cir. 2019). Even prior to the heightened "plausibility" test of *GEOMC*, the affirmative defenses challenged here would have fallen far short on any analysis of their sufficiency. *See, e.g, Schecter v. Comptroller of N.Y.*, 79 Fed. 265, 270 (2d Cir. 1996).

Defendants assert that we construe *GEOMC* too broadly because application of the plausibility standard is a "context-specific" task. While the *GEOMC* court considered context, noting specifically the amount of time the pleader of affirmative defenses had to gather necessary facts, such context cuts against Defendants here, where they have had more than two years since the Complaint was filed to develop facts related to these issues. Moreover, with a couple of exceptions (the laches defense and the ultra vires defense addressed below), the relevant information would already be in their possession.

### 2. Defendants Assert Defenses Already Adjudicated in this Case

We also seek to strike Quincy's First, Fifth, Sixth, and Fifteenth Affirmative Defenses and Underwood's corresponding First, Sixth, Seventh, and Fifteenth Affirmative defenses on the grounds that they there were raised more than two years ago in Defendants' Motions to Dismiss (Dkts. 34 and 37), have already been fully briefed, and were either rejected by this Court or the Second Circuit, or were withdrawn by Defendants. Plaintiffs should not be forced to relitigate the previously denied "failure to state a claim" challenge, the losing challenge to the FTC's Complaint as an improper "ultra vires" act, the failed challenge to New York's personal jurisdiction, or the clearly flawed First Amendment challenge which is based on the false premise that the Constitution protects deceptive commercial speech. *Bristol-Myers Co. v. FTC*, 738 F.2d 554, 562 (2d Cir. 1984) ("deceptive advertising enjoys no constitutional protection").[1]

### 3. Defendants Assert Defenses Not Legally Available in This Action

Quincy's Second and Tenth Defenses and Underwood's corresponding Third and Tenth Defenses ("laches and waiver"; "good faith") are not available to them as a matter of law in this action because such equitable defenses cannot generally be asserted in an action brought by government agencies seeking to enforce or protect a public interest. *See, e.g., U.S. v. Summerlin*, 310 U.S. 414, 416 (1940). The "good faith" defense is also irrelevant because Defendants' intent or "bad faith" is not necessary to establish a violation of the relevant statutes under which this

---

[1] Defendants, while preserving their right to reassert it, dropped the First Amendment argument from their Motion to Dismiss in a June 4, 2019 letter to this Court (Dkt. 61) following a Court hearing on May 28, 2019, at which the Court expressed skepticism about the merits of the argument.

The Honorable Louis L. Stanton	September 9, 2019
Page 3

action is brought. *See, e.g., FTC v. Five-Star Auto Club, Inc.*, 97 F.Supp. 2d 502, 526 (S.D.N.Y. 2000); *Wilner v. Allstate Ins. Co.*, 71 A.D.3d 155, 162 (N.Y. 2d Dep't 2010).

### 4. FDA's Overlapping Jurisdiction Has No Legal Relevance to This Action

The Quincy and Underwood Thirteenth Affirmative Defense, that Plaintiffs' claims "fall within the primary jurisdiction of the Food and Drug Administration," not only mischaracterizes FDA's jurisdiction, but is also irrelevant to an action brought under the FTC Act and New York consumer protection laws. FDA law and regulations do not govern this case, *Bristol-Myers Co. v. FTC,* 738 F.2d 554, 559 (2d Cir. 1984), and nothing in FDA's legal framework restricts our authority to bring law enforcement actions against deceptive marketing of dietary supplements. Moreover, the FDA generally defers to the FTC in cases involving false or misleading claims for dietary supplements appearing predominantly in advertising. *Working Agreement between FTC and FDA*, 36 Fed. Reg. 19539 (1971).

### 5. Defendants Cannot Assert a Blanket Right to Raise Additional Defenses

Finally, Quincy's Seventeenth Affirmative Defense, and the Preamble to Underwood's affirmative defenses, attempt to assert a blanket reservation of rights to raise any additional affirmative defenses. Such blanket reservations are routinely struck because they violate the fair notice requirements of Fed. R. Civ. P. 8 and ignore the requirements for amended or supplemental pleadings set out in Fed. R. Civ. P. 15. *See, e.g., County Van Lines v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 157-8 (S.D.N.Y. 2002).

### 6. Plaintiffs Will be Prejudiced if Invalid Affirmative Defenses Stand

Plaintiffs should not be forced to waste time and resources relitigating defenses already raised, briefed, and adjudicated in this matter. Nor should we be subjected to unnecessary and invasive discovery on spurious defenses that are not available as a matter of law in this action and therefore would not impact the outcome. As an example, discovery on the waivers and laches defenses would lead to a fishing expedition into the agencies' internal workings and deliberations that would serve no purpose other than to harass Plaintiffs. The Court should entertain Plaintiffs' proposed Motion to Strike because it will help streamline this case to the benefit of the parties and the Court.

For the foregoing reasons, Plaintiffs renew our request for a pre-motion conference on whether this Court will grant leave for us to file the proposed Motion to Strike Affirmative Defenses. We respectfully request that we be permitted to fully brief the Motion before the Court determines whether to strike the challenged affirmative defenses.

Respectfully,
/s/ Michelle Rusk
Michelle Rusk, Attorney
Federal Trade Commission

cc:	All counsel of record (via ECF)