UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION and<br><br>THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,<br><br>Plaintiffs,<br><br>v.<br><br>QUINCY BIOSCIENCE HOLDING COMPANY, INC., a corporation;<br><br>QUINCY BIOSCIENCE, LLC, a limited liability company;<br><br>PREVAGEN, INC., a corporation d/b/a SUGAR RIVER SUPPLEMENTS;<br><br>QUINCY BIOSCIENCE MANUFACTURING, LLC, a limited liability company;<br><br>MARK UNDERWOOD, individually and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, and PREVAGEN, INC.; and<br><br>MICHAEL BEAMAN, individually and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, and PREVAGEN, INC.,<br><br>Defendants. | Case No. 1:17-cv-00124-LLS |

**DEFENDANT MARK UNDERWOOD'S OPPOSITION TO PLAINTIFFS'
<u>MOTION TO STRIKE AFFIRMATIVE DEFENSES</u>**

    Defendant Mark Underwood ("Underwood") adopts and incorporates by reference, as if fully set forth herein, the arguments by the Quincy Defendants in opposition to Plaintiffs' Motion

to Strike Affirmative Defenses. Underwood files this brief to highlight that Plaintiffs' motion seeks relief that will not streamline this case nor afford them any real relief. The challenged affirmative defenses are proper and, in any event, would not change the scope or nature of discovery in this case. Plaintiffs' Motion is simply a waste of the parties' and the Court's time and resources, and the Court should deny the relief they seek.

## ARGUMENT

In *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92 (2d Cir. 2019), the Second Circuit created a relaxed plausibility standard for affirmative defenses, explaining that "applying the plausibility standard to any pleading is a 'context-specific' task." *Id.* at 98. As *GEOMC* recognized, courts must distinguish between plausibility of allegations in a ***complaint*** as opposed to an ***affirmative defense***. This distinction "is relevant to the degree of rigor appropriate for testing the pleading of an affirmative defense." *Id.* Applying the appropriate "degree of rigor" to Defendant Underwood's affirmative defenses requires denials of Plaintiffs' Motion.

A. <u>Defenses Plaintiffs Claim Are Legally Available</u>

Defendant Underwood adopts and incorporates the arguments set forth in the Quincy Defendants' Opposition detailing why the "good faith," "First Amendment," and "primary jurisdiction" affirmative defenses should not be struck.

Defendant Underwood's Third Affirmative Defenses (laches and waiver) should also be preserved. Plaintiffs argue that the Third Affirmative Defense should be stricken as legally unavailable because "*generally*" (in Plaintiffs' own words), these defenses may not be asserted in an action brought by a government agency in the public's interest. But this is simply not a reason to strike the affirmative defense.

As an initial matter, courts in this Circuit have made clear that requests to strike affirmative defenses for legal insufficiency are "not favored." *City of New York v. FedEx Ground Package*

2

*System, Inc.*, 2017 WL 633445, at *2 (S.D.N.Y. Feb. 14, 2017) (quoting *Salcer v. Envicon Equities Corp.,* 744 F.2d 935, 939 (2d Cir.1985), *vacated on other grounds*, 478 U.S. 1015 (1986)).

And, in any event, such a motion "will not be granted unless it appears ***to a certainty*** that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Id*. (emphasis added) (quoting same). But Plaintiffs' own argument makes clear that this burden cannot be met. Plaintiffs only argue that the defense is "generally" unavailable. Indeed, the law regarding applicability of a laches defense to a government actor is unsettled. *See, e.g.*, *Equal Employment Opportunity Comm'n v. United Parcel Service*, 2017 WL 2829513, at *12 (E.D.N.Y. 2017) (declining to strike the affirmative defense of waiver and/or estoppel because "the law as to the applicability of equitable defenses to government agencies is not as settled as Plaintiff suggests, and 'even when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike'") (internal quotations omitted); *see also Equal Employment Opportunity Comm'n v. Frontier Hot-Dip Galvanizing, Inc.*, 2019 WL 2205045, at *3 (W.D.N.Y. May 22, 2019) (adopting magistrate's report and recommendation to deny affirmative defense of waiver on the grounds that the "case law does not 'stand for the sweeping proposition that there is no set of facts pursuant to which an equitable defense might be asserted against a governmental entity.'") (internal quotations omitted).

Given that uncertainty, there is no basis to strike the Third Affirmative Defense.

B.  <u>Defendants May Reserve the Right to Raise Additional Affirmative Defenses</u>

Plaintiffs are simply wrong in arguing that Defendant Underwood cannot reserve the right to raise additional affirmative defenses. Courts in this district and in this Circuit usually allow such a reservation of rights. *See, e.g., Wachovia Bank Nat. Ass'n v. EnCap Golf Holdings, LLC*, 690 F. Supp. 2d 311, 330 (S.D.N.Y. 2010) (finding that certain defenses could have arguably been preserved by a reservation of rights affirmative defense giving notice of an intention to "rely upon

3

any additional affirmative defense that becomes available or apparent during discovery and/or litigation of this Complaint"); *Cattaraugus Cty. Project Head Start v. Exec. Risk Indem., Inc.*, 2000 WL 1737943, at *3 (W.D.N.Y. Nov. 9, 2000) (denying motion to strike "reservation of rights" affirmative defense: "regardless of whether or not such is proper—it cannot be said that [Plaintiff] is somehow prejudiced by its inclusion, as no action in response to such is required.  Insofar as one of the required elements to succeed on a motion to strike an affirmative defense is that the plaintiff would suffer prejudice from the inclusion of the defense and as this element has not been established, the motion to strike [this] affirmative defense will be denied").

    C.  Defenses Already Adjudicated Should Be Preserved For Appeal

Plaintiffs seek to strike Defendant Underwood's First, Fifth, Sixth, and Fifteenth Affirmative Defenses on the grounds that they were already adjudicated.  In addition to the arguments raised by the Quincy Defendants, which Defendant Underwood adopts and incorporates as if fully set forth herein, Defendant Underwood requests to preserve these Affirmative Defenses for purposes of appeal.

    D.  There Has Been No Prejudice

Most importantly, Plaintiffs cannot explain why they would be prejudiced by the inclusion of these affirmative defenses at this stage of the litigation, given that they had sufficient notice and can conduct discovery appropriately.  Whether prejudice should be a basis for dismissing *otherwise valid* affirmative defenses normally depends on *when* the defense is presented because "[a] factually sufficient and legally valid defense should always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation." *GEOMC*, 918 F.3d at 98. "[P]rejudice may be considered…where a defense is presented beyond the normal time limits of the Rules. *Id.*  Here, Plaintiffs do not dispute that these affirmative defenses were timely asserted. The Court has just finished ruling on Defendants' Rule 12(b)(6) motions, and discovery is only

4

now beginning.  The challenged Affirmative Defenses do not change the scope of discovery, and therefore will not increase the time or expense of trial, and there is no risk of unfair surprise as when affirmative defenses are added by motion later in a litigation.  Plaintiffs have failed to meaningfully show that they would be prejudiced by the challenged Affirmative Defenses.

## CONCLUSION

For the reasons set forth herein, and in the Quincy Defendants' Opposition, Defendant Underwood respectfully requests that the Court deny Plaintiffs' Motion to Strike Affirmative Defenses in its entirety.

Dated: New York, NY
       September 30, 2019

**COZEN O'CONNOR**

s/Michael de Leeuw
Michael de Leeuw
Tamar S. Wise
Matthew Elkin
45 Broadway
New York, NY 10006
212-908-1331

-and-

JB Kelly (*pro hac vice*)
Bryan Mosca (*pro hac vice*)
1200 19th Street, NW
Washington, DC 20036

*Attorneys for Defendant Mark Underwood*