# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NY 10178**

(212) 808-7800

WASHINGTON,DC
CHICAGO,IL
HOUSTON,TX
LOS ANGELES,CA
SAN DIEGO, CA
PARSIPPANY, NJ
STAMFORD, CT
BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

GEOFFREY W. CASTELLO
DIRECT LINE:(973) 503-5922
EMAIL:gcastello@kelleydrye.com

December 2, 2019

**BY EFILE**

Hon. Ronnie Abrams, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Vanderwerff v. Quincy Bioscience Holding Co., Inc., et al.*
Case No. 1:19-cv-07582-RA

*Karathanos v. Quincy Bioscience Holding Co., Inc., et al.*
Case No. 1:19-cv-08023-RA

*Spath v. Quincy Bioscience Holding Co., Inc., et al.*
Case No. 1:19-cv-03521-RA

*FTC, et al. v. Quincy Bioscience Holding Co., Inc., et al.*
Case No. 1:17-cv-00124-LLS

Dear Judges Stanton and Abrams,

We represent Quincy Bioscience and related companies (collectively "Quincy") in all of the above-referenced actions. On November 7, 2019, the parties to the *Spath*, *Karathanos*, and *Vanderwerff* cases (the "NY Class Actions") presented to Judge Abrams a proposed nationwide class action settlement (the "Settlement"). *See, e.g., Karathanos* Dkt. No. 66. If the Court grants preliminary and final approval to the Settlement, Quincy would pay $11,175,000 to past purchasers of Quincy's Prevagen® ("Prevagen") dietary brain health supplement to resolve claims that Quincy falsely advertised Prevagen. Quincy denies Plaintiffs' claims and is prepared to defend itself vigorously if the Settlement is not approved.

If Quincy faced only class action claims, it would have sought preliminary approval of the Settlement. As Your Honors know, however, Quincy and one of its executives (Mark Underwood) also are defendants in the above-referenced lawsuit brought by the Federal Trade

**KELLEY DRYE & WARREN LLP**

December 2, 2019
Page Two

Commission ("FTC") and New York Attorney General ("NYAG").[1]  The FTC/NYAG action alleges claims that are substantially similar to the NY Class Actions and seeks restitution on behalf of the same consumers who would receive benefits under the Settlement, in addition to injunctive relief and other remedies.  Quincy similarly denies the allegations raised in the FTC/NYAG action and is prepared to defend itself in that action.

As set forth in Section 3.1.5 of the Settlement, it is contingent upon the FTC and NYAG agreeing to it in principle.  Quincy and Plaintiffs' counsel in the NY Class Actions have not yet incorporated injunctive restrictions relating to Prevagen's advertising and marketing into the settlement because the parties anticipate that if the FTC and NYAG agree in principle to the monetary relief provided in the Settlement, then Quincy and the FTC would negotiate those injunctive restrictions.  Such injunctive restrictions would then become a part of the Settlement and part of a consent settlement of the FTC/NYAG action.

At a hearing before Judge Abrams on November 21, Judge Abrams asked Quincy's counsel if Quincy believed judicial action is necessary and appropriate at this time to learn the FTC's and NYAG's position with regard to the Settlement.  Quincy's counsel did not request such assistance at that time, but indicated it may do so in the near future.  After further consideration, Quincy is writing now to request assistance from Your Honors in moving the Settlement process forward.

As discussed with Judge Abrams, the NY Class Actions are not the only class actions pending against Quincy.  A trial date of January 6, 2020, has been set in *Racies v. Quincy Bioscience, LLC*, No. 4:15-cv-292-HSG, in the Northern District of California.  *Racies* involves a certified California-only class, and such claims would be resolved and released by the Settlement if it is approved.  Quincy intends to ask the *Racies* court for a short continuance of the commencement of the trial to allow this settlement process to proceed.  In addition, there are two subsequent "copycat" class actions pending in other venues.  *See Engert v. Quincy Bioscience, LLC*, No. 1:19-cv-00183-LY (W.D. Tex.); *Collins v. Quincy Bioscience, LLC*, No. 1:19-cv-22864-MGC (S.D. Fla.).  Both of these cases have motions to dismiss pending.  The *Collins* plaintiffs filed a snap motion for class certification, which Quincy is opposing.  Litigating identical claims in three district courts around the country while the Settlement is pending in the NY Class Actions would be extremely inefficient.  Preliminary approval of the Settlement would stay the *Collins* and *Engert* matters and final approval would moot those claims, as well as any other consumer claims involving Prevagen, entirely.  Thus, to conserve judicial resources, as

---

[1] Mr. Underwood and another Quincy executive, Michael Beaman, are also named defendants in two of the NY Class Actions.  All named defendants from all pending litigation relating to Prevagen are signatories to the proposed class action settlement agreement.

**KELLEY DRYE & WARREN LLP**

December 2, 2019
Page Three

well as the resources of the parties in conducting further litigation of these class actions, it is important to know the FTC/NYAG's position as to the Settlement as soon as possible.

As noted above, Judge Abrams has set a status hearing in the NY Class Actions for January 29, 2020. Given *Racies*' January 6, 2020 trial date, Quincy's request, if Your Honors are amenable, is that hearings be set in both matters—the NY Class Actions and the FTC/NYAG action—in coordination with each other, on or prior to the January 29, 2020 status hearing. To be clear, we are not asking that the cases be transferred to the same jurist or consolidated with each other for any purpose *other than* learning the FTC's and NYAG's position with respect to the Settlement. We ask only that Judge Stanton direct the FTC and NYAG to be prepared at a status hearing to state their position with respect to the Settlement proposed in the NY Class Actions.

We thank Your Honors for your attention to these matters.

Respectfully submitted,

*/s/ Geoffrey W. Castello*

Geoffrey W. Castello