

United States of America
**FEDERAL TRADE COMMISSION**
Washington, DC 20580

Division of Advertising Practices
Michelle Rusk
202-326-3148
mrusk@ftc.gov

December 4, 2019

**ECF & Overnight Delivery**
Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Overnight Delivery**
Hon. Ronnie Abrams, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

RE:   *Federal Trade Commission, et al. v. Quincy Bioscience Holding Co., LLC, et al.*
      17-CV-00124-LLS
      Response to Request for Consolidated Status Hearing

Dear Judge Stanton and Judge Abrams:

  The Federal Trade Commission (FTC) and the People of the State of New York by the New York Attorney General (NYAG) submit this response to the December 2, 2019 letter from Quincy Bioscience and related companies (Quincy) requesting a consolidated status hearing in the above-captioned matters. For the reasons set forth below, we believe such a status hearing is unwarranted and unlikely to be productive. We also see no reason to delay any related proceedings in other courts.

  Quincy's letter suggests judicial action is necessary to "learn the FTC's and NYAG's position with regard to the Settlement." We find this assertion to be disingenuous. Both agencies have made our position with regard to settlement clear on several occasions, including during a July 22, 2019 conference call among the parties and an August 6, 2019 meeting, in which counsel for the FTC, the NYAG, and Quincy all participated. On those occasions, we stated that the injunctive and monetary relief proposed by Quincy (including the same monetary

The Honorable Louis L. Stanton
The Honorable Ronnie Abrams                                                                December 4, 2019
Page 2

relief now proposed in the class actions before Judge Abrams) was unacceptable. Quincy has presented no other proposal on injunctive relief since those discussions, nor has it engaged in any substantive discussion with either agency related to specific terms of a proposed settlement.[1] It is unclear why Quincy would need to enlist the Court to learn the agencies' position.

In addition, we were concerned to learn, from Mr. Roddy's December 3, 2019 letter opposing the requested status hearing, that Quincy's counsel has represented to plaintiffs' counsel in the class actions and to federal judges that Quincy was close to reaching some agreement with the FTC and the NYAG and that "agreed-to injunctive relief would be announced shortly." At no time before or since the filing of the FTC/NYAG complaint have the parties been close to agreeing on injunctive relief.

We have serious concerns regarding the proposed class action settlement agreement as set out in Exhibit A to counsel's letter to Judge Abrams dated November 7, 2019 [ECF No. 98-1]. First, to date Quincy has not proffered competent and reliable evidence to substantiate the challenged claims for Prevagen.[2] Second, the proposed $11,175,000 in monetary relief is inadequate, compared to substantially more than $165 million in net sales.[3] The FTC and the NYAG object to other aspects of the proposed settlement, including (1) unspecified set-offs for attorney's fees, plaintiffs' incentives, and administrative fees, all of which would further deplete funds available for consumers; (2) a burdensome claims process; (3) funding the settlement largely through future (and presumably deceptive) sales of the same product; (4) a requirement that consumers affirmatively opt out of the settlement in order to protect their ability to obtain relief in the FTC/NYAG case or any other government action; and (5) broad releases that are not tied to compensation. The proposed settlement fails to meet the fair and reasonable standard of Fed. R. Civ. P. 23(e).

---

[1] By letter dated November 8, 2019, counsel for Quincy contacted Andrew Smith, the FTC's Director for the Bureau of Consumer Protection purportedly to request a meeting to discuss settlement. Mr. Smith responded the same day, advising counsel to meet with the staff assigned to the matter. To date, however, counsel has made no attempt to schedule such a meeting.

[2] As set out in our Complaint and reiterated since, the primary study that Quincy relies on to support its memory and cognition claims for Prevagen failed to find any statistically significant benefit of Prevagen over placebo for the study population as a whole or for any subgroup. Moreover, Quincy's own testing disproves any plausible mechanism of action, showing that the dietary protein "apoaequorin" is rapidly digested in the stomach like any other dietary protein and cannot reach or cross the blood brain barrier. Complaint, ¶¶ 28-31 (Dkt. No. 1); Joint Report Pursuant to Fed. R. Civ. P. 26(f) and Proposed Scheduling Order (Dkt. No. 59 at 3).

[3] Prevagen sales from 2007 through mid-2015, minus refunds, totaled $165 million. Sales have continued from that time to the present, and we have requested updated sales figures in discovery.

The Honorable Louis L. Stanton
The Honorable Ronnie Abrams                                              December 4, 2019
Page 3

      For these reasons, we see no benefit to the requested consolidated status hearing and no justification for any delay in this or any other proceeding against Quincy.

                                                Respectfully,

                                                /s/Michelle Rusk

                                                Michelle Rusk
                                                Attorney
                                                Federal Trade Commission

cc:      All counsel of record (via ECF)