

United States of America
FEDERAL TRADE COMMISSION
Washington, DC 20580

Division of Advertising Practices
Edward Glennon
202-326-3126; eglennon@ftc.gov

August 14, 2020

**VIA ECF**
Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:   *FTC, et al. v. Quincy Bioscience Holding Co., Inc., et al.* (17-CV-00124-LLS)
      Pre-Motion Conference on Plaintiffs' Motion to Compel Answers of Deponent

Dear Judge Stanton:

Pursuant to Rule 2.A of Your Honor's Individual Practices, Plaintiffs the Federal Trade Commission and The People of the State of New York request a pre-motion conference regarding a motion to compel answers to deposition questions propounded to Kenneth Lerner, both in his individual capacity and as a 30(b)(6) representative for the corporate defendants. Mr. Lerner is the principal investigator of the Madison Memory Study ("MMS"), a clinical study that purported to show whether Prevagen improves memory – the central issue in this case. Defendants' counsel directed Mr. Lerner not to answer basic, factual questions relating to: (1) whether Defendant conducted a second clinical study regarding Prevagen; and (2) a 2016 re-write of the MMS, which Quincy posted on its website and used in this litigation to support its motion to dismiss Plaintiffs' case. The parties have agreed that Defendants will file any opposition to this letter-motion by August 26 and Plaintiffs will file any reply by August 28.

Plaintiffs are entitled to seek testimony from Mr. Lerner on the above facts, including any facts he learned from his attorneys in anticipation of litigation. To the extent Plaintiffs' questions implicate fact work product and/or information relating to non-testifying experts, Plaintiffs can make the showing necessary to overcome the protections afforded such information. Furthermore, Defendants have waived any protection regarding the 2016 re-write of the MMS by affirmatively using it in their advertising and in this litigation.

Plaintiffs deposed Mr. Lerner on August 6 and 7, 2020 as an individual and as a corporate representative with regard to the topic of the MMS. The questions to which Defendants' counsel objected, and which the witness did not answer because of privilege, included:

- Did you ever propose to anybody at Quincy doing a follow-up study on Prevagen on a population with normal or mildly impaired cognition?
- Did you ever conduct a follow-up study on Prevagen involving a population of normal or mildly impaired cognition?

The Honorable Louis L. Stanton                                                                August 14, 2020
Page 2

- And who was the writer of the [August 2016] synopsis [of the MMS]?
- Okay.  When you were working on the August 2016 synopsis, did the others involved in preparing that synopsis know about the other subgroup analyses that have been done on the data?

Plaintiffs held open both depositions when the parties could not resolve their dispute.  At the parties' subsequent conferral, Defendants stated that their objections were based on the work product doctrine and indicated that any research subsequent to the MMS would not have been listed on their privilege log because it would have involved a consulting expert.

Defense counsel's objections to the above-lines of questioning are without merit.  The work product doctrine does not protect *facts*, even those that a witness has learned from his attorney in anticipation of litigation.  *See Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 91 (N.D.N.Y. 2003) (neither attorney-client privilege nor work product doctrine "protect the client's knowledge of the relevant facts, whether they were learned from counsel or facts learned from an attorney from independent sources"); *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 471 (S.D.N.Y. 1993) (facts not protected "even if acquired in anticipation of litigation").  The work product doctrine also does not protect facts contained within a document that might itself be protected from disclosure.  Therefore, "the party seeking those facts may obtain them through other means of discovery, such as through depositions and interrogatories."  *ECDC Envtl, L.C. v. N.Y. Marine and Gen'l Ins. Co.*, No. 96CIV.6033(BSJ)(HBP), 1998 WL 614478, at *16 (S.D.N.Y. June 4, 1998) (quotation omitted).[1]

Facts learned from counsel, and thus from counsel's experts, are not protected.  Furthermore, if the client gained knowledge from an expert, Defendants' counsel cannot take the position that the client does not possess that information.

To the extent that any information, such as the results of any post-MMS studies, is protected by work product, it would be pure fact work product, and Plaintiffs can make the requisite showing of substantial need and undue hardship to obtain it.  Fed. R. Civ. P. 26(b)(3)(A)(i-ii).  Substantial need exists "where the information sought is essential to the party's defense, is crucial to the determination of whether the defendant could be held liable for the acts alleged, or carries great probative value on contested issues."  *Nat'l Cong. for Puerto Rican Rights v. City of New York*, 194 F.R.D. 105, 110 (S.D.N.Y. 2000) (internal quotations and footnotes omitted).  To show undue hardship, a party "must demonstrate that it is likely to be significantly more difficult, time-consuming or expensive to obtain the information from another source than from factual work product of the objecting party."  *Gucci America, Inc. v. Guess?, Inc.*, 271 F.R.D 58, 81 (S.D.N.Y. 2010) (quotation omitted).

Here, any post-MMS study regarding the efficacy of Prevagen would relate directly to the core issue in this case.  Plaintiffs allege that after the MMS failed to show efficacy for Prevagen for the entire study population, Quincy improperly selected results from subgroups of study participants in an effort to substantiate its claims.  The results of any post-MMS research,

---

[1] Attorney-client privilege also would not protect the factual information Plaintiffs seek, as that information cannot be made privileged simply by including it in a discussion with an attorney.

The Honorable Louis L. Stanton                                          August 14, 2020
Page 3

particularly focusing on the same subgroups from the MMS, would be critical to assessing Prevagen's efficacy and determining Quincy's knowledge regarding the veracity of its claims. Moreover, any expert witness testifying as to the efficacy of Prevagen would need to consider the results of such a study as part of the consideration of the entire body of evidence.  It would be prohibitively expensive and time-consuming for Plaintiffs to conduct their own human, clinical studies on Prevagen.  As Plaintiffs have a substantial need for the information regarding Quincy's post-MMS research and are unable to obtain its equivalent elsewhere, Plaintiffs are entitled to discover the fact work product at issue.

Plaintiffs also can demonstrate the exceptional circumstances required to obtain any information held by non-testifying experts.  Fed. R. Civ. P. 26(b)(4)(D)(ii).  "[P]arties seeking discovery [of such information] can make a showing of exceptional circumstances when there is no practicable alternative by which they can obtain the information."  *Bank Brussells Lambert v. Chase Manhattan Bank*, 175 F.R.D. 34, 44 (S.D.N.Y. 1997) (internal quotation and citation omitted).  Exceptional circumstances may exist where it would be prohibitively expensive for a party to replicate an expert's work.  *Id.*  Again, Plaintiffs have neither the resources nor the time to duplicate a human, clinical study.  As Plaintiffs would be unable to obtain the results of such a study through other means, exceptional circumstances justify discovery of any such information.[2]

Finally, Defendants have waived any protection concerning the MMS 2016 re-write by using it in support of their motion to dismiss and displaying it on their website.  *See Granite Partners, L.P. v. Bear, Stearns & Co.*, 184 F.R.D. 49, 54 (S.D.N.Y. 1999) ("It is well settled that waiver may be imposed when the privilege-holder has attempted to use the privilege as both sword and shield.") (quotation and citation omitted).  Defendants cannot avoid testifying about the re-write after using it in this fashion.

For the above reasons, Plaintiffs request a pre-motion conference regarding a motion to compel answers to the deposition questions propounded to Mr. Lerner.[3]

                                                                    Respectfully,

                                                                    /s/ Edward Glennon
                                                                    Edward Glennon, Attorney
                                                                    Federal Trade Commission

---

[2] Plaintiffs do not know the identity of any non-testifying expert who might have been involved in post-MMS research.  The FTC previously served a subpoena on Georgetown Economic Services, LLC ("GES"), a subsidiary of the law firm representing the corporate defendants involved in re-analyzing data from the MMS.  The subpoena sought documents related to GES's work on the MMS data and any other Prevagen-related studies.  After GES refused to produce any documents, the FTC filed a motion to compel in the District of the District of Columbia.  That court on August 13, 2020 ordered the motion transferred to this Court.

[3] Defendants also would have to supplement their discovery responses regarding post-MMS research and the MMS re-write as necessary following Mr. Lerner's testimony.