# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FEDERAL TRADE COMMISSION and<br><br>THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES,<br>Attorney General of the State of New York,<br><br>           Plaintiffs,<br><br>           v.<br><br>QUINCY BIOSCIENCE HOLDING COMPANY, INC., a corporation;<br><br>QUINCY BIOSCIENCE, LLC, a limited liability company;<br><br>PREVAGEN, INC., a corporation<br>d/b/a SUGAR RIVER SUPPLEMENTS;<br><br>QUINCY BIOSCIENCE MANUFACTURING, LLC, a limited liability company;<br><br>MARK UNDERWOOD, individually and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, and PREVAGEN, INC.; and<br><br>           Defendants. | Case No. 1:17-cv-00124-LLS<br><br><br><br><br><br>**DECLARATION OF ASHISH R. TALATI IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' ANTICIPATED MOTION TO COMPEL ANSWERS OF DEPONENT** |

Ashish R. Talati, of full age, hereby declares as follows:

1. I am a member of the Bar of the State of New York, and am a partner with the law firm of Amin Talati Wasserman LLP ("Amin Talati").

2. Amin Talati has represented Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., and Quincy Bioscience Manufacturing, LLC (collectively "Quincy") since approximately 2010. I submit this declaration in support of Quincy's

1

Opposition to Plaintiffs' Anticipated Motion to Compel Answers of Deponent Kenneth Lerner in response to questions for which Quincy has objected based on the attorney-client privilege, the attorney work product doctrine, and the protections afforded non-testifying consulting expert witnesses.

3. Amin Talati has represented Quincy in connection with various counseling and regulatory matters, including the Federal Trade Commission's (the "FTC") pre-action civil investigation, which was commenced through a civil investigative demand dated July 27, 2015 (the "Investigation") relating to the subject matter of this action. Amin Talati continued to represent Quincy after the FTC filed this action and is currently representing Quincy in a variety of matters.

4. In or about February 2016, Amin Talati retained on Quincy's behalf an outside firm as a non-testifying consulting expert for purposes of advising counsel with regard to theories being advanced by the FTC during the Investigation and in anticipation of litigation with the FTC. The decision to retain this consulting expert was Amin Talati's alone.

5. A non-disclosure agreement was entered into between and among Amin Talati, Quincy Bioscience, LLC, and the non-testifying consulting expert providing that all information exchanged pursuant thereto would be held in trust and confidence, and would only be used in connection with the requested consulting services to be utilized by Amin Talati in connection with anticipated litigation. Moreover, Amin Talati's non-testifying consulting expert agreed that it would only disclose such confidential information to its own employees on a need-to-know basis, provided that such employees were shown a copy of the non-disclosure agreement and agreed to be bound by its terms.

6. At the time the non-testifying consulting expert was retained, Amin Talati had submitted nearly 550,000 pages of material to the FTC on Quincy's behalf and participated in several telephonic meetings with the FTC as part of the Investigation, and it had become clear that litigation with the FTC was highly likely, if not inevitable. When the non-testifying consulting expert was retained, a putative class action was also pending against Quincy Bioscience, LLC in the United States District Court for the Northern District of California challenging substantially the same advertising and marketing practices that were at issue in the Investigation and that are currently at issue in this action. *See Phillip Racies v. Quincy Bioscience, LLC*, No. 15-cv-00292-HSG (N.D. Cal. filed Jan. 21, 2015). Absent the real and imminent threat of potential litigation with the FTC, and the pending class action, Amin Talati would not have retained the non-testifying consulting expert at issue.

7. Amin Talati directed and supervised the work of its retained non-testifying consulting expert. All day-to-day communications regarding the design and performance of the Study were between Amin Talati and its non-testifying consulting expert.

8. Amin Talati involved employees of Quincy Bioscience, LLC sparingly and only on an as-needed basis to support the non-testifying consulting expert's work. Specifically, Quincy provided information relating to previous human clinical studies on apoaequorin, provided sample apoaequorin capsules, and paid the non-testifying consulting expert's invoices.

9. Amin Talati has not disclosed the existence of, or shared any information relating to, the non-testifying consulting expert's work product with any person or entity other than a limited number of Quincy's management personnel, Quincy's attorneys, and non-testifying consulting experts retained by Quincy or its counsel. Amin Talati has treated all of its communications with this non-testifying consulting expert and related work product as

confidential and privileged attorney and/or consulting expert work product pursuant to Rule 26(b)(3) and Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure.

10. Similarly, Amin Talati advised its non-testifying consulting expert, and the non-testifying consulting expert understood, that its services were being requested in anticipation of litigation with the FTC and that all communications and work product relating to these services would constitute confidential and privileged attorney and/or consulting expert work product pursuant to Rule 26(b)(3) and Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure.

11. Amin Talati has not received any instruction from Quincy to waive either the attorney-client or the work product privileges associated with this non-testifying consulting expert.

12. The work product of this non-testifying consulting expert is different from other human clinical research that Quincy performed to measure the cognitive benefits of apoaequorin. Moreover, all of Quincy's prior human clinical research was designed, administered, and analyzed by Quincy employees. Quincy has not contracted with any other third party entities, other than those disclosed to Plaintiffs, to conduct such research, and would not have permitted Amin Talati to do so here absent the real and imminent threat of potential litigation with the FTC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 26, 2020 in Chicago, Illinois.

_____
ASHISH R. TALATI