**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NY 10178**

(212) 808-7800

WASHINGTON, DC
CHICAGO, IL
HOUSTON, TX
LOS ANGELES, CA
SAN DIEGO, CA
PARSIPPANY, NJ
STAMFORD, CT
BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

GEOFFREY W. CASTELLO
DIRECT LINE: (973) 503-5922
EMAIL: gcastello@kelleydrye.com

August 31, 2020

**VIA ECF**
Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *FTC, et al. v. Quincy Bioscience Holding Co., Inc., et al.*
      Case No. 1:17-cv-00124-LLS

Dear Judge Stanton:

Motion for Leave to File Sur-reply

Plaintiffs' August 28, 2020 reply in support of its pre-motion conference request ("Reply") (ECF No. 125) raises new arguments not made in its moving letter, makes unsupported factual assertions while ignoring the only evidence in the record, and attempts to create new exceptions to the work product doctrine for false advertising cases. Quincy respectfully requests that the Court consider the below proposed sur-reply and either deny Plaintiffs' request outright or, alternatively, enter a briefing schedule so that the parties can thoroughly address these issues.

Proposed Sur-reply

In its Reply, Plaintiffs ask this Court to create a blanket rule that would eviscerate the work product doctrine in false advertising cases brought by the government. No case supports such a drastic change in the law, particularly without notice to parties who have proceeded under and relied on the plain text of Rule 26 and decades of related case law. Plaintiffs' attempt to turn Rule 26 on its head should be rejected for at least the following three reasons. First, Plaintiffs ignore the only evidence in the record—a sworn statement from one of Quincy's attorneys—that clearly establishes that a consulting expert was retained in anticipation of litigation. Second, Plaintiffs cite to irrelevant cases that do not involve consulting expert work product claims and one district court case that is easily distinguishable. Third, Plaintiffs' do not come close to establishing exceptional circumstances to warrant eviscerating the consulting expert work product protection.

As an initial matter, Plaintiffs argue that "Defendants have failed to show that the study done by their expert after the MMS would not have been done in the ordinary course of business."

**KELLEY DRYE & WARREN LLP**

Hon. Louis L. Stanton, U.S.D.J.
August 31, 2020
Page Two

Plaintiffs ignore the fact that Quincy's counsel, Amin Talati, LLP, submitted a sworn declaration detailing the circumstances surrounding the retention of a consulting expert, including that (1) litigation with the FTC was imminent, (2) a class action was already pending, (3) the expert was retained specifically in anticipation of that imminent and pending litigation, and (4) all parties involved considered and treated the consulting expert's work as privileged and confidential work product. (ECF No. 124-2.)  Plaintiffs ignore this declaration, and fail to submit any evidence of their own to rebut it.

Plaintiffs' authority is also inapposite.  The cited Supreme Court and Ninth Circuit cases generally advocating for broad discovery do not involve claims of work product and therefore have no relevance.  The one case Plaintiffs do cite involving a claim of work product over a clinical study—*Proctor & Gamble Co. v. Ultreo, Inc.*, 574 F. Supp. 2d 334 (S.D.N.Y. 2008) (*P&G*)—is easily distinguishable.  First, *P&G* involved a claim of *attorney* work product, which is subject to lesser protection than the *consulting expert* work product at issue here.  *See Subramanian v. Lupin Inc.*, 17-CV-5040 (RA) (KHP), 2020 WL 4707268, at *3 (S.D.N.Y. Aug. 13, 2020). Second, *P&G* does not stand for Plaintiffs' broad proposition that a clinical study can never be protected work product.  Quite the contrary, the court found it "clear that the factual nature of the clinical studies **does not**, by itself, destroy a potential work product privilege." *P&G*, 574 F. Supp. 2d at 336 (emphasis added).  And third, the "record" in *P&G* was far different insofar as the company had included the allegedly privileged studies in its business and marketing plans, and had discussed them with various third parties, including shareholders and retailers.  These facts all contributed to the court's conclusion that the studies "would not have been prepared in substantially similar form but for the prospect of that litigation." *Id.* at 337.  The Amin Talati declaration directly undermines such a conclusion here, and Plaintiffs failed to even address the declaration much less submit any evidence to the contrary.  Even more troubling, Plaintiffs' assertions about Quincy's "record" of clinical trials through 2016 are self-serving, unsupported, and false. Quincy's last human clinical study measuring the cognitive benefits of apoaequorin concluded in 2012.

Finally, Plaintiffs' Reply *still* fails to demonstrate the exceptional circumstances required to justify disclosure of the consulting expert work product at issue and instead baldly claims that Plaintiffs "have neither the resources nor the time to duplicate a human, clinical study."  But Quincy is not shifting its substantiation burden to Plaintiffs, nor is it forcing Plaintiffs to conduct their own study. The substantiation relating to the challenged advertising has been produced in discovery, and Plaintiffs have had more than five years to examine it, test it, and, if they so desired, conduct their own study to call it into question. Plaintiffs are not entitled to Quincy's confidential attorney and consulting expert work product simply because they failed, or are unwilling, to do so.

                                                  Respectfully submitted,

                                                  /s/ *Geoffrey W. Castello*

                                                  Geoffrey W. Castello