# EXHIBIT A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION and<br><br>THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,<br><br>        Plaintiffs,<br><br>        v.<br><br>QUINCY BIOSCIENCE HOLDING COMPANY, INC., a corporation;<br><br>QUINCY BIOSCIENCE, LLC, a limited liability company;<br><br>PREVAGEN, INC., a corporation d/b/a SUGAR RIVER SUPPLEMENTS;<br><br>QUINCY BIOSCIENCE MANUFACTURING LLC, a limited liability company; and<br><br>MARK UNDERWOOD, individual and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, and PREVAGEN, INC.<br>        Defendants. | Case No. 1:17-cv-00124-LLS |

## DEFENDANTS' REVISED NOTICE OF DEPOSITION
## PURSUANT TO FED. R. CIV. P. 30(B)(6) TO PLAINTIFF

PLEASE TAKE NOTICE THAT pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., and Quincy Bioscience Manufacturing, LLC ("Quincy" or "Defendants"), by and through their attorneys, Kelley Drye & Warren LLP, will take the deposition, upon oral

examination, before a person authorized by law to administer oaths, of plaintiff Federal Trade Commission ("Plaintiff") by one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf with regard to all matters known or reasonably available to Plaintiff relating to the subject matter identified in Exhibit A. The deposition will be conducted via online videoconferencing (links to be provided), at 09:00 a.m. on November 5, 2020, and will continue from day to day until completed.  The deposition will be videotaped.

Plaintiff shall designate a person or persons knowledgeable about the facts and documents supporting, underlying or relating to the subject matter set forth in Exhibit A. Unless the person or persons to be proffered by Plaintiff will be able to testify as to all of the subjects identified therein, Plaintiff is requested to identify with precision and in writing reasonably in advance of the deposition the person or persons who will testify and the subject matter(s) as to which each person or persons will testify. Pursuant to Rules 30(b)(6) and 34 of the Federal Rules of Civil Procedure, Plaintiff is requested to produce at the deposition for inspection and copying, any and all documents which evidence or discuss the areas of inquiry and documents reviewed and consulted by the persons so designated by Plaintiffs to testify as to each area of inquiry.

PLEASE TAKE FURTHER NOTICE that the oral examination will be recorded by stenographic means and by video before an officer authorized to administer oaths.

| | |
|---|---|
| Dated: October 9, 2020 | KELLEY DRYE & WARREN LLP<br>By:   */s/   Geoffrey W. Castello*<br>John E. Villafranco (*pro hac vice*)<br>Geoffrey W. Castello<br>Jaclyn M. Metzinger<br>Glenn T. Graham<br>101 Park Avenue<br>New York, New York 10178<br>(T): (212) 808-7800<br>(F): (212) 808-7897<br>jvillafranco@kelleydrye.com<br>gcastello@kelleydrye.com<br>jmetzinger@kelleydrye.com<br>ggraham@kelleydrye.com<br><br>*Attorneys for Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., dba Sugar River Supplements, and Quincy Bioscience Manufacturing, LLC* |

# DEFINITIONS

In addition to the definitions set forth in Rule 26.3 of the Local Rules of the United States District Courts of the Southern and Eastern Districts of New York, which are expressly incorporated herein, the following definitions shall be used throughout this notice:

1. "Action" shall mean the lawsuit captioned *Federal Trade Commission v. Quincy Bioscience Holding Company, Inc., et al.*, filed in the United States District Court for the Southern District of New York, Case No. 1:17-cv-00124-LLS.

2. "FTC" shall mean plaintiff the United States Federal Trade Commission and any and all of its current and former trustees, fiduciaries, officers, directors, employees, agents, representatives, predecessors, successors, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

3. "NYAG" shall mean plaintiff the People of the State of New York, by Letitia James, Attorney General of the State of New York and any and all of its current and former trustees, fiduciaries, officers, directors, employees, agents, representatives, predecessors, successors, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

4. "Complaint" shall mean the Complaint for Permanent Injunction and Other Equitable Relief filed in this Action on or about January 9, 2017 (Dkt. No. 1).

5. "Quincy" shall mean Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc. d/b/a Sugar River Supplements, and Quincy Bioscience Manufacturing, LLC, collectively.

6. "Defendants" shall mean Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc. d/b/a Sugar River Supplements, Quincy Bioscience Manufacturing, LLC, and Mark Underwood, collectively.

7. "Prevagen" shall mean the Prevagen® brand dietary supplement.

8. "Investigation" shall mean the investigation conducted by the Federal Trade Commission relating to the marketing and advertising of Prevagen® prior to filing the Action.

9. "Concerning" or "concern" shall mean directly or indirectly, in whole or in part, referring to, relating to, connected with, commenting on, impinging or impacting upon, affecting, responding to, supporting, pertaining to, showing, describing, analyzing, reflecting, or constituting.

10. "Correspondence" and "communication(s)" shall refer to any and all written or electronic communications of any kind, including without limitation, e-mails, text messages, instant messages, documents, letters, forms, memoranda, reports, notes, worksheets, drafts, working papers, contracts, agreements, or other papers whether handwritten, typed, printed, or reproduced photostatically or photographically, including all film, microfilm, photographs, audiotapes, videotapes, drawings or other visual representations and any computer, magnetic, mechanical or electronic recordings. The terms "correspondence" and "communication(s)" extend to and specifically encompass all non-identical copies of any responsive documents and all such non-identical copies should be produced.

11. "Document" and "documents" are used herein in the broadest sense possible, and without limitation, to refer to originals (or identical copies where originals are unavailable), copies with notations, comments, analyses, and post-preparation changes and non-identical copies of originals, of any tangible source of information of every type and description,

however, and by whomever created, prepared, produced, reproduced, or disseminated, and regardless of its location, which is, as of the date of service of these document demands in the custody of, or in any way subject to the control of you or your attorneys. "Document" and "documents" also include, but are not limited to, e-mails (including any attachments), text messages, instant messages, writings, sales transaction receipts, cash register receipts, credit card receipts, credit card slips, coupons, checkbook registers, advertisements, marketing materials, letters, minutes, correspondence, telegrams, telexes, faxes, bulletins, instructions, handwritten notes, typewritten notes, notes, transcriptions, sound recordings of any kind, slides, movie film and negatives, photographs and their negatives, printouts, minutes of meetings, memoranda, inter-office communications, studies, analyses, reports, advertisements, sales listings, rental listings, broker agreements, catalogues, results of investigations, leases, contracts, licenses, agreements, working papers, statistical records, ledgers, work sheets, books of account, general ledgers, trial balances, audited and un-audited financial statements, tax returns, vouchers, charge slips, time sheets or logs, telephone messages or logs, telephone diaries, telephone bills, diaries, purchase orders, acknowledgements, invoices, price lists, registers, charts, tables, authorizations, budgets, analyses, projections, brochures, circulars, proofs, sheets, books, magazines, checks, cancelled checks, life insurance applications, illustrations, notices, bills, premium notices, cancellation notices, annual reports, notebooks, computer disks, diskettes, electronic communications of any kind, tapes or any information which can be retrieved from a computer, stenographers' notebooks, diaries, desk calendars, or papers similar to any of the foregoing. "Document" and "documents" are not limited to the manner of representation of any information called for, which includes, but is not limited to, letters, words, numbers, symbols, characters, electronic data, pictures, graphic presentations, or sounds, or of any combination thereof. "Document" and "documents" also

include, but are not limited to, preliminary drafts, versions, or revisions of any of the aforementioned, and underlying, preparatory, or supporting materials thereto.

12. "Including" means including but not limited to.

13. "Person" refers to both individuals and entities, including without limitation, any natural person, corporation, division, subsidiary, partnership, proprietorship, firm, association, company, and joint venture, whether public or private, as well as any governmental agency, division, or department.

14. "Relating to," "regarding," or "concerning," means in connection with, constituting, analyzing, connecting, containing, describing, discussing, embodying, evidencing, reporting or commenting on, inquiring about, setting forth, explaining, reflecting, identifying, stating, considering, referring to, mentioning, alluding to, or in any way pertaining to, in whole or in part or having any logical or factual connection whatsoever with the claims or defenses asserted in this Action.

15. "You" and "Your" shall refer to plaintiff FTC as defined in paragraph 2 of the definitions set forth herein.

16. "FDA" shall mean the U.S. Food and Drug Administration and any and all of its current and former trustees, fiduciaries, officers, directors, employees, agents, representatives, predecessors, successors, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

17. The phrase "Subject Matter of this Action" means the facts and claims alleged in the Complaint and generally any claims or defenses of any party to this Action.

# EXHIBIT A

## TOPICS

1. The process and phases of the FTC Investigation including the identity and role of people, offices, and divisions that participated in the Investigation.

2. The FTC's written response identifying judicial and administrative actions and public investigations dating back ten years in which the primary focus of the case is dietary supplements promoted for memory or other cognitive benefit.

3. The bases for and methods of calculating damages, remedies, consumer redress, restitution, refund, or other relief sought by the FTC in this Action.

4. Each and every fact that supports, contradicts or otherwise relates to the allegations contained in paragraph 17 of the Complaint.

5. Each and every fact that supports, contradicts or otherwise relates to the allegations contained in paragraph 27 of the Complaint.

6. Each and every fact that supports, contradicts or otherwise relates to the allegations contained in paragraph 28 of the Complaint.

7. Each and every fact that supports, contradicts or otherwise relates to the allegations contained in paragraph 29 of the Complaint.

8. Each and every fact that supports, contradicts or otherwise relates to the allegations contained in paragraph 30 of the Complaint.

9. Each and every fact that supports, contradicts or otherwise relates to the allegations contained in paragraph 31 of the Complaint.

10. Each and every fact that supports, contradicts or otherwise relates to the allegations contained in paragraph 37, 40, 43 and 45 of the Complaint.

11. Each and every fact that supports, contradicts or otherwise relates to the allegation in paragraph 46 of the Complaint that "[c]onsumers have suffered and will continue to suffer substantial injury as a result of Defendant's violations of the FTC Act" and that "Defendants have been unjustly enriched as a result of their unlawful acts or practices."

12. All consumer surveys, or other consumer perception materials relating to the FTC's allegations that Defendants' advertising, marketing or labelling of Prevagen is false or unsubstantiated.

13. All scientific studies, articles, analyses, meta-analyses or other literature that support, contradict or otherwise relate to the FTC's allegations that Defendants' advertising of Prevagen is false, misleading, or unsubstantiated.

14. All communications, whether written or oral, between the FTC and any medical doctor, epidemiologist, researcher or other medical or scientific expert regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action. This topic shall include, but is not limited to, communications with Dr. Richard P. Bazinet and Dr. Robert C. Speth.

15. All communications, whether written or oral, between the FTC and FDA regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

16. All communications, whether written or oral, between the FTC and any state or federal government agency regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

17. All communications, whether written or oral, between the FTC and the plaintiffs and/or their attorneys from the following actions regarding Prevagen, apoequorin or the Subject Matter of this Action.: *Collins, et al. v. Quincy Bioscience, LLC*, No. 19-22864-Civ-COOKE/GOODMAN (S.D. Fla.); *Racies v. Quincy Bioscience, LLC,* No. 15-cv-00292-HSG (N.D. Cal.); *Vanderwerff v. Quincy Bioscience Holding Co., Inc.*, et al., No. 1:19-cv-07582-RA (S.D.N.Y.); *Karathanos v. Quincy Bioscience Holding Co., Inc*., et al., No. 1:19-cv-08023-RA (S.D.N.Y.); *Spath v. Quincy Bioscience Holding Co., Inc*., et al., No. 1:19-cv-03521-RA (S.D.N.Y.); *Engert, et al v. Quincy Bioscience, LLC*, No., 1:19-cv-183-LY (W.D. Tex.); *Miloro v. Quincy Bioscience, LLC*, No. 16PH-cv-01341 (Mo. Cir. Ct.).

18. All communications, whether written or oral, between the FTC and any state prosecutor, attorneys general or regulator, or any of such state prosecutor's, attorneys general's, or regulator's employees, attorneys or agents regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action. This topic shall include, but is not limited to, communications with the Orange County, California District Attorney's Office and the Office of the Attorney General of Iowa.

19. All communications, whether written or oral, between the FTC and any consumer, including such consumer's attorneys or agents, regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action, including documents sent to that consumer or such consumer's attorneys or agents.

20. All communications, whether written or oral, between the FTC and any non-governmental consumer protection organizations, including such organizations' attorneys, employees or agents, regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

21. All communications, whether written or oral, between the FTC and any manufacturer or seller of any dietary supplement relating to brain health, cognition, memory or other brain functions or any of their employees, attorneys, consultants or agents regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

22. All communications, whether written or oral, between the FTC and the American Association of Retired Persons, or any of its employees, attorneys, consultants or agents, regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

23. All communications, whether written or oral, between the FTC and Truth In Advertising, Truth In Advertising.org or TINA.org, or any of its employees, attorneys, consultants or agents regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

24. All communications, whether written or oral, between the FTC and any retailer, wholesaler, reseller, or distributor, including any employees, attorneys, consultants, or agents of such entities, regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

25. All communications, whether written or oral, between the FTC and any radio station, television station, newspaper, magazine, publication, journal, production company, media company, reporter, journalist, or talk show host, including any employees, attorneys, consultants, or agents thereof, regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

26. All communications, whether written or oral, between the FTC and CogState, including any employees, attorneys, consultants, or agents of CogState, regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

27. All Freedom of Information Act ("FOIA") requests sent to or received by the FTC that relate to any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action, including the FTC's responses to such requests and any communications related to such requests.

28. The names of each of the FTC's employees, attorneys, consultants and/or agents who has met or communicated with the employees, attorneys, consultants and/or agents of any manufacturer or seller of any dietary supplement relating to brain health, cognition, memory or other brain functions and, for each such individual, the manufacturer or seller with whom he or she met or communicated.

29. The FTC's responses to any written discovery requests served by Defendants in this Action.

30. The procedures that the FTC used to preserve, search for, locate and produce documents and information responsive to any written discovery requests served by Defendants in this Action, including the identification of all individuals whose emails, electronic files, and/or hard copy files were searched for potentially responsive information.

31. All communications, whether written or oral, between or among the FTC and any of the FTC's attorneys or agents, and any medical professional organization, or its employees, attorneys, consultants or agents regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action, excluding any communications with consulting or testifying experts.

32. All communications, whether written or oral, between the FTC and any United States Senator or member of the United States House of Representatives, including employees,

attorneys, consultants, agents, or staff members of such Senators or Representatives, regarding any Defendant, Prevagen, apoaequorin, or the Subject Matter of this Action.

33. All communications, whether written or oral, between the FTC and James Lugo.

# CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2020, a copy of the within Defendant's Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) to Plaintiff was served by e-mail upon the following parties and participants:

Michelle Rusk
Annette Soberats
Edward Glennon
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Drop CC-10528
Washington, D.C. 20580
mrusk@ftc.gov
asoberats@ftc.gov
eglennon@ftc.gov

Kate Matuschak
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
kate.matuschak@ag.ny.gov

Michael de Leeuw
Tamar Wise
Cozen O'Connor
45 Broadway
New York, NY 10006
mdeleeuw@cozen.com
twise@cozen.com

/s/ Glenn Graham
Glenn T. Graham