

**Geoffrey W. Castello**

Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178

Tel:  (973) 503-5922
Fax: (973) 503-5950
gcastello@kelleydrye.com

October 27, 2020

**Via ECF**
Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *FTC, et al. v. Quincy Bioscience Holding Co., Inc., et al.*
     Case No. 1:17-cv-00124-LLS

Your Honor:

   We write on behalf Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., Quincy Bioscience Manufacturing, LLC ("Quincy") and Mark Underwood (collectively "Defendants") in response to Plaintiff the Federal Trade Commission's ("FTC") letter dated October 20, 2020 ("Letter") (Dkt. No. 134) requesting leave to move for a protective order with respect to 13 topics in Defendants' Rule 30(b)(6) Deposition Notice (the "Notice") (Dkt. 134-1).[1]  The FTC's initial response to Quincy's proposed R. 30(b)(6) topics was "we don't do that."  When reminded that counsel for both parties were involved in a separate, but similar, prior false advertising action in which the FTC provided a R. 30(b)(6) witness on similar topics, the FTC's position changed.  The FTC then asserted that Quincy was attempting to invade attorney work product or gain access to expert testimony prematurely.  On the contrary, Quincy's Notice seeks only what is squarely allowed by the Federal Rules of Civil Procedure.  The FTC's request should be denied because the FTC, like any civil litigant, is required to comply with the Federal Rules of Civil Procedure.  Moreover, the FTC's objections to specific topics fail because Quincy is not seeking to obtain the FTC's work product or expert testimony, and the FTC has failed to support its conclusory assertions of burden.

   **The FTC is Subject to Rule 30(b)(6) Depositions.**  During the early stages of the parties' very lengthy meet-and-confer efforts, the FTC took the position that *none* of Quincy's proposed topics were appropriate.  (*See* Declaration of Geoffrey W. Castello filed herewith ("Castello Decl.") ¶ 3.)  As the FTC now seems to recognize (given that it has agreed to present a witness on 19 topics), Rule 30(b)(6) expressly applies to governmental agencies.  Indeed, as Judge Scheindlin has ruled, government agencies "must abide by the Federal Rules of Civil Procedure" and are "not entitled to special consideration concerning the scope of discovery, especially when [they] voluntarily initiate[] an action." *S.E.C. v. Collins & Aikman Corp.*, 256 F.R.D. 403, 414 (S.D.N.Y. 2009).

---

[1] The FTC's Letter refers to 13 topics in Defendants' October 9, 2020 Rule 30(b)(6) Deposition Notice. Defendants issued a revised notice on October 16, 2020 (Castello Decl. ¶ 9), but refer to the topic numbers set forth in the FTC's Letter and the October 9 Notice to avoid confusion.

October 27, 2020

    **The FTC Fails to Offer Proper Objections to the Notice's "Contention" Topics 4-11 and 13.** Quincy has made it abundantly clear during the meet-and-confer process that it is not seeking to depose the FTC's trial counsel or obtain work product. Quincy is seeking only the *facts* that support the FTC's Complaint. For example, in Topic 10, Quincy is asking the FTC to testify about the facts supporting paragraphs 37, 40, 43, and 45 of the Complaint, *i.e.*, which marketing claims are being challenged in each count of the Complaint. That is core information that will help the parties—and ultimately the Court—properly organize the material that the FTC has accumulated over its eight years of investigation and litigation. This will be increasingly important as the case heads towards summary judgment and (if necessary) trial. Similarly, Topic 7 relates to the FTC's allegation that Quincy's "researchers conducted more than 30 post hoc analyses of the results" of the Madison Memory Study. Quincy disagrees, and simply seeks the factual basis for that allegation. The FTC's refusal to provide basic factual support for the allegations in its Complaint could result in a trial by ambush, which is exactly what the Federal Rules are designed to prevent. At any rate, the Defendants should be allowed to find out what information the FTC has on this point. Moreover, even if the FTC is correct that it "provided detailed responses to interrogatories" (which it did not), written interrogatory responses are no substitute for a live deposition.

    For these very reasons, courts have repeatedly rejected the same conclusory and pre-emptive work product arguments the FTC is now proffering to shield itself from a proper deposition. *See, e.g. S.E.C. v. McCabe*, 2015 WL 2452937, at * 8 (D. Utah May 22, 2015); *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1328 (M.D. Fla. 2011) (rejecting the SEC's argument that "because Commission counsel lacked 'independent knowledge' of the facts and because only Commission counsel worked on the case, a deposition of the Commission would necessarily intrude upon the work product and deliberative process privileges"); *EEOC v. Sterling Jewelers Inc.*, 2010 WL 2803017, at *2 (W.D.N.Y. July 15, 2010) (the EEOC's attempt to evade Rule 30(b)(6) was premature "[u]nless and until Defendants actually ask a question at the deposition that intrudes upon the deliberative process privilege").

    The FTC next complains that it would either have to designate a trial attorney to testify or, if it designated a non-attorney, that designee would be incurably infected with attorney work product because the "designee would have to be prepared by FTC litigation counsel." (Letter at 2.) This entirely unremarkable proposition is not proper grounds to avoid a deposition. As a federal court has held, "[t]he issue is not . . . whether the Defendants are entitled. . . to depose the FTC's trial counsel. . . . It is the FTC's prerogative to designate which person(s) will testify. Defendants are entitled to discovery of the facts supporting the FTC's claims." *F.T.C. v. CyberSpy Software, LLC*, 2009 WL 8708856, at *3 (M.D. Fla. May 26, 2009). Here, the FTC is free to designate and prepare whomever it chooses.

    Moreover, it is not only routine, but expected that litigation counsel prepare witnesses for a R. 30(b)(6) deposition. *See S.E.C. v. Merkin*, 283 F.R.D. 689, 696, *report and recommendation adopted*, 283 F.R.D. 699 (S.D. Fla. 2012) ("[T]he argument that a lawyer would be involved in the preparation process is simply a truism which, if sufficient to preclude 30(b)(6) depositions, would eliminate that discovery tool."). As in every civil litigation, the FTC can prepare its witness(es) to testify about the factual information sought by the Notice while instructing them not to respond to any questions that the FTC believes would invade work product. This is exactly what Quincy's counsel did during its 30(b)(6) depositions, and what the government did in *U.S. v. District Council of N.Y. & Vicinity of United Bhd. of Carpenters & Joiners of Am.*, 1992 WL 208284 (S.D.N.Y. Aug. 18, 1992)—on which the FTC relies.

October 27, 2020

      The FTC also argues that its claim that it has produced "essentially its entire investigative file" somehow absolves it of sitting for a deposition.  (Letter at 2.)  But even if true, such a production "does not relieve the Agency of its obligation under [Rule 30(b)(6)] to provide a witness to answer questions about the documents for purposes of clarification and interpretation."  *Sterling Jewelers Inc.*, 2010 WL 2803017, at *3 (collecting cases).

      Finally, the FTC relies primarily on two cases involving the Securities and Exchange Commission in an attempt to dodge its obligation to produce a R. 30(b)(6) witness – *S.E.C. v. Morelli*, 143 F.R.D. 42 (S.D.N.Y. 1992) and *S.E.C. v. Rosenfeld*, 1997 WL 576021 (S.D.N.Y. Sept. 16, 1997). Neither case supports the FTC's position here because Quincy is not seeking to learn about the FTC's techniques in developing relationships with confidential informants, nor is it seeking attorney work product.

      **Quincy is Not Seeking "Expert Testimony" in Topics 13, 14 and 31.**  The FTC mischaracterizes these topics.  Quincy is not seeking communications between the FTC and its experts. Topic 31 expressly excludes such communications and Quincy offered to add a similar exclusion to Topic 14, but the FTC refused.  If the FTC communicated with doctors or researchers about Prevagen without retaining them as experts—and Quincy knows from documents produced that it did—Quincy is entitled to explore those non-privileged communications in a deposition.  Nor does Topic 13 require "an oral catalogue" of the scientific research at issue.  Quincy is simply seeking to question the FTC about the studies that it believes supports their Complaint, as well as any exculpatory scientific evidence that demonstrates Prevagen's efficacy.  Critically, Quincy produced a R. 30(b)(6) witness on this topic (Castello Decl. ¶ 11 & Ex. E, Topics H, I, J) and the FTC should be required to do the same.

      **The FTC Cannot Show "Undue Burden" With Respect to Topics 28 and 30.**  Finally, to establish undue burden, the FTC is required to show that "a 'clearly defined, specific and serious injury' will occur in the absence" of a protective order.  *Michelo v. Nat'l Collegiate Student Loan Trust 2007-2*, 2020 WL 4041058, at *3 (S.D.N.Y. July 17, 2020).  It has failed to do so.  With respect to Topic 28, the FTC has not even identified the number of supplement manufacturers with whom it has communicated to justify its alleged burden.  And the FTC's position on Topic 30 is particularly troubling. Quincy has been asking the FTC for over a year to identify the custodians whose documents were searched in response to Quincy's discovery requests, and it has refused to do.  (Castello Decl. ¶ 12.) This is not a "fishing expedition," but rather an effort to obtain the most basic information about the FTC's discovery efforts that should have been provided at the outset of discovery.  Counsel should have records documenting exactly whose documents were searched, and it should not be burdensome to produce a witness on this topic.

      For these reasons, the FTC's request should be denied and the noticed deposition should proceed.

Respectfully submitted,

/s/  *Geoffrey W. Castello*

Geoffrey W. Castello

**KELLEY DRYE & WARREN LLP**                                                                                              3