UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION and<br><br>THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES,<br>Attorney General of the State of New York,<br><br>        Plaintiffs,<br><br>        v.<br><br>QUINCY BIOSCIENCE HOLDING COMPANY, INC., a corporation;<br><br>QUINCY BIOSCIENCE, LLC, a limited liability company;<br><br>PREVAGEN, INC., a corporation d/b/a SUGAR RIVER SUPPLEMENTS;<br><br>QUINCY BIOSCIENCE MANUFACTURING, LLC, a limited liability company;<br><br>MARK UNDERWOOD, individually and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, and PREVAGEN, INC.; and<br><br>        Defendants. | Case No. 1:17-cv-00124-LLS<br><br><br><br><br><br><br>**DECLARATION OF GEOFFREY W. CASTELLO IN OPPOSITION TO PLAINTIFFS' REQUESTS FOR A PRE-MOTION CONFERENCE** |

I, Geoffrey W. Castello, declare as follows:

1.    I am a member of the Bars of the States of New York and New Jersey, and am a partner with the law firm of Kelley Drye & Warren LLP. I submit this declaration in support of defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., and Quincy Bioscience Manufacturing, LLC's (collectively "Quincy") opposition to Plaintiffs Federal Trade Commission's ("FTC") and New York Attorney General's Office's ("NYAG")

1

(collectively "Plaintiffs") October 20, 2020 separate requests for a pre-motion discovery conference regarding Defendants' Revised Notices of Rule 30(b)(6) Deposition. (Dkt. Nos. 134 (FTC) and 135 (NYAG).)

2.  On August 21, 2020, Quincy served its proposed Rule 30(b)(6) deposition topics on Plaintiffs. Attached hereto as **Exhibit A** is a true and correct copy the proposed Rule 30(b)(6) topics Quincy served on Plaintiffs on August 21, 2020.

3.  On September 2, 2020, the parties met and conferred regarding Quincy's proposed Rule 30(b)(6) deposition topics by telephone. Plaintiffs took the position during this meet-and-confer that Quincy was not entitled to a Rule 30(b)(6) deposition on any of the proposed topics. At the end of the call, the parties agreed to continue to meet and confer after Plaintiffs put their position in writing notwithstanding counsel for the NYAG's statement that she had "little hope" of reaching a resolution.

4.  On September 15, 2020, the parties continued their meet and confer regarding Quincy's proposed 30(b)(6) topics.

5.  Attached hereto as **Exhibit B** is a true and correct copy of a letter from Kate Matuschak to Glenn Graham dated September 22, 2020.

6.  On September 29, 2020 and October 6, 2020, Quincy and Plaintiff FTC met and conferred regarding Quincy's proposed 30(b)(6) topics. By the end of these meet-and-confer sessions, Quincy had agreed to withdraw eleven of its proposed topics and Quincy and the FTC had agreed on nineteen topics, leaving thirteen topics in dispute.

7.  On October 9, 2020, Quincy and Plaintiff NYAG again met and conferred regarding Quincy's proposed 30(b)(6) topics. During this call, Quincy asked whether the NYAG would agree to any of the compromises that Quincy had reached with the FTC. The NYAG

continued to take the position that Quincy was not entitled to a 30(b)(6) deposition on any of the proposed topics.

8.  Attached hereto as **Exhibit C** is a true and correct copy of Quincy's Revised Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) to Plaintiff FTC, served on October 9, 2020. For the Court's convenience, the thirteen topics in dispute have been highlighted in yellow.

9.  Attached hereto as **Exhibit D** is a true and correct copy of Quincy's Second Revised Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) to Plaintiff FTC, served on October 16, 2020. This notice incorporates all of the agreements reached between Quincy and the FTC.

10. Quincy has asked Plaintiff NYAG to provide a Rule 30(b)(6) deposition date on numerous occasions, including via email on August 21, as a placeholder in the event the Court denies its motion for a protective order. To date, Plaintiff NYAG has not done so.

11. Attached hereto as **Exhibit E** is a true and correct copy of Plaintiffs' Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) to Quincy, served on June 13, 2020. Quincy presented three witnesses to testify in response to this notice.

12. Plaintiffs FTC and NYAG have refused to provide a list of names whose documents were searched in connection with their responses to Quincy's discovery requests.

13. Attached hereto as **Exhibit F** is a true and correct copy of a Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) issued to the Federal Trade Commission in an action previously pending in the United States District Court for the District of New Jersey styled *Federal Trade Commission v. Gerber Products Co.*, Case No. 1:14-cv-06771-SRC-CLW (the "Gerber Notice"). The FTC designated Serena Viswanathan as its 30(b)(6) representative in response to the Gerber Notice. Ms. Viswanathan is an attorney and supervised the FTC's pre-suit investigation of the marketing practices being challenged in that action.

14.     On August 3, 2017, I deposed Ms. Viswanathan in her capacity as a 30(b)(6) representative of the FTC. Michelle Rusk, one of the lawyers representing the FTC in this action, also represented the FTC in the *Gerber* action. Ms. Rusk was present at the August 3, 2017 30(b)(6) deposition of the FTC in the *Gerber* Action. During the August 3, 2017 deposition, the FTC presented Ms. Viswanathan to testify in response to nearly all of the topics set forth in the Gerber Notice, including the following topics that are substantially identical to topics for which the FTC is seeking a protective order in this action. (*See* Ex. F, Topics 3-7 and 9 ("each and every fact that supports, contradicts, or otherwise relates to" various allegations in the complaint), Topic 19 ("all communications, whether written or oral, between Plaintiff . . . and any medical doctor, epidemiologist, or scientific researcher" regarding the product or ingredient at issue).)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 27, 2020.           /s/ *Geoffrey W. Castello*

GEOFFREY W. CASTELLO