# EXHIBIT B



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

JANE M. AZIA, BUREAU CHIEF
CONSUMER FRAUDS AND PROTECTION BUREAU
KATE MATUSCHAK
ASSISTANT ATTORNEY GENERAL
E-MAIL: Kate.Matuschak@ag.ny.gov
(212) 416-6189

September 22, 2020

*By Email*

Glenn Graham, Esq.
Kelley Drye & Warren LLP
One Jefferson Road, 2nd Floor
Parsippany, NJ 07054
ggraham@kelleydrye.com

Re:   *Federal Trade Comm'n et al. v. Quincy Bioscience Holding Co., Inc. et al.*,
      No. 1:17-cv-00124-LLS

Dear Glenn:

I write on behalf of Plaintiff the Office of the New York Attorney General ("NYAG") in further response to the deposition notice served on the NYAG on September 8, 2020. For the reasons stated in Plaintiffs' September 9, 2020 letter and during the parties' meet-and-confers on September 2 and September 15, the NYAG objects to Defendants' 30(b)(6) Notice and each of the Topics therein.  Although we set forth our objections to the Notice in detail during our conferences and in our September 9 letter, and although not required by the Federal Rules, I am providing you with a document outlining our general and specific objections to each of the Topics, attached hereto.

As I noted during our September 15 conversation, the NYAG has no interest in resisting legitimate discovery requests.  We do not, however, believe this request for deposition is a legitimate discovery request.  Nevertheless, as a matter of compromise, and to avoid burdening the Court, the NYAG proposes the following resolution of our dispute, even though such resolution would provide Defendants with additional discovery well beyond what Defendants are entitled to.  These proposed compromises are only offered on the condition that Defendants agree to withdraw their request for a 30(b)(6) deposition of the NYAG.  I am willing to confer regarding these proposals at your earliest convenience.

**Topic 6:** All damages, remedies, consumer redress or other relief sought by the NYAG in this Action.

**Proposal:** The NYAG has nothing to add to its response to Interrogatory No. 2, but can supplement its response once it has adequate information to enable it to do so.

**Topic 24:** All communications, whether written or oral, between the NYAG and the plaintiffs and/or their attorneys from the following actions regarding Prevagen, apoequorin or the Subject Matter of this Action.: *Collins, et al. v. Quincy Bioscience, LLC*, No. 19-22864-Civ-COOKE/GOODMAN (S.D. Fla.); *Racies v. Quincy Bioscience, LLC,* No. 15-cv-00292-HSG (N.D. Cal.); *Vanderwerff v. Quincy Bioscience Holding Co., Inc.,* et al., No. 1:19-cv-07582-RA (S.D.N.Y.); *Karathanos v. Quincy Bioscience Holding Co., Inc*., et al., No. 1:19-cv-08023-RA (S.D.N.Y.); *Spath v. Quincy Bioscience Holding Co., Inc*., et al., No. 1:19-cv-03521-RA (S.D.N.Y.); *Engert, et al v. Quincy Bioscience, LLC*, No., 1:19-cv-183-LY (W.D. Tex.); *Miloro v. Quincy Bioscience, LLC*, No. 16PH-cv-01341 (Mo. Cir. Ct.).

**Proposal:** The NYAG can provide a narrative response describing any such communications in a supplemental response to Interrogatory No. 18.

**Topic 26:** All communications, whether written or oral, between the NYAG and any consumer, including such consumer's attorneys or agents, regarding any Defendant, Prevagen, apoequorin or the Subject Matter of this Action, including documents sent to that consumer or such consumer's attorneys or agents.

**Proposal:** The NYAG has produced all written communications and can affirm that there were no oral communications.

**Topic 27:** All communications, whether written or oral, between the NYAG and any consumer protection organizations, including such organizations' attorneys, employees or agents, regarding any Defendant, Prevagen, apoequorin or the Subject Matter of this Action.

**Proposal:** The NYAG can provide a narrative response describing any such communications in a supplemental response to Interrogatory No. 21.

**Topic 28:** All communications, whether written or oral, between the NYAG and any manufacturer or seller of any dietary supplement relating to brain health, cognition, memory or other brain functions or any of their employees, attorneys, consultants or agents regarding any Defendant, Prevagen, apoequorin or the Subject Matter of this Action.

**Proposal:** The NYAG can provide a narrative describing any such communications, which are limited to communications with pharmacies regarding their responses to third-party subpoenas issued in this litigation.

**Topic 29:** All communications, whether written or oral, between the NYAG and the American Association of Retired Persons, or any of its employees, attorneys, consultants or agents,

regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

**Proposal:** The NYAG can affirm that there were no such communications.

**Topic 30:** All communications, whether written or oral, between the NYAG and Truth In Advertising, Truth In Advertising.org or TINA.org, or any of its employees, attorneys, consultants or agents regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

**Proposal:** The NYAG can provide a narrative response describing any such communications in a supplemental response to Interrogatory No. 21.

**Topic 31:** All communications, whether written or oral, between the NYAG and any retailer, wholesaler, reseller, or distributor, including any employees, attorneys, consultants, or agents of such entities, regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

**Proposal:** The NYAG can provide a narrative describing any such communications, which are limited to communications with pharmacies regarding their responses to third-party subpoenas issued in this litigation.

**Topic 32:** All communications, whether written or oral, between the NYAG and any radio station, television station, newspaper, magazine, publication, journal, production company, media company, reporter, journalist, or talk show host, including any employees, attorneys, consultants, or agents thereof, regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

**Proposal:** The NYAG can provide a narrative response describing any such communications in a supplemental response to Interrogatory No. 21.

**Topic 33:** All communications, whether written or oral, between the NYAG and CogState, including any employees, attorneys, consultants, or agents of CogState, regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

**Proposal:** The NYAG can affirm that there were no such communications.

**Topic 35:** The names of each of the NYAG's employees, attorneys, consultants and/or agents who has met or communicated with the employees, attorneys, consultants and/or agents of any manufacturer or seller of any dietary supplement relating to brain health, cognition, memory or other brain functions and, for each such individual, the manufacturer or seller with whom he or she met or communicated.

**Proposal:** The NYAG can provide a narrative describing the communications with pharmacies regarding their responses to third-party subpoenas issued in this litigation.

**Topic 37:** The procedures that the NYAG used to preserve, search for, locate and produce documents and information responsive to any written discovery requests served by Defendants in this Action, including the identification of all individuals whose emails, electronic files, and/or hard copy files were searched for potentially responsive information.

**Proposal:** The NYAG can produce its document preservation and storage policies.

**Topic 38:** All communications, whether written or oral, between or among the NYAG and any of the NYAG's attorneys or agents, and any medical professional organization, or its employees, attorneys, consultants or agents regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

**Proposal:** The NYAG can affirm that there were no such communications.

**Topic 41:** All communications, whether written or oral, between the NYAG and any United States Senator or member of the United States House of Representatives, including employees, attorneys, consultants, agents, or staff members of such Senators or Representatives, regarding any Defendant, Prevagen, apoaequorin, or the Subject Matter of this Action.

**Proposal:** The NYAG can affirm that there were no such communications.

**Topic 42:** All communications, whether written or oral, between the NYAG and James Lugo.

**Proposal:** The NYAG can produce any written communications and affirm that there were no oral communications.

Sincerely,

/s/ *Kate Matuschak*

Kate Matuschak
Assistant Attorney General
(212) 416-6189
kate.matuschak@ag.ny.gov


Attachment

cc: All Parties (via email)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION and<br><br>THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,<br><br>Plaintiffs,<br><br>v.<br><br>QUINCY BIOSCIENCE HOLDING COMPANY, INC., a corporation;<br><br>QUINCY BIOSCIENCE, LLC, a limited liability company;<br><br>PREVAGEN, INC., a corporation d/b/a/ SUGAR RIVER SUPPLEMENTS;<br><br>QUINCY BIOSCIENCE MANUFACTURING, LLC, a limited liability company; and<br><br>MARK UNDERWOOD, individually and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, and PREVAGEN, INC.,<br><br>Defendants. | Case No. 1:17-cv-00124-LLS |

## NYAG RESPONSES AND OBJECTIONS TO DEFENDANTS' NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff the People of the State of New York by Letitia James, Attorney General of the State of New York ("NYAG"), hereby submits its responses and objections to Defendants' Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) to the NYAG.

## GENERAL OBJECTIONS

A.      Plaintiff reserves the right to assert additional objections to the Topics identified in Exhibit A of Defendants' Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) to the NYAG ("Topics") as appropriate and to supplement these objections.

B.      For the reasons stated in Plaintiffs' September 9, 2020 letter and during the parties' meet-and-confers on September 2 and September 15, Plaintiff objects to Defendants' 30(b)(6) Notice and each of the Topics therein as an impermissible attempt to obtain information that is not discoverable; an attempt to obtain inappropriate discovery when the information sought has already been provided or can be more efficiently obtained by other means; and an attempt to obtain information that is not relevant to any claim or defense and in a manner that is not proportional to the needs of this case.

C.      Plaintiff objects to the definition of "Action" to the extent that it mischaracterizes the caption of the case.

D.      Plaintiff objects to the definition of "FTC" to the extent that it is inconsistent with Local Rule 26.3(c)(5).

E.      Plaintiff objects to the definition of "NYAG" to the extent that it is inconsistent with Local Rule 26.3(c)(5).  "Plaintiff" or "NYAG" shall refer to the NYAG.

F.      Plaintiff objects to the definition of "Investigation" to the extent that it seeks information from the NYAG about the FTC's investigation.  Plaintiff will respond to Topics referring to the "Investigation" as if they were referring to the NYAG's investigation leading to the commencement of this litigation.

G.      Plaintiff objects to the definitions of "Concerning," "Concern," "Communication," "Document," "Documents," and "Person" to the extent that they are inconsistent with Local Rule

26.3(c).  For the purposes of its responses to these Topics, Plaintiff will treat each of these terms consistently with Local Civil Rule 26.3(c).

H.     Plaintiff objects to the definition of "Correspondence" to the extent that it is inconsistent with the definitions of "communication" and "document" referenced in Local Civil Rule 26.3(c).

I.     Plaintiff objects to the definition of "Relating to" and "Regarding" to the extent that they are inconsistent with the definition of "concerning" referenced in Local Civil Rule 26.3.

J.     Each of the foregoing General Objections is incorporated into each of the responses hereinafter set forth.  Subject to and without waiving any such objections and the additional objections set forth below, Plaintiff responds as follows:

## TOPICS

**Topic 1.**  All steps taken by the NYAG during the Investigation, including the identity and role of each NYAG employee, attorney, or agent who participated in the Investigation.

**Response:**  The NYAG objects to this Topic on the grounds that it is not relevant to any party's claims or defenses or proportional to the needs of the case.  The NYAG further objects to this Topic to the extent it seeks testimony protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, law enforcement privilege, common interest privilege, and non-testifying expert privilege and to the extent it is designed to force a witness to provide an exhaustive or oppressive catalogue of information and a detailed narrative of the NYAG's investigation.  The NYAG's investigations are generally non-public.  The NYAG further objects to this Topic to the extent that it is duplicative of Corporate Defendants' First Set of Interrogatories to the NYAG.

**Topic 2.**  All on-going judicial actions, where the NYAG is a plaintiff involving any form of brain supplement product.

- 3 -

**Response.**  The NYAG objects to this Topic in that the phrase "brain supplement product" is vague and ambiguous; the Topic is not relevant to any party's claims or defenses or proportional to the needs of the case; and the burden of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Topic to the extent it seeks information protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, law enforcement privilege, common interest privilege, and non-testifying expert privilege.  The NYAG also objects to the extent that this Topic is duplicative of Corporate Defendants' Second Set of Interrogatories to Plaintiffs and is designed to force an exhaustive or oppressive catalogue of information and a detailed narrative of the NYAG's unrelated lawsuits.  Lawsuits brought by the NYAG are matters of public record.

**Topic 3.**  All on-going administrative actions and/or investigations conducted by the NYAG involving any form of brain supplement product.

**Response.**   The NYAG objects to this Topic in that the phrase "brain supplement product" is vague and ambiguous; the Topic is not relevant to any party's claims or defenses or proportional to the needs of the case; and the burden of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Topic to the extent it seeks information protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, law enforcement privilege, common interest privilege, and non-testifying expert privilege.  The NYAG also objects to the extent that this Topic is duplicative of Corporate Defendants' Second Set of Interrogatories to Plaintiffs and is designed to force an exhaustive or oppressive catalogue of information and a detailed narrative of the NYAG'sinvestigations.  The NYAG's investigations are generally non-public, and the NYAG Bureau of Consumer Frauds and Protection does not bring administrative actions.

**Topic 4.**  All past actions and/or investigations conducted by the NYAG involving any form of brain supplement product.

**Response:** The NYAG objects to this Topic in that the phrase "brain supplement product" is vague and ambiguous; the Topic is not relevant to any party's claims or defenses or proportional to the needs of the case; and the burden of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Topic to the extent it seeks information protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, law enforcement privilege, common interest privilege, and non-testifying expert privilege.  Plaintiff further objects to the extent that this Topic is duplicative of Corporate Defendants' Second Set of Interrogatories to Plaintiffs and is designed to force an exhaustive or oppressive catalogue of information and a detailed narrative of Plaintiffs' past actions and/or investigations.  The NYAG's investigations are generally non-public.  Judicial actions brought by the NYAG are matters of public record.

**Topic 5.**  Any and all facts alleged by the NYAG in the Complaint.

**Response:**  The NYAG objects to this Topic to the extent it seeks testimony protected from disclosure, including information protected by the attorney-client privilege, the work product doctrine, deliberative process privilege, law enforcement privilege, common interest privilege, and non-testifying expert privilege and to the extent it is designed to force a witness to provide an exhaustive or oppressive catalogue of information and a detailed narrative of Plaintiffs' case. The NYAG further objects to this Topic to the extent that it is duplicative of Corporate Defendants' Second Set of Interrogatories to Plaintiffs.

        To provide testimony responsive to this Topic, the deponent or deponents—who would almost certainly have to be attorneys for the NYAG—would need to prepare by interviewing

every attorney who had any input in drafting the Complaint and determine what evidence they relied on and what inferences they believe can be properly drawn from such evidence.  This is precisely the type of "inquir[y] into the mental processes and strategies" of the NYAG that the law does not permit. *SEC v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992).  Courts repeatedly have held that 30(b)(6) topics seeking testimony regarding facts underlying a party's allegations are improper.  *See, e.g.*, *Liveperson, Inc. v. 24/7 Customer, Inc.*, No. 14 Civ. 1559(RWS), 2015 WL 4597546, at *7 (S.D.N.Y. July 30, 2015) (30(b)(6) topics regarding facts supporting party's contentions improperly would require party to collect and synthesize all information in its possession and impart that knowledge to deponent for feedback to deposing party); *Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, No. 08–cv–5023 (CBA), 2009 WL 3463912, at *1 & n.2 (E.D.N.Y. Oct. 21, 2009) (30(b)(6) topics seeking testimony regarding party's decision to sue and factual and legal bases for claims and defenses were "thinly disguised efforts to have representatives of [party] elaborate on its legal theories of the case"); *JP Morgan Chase Bank v. Lib. Mut. Ins. Co.*, 209 F.R.D. 361, 363 (S.D.N.Y. 2002) (30(b)(6) request regarding "facts" actually impermissibly sought party's mental impressions, conclusions, opinions, and legal theory).

**Topic 6.**  All damages, remedies, consumer redress or other relief sought by the NYAG in this Action.

**Response:**  The NYAG objects to this Topic to the extent it seeks testimony protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, law enforcement privilege, common interest privilege, and non-testifying expert privilege.  The NYAG further objects to this Topic to the extent that it is duplicative of Corporate Defendants' First and Second Set of Interrogatories to Plaintiffs.

**Topic 7.** Each and every fact that supports, contradicts or otherwise relates to the allegations contained in paragraph 17 of the Complaint.

**Response:** The NYAG incorporates by reference its response to Topic 5.

**Topic 8.** Each and every fact that supports, contradicts or otherwise relates to the allegations contained in paragraph 27 of the Complaint.

**Response:** The NYAG incorporates by reference its response to Topic 5.

**Topic 9.** Each and every fact that supports, contradicts or otherwise relates to the allegations contained in paragraph 28 of the Complaint.

**Response:** The NYAG incorporates by reference its response to Topic 5.

**Topic 10.** Each and every fact that supports, contradicts or otherwise relates to the allegations contained in paragraph 29 of the Complaint.

**Response:** The NYAG incorporates by reference its response to Topic 5.

**Topic 11.** Each and every fact that supports, contradicts or otherwise relates to the allegations contained in paragraph 30 of the Complaint.

**Response:** The NYAG incorporates by reference its response to Topic 5.

**Topic 12.** Each and every fact that supports, contradicts or otherwise relates to the allegations contained in paragraph 31 of the Complaint.

**Response:** The NYAG incorporates by reference its response to Topic 5.

**Topic 13.** Each and every fact that supports, contradicts or otherwise relates to the allegations contained in paragraph 37, 40, 43 and 45 of the Complaint.

**Response:** The NYAG incorporates by reference its response to Topic 5.

**Topic 14.** Each and every fact that supports, contradicts or otherwise relates to the allegation in paragraph 46 of the Complaint that "[c]onsumers have suffered and will continue to suffer

substantial injury as a result of Defendant's violations of the FTC Act, NY Exec. Law § 63(12), and NY GBL §§ 349 and 350" and that "Defendants have been unjustly enriched as a result of their unlawful acts or practices."

**Response:** The NYAG incorporates by reference its response to Topic 5.

**Topic 15.** All consumer surveys, studies or analyses that support, contradict or otherwise relate to the NYAG's allegations that Defendants' advertising, marketing or labelling of Prevagen is false or unsubstantiated.

**Response:** Plaintiff objects to this Topic to the extent it seeks information protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, law enforcement privilege, common interest privilege, and non-testifying expert privilege; to the extent it is designed to force an exhaustive or oppressive catalogue of information and a detailed narrative of Plaintiffs' case. Plaintiff further objects to this Topic as premature to the extent that it calls for information that is the subject of expert discovery. Plaintiff will disclose testifying experts and their reports, including the basis and reasons for their opinions, in accordance with Fed. R. Civ. P. 26, the Court's scheduling orders, and applicable Local Rules.

**Topic 16.** Each and every fact relating to the retail price at which Prevagen was sold compared to dietary supplements supporting brain function sold by any other manufacturer of routine dietary supplements.

**Response:** The NYAG objects to this Topic on the grounds that it is not relevant to any party's claims or defenses or proportional to the needs of the case. Plaintiff also objects to this Topic to the extent it seeks information protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, and law enforcement privilege. The retail

prices at which Prevagen has been sold as compared to other dietary supplements are mattes of public record that are equally accessible to Defendants.

**Topic 17.**  All scientific studies, articles, analyses, meta-analyses or other literature that support, contradict or otherwise relates to the NYAG's allegations that Defendants' advertising of Prevagen is false, misleading, or unsubstantiated.

**Response:**  The NYAG incorporates by reference its response to Topic 5.  Plaintiff further objects to this Topic as premature to the extent that it calls for information that is the subject of expert discovery.  Plaintiff will disclose testifying experts and their reports, including the basis and reasons for their opinions, in accordance with Fed. R. Civ. P. 26, the Court's scheduling orders, and applicable Local Rules.

**Topic 18.**  Each and every fact that supports, contradicts or otherwise relates to the NYAG's allegation that the Court may award rescission or reformation of any contract.

**Response:**  The NYAG incorporates by reference its response to Topic 5.

**Topic 19.**  Each and every fact that supports, contradicts or otherwise relates to the NYAG's allegation that the Court may award restitution.

**Response:**  The NYAG incorporates by reference its response to Topic 5.

**Topic 20.** Each and every fact that supports or otherwise relates to the NYAG's allegation that the Court may order that monies be refunded to consumers who purchased Prevagen.

**Response:**  The NYAG incorporates by reference its response to Topic 5.

**Topic 21:**  All communications, whether written or oral, between the NYAG and any medical doctor, epidemiologist, researcher or other medical or scientific expert regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.  This topic shall include, but is not limited to, communications with Dr. Richard P. Bazinet and Dr. Robert C. Speth.

**Response:**  The NYAG objects to this Topic to the extent that it is duplicative of Corporate Defendants' Second Set of Interrogatories to Plaintiffs and seeks information protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, law enforcement privilege, common interest privilege, and non-testifying expert privilege.  Plaintiff will disclose testifying experts and their reports, including the basis and reasons for their opinions, in accordance with Fed. R. Civ. P. 26, the Court's scheduling orders, and applicable Local Rules.

**Topic 22.**  All communications, whether written or oral, between the NYAG and FDA regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

**Response:**  The NYAG objects to this Topic to the extent that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case.  The NYAG objects to this Topic to the extent that it is duplicative of Corporate Defendants' Second Set of Interrogatories to Plaintiffs and seeks information protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, law enforcement privilege, and common interest privilege.  Plaintiff produced all non-privileged documents it received from the Food and Drug Administration.

**Topic 23.**  All communications, whether written or oral, between the NYAG and any state or federal government agency regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

**Response:**  The NYAG objects to this Topic to the extent that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case.  The NYAG further objects to this Topic to the extent that it is duplicative of Corporate Defendants' Second Set of Interrogatories to Plaintiffs and seeks information protected from disclosure, including

information protected by the work product doctrine, deliberative process privilege, law enforcement privilege, and common interest privilege.  Other than privileged communications, Plaintiff produced all documents concerning responsive communications with any state or federal government agency.

**Topic 24.**  All communications, whether written or oral, between the NYAG and the plaintiffs and/or their attorneys from the following actions regarding Prevagen, apoequorin or the Subject Matter of this Action.: *Collins, et al. v. Quincy Bioscience, LLC*, No. 19-22864-Civ-COOKE/GOODMAN (S.D. Fla.); *Racies v. Quincy Bioscience, LLC,* No. 15-cv-00292-HSG (N.D. Cal.); *Vanderwerff v. Quincy Bioscience Holding Co., Inc.*, et al., No. 1:19-cv-07582-RA (S.D.N.Y.); *Karathanos v. Quincy Bioscience Holding Co., Inc.*, et al., No. 1:19-cv-08023-RA (S.D.N.Y.); *Spath v. Quincy Bioscience Holding Co., Inc.*, et al., No. 1:19-cv-03521-RA (S.D.N.Y.); *Engert, et al v. Quincy Bioscience, LLC*, No., 1:19-cv-183-LY (W.D. Tex.); *Miloro v. Quincy Bioscience, LLC*, No. 16PH-cv-01341 (Mo. Cir. Ct.).

**Response:**  The NYAG objects to this Topic as not relevant to any party's claims or defenses or proportional to the needs of the case.  The NYAG further objects to this Topic to the extent that it is duplicative of Corporate Defendants' Second Set of Interrogatories to Plaintiffs and seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, law enforcement privilege, and deliberative process privilege.  Plaintiffs have already produced records of communications with any attorneys in private class actions.

**Topic 25.**  All communications, whether written or oral, between the NYAG and any state prosecutor, attorneys general or regulator, or any of such state prosecutor's, attorneys general's, or regulator's employees, attorneys or agents regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action. This topic shall include, but is not limited to, communications

with the Orange County, California District Attorney's Office and the Office of the Attorney General of Iowa.

**Response:**  The NYAG objects to this Topic to the extent that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case.  The NYAG further objects to this Topic to the extent that it is duplicative of Corporate Defendants' Second Set of Interrogatories to Plaintiffs and seeks information protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, law enforcement privilege, and common interest privilege.

**Topic 26.**  All communications, whether written or oral, between the NYAG and any consumer, including such consumer's attorneys or agents, regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action, including documents sent to that consumer or such consumer's attorneys or agents.

**Response.**  The NYAG objects to this Topic to the extent that it is duplicative of Corporate Defendants' Second Set of Interrogatories to Plaintiffs and seeks information protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, law enforcement privilege, and common interest privilege.  To the extent that certain consumers have submitted complaints to the NYAG, those records have been produced to Defendants.

**Topic 27.**  All communications, whether written or oral, between the NYAG and any consumer protection organizations, including such organizations' attorneys, employees or agents, regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

**Response.**  The NYAG objects to this Topic to the extent that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case.  The NYAG

further objects to this Topic in that the phrase "consumer protection organizations" is vague and ambiguous; this Topic is duplicative of Corporate Defendants' Second Set of Interrogatories to Plaintiffs; and this Topic seeks information protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, law enforcement privilege, and common interest privilege.  To the extent that certain organizations have engaged in written communications with the NYAG, those records have been produced to Defendants.

**Topic 28.**  All communications, whether written or oral, between the NYAG and any manufacturer or seller of any dietary supplement relating to brain health, cognition, memory or other brain functions or any of their employees, attorneys, consultants or agents regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

**Response.**  The NYAG objects to this Topic to the extent that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case.  The NYAG further objects to this Topic to the extent that it is duplicative of Corporate Defendants' Second Set of Interrogatories to Plaintiffs and seeks information protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, law enforcement privilege, and common interest privilege.  The NYAG has produced written communications responsive to this Topic.

**Topic 29.**  All communications, whether written or oral, between the NYAG and the American Association of Retired Persons, or any of its employees, attorneys, consultants or agents, regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

**Response.**  The NYAG objects to this Topic as not relevant to any party's claims or defenses or proportional to the needs of the case.  The NYAG further objects to this Topic to the extent that it is duplicative of Corporate Defendants' Second Set of Interrogatories to Plaintiffs and seeks

- 13 -

information protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, law enforcement privilege, and common interest privilege.

**Topic 30.**  All communications, whether written or oral, between the NYAG and Truth In Advertising, Truth In Advertising.org or TINA.org, or any of its employees, attorneys, consultants or agents regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

**Response.**  The NYAG objects to this Topic as not relevant to any party's claims or defenses or proportional to the needs of the case.  The NYAG further objects to this Topic to the extent that it is duplicative of Corporate Defendants' Second Set of Interrogatories to Plaintiffs and seeks information protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, law enforcement privilege, and common interest privilege.  The NYAG has produced written communications responsive to this Topic.

**Topic 31.**  All communications, whether written or oral, between the NYAG and any retailer, wholesaler, reseller, or distributor, including any employees, attorneys, consultants, or agents of such entities, regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

**Response.**  The NYAG objects to this Topic to the extent that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case.  The NYAG further objects to this Topic to the extent that it is duplicative of Corporate Defendants' Second Set of Interrogatories to Plaintiffs and seeks information protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, law

enforcement privilege, and common interest privilege.  The NYAG has produced all written communications responsive to this Topic.

**Topic 32.**  All communications, whether written or oral, between the NYAG and any radio station, television station, newspaper, magazine, publication, journal, production company, media company, reporter, journalist, or talk show host, including any employees, attorneys, consultants, or agents thereof, regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

**Response.**  The NYAG objects to this Topic to the extent that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case.  The NYAG further objects to this Topic to the extent that it is duplicative of Corporate Defendants' Second Set of Interrogatories to Plaintiffs and seeks information protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, law enforcement privilege, and common interest privilege.  The NYAG has produced written communications responsive to this Topic.

**Topic 33.**  All communications, whether written or oral, between the NYAG and CogState, including any employees, attorneys, consultants, or agents of CogState, regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

**Response.**  The NYAG objects to this Topic to the extent that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case.  The NYAG further objects to this Topic to the extent that it is duplicative of Corporate Defendants' Second Set of Interrogatories to Plaintiffs and seeks information protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, law enforcement privilege, and common interest privilege.

**Topic 34.**  All Freedom of Information Act ("FOIA") requests sent to or received by the NYAG that relate to any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action, including the NYAG's responses to such requests and any communications related to such requests.

**Response.**  The NYAG objects to this Topic on the grounds that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case.  The NYAG objects to this Topic because it does not receive or respond to FOIA requests.  The NYAG further objects to the extent that it is duplicative of Corporate Defendants' Second Set of Interrogatories to Plaintiffs and seeks information protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, law enforcement privilege, and common interest privilege.

**Topic 35.**  The names of each of the NYAG's employees, attorneys, consultants and/or agents who has met or communicated with the employees, attorneys, consultants and/or agents of any manufacturer or seller of any dietary supplement relating to brain health, cognition, memory or other brain functions and, for each such individual, the manufacturer or seller with whom he or she met or communicated.

**Response.**  The NYAG objects to this Topic on the grounds that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case.  The NYAG objects to this Topic to on the grounds that it is not relevant to any party's claims or defenses or proportional to the needs of the case and seeks information protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, law enforcement privilege, and common interest privilege.

- 16 -

**Topic 36.**  The NYAG's responses to any written discovery requests served by Defendants in this Action.

**Response.**  The NYAG objects to this Topic to the extent that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case.  The NYAG objects to this Topic to on the grounds that it seeks information protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, law enforcement privilege, and common interest privilege.  Plaintiff further objects on the grounds that this Topic is duplicative of Defendants' First and Second Sets of Interrogatories.

**Topic 37.**  The procedures that the NYAG used to preserve, search for, locate and produce documents and information responsive to any written discovery requests served by Defendants in this Action, including the identification of all individuals whose emails, electronic files, and/or hard copy files were searched for potentially responsive information.

**Response.**  The NYAG objects to this Topic to the extent that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case.  The NYAG objects to this Topic to on the grounds that it seeks information protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, law enforcement privilege, and common interest privilege.

**Topic 38.**  All communications, whether written or oral, between or among the NYAG and any of the NYAG's attorneys or agents, and any medical professional organization, or its employees, attorneys, consultants or agents regarding any Defendant, Prevagen, apoaequorin or the Subject Matter of this Action.

**Response.**  The NYAG objects to this Topic to the extent that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case.  The NYAG

- 17 -

objects to this Topic to the extent that it is duplicative of Corporate Defendants' Second Set of Interrogatories to Plaintiffs and seeks information protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, law enforcement privilege, and common interest privilege.

**Topic 39.**  All communications, whether written or oral, between or among the NYAG and any of the NYAG's attorneys or agents regarding the NYAG's decision to commence the Investigation.

**Response.**  The NYAG objects to this Topic on the grounds that it is not relevant to any party's claims or defenses or proportional to the needs of the case.  The NYAG further objects to this Topic to the extent it seeks testimony protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, and law enforcement privilege.  The NYAG's investigations are generally non-public.

**Topic 40.**  All communications, whether written or oral, between or among the NYAG and any of the NYAG's attorneys or agents regarding the NYAG's decision to commence this Action.

**Response.**  The NYAG objects to this Topic on the grounds that it is not relevant to any party's claims or defenses or proportional to the needs of the case.  The NYAG further objects to this Topic to the extent it seeks testimony protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, and law enforcement privilege.  The NYAG's investigations are generally non-public.

**Topic 41.**  All communications, whether written or oral, between the NYAG and any United States Senator or member of the United States House of Representatives, including employees, attorneys, consultants, agents, or staff members of such Senators or Representatives, regarding any Defendant, Prevagen, apoaequorin, or the Subject Matter of this Action.

**Response.**  The NYAG objects to this Topic on the grounds that it is not relevant to any party's claims or defenses or proportional to the needs of the case.  The NYAG further objects to this Topic to the extent it seeks testimony protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, and law enforcement privilege.

**Topic 42.**  All communications, whether written or oral, between the NYAG and James Lugo.

**Response.**  The NYAG objects to this Topic to the extent it seeks testimony protected from disclosure, including information protected by the work product doctrine, deliberative process privilege, law enforcement privilege, and common interest privilege.  The NYAG will produce all written communications responsive to this Topic by the close of fact discovery.


Date:  September 22, 2020                LETITIA JAMES
                                        Attorney General of the State of New York

                                        By: /s/ *Kate Matuschak*_____

                                        JANE M. AZIA
                                        Bureau Chief
                                        KATE MATUSCHAK
                                        Assistant Attorney General
                                        STEPHEN MINDELL
                                        Special Assistant Attorney General
                                        Consumer Frauds and Protection Bureau
                                        28 Liberty Street
                                        New York, NY 10005
                                        Tel: (212) 416-6189; Fax: (212) 416-6003
                                        Email: kate.matuschak@ag.ny.gov