# EXHIBIT E

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION and<br><br>THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,<br><br>Plaintiffs,<br><br>v.<br><br>QUINCY BIOSCIENCE HOLDING COMPANY, INC., a corporation;<br><br>QUINCY BIOSCIENCE, LLC, a limited liability company;<br><br>PREVAGEN, INC., a corporation d/b/a/ SUGAR RIVER SUPPLEMENTS;<br><br>QUINCY BIOSCIENCE MANUFACTURING, LLC, a limited liability company;<br><br>MARK UNDERWOOD, individually and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, and PREVAGEN, INC.; and<br><br>MICHAEL BEAMAN, individually and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, and PREVAGEN, INC.<br><br>Defendants. | Case No. 1:17-cv-00124-LLS<br><br>**NOTICE OF DEPOSITION** |

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs, the Federal Trade Commission and the People of the State of New York, hereby give notice of their intent to conduct a deposition by oral questions on August 21, 2020 at 9:30 a.m. EDT of Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., and Quincy Bioscience Manufacturing, LLC, through one or more officers, directors, agents or other representatives who shall be designated to testify on their behalf regarding all information known

or reasonably available to Defendants with respect to the Topics identified in Exhibit A. Provided further, however, that for the convenience of the testifying witnesses, the deposition as to: (1) Topics D, F(a), F(b), and F(c)(1) identified in Exhibit A will commence following the August 4, 2020 individual deposition of Todd Olson on August 4 or August 5, 2020, and will continue day to day until completed; and (2) Topic I will commence following the August 6, 2020 individual deposition of Kenneth Lerner on August 6 or August 7, 2020, and will continue day to day until completed. The depositions will be conducted via online videoconferencing (WebEx and AgileLaw links to be provided). The depositions will be recorded by stenographic means and by video before an officer authorized to administer oaths.

*/s/Michelle Rusk*
MICHELLE RUSK
ANNETTE SOBERATS
EDWARD GLENNON
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, D.C. 20850
202-326-3148, mrusk@ftc.gov
202-326-2921, asoberats@ftc.gov
202-326-3126, eglennon@ftc.gov
202-326-3259 (facsimile)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

LETITIA JAMES
Attorney General of the State of New York

By: */s/Kate Matuschak*

JANE M. AZIA
Bureau Chief
KATE MATUSCHAK
Assistant Attorney General
STEPHEN MINDELL
Special Assistant Attorney General
Consumer Frauds and Protection Bureau
28 Liberty Street
New York, NY 10005
Tel: (212) 416-6189; Fax: (212) 416-6003
Email: kate.matuschak@ag.ny.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by email on the 13th day of June 2020, on all counsel of record on the Service List below.


*/s/ Michelle Rusk*
MICHELLE RUSK

## SERVICE LIST

Kate Matuschak
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-6189
kate.matuschak@ag.ny.gov
*Attorney for People of the State of New York*
*by New York State Attorney General Letitia James*

Geoffrey W. Castello, III.
Glenn T. Graham
Jaclyn M. Metzinger
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
(212) 808-7800
gcastello@kelleydrye.com
ggraham@kelleydrye.com
jmetzinger@kelleydrye.com
*Attorneys for Quincy Bioscience Holding*
*Co., Inc., et al.*

John H. Villafranco
Kelley Drye & Warren LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, D.C.  20007
(202) 342-8423
jvillafranco@kelleydrye.com
*Attorney for Quincy Bioscience Holding*
*Co., Inc., et al.*

Michael B. de Leeuw
Tamar S. Wise
Kristen Keehan
Cozen O'Connor
45 Broadway Atrium, Suite 1600
New York, NY 10006
(212) 908-1331
mdeleeuw@cozen.com
twise@cozen.com
kkeehan@cozen.com
*Attorneys for Mark Underwood*

John B. Kelly
Cozen O'Connor
1200 19th Street, NW
Washington, DC 20036
(202) 471-3148
jbkelly@cozen.com
*Attorney for Mark Underwood*

3

**EXHIBIT A**

In accordance with Fed. R. Civ. P. 30(b)(6), Plaintiffs Federal Trade Commission (FTC) and the People of the State of New York by New York State Attorney General Letitia James (NYAG) designate the matters identified below for examination. In construing these topics, the following instructions and definitions shall apply:

1.      All terms shall be construed to encompass as broad a range of information as permitted under the Federal Rules of Civil Procedure.

2.      "Corporate Defendants" means Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc. d/b/a Sugar River Supplements, Quincy Bioscience Manufacturing, LLC, and any of their predecessors, successors, present or former parents, subsidiaries, or affiliates, whether direct or indirect.

3.      "Madison Memory Study" means the study identified as the Madison Memory Study in the Complaint filed by the FTC and NYAG in the above-captioned matter.

4.      "Prevagen Products" means any products manufactured by Corporate Defendants that contain "Prevagen" in the name of the product, including but not limited to Prevagen Regular Strength Capsules (10 mg. apoaequorin), Prevagen Extra Strength Capsules (20 mg. apoaequorin), Prevagen Mixed Berry Chewable (10 mg. apoaequorin), Prevagen Extra Strength Chewable (20 mg. apoaequorin), and Prevagen Professional Strength (40 mg. apoaequorin).

The deponent(s) shall be prepared to address the following topics with the applicable time-period of January 1, 2010 to the present unless otherwise noted:

A.   The corporate structure of the Corporate Defendants, including interaction between and among the Corporate Defendants, the role that each Corporate Defendant plays, if any, in the product development, scientific research, regulatory compliance, manufacturing, advertising, or sale of Prevagen Products, and the identification and responsibilities of the various divisions for each of the Corporate Defendants.

B.   Identification, job descriptions, responsibilities, and ownership interests of the owners, board members, officers, and division managers of the Corporate Defendants, including but not limited to Michael Beaman, Mark Underwood, Kenneth Lerner, Dakota Miller, Thomas Dvorak, Keith Thomsen, and Todd Olson.

C.   The Corporate Defendants' processes concerning the creation, development, review, testing, evaluation, approval, dissemination of, and/or strategies for, advertising, marketing or promotion of the Prevagen Products and the identity of officers, managers, and outside persons or entities involved in such activities. This topic includes the creation, development, revision, evaluation, and approval of the specific advertising and marketing materials attached as Exhibits to the Complaint.

1

D. The time periods and evolution of the primary packaging and labeling claims for Prevagen Products sold during the relevant time-period, including the use of graphics or charts depicting results of the Madison Memory Study.

E. The addition of Vitamin D to the formulation of Prevagen Products and the various strengths of Prevagen Products sold during the relevant time-period.

F. (a).  The Corporate Defendants' policies and practices regarding marketing and sale of Prevagen Products by retailers, wholesale pricing, retail pricing, and refunds for Prevagen Products, including recommended pricing and refund policies for retailers and wholesalers of Prevagen Products.

(b).  Identification of wholesalers and retailers of Prevagen Products, both nationally and in the State of New York.

(c). The Corporate Defendants' policies and practices regarding:  (1) sales to professionals; and (2) direct-to-consumer sales.

G. The Corporate Defendants' revenues and profits associated with Prevagen Products, as well as allocation of expenses with respect to scientific research, market research, product development, and advertising.

H. Without regard to time period, scientific documentation, papers, or research, whether completed, discontinued, or ongoing, in the Corporate Defendants' possession, custody, or control, relating to the efficacy, including any purported mechanism of action, of Prevagen Products or the protein apoaequorin for memory or other cognitive benefits. This topic shall include the identity and role of any third parties used by Corporate Defendants to conduct or analyze such research.

I. Without regard to any time-period, for the Madison Memory Study, the protocol, design, implementation, analyses of results, write-up, peer review, and publication of the study and all persons and entities involved.

J. Without regard to any time-period, scientific documentation, papers, or research relating to Vitamin D and its effect on memory or cognitive function within the possession, custody, or control and knowledge of the Corporate Defendants and relevant to the decision to add Vitamin D to the Prevagen Products.

K. Without regard to time period, communications, including warning letters and other compliance letters, meetings, and other interactions, with the Food and Drug Administration and any other federal, state or local government regulatory or law enforcement agency regarding the purported mechanism of action, efficacy, labeling, advertising, or research on apoaequorin or the Prevagen Products.

L.  Consumer complaints or requests for refunds relating to the efficacy of the Prevagen Products.

M.  The procedures Corporate Defendants use to organize, store, and preserve documents and communications.

N.  The procedures Corporate Defendants use to organize, store, and preserve documents and communications.

# EXHIBIT A

**EXHIBIT A**

In accordance with Fed. R. Civ. P. 30(b)(6), Plaintiffs Federal Trade Commission (FTC) and the People of the State of New York by New York State Attorney General Letitia James (NYAG) designate the matters identified below for examination. In construing these topics, the following instructions and definitions shall apply:

1.      All terms shall be construed to encompass as broad a range of information as permitted under the Federal Rules of Civil Procedure.

2.      "Corporate Defendants" means Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc. d/b/a Sugar River Supplements, Quincy Bioscience Manufacturing, LLC, and any of their predecessors, successors, present or former parents, subsidiaries, or affiliates, whether direct or indirect.

3.      "Madison Memory Study" means the study identified as the Madison Memory Study in the Complaint filed by the FTC and NYAG in the above-captioned matter.

4.      "Prevagen Products" means any products manufactured by Corporate Defendants that contain "Prevagen" in the name of the product, including but not limited to Prevagen Regular Strength Capsules (10 mg. apoaequorin), Prevagen Extra Strength Capsules (20 mg. apoaequorin), Prevagen Mixed Berry Chewable (10 mg. apoaequorin), Prevagen Extra Strength Chewable (20 mg. apoaequorin), and Prevagen Professional Strength (40 mg. apoaequorin).

The deponent(s) shall be prepared to address the following topics with the applicable time-period of January 1, 2010 to the present unless otherwise noted:

A.      The corporate structure of the Corporate Defendants, including interaction between and among the Corporate Defendants, the role that each Corporate Defendant plays, if any, in the product development, scientific research, regulatory compliance, manufacturing, advertising, or sale of Prevagen Products, and the identification and responsibilities of the various divisions for each of the Corporate Defendants.

B.      Identification, job descriptions, responsibilities, and ownership interests of the owners, board members, officers, and division managers of the Corporate Defendants, including but not limited to Michael Beaman, Mark Underwood, Kenneth Lerner, Dakota Miller, Thomas Dvorak, Keith Thomsen, and Todd Olson.

C.      The Corporate Defendants' processes concerning the creation, development, review, ~~revision,~~ testing, evaluation, approval, dissemination of, and/or strategies for, advertising, marketing or promotion of the Prevagen Products and the identity of officers, managers, and outside persons or entities involved in such activities. This topic includes the creation, development, revision, evaluation, and approval of the specific advertising and marketing materials attached as Exhibits to the Complaint.

D. The time periods and evolution of the primary packaging and labeling claims for Prevagen Products sold during the relevant time-period, including the use of graphics or charts depicting results of the Madison Memory Study.

E. The addition of Vitamin D to the formulation of Prevagen Products and the various strengths of Prevagen Products sold during the relevant time-period.

F. (a). The Corporate Defendants' policies and practices regarding marketing and ―sale of Prevagen Products by retailers, wholesale pricing, retail pricing, and refunds for Prevagen Products, including recommended pricing and refund policies for retailers and wholesalers of Prevagen Products.

(b). Identification of wholesalers and retailers of Prevagen Products, both nationally and in the State of New York.

(c). The Corporate Defendants' policies and practices regarding: (1) sales to professionals; and (2) direct-to-consumer sales.

G. The Corporate Defendants' revenues and profits associated with Prevagen Products, as well as allocation of expenses with respect to scientific research, market research, product development, and advertising.

H. Without regard to time period, scientific documentation, papers, or research, whether completed, discontinued, or ongoing, in the Corporate Defendants' possession, custody, or control, relating to the efficacy, including any purported mechanism of action, of Prevagen Products or the protein apoaequorin for memory or other cognitive benefits. This topic shall include the identity and role of any third parties used by Corporate Defendants to conduct or analyze such research.

I. Without regard to any time-period, for the Madison Memory Study, the protocol, design, implementation, analyses of results, write-up, peer review, and publication of the study and all persons and entities involved.

J. Without regard to any time-period, scientific documentation, papers, or research relating to Vitamin D and its effect on memory or cognitive function within the possession, custody, or control and knowledge of the Corporate Defendants and relevant to the decision to add Vitamin D to the Prevagen Products.

K. Without regard to time period, communications, including warning letters and other compliance letters, meetings, and other interactions, with the Food and Drug Administration and any other federal, state or local government regulatory or law enforcement agency regarding the purported mechanism of action, efficacy, labeling, advertising, or research on apoaequorin or the Prevagen Products.

L.  Consumer complaints or requests for refunds relating to the efficacy of the Prevagen Products.

M.  The procedures Corporate Defendants use to organize, store, and preserve documents and communications.

N.  The procedures Corporate Defendants use to organize, store, and preserve documents and communications.