# EXHIBIT F



EXHIBIT D-2 8-3-17

Geoffrey W. Castello
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Floor
Parsippany, New Jersey 07054
(T): (973) 503-5900
(F): (973) 503-5950
gcastello@kelleydrye.com

David I. Zalman (admitted *pro hac vice*)
Jaclyn M. Metzinger (admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
(T): (212) 808-7800
(F): (212) 808-7898
dzalman@kelleydrye.com
jmetzinger@kelleydrye.com

*Attorneys for Defendant*
*Gerber Products Co.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GERBER PRODUCTS CO., a corporation, d/b/a NESTLÉ NUTRITION, NESTLÉ INFANT NUTRITION, and NESTLÉ NUTRITION NORTH AMERICA,<br><br>Defendant. | Case No. 2:14-cv-06771-SRC-CLW |

**DEFENDANT'S NOTICE OF DEPOSITION**
**PURSUANT TO FED. R. CIV. P. 30(B)(6) TO PLAINTIFF**

PLEASE TAKE NOTICE THAT pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, defendant Gerber Products Company, by and through its attorneys Kelley Drye & Warren LLP, will take the deposition, upon oral examination,

1

before a person authorized by law to administer oaths, of plaintiff Federal Trade Commission ("Plaintiff") by one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf with regard to all matters known or reasonably available to Plaintiff relating to the subject matter identified in Exhibit A. The deposition will be taken at the offices of Kelley Drye & Warren LLP, 1 Jefferson Road, Parsippany, New Jersey, or such other location as agreed to by the parties, at 9:30 a.m. on June 22, 2017.

Plaintiff shall designate a person or persons knowledgeable about the facts and documents supporting, underlying or relating to the subject matter set forth in Exhibit A. Unless the person or persons to be proffered by Plaintiff will be able to testify as to all of the subjects identified therein, Plaintiff is requested to identify with precision and in writing reasonably in advance of the deposition the person or persons who will testify and the subject matter(s) as to which each person or persons will testify. Pursuant to Rules 30(b)(6) and 34 of the Federal Rules of Civil Procedure, Plaintiff is requested to produce at the deposition for inspection and copying, any and all documents which evidence or discuss the areas of inquiry and documents reviewed and consulted by the persons so designated by Plaintiffs to testify as to each area of inquiry.

PLEASE TAKE FURTHER NOTICE that the oral examination will be recorded by stenographic means and will continue from day to day until completed.

Dated: May 9, 2017

                          KELLEY DRYE & WARREN LLP

                          By:   /s/ *Geoffrey W. Castello*
                          Geoffrey W. Castello
                          One Jefferson Road, 2nd Floor
                          Parsippany, New Jersey 07054
                          (T): (973) 503-5900
                          (F): (973) 503-5950
                          gcastello@kelleydrye.com

                          David I. Zalman
                          (admitted *pro hac vice*)
                          Jaclyn M. Metzinger
                          (admitted *pro hac vice*)
                          101 Park Avenue
                          New York, New York 10178
                          (T): (212) 808-7800
                          (F): (212) 808-7897
                          dzalman@kelleydrye.com
                          jmetzinger@kelleydrye.com

                          *Attorneys for Defendant*
                          *Gerber Products Co.*

## DEFINITIONS

The following definitions shall be used throughout the Interrogatories:

1. "Action" shall mean the lawsuit captioned *Federal Trade Commission v. Gerber Products Co., a corporation d/b/a Nestle Nutrition, Nestle Infant Nutrition, and Nestle Nutrition North America*, filed in the United States District Court for the District of New Jersey, Case No. 2:14-CV-06771-SRC-CLW.

2. "Complaint" shall mean the Complaint for Permanent Injunction and Other Equitable Relief filed by Plaintiff in this Action on or about October 29, 2014. (ECF Doc. No. 1.)

3. "Answer" shall mean the Answer filed by Gerber in this Action on or about January 5, 2015. (ECF Doc. No. 7.)

4. "Plaintiff" and "FTC" shall mean plaintiff United States Federal Trade Commission and any and all of its current and former trustees, fiduciaries, officers, directors, employees, agents, representatives, predecessors, successors, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

5. "Defendant" or "Gerber" shall mean Gerber Products Co.

6. "Good Start" shall mean Gerber Good Start Gentle® infant formula.

7. "FDA" shall mean the U.S. Food and Drug Administration and any and all of its current and former trustees, fiduciaries, officers, directors, employees, agents, representatives, predecessors, successors, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

8. "Concerning" or "concern" shall mean directly or indirectly, in whole or in part, referring to, relating to, connected with, commenting on, impinging or impacting upon, affecting, responding to, supporting, pertaining to, showing, describing, analyzing, reflecting, or constituting.

9. "Correspondence" shall refer to any and all written or electronic communications of any kind, including without limitation, e-mails, text messages, instant messages, documents, letters, forms, memoranda, reports, notes, worksheets, drafts, working papers, contracts, agreements, or other papers whether handwritten, typed, printed, or reproduced photostatically or photographically, including all film, microfilm, photographs, audiotapes, videotapes, drawings or other visual representations and any computer, magnetic, mechanical or electronic recordings. The term, "correspondence," extends to and specifically encompasses all non-identical copies of any responsive documents and all such non-identical copies should be produced.

10. "Document" and "documents" are used herein in the broadest sense possible, and without limitation, to refer to originals (or identical copies where originals are unavailable), copies with notations, comments, analyses, and post-preparation changes and non-identical copies of originals, of any tangible source of information of every type and description, however, and by whomever created, prepared, produced, reproduced, or disseminated, and regardless of its location, which is, as of the date of service of these document demands in the custody of, or in any way subject to the control of you or your attorneys. "Document" and "documents" also include, but are not limited to, e-mails (including any attachments), text messages, instant messages, writings, sales transaction receipts, cash register receipts, credit card receipts, credit card slips,

5

coupons, checkbook registers, advertisements, marketing materials, letters, minutes, correspondence, telegrams, telexes, faxes, bulletins, instructions, handwritten notes, typewritten notes, notes, transcriptions, sound recordings of any kind, slides, movie film and negatives, photographs and their negatives, printouts, minutes of meetings, memoranda, inter-office communications, studies, analyses, reports, advertisements, sales listings, rental listings, broker agreements, catalogues, results of investigations, leases, contracts, licenses, agreements, working papers, statistical records, ledgers, work sheets, books of account, general ledgers, trial balances, audited and un-audited financial statements, tax returns, vouchers, charge slips, time sheets or logs, telephone messages or logs, telephone diaries, telephone bills, diaries, purchase orders, acknowledgements, invoices, price lists, registers, charts, tables, authorizations, budgets, analyses, projections, brochures, circulars, proofs, sheets, books, magazines, checks, cancelled checks, life insurance applications, illustrations, notices, bills, premium notices, cancellation notices, annual reports, notebooks, computer disks, diskettes, electronic communications of any kind, tapes or any information which can be retrieved from a computer, stenographers' notebooks, diaries, desk calendars, or papers similar to any of the foregoing. "Document" and "documents" are not limited to the manner of representation of any information called for, which includes, but is not limited to, letters, words, numbers, symbols, characters, electronic data, pictures, graphic presentations, or sounds, or of any combination thereof. "Document" and "documents" also include, but are not limited to, preliminary drafts, versions, or revisions of any of the aforementioned, and underlying, preparatory, or supporting materials thereto.

        11.      "Including" means including but not limited to.

12. "Person" refers to both individuals and entities, including without limitation, any natural person, corporation, division, subsidiary, partnership, proprietorship, firm, association, company, and joint venture, whether public or private, as well as any governmental agency, division, or department.

13. "PHW-F" shall mean 100 percent whey-protein partially hydrolyzed infant formula, or the equivalent.

14. "Relating to," "regarding," or "concerning," means in connection with, constituting, analyzing, connecting, containing, describing, discussing, embodying, evidencing, reporting or commenting on, inquiring about, setting forth, explaining, reflecting, identifying, stating, considering, referring to, mentioning, alluding to, or in any way pertaining to, in whole or in part or having any logical or factual connection whatsoever with the claims or defenses asserted in this Action.

15. "You" and "Your" shall refer to plaintiff FTC and any of Your agents, assigns, servants, representatives and all persons acting on Your behalf (including Your attorneys).

16. The phrase "Subject Matter of this Action" means the facts and claims alleged in the Complaint and asserted in Gerber's Answer and generally any claims or defenses of any party to this Action.

## EXHIBIT A

## TOPICS

1. Any and all facts alleged by Plaintiff in the Complaint.

2. All damages, remedies, consumer redress or other relief sought by Plaintiff in this Action.

3. Each and every fact that supports, contradicts or otherwise relates to the allegations contained in paragraph 19 of the Complaint.

4. Each and every fact that supports, contradicts or otherwise relates to the allegations contained in paragraph 20 of the Complaint.

5. Each and every fact that supports, contradicts or otherwise relates to the allegations contained in paragraph 22 of the Complaint.

6. Each and every fact that supports, contradicts or otherwise relates to the allegations contained in paragraph 23 of the Complaint.

7. Each and every fact that supports, contradicts or otherwise relates to the allegation in paragraph 25 of the Complaint that "[c]onsumers have suffered and will continue to suffer substantial injury as a result of Defendant's violations of the FTC Act."

8. All consumer surveys, studies or analyses that support, contradict or otherwise relate to Plaintiff's allegations that Gerber's advertising of Good Start is false or unsubstantiated.

9. Each and every fact relating to whether (i) the alleged "allergy claim" described in paragraph 19 of the Complaint and (ii) alleged "false FDA approval claim" described in paragraph 22 of the Complaint, were material to any consumer's decision to purchase, or not purchase, Good Start.

10. Each and every fact relating to the retail price at which Good Start was sold compared to infant formulas sold by any other manufacturer of routine infant formula.

11. All scientific studies, articles, analyses, meta-analyses or other literature that support, contradict or otherwise relates to Plaintiff's allegations that Gerber's advertising of Good Start is false or unsubstantiated.

12. All consumer surveys that support, contradict or otherwise relate to Plaintiff's allegations that Gerber advertised a false FDA approval claim relating to Good Start.

8

13. All scientific studies, articles, analyses, meta-analyses or other literature that support, contradict or otherwise relates to Plaintiff's allegations that Gerber advertised a false FDA approval claim relating to Good Start.

14. Each and every fact that supports, contradicts or otherwise relates to Plaintiff's allegation that the Court may award rescission or reformation of any contract.

15. Each and every fact that supports, contradicts or otherwise relates to Plaintiff's allegation that the Court may award restitution.

16. Each and every fact that supports or otherwise relates to Plaintiff's allegation that the Court may order that monies be refunded to consumers who purchased Good Start.

17. All communications, whether written or oral, between Plaintiff, any of Plaintiff's employees, attorneys or agents, and Dr. Hania Szajewska relating to Good Start, PHW-F or the Subject Matter of this Action.

18. All communications, whether written or oral, between Plaintiff, or any of Plaintiff's employees, attorneys or agents, and Dr. Ferdinand Haschke relating to Good Start, PHW-F or the Subject Matter of this Action.

19. All communications, whether written or oral, between Plaintiff, or any of Plaintiff's employees, attorneys or agents, and any medical doctor, epidemiologist or scientific researcher relating to Good Start, PHW-F or the Subject Matter of this Action.

20. All communications, whether written or oral, between Plaintiff, or any of Plaintiff's attorneys or agents, and FDA, or any of FDA's employees, attorneys or agents regarding Good Start, PHW-F or the Subject Matter of this Action.

21. All communications, whether written or oral, between Plaintiff, or any of Plaintiff's attorneys or agents, and Carolyn Chung, Ph.D., and/or her attorneys or agents regarding Good Start, PHW-F or the Subject Matter of this Action.

22. All communications, whether written or oral, between Plaintiff, or any of Plaintiff's attorneys or agents, and any state prosecutor, attorneys general or regulator, or any of state prosecutor, or such attorneys general, prosecutor or regulator's employees, attorneys or agents regarding Good Start, PHW-F or the Subject Matter of this Action.

23. All communications, whether written or oral, between Plaintiff, or any of Plaintiff's attorneys or agents, and any consumer, including such consumer's attorneys or agents, who filed an action against Gerber regarding Good Start, PHW-F or the Subject Matter of this Action, including documents sent to that consumer's attorneys or agents, or such consumer's, attorneys or agents.

9

24. All communications, whether written or oral, between Plaintiff, or any of Plaintiff's attorneys or agents, and any consumer (including any consumer who filed an action against Gerber) regarding Good Start, PHW-F or the Subject Matter of this Action, including communications with that consumer's attorneys or agents, or such consumer's, attorneys or agents.

25. All communications, whether written or oral, between Plaintiff, or any of Plaintiff's attorneys or agents, and Mead Johnson or Mead Johnson Nutrition, or any of Mead Johnson's or Mead Johnson Nutrition's employees, attorneys, consultants or agents regarding Good Start, PHW-F or the Subject Matter of this Action.

26. All communications, whether written or oral, between Plaintiff, or any of Plaintiff's attorneys or agents, and Stanley Barringer regarding Good Start, PHW-F or the Subject Matter of this Action.

27. All communications, whether written or oral, between Plaintiff, or any of Plaintiff's attorneys or agents, and Craig Hadley regarding Good Start, PHW-F or the Subject Matter of this Action.

28. All communications, whether written or oral, between Plaintiff, or any of Plaintiff's attorneys or agents, and Venable LLP, or any of Venable LLP's partners, employees, attorneys, consultants or agents regarding Good Start, PHW-F or the Subject Matter of this Action.

29. All communications, whether written or oral, between Plaintiff, or any of Plaintiff's attorneys or agents, and Todd Harrison regarding Good Start, PHW-F or the Subject Matter of this Action.

30. All communications, whether written or oral, between Plaintiff, or any of Plaintiff's attorneys or agents, and Lily M. Woodland regarding Good Start, PHW-F or the Subject Matter of this Action.

31. All documents received from, or shared with, Mead Johnson or Mead Johnson Nutrition regarding Good Start, PHW-F or the Subject Matter of this Action.

32. All documents received from, or shared with, Venable LLP regarding Good Start, PHW-F or the Subject Matter of this Action.

33. The names of each of Plaintiff's employees, attorneys, consultants and/or agents who met with the employees, attorneys, consultants and/or agents of Mead Johnson or Mead Johnson Nutrition on or about January 14, 2014.

34. The purpose of Plaintiff's meeting on or about January 14, 2014 with the employees, attorneys, consultants and/or agents of Mead Johnson or Mead Johnson Nutrition on or about January 14, 2014.

35. Plaintiff's decision to file this action, including whether Plaintiff's discussions with the employees, attorneys, consultants and/or agents of Mead Johnson or Mead Johnson Nutrition had any impact on that decision.

36. Plaintiff's Responses and Objections to Defendant's First Set of Interrogatories dated June 15, 2105.

37. Plaintiff's Responses and Objections to Defendant's First Set of Document Requests dated June 15, 2105.

38. All communications, whether written or oral, between Plaintiff, or any of Plaintiff's attorneys or agents, and American Academy of Allergy Asthma & Immunology, or any of American Academy of Allergy Asthma & Immunology's, employees, attorneys, consultants or agents regarding Good Start or PHW-F.

39. All communications, whether written or oral, between Plaintiff, or any of Plaintiff's attorneys or agents, and National Institute of Allergy Asthma and Infectious Diseases, or any of National Institute of Allergy Asthma and Infectious Diseases', employees, attorneys, consultants or agents regarding Good Start or PHW-F.

40. All communications, whether written or oral, between Plaintiff, or any of Plaintiff's attorneys or agents, and American Academy of Pediatrics, or any of American Academy of Pediatrics', employees, attorneys, consultants or agents regarding Good Start or PHW-F.

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the within Defendant's Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) to Plaintiff was served by e-mail upon the following:

> vdefrancis@ftc.gov
> mrusk@ftc.gov
> enach@ftc.gov
> awone@ftc.gov
> caroline.sadlowski@usdoj.gov

 

_____
Geoffrey W. Castello

Dated: May 9, 2017