United States of America
FEDERAL TRADE COMMISSION
Washington, DC 20580

Division of Advertising Practices
  Annette Soberats
202-326-2921; Asoberats@ftc.gov

November 3, 2020

Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:    *FTC, et al. v. Quincy Bioscience Holding Co., Inc., et al.*, 17-CV-00124-LLS

Dear Judge Stanton:

Defendants' response to the FTC's October 20 letter is little more than a smokescreen to distract from the central issue – that the contested Rule 30(b)(6) Topics improperly seek FTC counsel's mental impressions and legal strategy for trial. Defendants are not, as they contend, seeking only "facts." The very wording of the topics reveals their true intent: to force the FTC to lay out the strengths and weaknesses of its case by explaining how the relevant facts "support or contradict" the complaint allegations (Topics 4-11, and 13). In other words, Defendants are seeking information regarding the FTC's *evaluation* of facts, the inferences the FTC draws from those facts, and how it intends to marshall the facts at trial. It is clear that what Defendants really seek is FTC counsel's opinion work product, and the case law in this jurisdiction accords such work product almost absolute protection from discovery. In addition to their improper attempt to seek the opinion work product of the trial team, other deposition topics seek premature disclosure of expert discovery (Topics 13, 14, and 31) and testimony that is both entirely irrelevant and unduly burdensome (Topics 28 and 30).

The FTC has gone to great lengths to resolve this dispute without burdening the Court. In the course of meet and confers and correspondence over several weeks, the FTC has made many concessions, agreeing to present a witness on 19 of the initial 43 topics proposed by Defendants and to provide detailed written discovery to address three other topics. Defendants bizarrely suggest that these concessions somehow undermine the FTC's arguments as to the remaining topics. The FTC renews its request that the Court grant a protective order as to the remaining 13 contested topics or allow full briefing of the issues.

**Topics 4-11 and 13 Improperly Seek FTC Counsel Work Product**. Defendants obfuscate the nature of this discovery dispute by arguing that the FTC, like other government agencies, is subject to Rule 30(b)(6), a proposition the FTC does not contest.[1] Instead, the FTC maintains that topics demanding "[e]ach and every fact that supports, contradicts or otherwise relates to the allegations" of the Complaint, facially seek the work product of the FTC's litigation

---

[1] Defendants also argue that, because the FTC has agreed to certain 30(b)(6) topics in other cases, that strategic decision must bind the agency in subsequent law enforcement cases, including this one. How FTC counsel weighed the prospective burden, relevance, and cumulative nature of testimony in another case is not binding or relevant here.

attorneys or a proxy.  In both *SEC v. Rosenfeld* and *SEC v. Morelli*, the court refused to allow testimony on similar topics because it would reveal government counsel's "mental impressions," "legal and factual theories," "opinions as to the significance of documents," "credibility of witnesses," and how the government "intends to marshall the facts, documents, and testimony in its possession."  *SEC v. Rosenfeld*, 97-cv-1467, 1997 WL 576021, at *1-3 (S.D.N.Y. Sept. 16, 1997) (quashing 30(b)(6) notice seeking SEC testimony on "all information" "relating to the truth or falsity of statements in the complaint"); *SEC v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992) (granting SEC's motion for protective order against testimony on "six categories of information" related to complaint's allegations).  Such opinion work product is accorded "almost absolute protection from discovery."  *Morelli*, 143 F.R.D. at 47.

This Court is not alone in prohibiting efforts to probe attorney work product.  The FTC successfully challenged such efforts in *FTC v. U.S. Grant Resources, LLC*, No. Civ. 04-596, 2004 WL 1444951 (E.D. La. June 25, 2004).  In that case, the Court quashed a Rule 30(b)(6) notice, rejecting defendants' argument they were merely seeking facts because the notice revealed defendants actually sought to "discover the FTC's theories as to the underlying facts, the extent of the FTC's knowledge . . . counsel's impressions regarding the significance of facts, the nature of the FTC's work product, the FTC's legal position and how it arrived at that position." *Id.* at *10.  Similarly, in *SEC v. Buntrock,* 217 F.R.D. 441, 446 (N.D. Ill. 2003), the court granted the SEC a protective order because the request for a 30(b)(6) deposition *regarding facts supporting the agency's allegations* was an improper effort to discover opposing counsel's legal theories and explanation of those theories.  Just as in the *Buntrock* case, the topics that the FTC contests in this case explicitly request facts *supporting or contradicting* the FTC's allegations and thus are improper efforts to discover the FTC's legal theories.

Defendants' assertion that, in seeking "only the *facts,*" they are seeking simply to avoid "trial by ambush" is without merit, given that they themselves are the source of the relevant facts.  Defendants created the product, ads and labels at issue, they disseminated the advertising and marketing materials, they kept records of product sales, and they conducted all of the relevant research on the product, including the human clinical study that failed to show any benefit.  Defendants are also already aware of the relevant facts the FTC has accumulated (again, almost exclusively from the Defendants themselves) by virtue of extensive written discovery and document production.  Despite this, Defendants make patently false statements that the FTC has refused to provide facts related to the Complaint allegations.  They assert, for example that the FTC has not provided facts on Topic 7 regarding the allegation that "researchers conducted more than 30 post hoc analyses" in Defendants' principal human study.  In fact, in interrogatory responses the FTC identified, with great specificity, *315 distinct post hoc analyses* conducted by Defendants and even provided the Bates numbers for the specific documents, produced by Defendants, that refer to those analyses.  The FTC has similarly provided Defendants with detailed responses to discovery requests calling for the factual bases of other Complaint allegations.  ("Soberats Decl." ¶¶ 3-4, 7-8)

**Topics 13, 14 and 31 Improperly Seek Premature Expert Discovery**.  By Defendants' own admission, Topic 13 seeks "to question the FTC about the studies that [the FTC] believes supports [the] Complaint, as well as any exculpatory scientific evidence that demonstrates Prevagen's efficacy."  Not only is this topic again seeking to probe attorney work product, it also falls squarely within the province of expert discovery and is thus premature.  Plaintiffs' experts,

and not the FTC's attorneys, will opine on whether Defendants have competent and reliable scientific evidence to support Defendants' memory and cognitive improvement claims. Similarly, Topics 14 and 31 impermissibly and prematurely seek information as to which medical or scientific experts or organizations the FTC consulted and retained, and FTC counsel's mental impressions and opinions concerning the experts' credibility, their assessment of Prevagen, its active ingredient, and the subject matter of this action. *See Rosenfeld*, 1997 WL 576021, at *3. Defendants would be able to infer which experts the FTC retained based on whether or not the FTC objects to specific questions. Moreover, as Defendants do not dispute, the FTC has already fully responded to document requests duplicative of these topics and has provided all written communications between the FTC and any non-testifying, non-consulting experts. ("Soberats Decl." ¶¶ 3-4).

**Topics 28 and 30 Are Both Irrelevant and Unduly Burdensome**. Topic 28 seeks to probe the FTC's decades long communications with dietary supplement companies in other cases. The Topic should be stricken because the burden to the FTC far outweighs any benefit of such irrelevant information to Defendants under Fed. R. Civ. P. 26(b)(1). Unsurprisingly, Defendants fail to articulate how information regarding sellers of different products with different active ingredients is at all relevant to the marketing of Prevagen. On the other hand, the burden of preparing a witness on this topic would be significant. Information about every current and former FTC employee who ever communicated with the seller of a dietary supplement relating to brain health, cognition, or memory would be impossible to compile and impossible for any deponent to memorize. Furthermore, despite its objections as to relevance, the FTC has agreed as a compromise to provide a brief written description of the past ten years of enforcement actions involving supplements advertised "for memory, brain or other cognitive benefit." ("Soberats Decl." ¶¶ 9-10).

Topic 30 is also unduly burdensome and implies, without any basis, that the FTC's production is somehow incomplete. Despite Defendants' false accusations, the FTC has identified, in its initial disclosures, in response to an interrogatory, and in its privilege log, every former or current FTC employee or office substantively involved in the FTC's investigation and litigation and has produced all responsive non-privileged documents in the custody of those individuals and office. ("Soberats Decl." ¶¶ 5-6) There is no reason for Defendants to engage in a baseless fishing expedition of every individual who ever "touched this case." The FTC has offered instead to describe the procedures it uses "to organize, store, and preserve documents and communications." As revised, this topic directly mirrors the language Defendants negotiated for Plaintiffs' 30(b)(6) deposition notice.

For these reasons, the FTC respectfully renews its request that the Court either grant a protective order prohibiting this improper testimony or allow full briefing.

Respectfully,

/s/ *Annette Soberats*
Annette Soberats

cc: All counsel of record (via ECF)