UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION and<br><br>THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,<br><br>　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>QUINCY BIOSCIENCE HOLDING COMPANY, INC., a corporation;<br><br>QUINCY BIOSCIENCE, LLC, a limited liability company;<br><br>PREVAGEN, INC., a corporation d/b/a/ SUGAR RIVER SUPPLEMENTS;<br><br>QUINCY BIOSCIENCE MANUFACTURING, LLC, a limited liability company; and<br><br>MARK UNDERWOOD, individually and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, and PREVAGEN, INC.,<br><br>　　　　　　　Defendants. | Case No. 1:17-cv-00124-LLS<br><br>**DECLARATION OF FTC COUNSEL ANNETTE SOBERATS IN SUPPORT OF FTC'S LETTER FOR LOCAL RULE 37.2 CONFERENCE FOR LEAVE TO FILE MOTION FOR PROTECTIVE ORDER AS TO DEFENDANTS' RULE 30(b)(6) DEPOSITION NOTICE TO FTC** |

**DECLARATION OF ANNETTE SOBERATS**

　　　I, Annette Soberats, hereby state that I am an attorney for the Federal Trade Commission ("FTC") in the above-captioned litigation against Corporate Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., and Quincy Bioscience Manufacturing, LLC, and Individual Defendant Mark Underwood (collectively, "Defendants"). I submit this declaration in support of the FTC's letter requesting a pre-motion discovery conference regarding Defendants' Revised Notice of Deposition Pursuant to Fed. R. Civ. P.

Page **1** of **8**

30(b)(6) to Plaintiff, the FTC ("Revised Notice") (Dkt. No. 134). I have personal knowledge of the following information and would testify as follows:

1. On October 9, 2020, Defendants served their Revised Notice. A true and accurate copy of the Revised Notice is appended hereto as **Exhibit A**.

2. The topics identified in Defendants' Revised Notice communicate the intent to question the FTC during the deposition on the same topics for which the Defendants have already propounded interrogatories and requests for production.

3. On September 20, 2019, Corporate Defendants propounded their First Requests for Production of Documents to Plaintiff Federal Trade Commission, which included requests for production that are largely duplicative of Topics 4-11, 13-14, and 31 in Defendants' Revised Notice. A true and accurate copy of Corporate Defendants' First Requests for Production of Documents to Plaintiff Federal Trade Commission is appended hereto as **Exhibit B**. The requests include:

    a. Request No. 1: "All documents relating to Prevagen."

    b. Request No. 2: "All documents relating to any inquiry or investigation conducted by FTC concerning Prevagen."

    c. Request No. 9: "All documents relating to medical or scientific research concerning Prevagen."

    d. Request No. 10: "All documents relating to medical or scientific research concerning apoaequorin."

    e. Request No. 13: "All documents concerning the relationship between Prevagen and memory, brain function or other neurological and/or cognitive behavior, including without limitation, scientific research, market research, and literature."

f. Request No. 14: "All documents concerning the relationship between apoaequorin and memory, brain function or other neurological and/or cognitive benefits, including without limitation scientific research, market research, and literature."

g. Request No. 21: "All documents relating to any communications between FTC and any individual, including but not limited to anonymous communications, concerning Prevagen or apoaequorin."

h. Request No. 22: "All documents relating to the allegation contained in paragraph 28 of the Complaint that '[t]he Madison Memory Study failed to show a statistically significant improvement in the treatment group over the placebo group on any of the nine computerized cognitive tasks.'"

i. Request No. 23: "All documents relating to the allegation that the 'methodology' described in paragraph 29 of the Complaint 'greatly increases the probability that some statistically significant differences would occur by chance alone.'"

j. Request No. 24: "All documents relating to the allegation contained in paragraph 29 of the Complaint that '[g]iven the sheer number of comparisons run and the fact that they were post hoc, the few positive findings on isolated tasks for small subgroups of the study population do not provide reliable evidence of a treatment effect.'"

k. Request No. 25: "All documents relating to the allegation contained in paragraph 30 of the Complaint that 'the results for the specific task referenced in the chart [displayed below paragraph 30 of the Complaint] showed no statistically significant improvement in subjects taking Prevagen compared to subjects taking a placebo.'"

l. Request No. 26: "All documents relating to the allegations contained in paragraph 31 of the Complaint that 'Defendants' claims that their product improves memory and

cognition rely on the theory that the product's dietary protein, apoaequorin, enters the human brain to supplement endogenous proteins that are lost during the natural process of aging' and that 'Defendants developed their product and created their marketing campaign based on this theory.'"

m. Request No. 27: "All documents relating to the allegation contained in paragraph 46 of the Complaint that '[c]onsumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act, NY Exec. Law § 63(12), and NY GBL §§ 349 and 350.'"

n. Request No. 28: "All documents relating to the allegation contained in paragraph 46 of the Complaint that 'Defendants have been unjustly enriched as a result of their unlawful acts or practices.'"

o. Request No. 29: All documents relating to the allegation contained in paragraph 46 of the Complaint that '[a]bsent injunctive relief by this Court, Defendants are likely to continue to injury consumers, reap unjust enrichment, and harm the public interest.'"

p. Request No. 34: "All documents concerning or referring to the Subject Matter of this Action."

q. Request No. 35: "All documents concerning or referring to the Subject Matter of this Action, including but not limited to documents reviewed by You in connection with Your responses to Quincy's First Set of Interrogatories to You."

4. The FTC has produced, and will continue to produce, all non-privileged documents responsive to Corporate Defendants' First Requests for Production of Documents to Plaintiff Federal Trade Commission.

5. On September 20, 2019, Corporate Defendants propounded their First Set of Interrogatories to Plaintiff Federal Trade Commission, which included an interrogatory that overlaps with Topic 30 in Defendants' Revised Notice.  A true and accurate copy of the Corporate Defendants' First Set of Interrogatories to Plaintiff Federal Trade Commission is appended hereto as **Exhibit C**.  The interrogatory stated:

    a. Interrogatory No. 1:  "Identify all persons that You believe are likely to possess information relating to the Subject Matter of this Action including, but not limited to, the facts alleged in paragraphs 27, 28, 29, 30, 31, 36, 37, 38, 39, 40, 41, 46, and 47 of the Complaint."

6. On October 21, 2019, the FTC responded to Defendants' First Set of Interrogatories and identified fifteen former and current FTC employees most likely to possess information related to the Subject Matter of this Action.

7. On August 14, 2020, Corporate Defendants propounded their Second Set of Interrogatories to Plaintiffs Federal Trade Commission and Attorney General of the State of New York, which included interrogatories that substantially mirror Topics 4-11 in Defendants' Revised Notice. A true and correct copy of Corporate Defendants' Second Set of Interrogatories to Plaintiffs Federal Trade Commission and Attorney General of the State of New York is appended hereto as **Exhibit D**.  The interrogatories included:

    a. Interrogatory No. 10:  "State all facts in full and complete detail, and identify all documents, that support Your allegation that Quincy allegedly made false, misleading and/or unsubstantiated representations to any consumer in its advertising and marketing of Prevagen."

b. Interrogatory No. 11: "State in detail the factual basis for the allegation contained in Paragraph 28 of the Complaint that '[t]he Madison Memory Study failed to show a statistically significant improvement in the treatment group over the placebo group on any of the nine computerized cognitive tasks.'"

c. Interrogatory No. 12: "Describe what 'post hoc analyses' means as that phrase is used in the Complaint."

d. Interrogatory No. 13: "State in detail the factual basis for the allegation contained in Paragraph 29 of the Complaint that 'the researchers conducted more than 30 post hoc analyses of the results' and identify each such analysis."

e. Interrogatory No. 14: "State in detail the factual basis for the allegation contained in Paragraph 31 of the Complaint that 'Defendants' claims that their product improves memory and cognition rely on the theory that the product's dietary protein, apoaequorin, enters the human brain to supplement endogenous proteins that are lost during the natural process of aging.'"

f. Interrogatory No. 15: "State in detail the factual basis for the allegation contained in Paragraph 31 of the Complaint that 'Defendants developed their product and created their marketing campaign based on this theory' that apoaequorin enters the human brain."

g. Interrogatory No. 16: "State in detail the factual basis for the allegation contained in Paragraph 31 of the Complaint that 'Defendants' safety studies show that apoaequorin is rapidly digested in the stomach and broken down into amino acids and small peptides[.]'"

8. On September 14, 2020, the FTC provided written responses and objections to Corporate Defendants' Second Set of Interrogatories to Plaintiffs Federal Trade Commission and Attorney General of the State of New York

9. On October 16, 2020, Defendants propounded an Interrogatory in Lieu of Rule 30(b)(6) Deposition Topic to Plaintiff Federal Trade Commission, which resulted from a compromise whereby the FTC agreed to provide a written response addressing three 30(b)(6) topics proposed by Defendants about other FTC enforcement activities related to dietary supplements promoted for memory.  That interrogatory involves the same general subject matter as Topic 28 in Defendants' Revised Notice.  A true and correct copy of Defendants' Interrogatory in Lieu of Rule 30(b)(6) Deposition Topic is appended hereto as **Exhibit E**. The interrogatory requests identification of "all judicial and administrative actions and public investigations filed, commenced, conducted, terminated or resolved in the ten (10) year-period preceding this Interrogatory in which the primary focus of the action or investigation was a dietary supplement (or supplements) promoted, advertised, and/or marketed for memory, brain or other cognitive benefit."

10. The FTC will respond to Defendants' October 16, 2020 Interrogatory, per the parties' compromise, in lieu of the proposed three deposition topics, no later than November 16, 2020.  The written response will also provide much of the information Defendants seek in Topic 28.

I declare under penalty of perjury that the foregoing is true and correct.  Signed at Brooklyn, NY 11209.

Dated:  November 3, 2020                          By:     */s/ Annette Soberats*
                                                                      ANNETTE SOBERATS

**CERTIFICATE OF SERVICE**

      I CERTIFY that on this 3rd day of November, 2020, I have caused service of the foregoing Declaration of FTC Counsel Annette Soberats in Support of FTC's Letter for Local Rule 37.2 Conference for Leave to File Motion for Protective Order as to Defendants' Rule 30(b)(6) Deposition Notice to FTC to be made by electronic filing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

                                    */s/ Annette Soberats*
                                    ANNETTE SOBERATS