

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

JANE M. AZIA, BUREAU CHIEF
CONSUMER FRAUDS AND PROTECTION BUREAU
KATE MATUSCHAK
ASSISTANT ATTORNEY GENERAL
E-MAIL: KATE.MATUSCHAK@AG.NY.GOV
(212) 416-6189

November 3, 2020

Hon. Louis L. Stanton, U.S. District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Federal Trade Comm'n et al. v. Quincy Bioscience Holding Co., Inc. et al.*,
             No. 1:17-cv-00124-LLS

Dear Judge Stanton:

Plaintiff the People of the State of New York by Letitia James, Attorney General of the State of New York ("NYAG"), respectfully submits this reply to Defendants' October 27, 2020 letter [Dkt. No. 137] ("Quincy Letter") opposing the NYAG's letter seeking leave to file a motion for a protective order [Dkt. No. 135]. Because Quincy has presented no valid basis for its proposed discovery, the NYAG respectfully requests that the Court grant the requested protective order or permit the NYAG to fully brief this issue.

Quincy incorrectly claims that the NYAG bears a "heavy burden of demonstrating good cause" for a protective order. (Quincy Letter at 1.) For this proposition, Quincy cites an inapposite case in which the deposition of a fact witness was sought; there was "no question that the discovery sought [was] relevant;" and the potential deponent was claiming the deposition would be an undue burden on his health. *Michelo v. Nat'l Collegiate Student Loan Trust 2007-2*, No. 18-cv-1781. 2020 WL 4041058, at *2-*3 (S.D.N.Y. Oct. 28, 2020). Here, where a deposition of trial counsel is sought, courts are to "'consider[] all of the relevant facts and circumstances' including 'the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted.'" *Shaub & Williams, L.L.P. v. Augme Techs., Inc.*, No. 13-cv-1101, 2014 WL 1033862, at *6 (S.D.N.Y. Mar. 17, 2014) (quoting *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 71-71 (2d Cir. 2003)).[1]

---

[1] Notably, Quincy has not contested the NYAG's assertion that its discovery is duplicative of discovery to which the NYAG has already responded. (Quincy Letter at 2-3.) Nor could it. (*See* Matuschak Decl. (Nov. 3, 2020) (filed contemporaneously herewith) Exs. A-D.)

Quincy also failed to articulate any reason that its non-Contention Topics are relevant to this case.[2] First, Quincy argues that trial counsel's communications with various third parties about "Prevagen, its marketing, and its efficacy" is relevant. (Quincy Letter at 3.) But Quincy has failed to identify any claim or defense to which communications with third parties – other than experts – relates. Second, the NYAG's document collection and production efforts – to the extent not privileged – could only be relevant to a claim that the NYAG's collection and production were inadequate. *See Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, No. 08-cv-5023, 2009 WL 3463912, at *2 (E.D.N.Y. Oct. 21, 2009) (citing cases). Quincy has not questioned the adequacy of the NYAG's document collection and production, and instead waited until a month before the close of fact discovery – long after the NYAG certified that its production was complete (*see* Matuschak Decl. ¶ 4) – to seek a witness to testify about it.

Contrary to Quincy's assertion, the NYAG has not argued that depositions of attorneys are always unwarranted. Indeed, there are some scenarios in which they are appropriate. For example, "an attorney who prosecuted a patent may have taken actions relevant to equitable defenses in subsequent patent litigation"; an attorney might submit a factual affidavit in support of his claims; or counsel's actions might affect the point at which a statute of limitations was triggered. *See Gropper v. David Ellis Real Estate, L.P.*, No. 13-cv-2068, 2014 WL 904483, at *2 (S.D.N.Y. Mar. 4, 2014) (internal citations omitted). By contrast, there is no issue in this case that hinges on the NYAG's investigation; the NYAG's investigations related to other dietary supplements; or the NYAG's communications with third parties (other than information provided to experts).

Quincy complains that it might face "trial by ambush" if it cannot interrogate trial attorneys under oath as to the bases for their case. However, the Federal Rules of Civil Procedure – and this Court in particular – have set forth detailed procedures to ensure that "trial by ambush" does not occur. *See, e.g.*, Fed. R. Civ. P. 16 (governing pre-trial conferences); Fed R. Civ. P. 26 (governing initial and pre-trial disclosures); Local Rule 33.3(c) (permitting "interrogatories seeking the claims and contentions of the opposing party"); Individual Practices of Judge Louis L. Stanton 4(A) (setting forth procedures for pretrial orders). The work product doctrine "rests in part on the premise that each party to a lawsuit should do its own work, including its own investigation of the facts, without intruding to and benefiting from the efforts of its adversary." *Chevron Corp. v. Donziger*, No. 11-cv-691, 2013 WL 3294820, at *1 (S.D.N.Y. June 28, 2013). Quincy cannot seek expert testimony and pre-trial disclosures before the time prescribed by the Court.[3]

Apparently recognizing the weakness of its position, Quincy fails to address the principles articulated in *any* of this Court's cases that the NYAG cites, and instead cites opinions from other jurisdictions that are at odds with the cases cited by the NYAG and other cases within the Second

---

[2] Contrary to Quincy's assertion (Quincy Letter at 3), the NYAG has not argued that the Contention Topics are irrelevant.

[3] Indeed, if Quincy were correct, the NYAG would be entitled to depose Kelley Drye & Warren LLP attorneys as to the factual bases for Quincy's answer and affirmative defenses in this action. The NYAG has not sought such discovery because it is so clearly inappropriate.

Circuit.[4]  The cases within the Second Circuit that Quincy does address – other than the case the FTC cited[5] – are inapposite.  *See Michelo*, No. 18-cv-1781, 2020 WL 4041058, at *2-*3 (fact witness seeking to avoid deposition due to health concerns); *Malzberg v. New York Univ.*, No. 19-cv-10048, 2020 WL 3618962, at *2 (compelling production of discrimination complaints in case alleging discrimination); *HSH Nordbank AG NY Branch v. Swerdlow*, 259 F.R.D. 64, 74 (S.D.N.Y. 2009) (denying motion to compel production of privileged documents based on production of favorable, non-privileged documents); *SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 405 (S.D.N.Y. 2009) (motion to compel document production); *EEOC v. Sterling Jewelers Inc.*, No. 08-cv-706 (W.D.N.Y. July 15, 2010) (compelling deposition where facts were uniquely in EEOC's possession and relevant to affirmative defense based on scope of EEOC's administrative charge).

Quincy attempts to make much of the NYAG's "obstinate" response to its improper discovery request.  It is not, however, obstinate to refuse to provide discovery to which a party is not entitled.  This is particularly so where, as here, Quincy has failed to articulate a single piece of relevant, discoverable information that it might gain from its proposed discovery.  Moreover, despite the fact that Quincy is not entitled to a 30(b)(6) deposition on the noticed topics, the NYAG offered to provide alternative discovery (interrogatory responses and/or document production) with respect to 18 of the 42 originally noticed topics.  (*See* Castello Decl. Ex. B; Matuschak Decl. ¶ 7.)  Quincy declined.

The NYAG requests the Court to grant a protective order or allow the NYAG to fully brief these issues.  The privileges asserted by the NYAG are important ones and the NYAG would greatly appreciate the opportunity to elucidate why they offer protection from a deposition in this case.

                                          Respectfully submitted,

                                          /s/ *Kate Matuschak*
                                          Kate Matuschak

cc: All Parties (via ECF)

---

[4] *See, e.g.*, *U.S. v. Ahmed*, No, 3:15-cv-675, 2017 U.S. Dist. LEXIS 54030, at *6 (D. Conn. Apr. 7, 2017) (rejecting arguments based on *SEC v. Merkin*, 283 F.R.D. 689 (S.D. Fla. 2012), and *SEC v. Kramer*, 778 F. Supp. 2d 1320 (M.D. Fla. 2011)).  Moreover, those cases rely heavily on Rule 30(b)(6) language allowing depositions of government agencies.  *See, e.g.*, *SEC v. McCabe*, No. 2452937, 2015 WL 2452937, at *3 (D. Utah May 22, 2015); *Merkin*, 283 F.R.D. at 693.  The Office of the New York State Attorney General is not a party here, but is acting in its representative capacity for the People.  *Cf. State v. Grecco*, No. 0009384/2002, 2008 N.Y. Slip Op. 30838(U), 2008 WL 1766377 (N.Y. Sup. Ct. Suffolk Cnty. Mar. 20, 2008) ("It is well settled that where the State's Attorney General is acting in representative capacity . . . neither the Attorney General nor his staff will be subject to being deposed in the absence of special circumstances . . . ." (citing *State v. Volkswagen of Am.*, 41 A.D.2d 827 (N.Y. 1st Dep't 1973)).

[5] The FTC cited *U.S. Dist. Counsel of NY v. Vicinity of United Bhd. Of Carpenters & Joiners of Am.*, in which the court denied a motion to compel deposition testimony where the information sought was "not crucial to the preparation of [defendants'] case and implicates work product" and "other, more efficient means exist to obtain the information."  No. 90-cv-5722, 1992 WL 208284, at *16 (S.D.N.Y. Aug. 18, 1992).