

Geoffrey W. Castello

Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178

Tel:  (973) 503-5922
Fax:  (973) 503-5950
gcastello@kelleydrye.com

November 12, 2020

**Via ECF**
Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *FTC, et al. v. Quincy Bioscience Holding Co., Inc., et al.*
              Case No. 1:17-cv-00124-LLS

Your Honor:

      We represent Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc. and Quincy Bioscience Manufacturing, LLC ("Quincy" or "Defendants") in the above-referenced action. We write pursuant to Local Civil Rule 37.2 and Section 2.F. of Your Honor's Individual Practices to request a pre-motion conference or an Order compelling Plaintiffs the Federal Trade Commission ("FTC") and the People of the State of New York, by Letitia James, Attorney General of the State of New York ("NYAG") (collectively "Plaintiffs") to provide supplemental responses to certain of Defendants' Interrogatories and Requests for Admissions ("RFAs") within ten (10) days.

      First, in their joint Interrogatory responses (Declaration of Glenn T. Graham ("Graham Decl.") Ex. A), Plaintiffs improperly refuse to identify the very claims and advertisements they allege to be false or misleading on the grounds that such claims and advertisements are "not relevant." They also object on the ground that identifying such claims and advertisements would invade attorney work product. Indeed, it appears that Plaintiffs intend to keep Quincy in the dark for as long as possible regarding which advertisements they are actually challenging in this action by refusing to provide substantive Interrogatory responses and by seeking a protective order to avoid providing Rule 30(b)(6) testimony. (Dkt. Nos. 134-137). This approach flies in the face of the broad scope of discovery permitted by the Federal Rules of Civil Procedure.

      Second, certain of Plaintiffs' joint RFA responses (Graham Decl. Ex. B) inappropriately "incorporate by reference" their answers to other RFAs. This approach ignores Rule 36, which requires that parties specifically and separately admit or deny each RFA. Plaintiffs should be compelled to provide proper responses or, in the alternative, the matters requested should be deemed "admitted."

      The parties have conferred in good faith regarding Plaintiffs' deficient responses, but Plaintiffs have refused to provide appropriate responses. (Graham Decl. ¶¶ 4, 6).

November 12, 2020

**Responses to Interrogatory Nos. 3-6 & 10**. Interrogatory No. 3 requests that Plaintiffs "Identify each label, package, packaging insert, point-of-sale display, advertisement, television commercial, marketing material, and/or promotional material concerning Prevagen that [Plaintiffs] allege is false, misleading, and/or unsubstantiated." (Graham Decl. Ex. A at pp. 4-5). Interrogatory No. 4 requests that Plaintiffs state their position as to whether the materials identified in response to Interrogatory No. 3 are "false, misleading, or unsubstantiated." (*Id.* at pp. 5-7). Similarly, Interrogatory Nos. 5 and 6 make the same requests about marketing claims as opposed to specific advertisements. (*Id.* at pp. 7-11). Finally, Interrogatory No. 10 requests that Plaintiffs set forth the factual basis to support their allegation that Quincy made "false, misleading and/or unsubstantiated representations to any consumer in its advertising and marketing of Prevagen." (*Id.* at pp. 14-15). These Interrogatories request basic information relating to Plaintiffs' allegations: (1) which advertisements and claims are being challenged, (2) whether each such advertisement or claim is being challenged as false, misleading, or unsubstantiated, and (3) why.

Despite the unquestionable relevance of this information, Plaintiffs have refused to identify a single advertisement they are challenging other than the eight exhibits attached to the Complaint (some of which were no longer being disseminated at the time the Complaint was filed). Instead, Plaintiffs oddly object that the information is "not relevant," and that disclosure of the advertisements would somehow reveal attorney work product and other privileged information. (*See, e.g.,* Graham Decl. Ex. A at pp. 4-5). Plaintiffs then vaguely assert that they are challenging "any representations made by Defendants, whether directly or indirectly, expressly or by implication," or through a "net impression," conveying that Prevagen improves memory or provides any other cognitive benefit. (*See id.*)

Plaintiffs should not be able to employ a shield and sword strategy and Defendants should not have to guess which advertisements Plaintiffs believe "indirectly" or "by implication" convey a "net impression" that comports with Plaintiffs' amorphous concept of "false, misleading and/or unsubstantiated." Quincy has produced hundreds, if not thousands, of labels and advertisements for Prevagen. Without being told by Plaintiffs, Quincy has no ability to determine which ones Plaintiffs challenge. As just one example, certain of Prevagen labels use the tag line "Jellyfish Fight Aging" and "Brain Cell Protection," while other labels say that Prevagen "Improves Memory." While the "Improves Memory" label is attached to Plaintiffs' Complaint and presumably part of this case, Quincy simply does not know whether the other two labels (or other advertisements with similar language) fall within Plaintiffs' vague description of the challenged claims. Without this critical information, Quincy does not know which advertisements should be included in their experts' reports or addressed in their motion for summary judgment. Moreover, knowing which advertisements are being challenged will directly impact whether certain of Quincy's defenses (such as statute of limitations) can be argued on summary judgment. If Plaintiffs do not identify the advertisements at issue, Quincy will be forced to take a "kitchen sink" approach on summary judgment, requiring Quincy to offer argument on hundreds of advertisements only to learn in Plaintiffs' opposition that certain ads are not being challenged. This would be a waste of the parties' and the Court's time and efforts, and Plaintiffs should be compelled to disclose the specific ads they are challenging in this action.

Plaintiffs' assertion that this information is "not relevant" strains credulity. The challenged advertisements and labels go to the very heart of the claims asserted against Quincy in this action. "'[R]elevance, for purposes of discovery, is an extremely broad concept.'" *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013) (quotation omitted). "[O]nce relevance has been shown, it is up to the responding party to justify curtailing discovery." *Id.* Thus, Plaintiffs "must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not

November 12, 2020

relevant or how each question is overly broad, burdensome or oppressive." *Id.* (quotation omitted). They have failed to do so, and their evasive responses should be supplemented. *See Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004) (quoting Fed. R. Civ. P. 37) (An "[e]vasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose'").

Plaintiffs' boilerplate privilege and work product assertions should also be rejected. *See In re Grand Jury Subpoena Dated July 6, 2005,* 510 F.3d 180, 183 (2d Cir. 2007) (party asserting work-product "bears the heavy burden of establishing its applicability"). Plaintiffs have not explained how identification of the advertising claims – which they will have to disclose at trial – can possibly be considered work product. Privilege and work product notwithstanding, it cannot be disputed that "a party is required to disclose the facts underlying its claims." *F.T.C. v. Cyberspy Software, LLC,* No. 6:08-cv-1872-ORL-31GJK, 2009 WL 8708856, at *2 (M.D. Fla. May 26, 2009). If Plaintiffs are not willing to identify which advertisements they are challenging, they should be limited at trial to those advertisements that are attached to their Complaint.

**Responses to RFAs:** The prejudicial effect of Plaintiffs' failure to identify the claims being challenged in their Interrogatory responses (and their refusal to provide 30(b)(6) testimony on the topic) is compounded by Plaintiffs' failure to properly respond to Defendants' RFAs. Indeed, Plaintiffs' RFA responses repeatedly refer to "[c]laims such as those challenged in this case," but Plaintiffs have continually refused to identify those claims. (Graham Dec. Ex. B at Response to RFA Nos. 10 and 11, incorporated by references in Response to RFA Nos. 12, 13, 14 and 19). This circular and evasive approach should be rejected. Plaintiffs should be compelled to identify the specific claims in their written discovery responses and Defendants' should be permitted to explore these issues during a deposition.

Moreover, Rule 36 requires a party to either specifically admit or deny a matter, or state in detail why the answering party cannot truthfully admit or deny it. Fed. R. Civ. P. 36(a)(4). It is not proper to incorporate by reference a response to a different RFA. *See Benner v. V & O Press Co., Inc.*, No. 85-cv-2891, 1986 WL 5175, at *1 (E.D. Pa. May 2, 1986) (responses to RFAs that "incorporated by reference" responses to other RFAs "are not clear, specific and direct as required by Rule 36(a)"); *Foti v. City of Jamestown Bd. of Public Utls.*, No. 10-cv-575A, 2014 WL 3842376, at *11-12 (W.D.N.Y. Aug. 5, 2014) (response that incorporated by reference prior objections and did not clearly admit or deny the request was "evasive"). Plaintiffs respond to five RFAs (Nos. 12, 13, 14, 16 and 19) by incorporating prior responses by reference. This approach not only runs afoul of Rule 36 but, in many instances, the incorporated responses are not even responsive. (Graham Decl. Ex. B). This Court should either compel Plaintiffs to supplement their responses or the matters should be deemed admitted.

For these reasons, Quincy respectfully requests that this Court compel Plaintiffs to provide complete and substantive responses to the above-referenced Interrogatories and RFAs within ten (10) days and, if necessary, extend the time for Quincy to conduct the 30(b)(6) deposition of Plaintiffs so that Quincy has fulsome and substantive responses at least five (5) business days prior to the depositions. In the alternative, Quincy requests a pre-motion conference regarding its request.

Respectfully submitted,

*/s/ Geoffrey W. Castello*

Geoffrey W. Castello

**KELLEY DRYE & WARREN LLP** 3