United States of America
FEDERAL TRADE COMMISSION
Washington, DC 20580

Division of Advertising Practices
Annette Soberats
202-326-2921; ASoberats@ftc.gov

November 23, 2020

Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:   *FTC, et al. v. Quincy Bioscience Holding Co., Inc., et al.*, 17-CV-00124-LLS

Dear Judge Stanton:

Plaintiffs the Federal Trade Commission ("FTC") and the People of the State of New York, by the New York State Attorney General ("NYAG"), respectfully submit this letter in opposition to Defendants' request for leave to move to compel supplemental discovery responses in this matter [Dkt. No. 143]. Defendants' letter-motion mischaracterizes Plaintiffs' discovery responses and ignores the information Plaintiffs have provided in the parties' multiple conferrals that directly answers the questions now raised by Defendants. Defendants argue that they do not know which marketing materials Plaintiffs are challenging even though Plaintiffs have explained before and during this litigation (including in their interrogatory responses) that *all* of Defendants' marketing materials for their memory supplement, Prevagen, convey false, misleading, and/or unsubstantiated memory and cognitive-improvement claims. Most recently, Plaintiffs explained in their interrogatory responses the nature of the challenged marketing claims (Interrogatories 3-4), how the agencies and courts approach advertising interpretation (Interrogatories 5-6 and 10), and why Defendants' research fails to substantiate Defendants' marketing claims (Interrogatories 6 and 10). (Declaration of Annette Soberats ("Soberats Decl.") ¶ 2.) In subsequent meet and confers and emails, Plaintiffs reinforced that they were unaware "of any marketing materials that do not communicate a cognitive benefit," echoing statements in their responses that "Defendants' claims of memory and cognitive benefits for the Prevagen Products are clearly stated across all advertising and marketing and are the central focus of [Defendants'] entire ad campaign" (Interrogatories 6 and 10). Defendants' letter-motion constitutes an improper and premature demand that Plaintiffs identify the specific exhibits upon which they will rely for summary judgment and/or trial, ignoring the detailed procedure for doing so following the close of discovery set forth in Your Honor's Individual Practices.

Defendants also raise the trivial argument that Plaintiffs have not specifically admitted or denied each of their Requests for Admission simply because Plaintiffs incorporated certain responses by reference. Plaintiffs in fact have properly answered the RFAs, as each of the incorporated responses makes a proper admission or denial. However, in an effort to avoid wasting the Court's time on this non-substantive issue, Plaintiffs will engage in the cut-and-paste exercise that Defendants apparently desire and produce supplemental RFA responses in short order. Thus, the Court need not consider this portion of Defendant's letter-motion.

The Honorable Louis L. Stanton                                          November 23, 2020    Page 2

**Plaintiffs Have Provided Defendants with More Than Adequate Notice of the Challenged Marketing**.  Although Defendants produced only a sample of marketing for Prevagen and failed to produce comprehensible data detailing which advertisements were disseminated where and when, they seek to impose an unduly burdensome task in their Interrogatories – that Plaintiffs identify every single marketing piece, and each statement within those marketing pieces, in the thirteen years since Prevagen launched, that is false, misleading, or unsubstantiated, along with Plaintiffs' factual basis as to the deceptive nature of each such piece and statement.  Plaintiffs validly objected to Defendants' attempt to force an oppressive catalogue of Defendants' marketing, but nonetheless explained that "*any* representation made by Defendants, whether directly or indirectly, expressly or by implication, that the Prevagen Products improve memory, improve memory within 90 days, reduce memory problems associated with aging, or provide any other cognitive benefits, including but not limited to healthy brain function, a sharper mind, or clearer thinking, are false, misleading, or unsubstantiated."  Soberats Decl. ¶ 2, Ex. A, Pls.' Responses to Defs.' Interrogatories No. 3-5) (emphasis added).)  Plaintiffs stated further that "*any* representation made by Defendants, whether directly or indirectly, expressly or by implication, that the Prevagen Products are clinically shown to provide such memory and cognitive benefits constitute false proof claims." (*Id.* (emphasis added).)  Plaintiffs explained that they—and courts—determine the claims made in an ad by "assessing the 'net impression' conveyed by all elements of the material, including the text, product name, charts, graphs, images, consumer and expert testimonials, and other elements." (Soberats Decl. ¶ 2, Ex. A, Pls.' Responses to Defs.' Interrogatory 5) (citing FTC Policy Statement on Deception, 103 F.T.C. 174-75, 179 (1984) (appended to *In re Cliffdale Assocs., Inc.,* 103 F.T.C. 110 (1984)) ("FTC Deception Statement"); *Direct Mktg. Concepts, Inc.*, 569 F. Supp. 2d 285, 298 (D. Mass. 2008); *Removatron Int'l Corp. v. FTC*, 884 F.2d 1489, 1497 (1st Cir. 1989)).)

Furthermore, during the parties' conferral process, Plaintiffs informed Defendants by email on November 2, 2020 that they "were not aware of *any* marketing materials that do not convey a cognitive benefit."  Plaintiffs thus clearly have put Defendants on notice that all of their marketing materials are deceptive and that this Court will consider the net impression of each ad that Plaintiffs ultimately submit in determining the specific claims made.

Plaintiffs also have informed Defendants of the basis for their allegations that Defendants' claims of memory improvement and cognitive benefit are deceptive.  Plaintiffs' interrogatory responses stated:

> Defendants have produced documentation of only two human clinical studies using objective and quantitative measures of cognitive function.  Neither of these studies showed any statistically significant benefit of Prevagen over placebo on any cognitive task either for the study populations as a whole or for any subgroup analyzed by Defendants as part of their post hoc analyses of subgroups. . . .  Defendants' *in vitro* testing shows that the apoaequorin in the Prevagen Products is rapidly digested in the stomach like any other protein.  Furthermore, Defendants' tests of orally-administered apoaequorin in canines failed to show that the substance reached the dogs' cerebral spinal fluid or blood.

The Honorable Louis L. Stanton	November 23, 2020   Page 3

> Defendants themselves have acknowledged in writing to the FDA that the mechanism of action for Prevagen is not understood.

(Soberats Decl. ¶ 2, Ex. A, Pls.' Responses to Defs.' Interrogatories 6 & 10.)  Plaintiffs will additionally support their allegations through the reports of their experts, which they will produce to Defendants in accordance with the schedule yet to be set by the Court.

Therefore, Plaintiffs have given Defendants more than adequate notice of the advertising they consider to be deceptive and the basis for their allegations.  Defendants' instant request constitutes an improper request that Plaintiffs identify the materials they intend to use at summary judgment or trial.  This contravenes the Court's scheduling orders and Individual Rules of Practice, which specify the time and manner for the exchange of exhibits.

**Plaintiffs Specifically Admitted or Denied Each RFA**.  Defendants have failed to demonstrate how certain of Plaintiffs' RFA responses, which were incorporated by reference, violate Fed. R. Civ. P. 36(a)(4), and essentially demand that Plaintiffs copy and paste responses in lieu of incorporating them by reference.  While Plaintiffs made it abundantly clear whether they were admitting or denying each request, Plaintiffs will copy and paste the responses that they incorporated by reference to avoid wasting this Court's time on such a petty dispute.

For these reasons, Plaintiffs respectfully request that the Court deny Defendants' request to delay this case further by scheduling an unnecessary pre-motion conference or compelling Plaintiffs to provide supplemental responses to interrogatories to which Plaintiffs have fully responded.

Respectfully,

/s/ *Annette Soberats*
Annette Soberats

cc: All counsel of record (via ECF)