

Geoffrey W. Castello

Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178

Tel: (973) 503-5922
Fax: (973) 503-5950
gcastello@kelleydrye.com

November 24, 2020

**Via ECF**
Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *FTC, et al. v. Quincy Bioscience Holding Co., Inc., et al.*
              <u>Case No. 1:17-cv-00124-LLS</u>

Your Honor:

      We represent Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc. and Quincy Bioscience Manufacturing, LLC ("Quincy" or "Defendants") in the above-referenced action. We submit this reply in further support of Quincy's request for a pre-motion conference or an Order compelling Plaintiffs the Federal Trade Commission ("FTC") and the People of the State of New York, by Letitia James, Attorney General of the State of New York ("NYAG") (collectively "Plaintiffs") to provide supplemental responses to certain of Defendants' Interrogatories within ten (10) days (Dkt. No. 143) (hereafter, "Quincy's Letter").

      Plaintiffs' response to Quincy's Letter (Dkt. No. 145) further illustrates their repeated attempts to avoid their obligations under the Federal Rules of Civil Procedure. Plaintiffs' response confirms that they have not provided complete responses to Quincy's Interrogatories and apparently have no intention of doing so. Rather, Plaintiffs contend that an unsworn statement made by one of Plaintiffs' counsel during a discovery meet-and-confer should supplant Plaintiffs' obligation to provide complete Interrogatory responses. It does not, and Quincy is entitled to receive full substantive discovery in this federal litigation commenced by Plaintiffs. *See, e.g.*, *S.E.C. v. Collins & Aikman Corp.*, 256 F.R.D. 403, 414 (S.D.N.Y. 2009) (government agencies "must abide by the Federal Rules of Civil Procedure[;]" they are "not entitled to special consideration concerning the scope of discovery, especially when [they] voluntarily initiate[] an action").

      As set forth in Quincy's Letter, Interrogatories 3-6 and 10 request basic information relating to Plaintiffs' allegations, including: (1) which advertisements and claims are being challenged, (2) whether each such advertisement or claim is being challenged as false, misleading, or unsubstantiated, and (3) why. (Dkt. No. 143 at 2-3). Plaintiffs objected to those Interrogatories as seeking information that is "not relevant" or otherwise protected by attorney work product. Plaintiffs then vaguely asserted that they are challenging any representation that "directly or indirectly, expressly or by implication," or through a "net impression" conveyed that Prevagen improves memory or provides any other cognitive benefit. (Dkt. No. 144-1 at pp. 4-5). In response to Quincy's Letter, Plaintiffs abandon these meritless objections and now

November 24, 2020

raise two arguments: (1) that it is "unduly burdensome" for Plaintiffs to identify which statements and claims they are challenging (a surprising response given that this goes to the heart of this action); and (2) that Plaintiffs' counsel's statement during the meet and confer process that they are challenging "all of Defendants' marketing materials" for Prevagen and that they are "not aware" of "marketing materials that do not convey a cognitive benefit" relieves them of their obligation to respond to the Interrogatories. (Dkt. No. 145 at 2). Neither argument has merit.

Plaintiffs' "undue burden" argument should be rejected. As Quincy previously set forth and the FTC is well aware, "a party is required to disclose the facts underlying its claims." *F.T.C. v. Cyberspy Software, LLC*, No. 6:08-cv-1872-ORL-31GJK, 2009 WL 8708856, at *2 (M.D. Fla. May 26, 2009). It cannot be "unduly burdensome" for Plaintiffs to identify the claims they are challenging. Indeed, Plaintiffs' Requests for Admission ("RFA") responses repeatedly reference "[c]laims such as those challenged in this case[.]" (*See* Dkt. No. 143 at 3). Plaintiffs, however, have thus far refused to identify those claims.

Moreover, given Plaintiffs' representation in their opposition that they believe that "all" of Defendants' marketing materials are deceptive, it should be no burden at all for Plaintiffs to clearly state as much in supplemental sworn Interrogatory responses. Nor will it be burdensome to provide a Rule 30(b)(6) witness to be deposed on the issue, which Plaintiffs are also seeking to avoid. (Dkt. Nos. 134-137). In any event, Quincy doubts that Plaintiffs can in good faith make such a sweeping statement under oath. Many of the claims and advertisements produced in this action were not being disseminated when the Complaint was filed and/or are outside the applicable statute of limitations period. If Plaintiffs truly are challenging ***all*** of Prevagen's marketing from the last thirteen years, they should say so under oath, and not rely on unsworn communications from counsel. For example, Quincy's Letter provided the straightforward example of materials bearing the tagline "Jellyfish Fight Aging." (Dkt. No. 143 at 2). Quincy cannot tell based on Plaintiffs' Interrogatory responses whether Plaintiffs are alleging that this tagline "indirectly" or "by implication" conveys a "net impression" that is "false, misleading and/or unsubstantiated" according to Plaintiffs' nebulous view of that concept. If Plaintiffs provide sworn responses confirming they are challenging the "Jellyfish Fight Aging" and other marketing statements as the Federal Rules of Civil Procedure require, Quincy will respond accordingly on summary judgment.

With respect to Plaintiffs' responses to Quincy's RFAs, Quincy wholeheartedly disagrees with Plaintiffs' cavalier dismissal of their non-compliance with Rule 36 as "trivial" or "petty." Despite engaging in a time consuming meet-and-confer process, Plaintiffs steadfastly refused to provide adequate responses and only now—after Quincy was required to involve the Court—have Plaintiffs served amended responses that simply "cut and paste" responses to other RFAs. (Attached hereto as Exhibit A). Plaintiffs should have tailored their responses to each RFA in the first instance instead of now "copying and paste[ing]" non-responsive answers to other RFAs.

For these reasons and as set forth in Quincy's Letter, Quincy respectfully requests that this Court compel Plaintiffs to provide complete and substantive responses to the Interrogatories discussed in Quincy's Letter within ten (10) days and, if necessary, extend the time for Quincy to conduct the 30(b)(6) deposition of Plaintiffs so that Quincy has fulsome and substantive responses at least five (5) business days prior to the depositions. In the alternative, Quincy requests a pre-motion conference regarding its request.

November 24, 2020

Respectfully submitted,

*/s/ Geoffrey W. Castello*

Geoffrey W. Castello