UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION, ET AL.,

                              Plaintiffs,

            - against -

QUINCY BIOSCIENCE HOLDING CO., INC.,
ET AL.,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/3/2020

17 Civ. 124 (LLS)

**ORDER**

        Plaintiffs seek a protective order prohibiting defendants

from taking the proposed 30(b)(6) depositions of the Attorney

General of the State of New York ("NYAG") and the Federal Trade

Commission ("FTC"). Defendants oppose plaintiffs' motions and

counter with their own request (Dkt. No. 143) for an Order

requiring plaintiffs to supplement their Interrogatory responses

and Requests for Admission ("RFAs").

        The parties' requests are resolved as follows:

1. **30(b)(6) "Contention Topics" and "Communication Topics"**

        Topics 6-15 and Topics 4-11, 13 in the list of Noticed

Deposition Topics served on the NYAG (Ex. 1, Dkt. No. 135-1,

"NYAG Topics") and the FTC (Ex. A, Dkt. No. 134-1, "FTC

Topics"), respectively, seek to obtain testimony from trial

counsel on "each and every fact that supports, contradicts

or otherwise relates to the allegations contained in"

various paragraphs of the Complaint. These topics are

overbroad and impermissibly attempt to invade upon

information protected by the attorney work-product

-1-

privilege. See SEC v. Morelli, 143 F.R.D. 42, 47 (S.D.N.Y. 1992).

NYAG Topics 16-28 and 33-35 seek testimony on "All communications, whether written or oral, between the NYAG" and various third parties. These topics are similarly overbroad and would "involve questions of attorney work product since they would reflect [the attorney's] areas of interrogation, mental impressions, and opinions concerning credibility." S.E.C. v. Rosenfeld, No. 97 CIV. 1467 (RPP), 1997 WL 576021, at *3 (S.D.N.Y. Sept. 16, 1997). FTC Topics 14 and 31 (the "Premature Expert Discovery" topics) must be protected for the same reasons, even if the expert was not retained.

Further, both the NYAG and the FTC stated that all relevant, non-privileged communications, "essentially its entire investigative file", are already in defendants' possession. See FTC's Letter at 2, 3; Soberats Decl. ¶3; NYAG's Letter at 2, 3. Accordingly, any information attested to on those Topics would likely be duplicative of information already produced and therefore would only be used to reveal trial counsel's strategy, not the facts. See Morelli, 143 F.R.D. at 47 ("Given plaintiff's sworn, uncontroverted statement that all relevant, non-privileged evidence has been disclosed to the defendants, the Court is drawn inexorably to the conclusion that [defendant]'s Notice

-2-

of Deposition is intended to ascertain how the SEC intends
to marshall the facts, documents and testimony in its
possession, and to discover the inferences that plaintiff
believes properly can be drawn from the evidence it has
accumulated.").

To the extent there exist non-privileged documents
responsive to defendants' document requests which have yet
to be produced, plaintiffs shall promptly produce them, as
they've agreed to do. See Soberats Decl. ¶ 4; Matuschak
Decl. ¶ 4. Additionally, as proposed by plaintiff in Exhibit
B to the Costello Declaration, the NYAG shall provide
"narrative response[s]" describing the communications
requested in Topics 19, 23, 25-27.

## 2. **Remaining Proposed 30(b)(6) Deposition Topics**

First, like the Topics addressed above, NYAG Topics 5
and 31 constitute an impermissible attempt by defendants to
inquire into the mental processes and strategies of the
NYAG.

Next, the response to FTC Topic 30 has been partially
satisfied by the FTC's response to Interrogatory No. 1, in
which the FTC identified fifteen former and current
employees "likely to possess information relating to the
Subject Matter of this Action." Soberats Decl. ¶¶ 5-6. To
the extent additional employees' files were searched for
potentially relevant information, the FTC shall identify

-3-

these employees in a supplemental written response and shall also describe "the procedures it uses to organize, store, and preserve documents and communications." The NYAG shall do the same in satisfaction of NYAG Topic 32.

Finally, Defendants and the FTC recently reached a compromise whereby defendants propounded an interrogatory in lieu of three 30(b)(6) topics previously noticed. See Soberats Decl. ¶¶ 9-10. The FTC states that its forthcoming response will also "provide much of the information Defendants seek in Topic 28." Id. Defendants may take the same approach with the NYAG in lieu of NYAG Topics 1, 2-4 and 29-30.

Accordingly, plaintiffs' motion for a protective order, barring the Rule 30(b)(6) depositions of the NYAG and the FTC, is granted. If the supplemental written responses required by this Order prove inadequate, defendants may reopen their request for supplementary 30(b)(6) deposition topics.

3. **Defendants' Request for Supplemental Discovery Responses**

Plaintiffs already amended their RFAs, and therefore there is no need for the Court to address that issue.

In Interrogatories 3-6 and 10, defendants ask plaintiffs to identify "*each* label, package, packaging insert, point-of-sale display, advertisement, television commercial, marketing material, and/or promotional material concerning

Prevagen","*each* Product Descriptor, marketing statement, advertising statement, and/or claim You contend Defendants made relating to Prevagen" that plaintiffs are challenging as false, misleading and/or unsubstantiated, and "*all* documents" that support their allegations. See Graham Decl. Ex. A. (emphasis added). In response, plaintiffs state they are challenging "any representations made by Defendants, whether directly or indirectly, expressly or by implication," or through their "net impression", that convey Prevagen improves memory or provides a list of other cognitive benefits. Id. Ex. A at 5, 6, 8, 10. Plaintiffs also respond, "Defendants' claims of memory and cognitive benefits for the Prevagen Products are clearly stated across *all* advertising and marketing . . .". Id. Ex. A at 10. (emphasis added).

Defendants' requests seek relevant information that plaintiffs have necessarily obtained and consolidated over the course of their investigation. However, at trial, it is unlikely that plaintiffs will present *all* the requested materials individually to the jury, but instead will compress the essential documents into a sampling, which the Federal Rules of Evidence authorize. See Fed.R.Ev. 1006. ("The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court.

-5-

The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place.").

In this case, where it seems clear that the advertisements and marketing materials cannot all be conveniently examined in court, a sampling of such materials, designed to be fair and representative, is the most practical and least burdensome mechanism of proof. Plaintiffs shall deliver that sample to defendants in supplementation of their Interrogatory responses.

Plaintiffs claim of prematurity is overruled. The purpose of discovery is to "allow for a broad search for facts . . . which may aid a party in the preparing or presentation of his case." Local Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Const., 88 F. Supp. 3d 250, 270 (S.D.N.Y. 2015)(citing Fed.R.Civ.P. 26(b) Advisory Committee Note [1946 Amendment] at Subdivision (b)). No disservice will be done here by requiring plaintiffs to provide the information at this time, as plaintiffs will be allowed to amend their sampling in good faith prior to trial.

So ordered.

Dated:   New York, New York
         December 3, 2020

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.