

United States of America
FEDERAL TRADE COMMISSION
Washington, DC 20580

Division of Advertising Practices
Annette Soberats
202-326-2921; ASoberats@ftc.gov

December 11, 2020

Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:   *FTC et al. v. Quincy Bioscience Holding Co., Inc., et al.*, 17-CV-00124-LLS

Dear Judge Stanton:

Plaintiff, the Federal Trade Commission ("FTC"), respectfully opposes Defendants' attempt to disturb this Court's December 3, 2020 Order ("Order"). (ECF No. 148). Defendants ignore the plain language of the Order "barring the 30(b)(6) depositions of the NYAG and the FTC" and ask the Court to compel testimony on topics that the Court ruled were improper attempts to obtain privileged information. The FTC believes that the Court understandably applied the same legal analysis in ruling that Defendants were barred from deposing both agencies. The two notices set out essentially identical topics. If the topics are improper for one law enforcement agency, they are improper for both. To require the FTC to produce a witness with respect to topics from which the NYAG was exempted effectively penalizes the FTC for trying to reach a compromise with Defendants. Despite its negotiations over certain topics, the FTC has never wavered from its position that the deposition is improper, *in its entirety*. The FTC asks that the Court confirm its ruling that the FTC need not produce a 30(b)(6) witness as to any topic.

The FTC believes that the Court agreed with its position, expressed in the FTC's letter-motion (ECF No. 134) ("FTC's Letter"), that despite offering a witness as a compromise, "none of the noticed topics are appropriate for a 30(b)(6) deposition of a law enforcement agency." Nothing in the Order suggests that the Court intended to treat the FTC and NYAG differently or to penalize the FTC for making concessions during meet and confers in an attempt to move the case forward and limit the burden on the Court. Defendants disregard the fact that this Court's Order did not direct the FTC to produce a Rule 30(b)(6) witness on *any* topic. Instead, they insist that the FTC produce a witness on topics that this Court ruled are overbroad, would reveal trial counsel's strategy, and would "involve questions of attorney work product since they would reflect [the attorney's] areas of interrogation, mental impressions, and opinions concerning credibility." *SEC v. Rosenfeld*, No. 97 CIV. 1467 (RPP), 1997 WL 576021, at *3 (S.D.N.Y. Sept. 16, 1997); *see SEC v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992). The FTC does not believe that the Court would order it to provide testimony on topics after finding them improper.

The Court should also deny Defendants' request to compel the FTC to provide an unduly burdensome and entirely irrelevant list of every employee who has ever met or communicated

with manufacturers or sellers of other brain health, memory, or cognitive supplements, or their counsel, consultants, or agents. Defendants' demand is not proportional to the needs of this case and risks implicating the prohibited disclosure of non-public information.

**The Court Should Reaffirm Its Order**. Defendants persist in seeking testimony on the FTC's communications with various third parties ("Communication Topics") notwithstanding the Court's clear ruling that information sought by topics of this nature must be protected. In prohibiting testimony on these Communication Topics, the Court considered case precedent, as well as statements in the FTC's Letter and declaration that "all relevant, non-privileged communications, 'essentially its entire investigative file' are already in defendants' possession." (Order at 2; FTC's Letter at 2; Declaration of Annette Soberats ¶ 4) (ECF 140) ("Soberats Decl."). The Court correctly reasoned that "any information attested to on those Topics would likely be duplicative of information already produced and therefore would only be used to reveal trial counsel's strategy, not the facts." (Order at 2) (citing *SEC v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992)).

The FTC disagrees with Defendants' conjecture that the Court did not direct the FTC to provide narrative responses on a subset of the Communication Topics because the Court understood that the FTC would produce a witness on those topics. In fact, the Court did not direct the FTC to provide narrative responses based on the FTC's representations that all non-privileged documents had been produced. The Court ruled that "[t]o the extent there exist non-privileged documents responsive to defendants' document requests which have yet to be produced, plaintiffs shall promptly produce them, as they've agreed to do" per the FTC's Declaration. (Order at 3; Soberats Decl. ¶ 4). The documents the FTC produced, many of which were identified by bates number in the FTC's responses to similarly-worded interrogatories, speak for themselves.

The Court should similarly reaffirm that it is barring testimony on the remaining topics upon which Defendants seek the FTC's testimony. Pursuant to the Order, the FTC is compiling a list of FTC employees whose documents were searched and a written description of the procedures the agency uses to organize, store, and preserve documents and communications. Other information concerning the FTC's investigation involves non-public information, the disclosure of which is prohibited by statute and various privileges. *See, e.g.*, 15 U.S.C. §46(f) and §57b-2(c) and (f). The FTC has already explained in its written interrogatory responses and during meet and confers how it will calculate monetary relief. Finally, notwithstanding attorney work product objections, FTC counsel has advised Defendants that it has not conducted any consumer surveys or other consumer perception research.

**The Court Should Deny Defendants' Request to Compel the FTC to Provide an Oppressive List That is Neither Proportional to the Needs of this Case Nor Reflects the Parties' Compromise**. Defendants demand that the FTC identify every employee who has, in any context, met or communicated with manufacturers or sellers of brain health, memory, or cognitive supplements, their counsel, consultants, or agents. The FTC has consistently objected to Defendants' attempts to force such an oppressive exercise, and to date, Defendants have failed to articulate why this information is relevant to the products and ingredients at issue in this case. Fed. R. Civ. P. 26(b)(1). In any event, the public filings of the FTC's prior cases, which the FTC

identified in its written response to Defendants' Interrogatory No. 26, reveal the names of the attorneys who prosecuted each case.  Any communications FTC staff had with manufacturers or sellers of other brain health supplements during investigations would be non-public.  *See, e.g.*, 15 U.S.C. §46(f) and §57b-2(c) and (f).

      For these reasons, the FTC respectfully requests that the Court affirm its order "barring the 30(b)(6) deposition[]" of the FTC and deny Defendants' request for leave to file a motion for reconsideration.  The Court should also deny Defendants' request to compel a supplemental interrogatory response that is entirely irrelevant, unduly burdensome, and implicates disclosure of non-public information.

                                                                Respectfully,

                                                                /s/ *Annette Soberats*
                                                                Annette Soberats

cc: All counsel of record (via ECF)