UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION and<br><br>THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,<br><br>Plaintiffs,<br><br>v.<br><br>QUINCY BIOSCIENCE HOLDING COMPANY, INC., a corporation;<br><br>QUINCY BIOSCIENCE, LLC, a limited liability company;<br><br>PREVAGEN, INC., a corporation d/b/a/ SUGAR RIVER SUPPLEMENTS;<br><br>QUINCY BIOSCIENCE MANUFACTURING, LLC, a limited liability company; and<br><br>MARK UNDERWOOD, individually and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, and PREVAGEN, INC.,<br><br>Defendants. | Case No. 1:17-cv-00124-LLS<br><br>**PLAINTIFFS' BRIEF IN OPPOSITION TO A JURY TRIAL** |

Plaintiffs the Federal Trade Commission ("FTC") and the People of the State of New York by Letitia James, Attorney General of the State of New York ("NYAG") (collectively, "Plaintiffs"), pursuant to the Court's direction at the December 14, 2020 status conference, respectfully submit this brief on the issue of whether this case should be tried to a jury. Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen Inc., Quincy Bioscience Manufacturing, LLC, and Mark Underwood (collectively, "Defendants") are not entitled to a jury trial in this case. As an initial matter, Defendants waived any right to a jury trial by failing to make a demand for such a trial, as required by Federal Rule of Civil Procedure 38. Indeed, it was not until the December 14, 2020 status conference that Plaintiffs learned that

Defendants intended to seek a jury trial that they have yet to formally demand, even to this day. As a result, Plaintiffs had no notice that they needed to move to strike a demand, and they conducted the entirety of their fact discovery under the reasonable belief that the case would be heard by the Court.  Defendants' failure to assert a demand prejudiced Plaintiffs by preventing them from moving to strike before commencing discovery and, in the event of an adverse ruling, developing their case for a jury.  Moreover, even if Defendants were able to overcome their failure to request a jury trial, such a trial is not available in this action for equitable relief.  Accordingly, Plaintiffs ask the Court to find that this case will be a bench trial.

I. **DEFENDANTS HAVE WAIVED ANY RIGHT TO A JURY TRIAL**

Federal Rule of Civil Procedure 38 provides that a party may demand a jury trial by "serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). "'[T]he last pleading directed to' an issue is not the pleading that raises the issue, it is the pleading that contests the issue.  Normally, that pleading is an answer, or, with respect to a counterclaim, a reply." *McCarthy v. Bronson*, 906 F.2d 835, 840 (2d Cir. 1990).  The written demand must be served and filed with the Court in accordance with Federal Rule of Civil Procedure 5(d). Fed. R. Civ. P. 38(b)(2).  Compliance with Rule 38 requires "a clearly worded 'demand' for a jury trial so as to provide opposing parties and the court with adequate and definitive notice." *Walker v. Edison Chouest Offshore, LLC*, No. 04 Civ. 2954(MBM), 2006 WL 2212464, at *2 (S.D.N.Y. Aug. 3, 2006).  "The plain meaning of the word demand … is an insistent and peremptory request, made as of right." *Id.*

A party waives its right to a jury trial if it fails to serve and file a request.  *See* Fed. R. Civ. P. 38(d); *see also Lanza v. Drexel & Co.*, 479 F.2d 1277, 1310 (2d Cir. 1973) ("Under Rule

2

38(d), the failure to demand a jury trial within the period designated by Rule 38(b) constitutes a waiver of that right as to all issues raised in the complaint."); *United States v. U.S. Currency in the Sum of Ninety Seven Thousand Two Hundred Fifty-Three Dollars*, No. 95-CV-3982 JG, 1999 WL 84122, at *3 (E.D.N.Y. Feb. 11, 1999) ("If a party fails to serve and file a jury demand as required by Rule 38(d), that party has waived the right to trial by jury."). A waiver "by failure to make a timely demand is complete even though it was inadvertent and unintended and regardless of the explanation or cause." *Washington v. New York City Bd. of Estimate*, 709 F.2d 792, 797 (2d Cir. 1983) (quotation omitted).

No defendant in this case ever made a jury demand, either in an answer or in any other filing. The only written reference to a jury trial was a single sentence in a 14 page joint report and proposed scheduling order stating that "Defendants submit they are entitled to a jury trial." Joint Report Pursuant to Fed. R. Civ. P. 26(f) and [Proposed] Order (so Ordered May 28, 2019) (Dkt. No. 59) at 13. A statement of belief about entitlement, however, is not a "demand" sufficient to put Plaintiffs on notice that they needed to go to Court on the issue. *See Walker*, 2006 WL 2212464, at *2. Rule 38 requires that a jury trial demand be (1) in writing and (2) served and filed in accordance with FRCP 5(d) to ensure that the receiving party has clear notice of the issue and is not unfairly surprised. *See Rosen v. Dick*, 639 F.2d 82, 87-88 (2d Cir. 1980). Defendants' statement in the joint report at most indicated their intent to serve and file a demand in the future, which is insufficient under the law. *See Walker*, 2006 WL 2212464, at *2 ("[A] demand, as used generally and in Rule 38(b), is a definitive statement and not a reservation of rights for a later time."). When Defendants filed their answers *over two months after* the joint report, they did not include a jury demand among the multiple affirmative defenses they asserted. Plaintiffs, therefore, reasonably believed that the matter would proceed as a bench trial. Indeed,

3

Plaintiffs did not learn that Defendants intended to seek a jury trial, which they still have yet to formally demand, until the December 14, 2020 status conference—well over a year after Defendants filed their answers. Had Defendants complied with Rule 38, Plaintiffs would have moved to strike their demand, just as they moved to strike certain affirmative defenses from Defendants' answers.[1] Plaintiffs did not do so, simply because there was no jury demand to strike.

Furthermore, Defendants' failure to serve and file a demand prejudiced Plaintiffs by depriving them of the opportunity to make different strategic decisions in the development of their case. Plaintiffs, for instance, might have conducted additional depositions of Defendants and third parties; hired different experts; sought additional written discovery; and/or collected more or different documentary evidence had Defendants prevailed on a pre-discovery motion to strike. The Court should not allow Defendants to resurrect the jury trial issue at this late hour, almost a year and a half after the deadline and after Plaintiffs have completed their fact discovery. Plaintiffs therefore respectfully request that the Court find that Defendants waived any right they had to a jury trial.

## II.   THERE IS NO RIGHT TO A JURY TRIAL IN ACTIONS SEEKING EQUITABLE RELIEF UNDER SECTION 13(b) OF THE FTC ACT

A party is entitled to a jury trial only when either the statute under which the suit is brought or the Seventh Amendment to the Constitution confers such a right. *See Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564–65 (1990). *See also* Fed. R. Civ. P. 38(a). Nothing in the FTC Act provides for a right to a jury trial, and the Supreme Court has held that the Seventh Amendment does not confer such a right in cases seeking equitable

---

[1] The FTC routinely, and successfully, moves to strike defendants' jury trial demands. *See* cases cited *infra* at 5-6.

relief. *Chauffeurs*, 494 U.S. at 564-565. The relief the FTC seeks in its actions under Section 13(b) of the FTC Act is equitable in nature, and, indeed, that is the only relief available to it in such a case. *See FTC v. Bronson Partners, LLC*, 654 F.3d 359, 372 (2d Cir. 2011) (monetary relief that FTC seeks in a Section 13(b) case is "the equitable remedy of disgorgement"); *FTC v. Verity Intern., Ltd.*, 443 F.3d 48, 67 (2d Cir. 2006) ("only equitable" remedies available in case under Section 13(b)); *FTC v. Think All Publ'g L.L.C.*, 564 F. Supp. 2d at 663, 665 (E.D. Tex. 2008) (holding in a case under Section 13(b) that "[e]quitable relief is the only type of relief sought by, and indeed, available to, the FTC in this dispute"). Accordingly, there is no right to a jury trial in a case under Section 13(b) of the FTC Act. *See Verity*, 443 F.3d at 67 ("The fact that only an equitable remedy is available eviscerates the defendants-appellants' contention that the Seventh Amendment confers a right to a jury trial" in a Section 13(b) case); *FTC v. Liberty Supply Co.*, Case No. 4:15-CV-829, 2016 WL 4063797, at *2 (E.D. Tex. July 29, 2016) ("Federal courts … 'have unanimously held that the Seventh Amendment does not provide a right to a trial by jury in actions brought under Section 13(b).'") (quoting *Think All Publ'g L.L.C.*, 564 F. Supp. 2d at 663). Courts therefore routinely strike jury demands in FTC actions seeking equitable relief. *See, e.g.*, *FTC v. Bronson Partners, LLC*, No. 3:04CV1866(SRU), 2006 WL 197357, at *4-5 (D. Conn. Jan. 25, 2006) (rejecting defendants' argument that they were entitled to a jury trial because "'money is money.' *i.e.*, because of the possibility of monetary relief, the remedies sought cannot be purely equitable"); *FTC v. Adept Mgmt, Inc.*, No. 1:16-cv-00720, 2017 WL 1055959, at *2 (D. Or. Mar. 20, 2017); *FTC v. Lights of Am., Inc.*, No. SACV-01333 JVS (MLGx), 2011 WL 13308569, at *2-3 (C.D. Cal. Apr. 29, 2011); *FTC v. First Universal Lending, LLC*, No. 09-82322-CIV, 2011 WL 688744, at *3 (S.D. Fla. Feb. 18, 2011) (citing "[a] wealth of … case law recognizing that the Seventh Amendment does not confer a

5

right to jury trial in lawsuits brought under Section 13(b) of the Federal Trade Commission Act"); *Think All Publ'g L.L.C.*, 564 F. Supp. 2d at 665 (granting FTC's motion to strike jury demand, stating: "That the Defendants may ultimately be liable in terms of money does not convert the matter into a suit at law.").

The Court thus should find that Defendants have no right to a jury trial in this case, where the FTC seeks only equitable relief under Section 13(b) of the FTC Act.

### III.  DEFENDANTS DO NOT HAVE A RIGHT TO A JURY TRIAL UNDER THE NEW YORK STATUTES AT ISSUE

Nor can the NYAG's claims support Defendants' demand for a jury trial. The NYAG's claims and the relief sought are equitable in nature. The NYAG alleges causes of action for fraudulent and illegal conduct in violation of New York Executive Law § 63(12), deceptive business practices in violation of New York General Business Law ("GBL") §349, and false advertising in violation of GBL § 350. The NYAG seeks injunctive relief, disgorgement of all profits obtained from Defendants' fraudulent and illegal conduct, restitution, penalties, and costs. The statutory scheme under which the NYAG has brought this action is equitable in nature, and no right to a jury trial exists.

Executive Law § 63(12) empowers the Attorney General to bring an action for injunctive relief, restitution, damages, and costs where any person or business has engaged in repeated or persistent fraudulent or illegal conduct.[2] GBL § 349 similarly authorizes the Attorney General to bring an action "to enjoin [deceptive] acts or practices and to obtain restitution of any moneys or property obtained directly or indirectly by any such unlawful acts or practices." GBL § 350-d authorizes the Court to impose civil penalties of up to $5,000 for each violation of the GBL.

---

[2] Although the NYAG is entitled to seek damages, it has not sought them here.

6

Moreover, both Executive Law § 63(12) and GBL § 349 vest the court with broad equitable powers to redress fraudulent and illegal conduct. Remedial orders pursuant to both statutes are to be broadly fashioned. *State v. Princess Prestige Co.*, 42 N.Y.2d 104, 108 (N.Y. 1977) (applications for remedial relief under Executive Law § 63(12) are "addressed to the sound discretion of the court"); *State v. Gen. Elec.*, 302 A.D.2d 314, 314 (N.Y. App. Div. 2003); *State v. Maiorano*, 189 A.D.2d 766, 767 (N.Y. App. Div. 1993).

Consistent with the underlying causes of action, the injunctive relief sought by the NYAG consists of equitable remedies. *See, e.g.*, *People v. Tellier*, 7 Misc. 2d 43, 54 (Sup. Ct. N.Y. Cnty. 1956) (injunctive relief under the Martin Act, on which Executive Law § 63(12) was modeled, is "essentially equitable in character").

The power to award restitution also lies within the equitable jurisdiction of the Court. Restitution is an equitable remedy intended solely to restore the *status quo ante*. Restitution is directed at "restoring the status quo and ordering the return of that which rightfully belongs to the purchaser . . . ." *Porter v. Warner Holding Co.*, 328 U.S. 395, 402 (1946); *see also MVMA v. State*, 75 N.Y.2d 175,182 (N.Y. 1990) (describing restitution as "equitable in nature").

Disgorgement has also long been recognized as an equitable remedy, distinct from restitution. *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 125-26 (N.Y. 2008) (quoting *SEC v. Fischbach Corp.*, 133 F.3d 170, 175 (2d Cir.1997) ("As an exercise of its equity powers, the court may order wrongdoers to disgorge their fraudulently obtained profits.")).

Civil penalties, in the context of state consumer protection statutes, are part and parcel of the equitable case and therefore sound in equity as well. Consequently, there is no right to a jury trial in actions for civil penalties and other relief under the statutes at issue in this case or state consumer protection statutes in general. *See People v. First Am. Corp.*, 2011 N.Y. Slip. Op.

33061(U), 2011 WL 6002680 (Sup. Ct. N.Y. Cnty. Nov. 18, 2011) (concluding no right to jury trial in action seeking injunction, restitution, disgorgement, and penalties under New York Executive Law § 63(12) and GBL § 349).  Courts construing comparable state consumer protection and deceptive practices acts have concluded that statutory civil penalties under such laws are incidental to the equitable and remedial nature of such statutes and do not entitle a defendant in such an action to a jury trial.  As the U.S. District Court for the District of Nebraska stated in rejecting a claim that the defendant was entitled to a jury trial for state law claims under Nebraska's consumer protection act:

> [W]hile the act permits the recovery of an attorney fee, restoration of the purchase price, and the imposition of civil penalties, its principal thrust is to prevent unfair or deceptive acts or practices in trade or commerce. Consequently, the act is equitable in nature, in the sense that it seeks to prevent prejudicial conduct rather than merely compensate such damage as may flow therefrom. Accordingly, plaintiffs are not entitled to a jury trial on their state law claim and that matter will be tried to the court.

*Hage v. Gen. Serv. Bureau*, 306 F. Supp. 2d 883, 890 (D. Neb. 2003) (citing *State ex rel. Douglas v. Schroeder*, 384 N.W.2d 626, 629 (Neb.1986)).  Courts do not differentiate civil penalties under state consumer protection statutes from other equitable relief but rather treat civil penalties as part of the statutory remedial scheme and incidental to injunctive relief, restitution, and other equitable remedies.  *See, e.g.*, *State ex rel. Dep't of Ecology v. Anderson,* 620 P.2d 76, 77-78 (Wash. 1980) (no right to jury trial in consumer protection actions brought by attorney general for an injunction, restitution, and civil penalties); *State v. Alpine Prods.*, 490 N.W.2d 888, 891, 895 (Minn. Ct. App. 1992) (state action seeking injunctive relief, restitution, and civil penalties under state's consumer protection and antitrust statutes was "entirely equitable" and thus no right to a jury trial); *State v. State Credit Ass'n,* 657 P.2d 327, 330 (Wash. Ct. App. 1983) *rev'd on other grounds*, 689 P.2d 403 (Wash. 1984) ("The relief available in a consumer

protection action brought by the State is entirely equitable . . . and civil penalties are available once the court's equity jurisdiction is otherwise invoked."). This Court should, consistent with the various courts that have addressed state consumer protection laws in this context, conclude that a civil penalty that is built into a state's equitable statutory consumer protection scheme does not entitle Defendants to trial by jury.

## IV. CONCLUSION

For the above reasons, Plaintiffs ask this Court to find that Defendants are not entitled to a jury trial in this action.

Dated: February 3, 2021

| FEDERAL TRADE COMMISSION | PEOPLE OF THE STATE OF NEW YORK BY LETITIA JAMES |
|---|---|
| */s/ Edward Glennon*<br>MICHELLE RUSK<br>ANNETTE SOBERATS<br>EDWARD GLENNON<br>Federal Trade Commission<br>600 Pennsylvania Avenue, NW<br>Washington, D.C. 20850<br>202-326-3148, mrusk@ftc.gov<br>202-326-2921, asoberats@ftc.gov<br>202-326-3126, eglennon@ftc.gov<br>202-326-3259 (facsimile)<br><br>*Attorneys for Plaintiff*<br>*FEDERAL TRADE COMMISSION* | LETITIA JAMES<br>Attorney General of the State of New York<br><br>By: */s/ Kate Matuschak*<br>JANE M. AZIA<br>Bureau Chief<br>KATE MATUSCHAK<br>Assistant Attorney General<br>STEPHEN MINDELL<br>Special Assistant Attorney General<br>Consumer Frauds and Protection Bureau<br>28 Liberty Street<br>New York, NY 10005<br>Tel: (212) 416-6189; Fax: (212) 416-6003<br>Email: kate.matuschak@ag.ny.gov |