# Exhibit C

KCEPFTCC

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   FEDERAL TRADE COMMISSION,
     PEOPLE OF THE STATE OF NEW YORK,
 4
                  Plaintiffs,
 5
              v.                           17 CV 0124 (LLS)
 6                                         Telephone Conference
     QUINCY BIOSCIENCE HOLDING
 7   COMPANY, INC., ET AL.,

 8                Defendants.

 9   ------------------------------x
                                           New York, N.Y.
10                                         December 14, 2020
                                           2:03 p.m.
11
     Before:
12
                       HON. LOUIS L. STANTON,
13
                                           District Judge
14
                  APPEARANCES VIA TELECONFERENCE
15
     FEDERAL TRADE COMMISSION
16        Attorneys for Plaintiff FTC
     BY:  ANNETTE SOBERATS
17        MICHELLE K. RUSK

18   NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL
          Attorneys for Plaintiff State of New York
19   BY:  KATHRYN A. MATUSCHAK

20   KELLEY DRYE & WARREN LLP
          Attorneys for Defendants
21   BY:  GEOFFREY W. CASTELLO, III
                 AND
22   COZEN O'CONNOR
          Attorneys for Defendants
23   BY:  MICHAEL B. deLEEUW

24

25
```

1      MS. SOBERATS: Yes. Your Honor, thank you for
2 allowing me to respond. I just wanted to clarify that the FTC
3 has responded in writing to defendants' interrogatory asking us
4 to identify, for the past ten years, other actions that we have
5 brought against dietary supplement companies that have marketed
6 products for memory or improved cognition. And one of the
7 outstanding requests that they have is to question us on
8 identifying every FTC employee who has ever communicated --
9      THE COURT: I'm not going to entertain that kind of
10 question. It falls by its own weight. There's not a judge
11 sitting in this court who wouldn't say that isn't too broad
12 and, of course, it's vacated as too broad.
13     MS. SOBERATS: Thank you, your Honor. I also would
14 like to clarify, there have been multiple references to a jury
15 trial. It is plaintiff's view that this is a case in equity
16 and that, on that basis, it should proceed as a bench trial,
17 your Honor.
18     THE COURT: I'm not sure I understood what you were
19 saying. I'm actually sure I didn't understand what you were
20 saying.
21     MS. SOBERATS: Oh, I'm sorry. I'll try to be clearer.
22 There have been several references during this status
23 conference to a jury, and it is plaintiff's view that the trial
24 should be a bench trial.
25     THE COURT: Oh, but are you seeking only injunctive

1    relief?

2         MS. SOBERATS:  We are seeking injunctive relief and
3    ancillary equitable monetary relief.

4         THE COURT:  What's the equitable extra relief?

5         MS. SOBERATS:  We are seeking redress in the form of
6    consumer refunds, and if that is not feasible, your Honor, we
7    would be seeking disgorgement.

8         THE COURT:  Well, you see, there you're edging, I
9    think, out of equity.  I understand, I do, that it's a
10   descendent of equity, but when you get down to dollars and
11   cents and the payment from one to another, you're pretty close
12   to a law situation.  That's why I've been considering it as a
13   jury trial throughout.  I do recognize, of course, that the
14   main relief is the injunction, but the damages in these cases
15   is a non-trivial.

16        MS. SOBERATS:  And, your Honor, courts have routinely
17   rejected jury demands in FTC cases, and we believe that the law
18   in the Second Circuit is clear that the type of relief we're
19   seeking is equitable in nature.

20        And we also believe that the defendants have waived
21   their right to a jury trial.  They filed their answer over a
22   year ago, and they did not raise a jury trial in their answer
23   or 14 days later, as would have been required under rule 38.

24        But regardless, your Honor, we think that the law is
25   very clear in the Second Circuit that the type of relief that

plaintiffs are seeking is equitable in nature and, therefore, this case should proceed as a bench trial.

THE COURT: What do you think about that, Mr. Castello?

MR. CASTELLO: Yes, your Honor. Castello for the corporate defendants.

A couple of issues there, your Honor. We have, and I believe your Honor in the order that was issued on -- I'm sorry, I'm just going to grab the date here; it's document 148 -- on December 3rd did reference a jury trial.

In our case management order and at the conference, your Honor, we did raise the issue of a jury trial. And I would also note that NYAG is seeking relief under the GBL and has demanded a relief in the form of civil penalties, and that is not an equitable matter, your Honor.

And I would disagree with Ms. Soberats' and the FTC's position that disgorgement or restitution are strictly equitable. I believe that, as your Honor mentioned, it teeters on the edge of law and equity. And with the amount of money at issue here, I believe that it is a proper issue to put before a juror.

MS. MATUSCHAK: Your Honor, this is Kate Matuschak for the Attorney General, if I could be permitted to respond?

THE COURT: Sure.

MS. MATUSCHAK: Thank you, your Honor. We agree with

the FTC's position that it's quite clear that there's been a waiver of the jury trial demand here.

In addition, yes, we are also seeking restitution and disgorgement, both of which sound in equity, and this case is also seeking injunctive relief; so this case is really equitable in nature.

It is true that we are also seeking penalties under GBL section 350(d), but that portion of the relief we were seeking is ancillary to this action, which really does sound in equity.

So if the Court is inclined to disagree on that, we would respectfully request the opportunity to brief the Court so that we could show the Court the case law that we have that supports our position that this case is not one in which the defendants are entitled to a jury trial.

THE COURT: I think it's an interesting question, and I'm certainly not going to rule this afternoon from the hip. I do think you should brief it, and we should all have a chance to think about it. Frankly, I've simply formed the impression that I described to you earlier, that it was a jury case, but if it's really an issue, it's an issue that's important and should be briefed briefly and thoughtfully and to the point and decided promptly. You're free to do that.

The defendant says they already made a jury demand at a conference, and I think you have to take that seriously in

your waiver argument.  But I don't remember the date of the conference or the relationship to the pleading under rule 30(a), but it's an important point and I would want to think about it.

It makes a big difference to the trial and may make a difference to the outcome because the jury doesn't have to explain their reasoning.  My mind has been a great deal opened on it by what the FTC has said, but as you know, and is in almost every court a kind of a bias towards a jury and if there's any really serious reasons supporting it.  And on that, I'm drawing a blank because this is the first time I've heard it.

MS. MATUSCHAK:  This is Kate Matuschak from the New York Attorney General again.  Thank you, your Honor.  I really appreciate your willingness to consider the issue, and we would be happy to brief it for the Court.

THE COURT:  Is there anything else we should deal with now?

MS. MATUSCHAK:  Your Honor, this is Kate Matuschak again from the New York Attorney General's Office.

I just wanted to flag for the Court that we may or may not be coming to the Court with respect to an issue of fact discovery because defendants have not given us a definitive answer on whether they will give us discovery essential for us to determine our financial relief that we would request.