# EXHIBIT D

```
                                                              Page 1
 1              UNITED STATES DISTRICT COURT

 2              SOUTHERN DISTRICT OF NEW YORK

 3

 4   _____
                                    )
 5   FEDERAL TRADE COMMISSION       )
     and THE PEOPLE OF THE STATE    )
 6   OF NEW YORK, by LETITIA        )
     JAMES, Attorney General of     )   Case Number:
 7   the State of New York,         )
                                    )   1:17-cv-00124-LLS
 8          Plaintiffs,             )
                                    )
 9   vs.                            )
                                    )
10   QUINCY BIOSCIENCE HOLDING      )
     COMPANY, INC., a               )
11   corporation, et al.            )
                                    )
12          Defendants.             )
     _____)
13

14

15            DEPOSITION OF ROSEMARY ROSSO

16              As 30(b)(6) Designee of

17            FEDERAL TRADE COMMISSION

18               (Via videoconference)

19                 January 29, 2021

20

21

22

23

24   Reported by:  John L. Harmonson, RPR

25   Job No. 188886
```

1            R. ROSSO

2       A.    The FTC would make a calculation as to
3   what the injuries to consumers is, which is the
4   net sales, as I discussed.
5       Q.    So it would make the same calculation
6   with respect to each of the different categories
7   of relief identified in the prayer for relief in
8   the FTC's complaint?
9       A.    The primary remedy is redress to
10  consumers.  And so the injury calculation is the
11  calculation of gross sales minus refunds.
12      Q.    Okay.  You keep categorizing the
13  primary relief as redress to consumers.  But the
14  FTC's complaint delineates various categories of
15  relief.  And so what I'm trying to understand is
16  if there is any difference between those
17  categories of relief identified in the complaint.
18      A.    And the reason why I keep going back
19  is because the way that the prayer for relief is
20  written and what it says is that the relief is
21  the relief that the court finds necessary to
22  redress injuries to consumers, which is the core
23  equitable remedy.  And then it mentions
24  additional things.
25            So the starting point for any monetary

1                    R. ROSSO

2    remedy is the net sales of the Prevagen products

3    at issue in the litigation.

4         Q.   But as you say, the complaint does

5    mention these other things.  And I'm trying to

6    understand if the FTC's calculation of monetary

7    relief would change based on the various

8    different theories of relief that are identified

9    in the complaint.

10        A.   No.  The monetary remedies that the

11   FTC would calculate would be the net sales to

12   consumers.  That would be the injury.

13        Q.   So regardless of whether the request

14   to the trial court is based in disgorgement,

15   restitution, consumer redress, or any of the

16   other theories identified in the complaint, the

17   monetary amount would be the same; is that

18   correct?

19        A.   The monetary remedies that the FTC

20   would calculate would be the calculation of the

21   injury to consumers.  All of the monetary

22   remedies would be based on that.

23             To the extent that the defendants have

24   arguments that there should be offsets, I believe

25   that in some cases courts have permitted the

Page 73

1                    R. ROSSO

2      A.    I am aware of consumers who filed

3   complaints with the FTC, and the complaints were

4   turned over to the defendants through discovery.

5      Q.    And is it your position -- is it the

6   FTC's position that every single consumer who

7   purchased Prevagen was harmed?

8      A.    Yes.

9      Q.    And your response to Interrogatory

10  7 specifically mentions economic injury.

11           Is the FTC alleging any other type of

12  injury in this action against consumers?

13     A.    The monetary remedy is economic

14  injury.  So that is the primary remedy being

15  sought.

16           You know, in dietary supplement cases,

17  did any consumer forego any treatment or

18  anything?  But the remedies that we are seeking

19  and the case that we are making is economic

20  injury.

21     Q.    Can you explain what you mean when you

22  mention "foregoing treatment"?

23     A.    Again, I'm talking generally in some

24  cases, and not this case in particular, but there

25  are cases where there is a concern that there