ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  4/26/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION, ET AL.,

Plaintiffs,

- against -

QUINCY BIOSCIENCE HOLDING CO., INC.,
ET. AL.,

Defendants.

17 Civ. 124 (LLS)

OPINION & ORDER

Before the Court is the issue of whether defendants are entitled to a jury trial in an action brought under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), New York Executive Law § 63(12) and New York General Business Law §§ 349, 350-d.

After the parties submitted their briefs, the Supreme Court of the United States held that Section 13(b) of the Act does not authorize the FTC to seek, or the Court to award, equitable monetary relief, such as restitution or disgorgement. See AMG Cap. Mgmt., LLC v. Fed. Trade Comm'n, __ S.Ct.__, No. 19-508, 2021 WL 1566607 (U.S. Apr. 22, 2021). As such, the FTC may only seek injunctive relief in this case. That relief is purely equitable and does not confer a Seventh Amendment right to a jury. See Chevron Corp. v. Donziger, No. 11 CIV. 0691 LAK, 2013 WL 5526287, at *2 (S.D.N.Y. Oct. 7, 2013) ("Cases seeking only injunctions . . . are purely equitable and carry no right to trial by jury.").

-1-

Therefore, the only remaining questions are whether the
Seventh Amendment confers a right to a jury trial under the
state causes of action, and, if it does, whether defendants have
waived that right.

## DISCUSSION

The Seventh Amendment provides: "In Suits at common law,
where the value in controversy shall exceed twenty dollars, the
right of trial by jury shall be preserved . . . ." U.S. Const.
amend. VII. The Seventh Amendment mandates that a jury demand be
honored if there is any legal claim, regardless of whether the
legal issues are "incidental" to the equitable issues. Dairy
Queen, Inc. v. Wood, 369 U.S. 469, 473-474, 82 S. Ct. 894, 897,
8 L. Ed. 2d 44 (1962).

Plaintiffs suggest that state law determines whether the
state causes of action entitle defendants to a jury trial. But
the right to a jury trial in federal court is governed by
federal law, regardless of whether the substantive claim arises
under state or federal law. Simler v. Conner, 372 U.S. 221, 222,
83 S.Ct. 609, 610, 9 L.Ed.2d 691 (1963)("the characterization of
that state-created claim as legal or equitable for purposes of
whether a right to jury trial is indicated must be made by
recourse to federal law."); see also Geneva Pharms. Tech. Corp.
v. Barr Lab'ys, Inc., No. 98 CIV.861 RWS, 2003 WL 1345136, at *2
(S.D.N.Y. Mar. 19, 2003) ("Whether a suit is legal or equitable
is determined by federal law, even while the cause of action is

-2-

created by state law."). In applying a Seventh Amendment analysis to the state law claims, "a federal court must first consider state law to determine the nature of the action and the remedies provided under that law; then the court should turn to federal law to characterize the action and remedies as either legal or equitable." Davila v. New York Hosp., No. 91 CIV.5992(SWK)(NG), 1995 WL 115598, at *1 (S.D.N.Y. Mar. 17, 1995) (internal citations and quotation marks omitted).

Turning first to the New York statutes at issue, Executive Law § 63(12) empowers the Attorney General to bring an action for injunctive relief, restitution, damages, and costs where any person or business has engaged in repeated or persistent fraudulent or illegal conduct. GBL § 349 authorizes the Attorney General to bring an action to "enjoin [deceptive] acts or practices and to obtain restitution of any moneys or property obtained directly or indirectly by any such unlawful acts or practices", and GBL § 350 authorizes the Court to impose civil penalties of up to $5,000 per violation of the GBL.

Under federal law, to determine whether those causes of action involve legal rights, "The standard test is to determine first whether the action would have been deemed legal or equitable in 18th century England, and second whether the remedy sought is legal or equitable in nature." Germain v. Connecticut Nat. Bank, 988 F.2d 1323, 1328 (2d Cir. 1993). The second factor is more important than the first. Granfinanciera, S.A. v.

-3-

Nordberg, 492 U.S. 33, 42 (1989); Tull v. United States, 481
U.S. 412, 421 (1987)("We reiterate our previously expressed view
that characterizing the relief sought is more important than
finding a precisely analogous common-law cause of action in
determining whether the Seventh Amendment guarantees a jury
trial.") (internal citation and quotation marks omitted).

Here, the elements of the statutory causes of action cover
conduct beyond common-law fraud so there is no precise analogue
common-law cause of action. The nature of the remedy (the more
important factor) supports a finding that the NYAG's claim for
civil penalties is legal in nature. It thus entitles defendants
to a jury trial.[1]

The Supreme Court, in Tull v. United States, made it clear
that civil penalties are a legal remedy that could not be
enforced by courts in equity. 481 U.S. at 422. While in this
case the NYAG argues it is primarily seeking equitable relief,
including restitution, disgorgement of profits, and injunctive
relief, it also seeks the imposition of potentially millions of
dollars in civil penalties, which can "hardly be considered
incidental to" or "intertwined with" the equitable relief

---

[1] Puretest Ice Cream, Inc. v. Kraft, Inc., 614 F. Supp. 994 (D. Mass. 1985)
did not involve a request for civil penalties. In Tesco Enterprises, Inc. v.
Fibredyne Corp., No. 2:90 -CV-856 AWT, 2015 WL 788900, at *3 (D. Conn. Feb.
24, 2015) the remedy of civil penalties was not sought and therefore was not
a factor in the Court's analysis. See United States v. Accolade Constr. Grp.,
Inc., No. 15 CIV. 5855 (JCF), 2017 WL 2271462, at *2 (S.D.N.Y. May 23, 2017)
("Of course, if the Government were seeking legal as well as equitable relief
in this case, the calculus might be different. The TSCA does provide for the
award of civil penalties in an administrative proceeding.").

sought. Id. at 424-25. Indeed, as in Tull, the penalties are provided for in a separate provision of the GBL and may be imposed independently of the injunctive and equitable monetary relief. See Id. at 425 ("each kind of relief is separably authorized in a separate and distinct statutory provision.") Even if the claim for penalties could be characterized as incidental to any primary equitable relief, the right to a jury trial on the legal issue would remain. See id. ("if a legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact.") (citing Curtis v. Loether, 415 U.S. 189, 196, n. 11, (1974))(internal quotation marks omitted); see also Robine v. Ryan, 310 F.2d 797, 798 (2d Cir. 1962)("The Supreme Court's decision in Dairy Queen makes plain that the right to a jury trial of a legal cause of action is not lost by joinder with an equitable claim except in extraordinary circumstances. This is true even if the cause of action at law is thought to be incidental to another cause of action in equity or if the plaintiff could have proceeded entirely in equity.") (internal citations and quotation marks omitted).

Therefore, defendants have a constitutional right to a jury trial to determine their liability with respect to the NYAG's claim for civil penalties under GBL § 350-d.

Defendants have made a timely demand for a jury trial in satisfaction of Federal Rule of Civil Procedure 38. The record

of communications during May of 2019 shows that plaintiffs were indeed aware of defendants' jury demand and that the parties subsequently memorialized their conflicting opinions with regards to that demand in the case management statement. Therefore, plaintiffs were on notice of defendants' jury demand, and defendants took no action to waive their right to a jury trial. See Ginsberg v. Twayne Publishers, Inc., 600 F. Supp. 247, 248 (S.D.N.Y. 1984) ("Rule 38 requires only that a jury demand be made in writing, not that it be contained in a pleading or indeed take any particular form.").

## CONCLUSION

Defendants' demand for a jury trial is granted.

Dated:   New York, New York
         April 26, 2021

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.