

**Geoffrey W. Castello**

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel:  (973) 503-5922
Fax: (973) 503-5950
gcastello@kelleydrye.com

May 11, 2021

**Via ECF**

Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *FTC, et al. v. Quincy Bioscience Holding Co., Inc., et al.*
     <u>Case No. 1:17-cv-00124-LLS</u>

Your Honor:

   Having reviewed the Plaintiff Federal Trade Commission's letter dated May 10, 2021 (Dkt. No. 174), Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., Quincy Bioscience Manufacturing, LLC ("Quincy") and Mark Underwood (collectively, "Defendants"), respectfully restate their request that Your Honor dismiss the FTC's claim for monetary relief pursuant to the Supreme Court's decision in *AMG Cap. Mgmt., LLC v. Fed. Trade Comm'n*, 141 S. Ct. 1341 (2021).

   In *AMG*, the Supreme Court, in a 9-0 decision authored by Justice Breyer, concluded that the FTC does not have the authority to obtain the monetary relief that it seeks in the present case. *Id.* at 1352 ("We must conclude, [], that §13(b) as currently written does not grant the Commission authority to obtain equitable monetary relief.")  The FTC now asks that this Court refrain from ruling on Defendants' request because "Congress is currently considering [  ] legislation, which could potentially affect this case." (Dkt. No. 174.)  No authority is cited for this extraordinary ask; the FTC relies solely on the speculative hope that the House and Senate may agree upon and pass legislation, at some unspecified future time, that might provide the FTC with authority that it lacked when the Complaint in this action was filed and that it lacks today.

   In *Federal Trade Commission v. Jason Cardiff et al.*, Case No. 20-55858, D.C. No. 5:18-cv-02104-DMG-PLA, the United States District Court for the Central District of California had previously entered a preliminary injunction "to preserve assets pending a final judgment that could include equitable monetary relief in th[e] action under § 13(b) of the FTC Act." *Federal Trade Commission v. VPL Medical, Inc., et al*., 2021  WL 1664404, at *1 (9th Cir. Apr. 28, 2021) (internal quotations omitted). On April 28, 2021 a panel of the Ninth Circuit vacated that injunction because "the Supreme Court unanimously held that §13(b) as currently written does not grant the Commission authority to obtain equitable monetary relief." *Id.* (internal quotations omitted).  Indeed, the FTC itself has conceded in

May 11, 2021

numerous recent filings that it lacks the authority to seek monetary relief and, in some instances, has affirmatively withdrawn claims for the same. *See, e.g., Federal Trade Commission v. RCG Advances, LLC, et al.*, No. 1:20-cv-04432-LAK (Dkt. No. 75) (S.D.N.Y. May 11, 2021) (FTC letter to Hon. Lewis A. Kaplan acknowledging that "Section 13(b) of the FTC Act does not authorize the FTC to obtain court-ordered monetary relief."); *Federal Trade Commission v. Superior Products International II, Inc.*, No. 2:20-cv-02366-HLT-GEB, Dkt. No. 41 (D. Kan. May 10, 2021) (FTC "provid[ing] notice that it no longer seeks . . . equitable monetary relief because of the Supreme Court's decision" in *AMG*); *Federal Trade Commission v. Disruption Theory LLC*, No. 3:20-cv-06919, Dkt. No. 69 (N.D. Cal. May 4, 2021) (FTC entered into stipulation dissolving asset freeze because FTC is not entitled to equitable monetary relief under Section 13(b)); *Federal Trade Commission v. Hoyal & Associates, Inc.*, No. 19-35668, Dkt. No. 53 (9th Cir. May 7, 2021) (FTC admitting that Section 13(b) does not authorize monetary relief). The same rationale supports dismissal of the FTC's request for monetary relief in this action.

Respectfully submitted,

/s/ *Geoffrey W. Castello*                    /s/ *Michael B. de Leeuw*

Geoffrey W. Castello                         Michael B. de Leeuw