

Geoffrey W. Castello

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel:  (973) 503-5922
Fax:  (973) 503-5950
gcastello@kelleydrye.com

November 2, 2021

**Via ECF**

Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *FTC, et al. v. Quincy Bioscience Holding Co., Inc., et al.*
      Case No. 1:17-cv-00124-LLS

Your Honor:

  We represent Defendants in this action.  Pursuant to Local Rule 37.2 and Section 2.A. of Your Honor's Individual Practice Rules, we write to request a pre-motion conference to discuss Defendant's anticipated motion to compel further deposition testimony from Plaintiffs' expert witness, Dr. Mary Sano.  Specifically, Defendants seek to compel Dr. Sano to identify the portion of the Federal Trade Commission's Dietary Supplements: An Advertising Guide For Industry ("FTC Guidance" available at https://www.ftc.gov/tips-advice/business-center/guidance/dietary-supplements-advertising-guide-industry) she reviewed on the day prior to her deposition and to compel Dr. Sano to respond to deposition questions with respect to the FTC Guidance.

  During initial questioning by Defendants' counsel at her deposition on October 22, 2021, Dr. Sano repeatedly testified that she had not reviewed the FTC Guidance, which was marked as an exhibit at her deposition.  (See, e.g., Ex. A at 34:20-35:4; 35:13-22; 36:8-12.)  After Defendants concluded their initial questioning of Dr. Sano and following a nearly hour-long break, Dr. Sano abruptly changed her testimony when questioned by counsel for the FTC.  The FTC's counsel asked Dr. Sano whether she "would like to modify [her] answer, that [she] gave previously" concerning whether she had seen the FTC Guidance (Id. at 258:18-259:6; 263:19-264:6.)  She testified that she did wish to modify her testimony.  (Id. at 263:25-264:7.)  Next, the FTC's counsel asked Dr. Sano whether she had "seen [the FTC Guidance] prior to today[.]"  (Id. at 264:18-19.)  Dr. Sano then testified—in contrast to the position she had taken when questioned by Defendants' counsel—that she had "not seen the whole document" but "would clarify and say that [she's] seen a paragraph from the document" on the day prior to her deposition.  (Id. at  264:20-22.)

  Defendants' counsel then asked Dr. Sano some follow up questions about which paragraph she reviewed from the FTC Guidance, but the FTC's counsel objected on the grounds of attorney work product, and instructed Dr. Sano not to answer Defendants' counsel's question.  (Id. at 266:15-23.)

November 2, 2021

      Plaintiffs' position finds no support in the law. The identity of the paragraph of the FTC Guidance that Dr. Sano reviewed on the day before her deposition is simply not attorney work product. Defendants did not—and do not intend to—ask Dr. Sano questions that would require her to divulge conversations that she had with Plaintiffs' counsel. Defendants are, however, entitled to know which paragraph she reviewed. It is clear that Plaintiffs' counsel agrees on this point, as they permitted their other expert witnesses to answer questions identifying the documents they reviewed in preparation for their depositions, and insisted that one of Defendants' expert witnesses identify documents that he reviewed in advance of his deposition. In fact, to the extent Dr. Sano considered this paragraph in connection with her opinion in this action, Plaintiffs were required to disclose such materials under the Federal Rules of Civil Procedure, but have failed to do so.[1] (See Fed. R. Civ. P. 26(a)(2) (parties' expert must provide "the facts or data considered by the witness in forming" his or her opinion.)

      This issue is critical because none of Plaintiffs' experts were able to testify that the scientific evidence, including the results of Quincy Bioscience's clinical trials, failed to meet the FTC's own standard for substantiation ("competent and reliable scientific evidence"), as set forth in applicable case law and the FTC Guidance. Indeed, none of Plaintiffs' experts had even reviewed the FTC Guidance prior to rendering the opinions contained in their respective reports. It was only after Defendants had finished questioning all of the Plaintiffs' experts that Dr. Sano suddenly had the epiphany (which appeared nowhere in either of her reports) that she had reviewed one paragraph of the FTC Guidance on the day prior to her deposition.

      Accordingly, Defendants request a pre-motion conference to discuss their anticipated motion to compel or, in the alternative, request an Order directing Plaintiffs to identify the portion of the FTC Guidance that Dr. Sano reviewed the day before her deposition. Defendants also request an Order directing Plaintiffs to make Dr. Sano available for questioning under oath, at Defendants' discretion, with respect to the FTC Guidance. Defendants specifically left Dr. Sano's deposition open and, at that time, there was approximately 52 minutes remaining for Defendants' questioning on the record.

Respectfully submitted,

/s/ *Geoffrey W. Castello*                                      /s/ *Michael B. de Leeuw*

Geoffrey W. Castello                                                Michael B. de Leeuw

---

[1] Dr. Sano did not cite, nor did she refer to, the FTC Guidance in either her affirmative report or her rebuttal report.