

December 15, 2021

**VIA ECF**

**Michael B. de Leeuw**
Direct Phone   212-908-1331
Direct Fax      646-461-2090
mdeleeuw@cozen.com

Hon. Louis L. Stanton, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007

Re:   **FTC, et al. v. Quincy Bioscience Holding Co., LLC,, et al.**, **17-cv-00124-LLS**

Your Honor:

      We submit this letter pursuant to Rule 2(A) of Your Honor's Individual Practices on behalf of Defendant Mark Underwood, to seek the Court's permission to file a Motion for Summary Judgment for lack of personal jurisdiction for the claims asserted by the New York Attorney General ("NYAG").[1]  It is critical that the Court address personal jurisdiction prior to upcoming merits determinations on summary judgment or at trial.  *Sinochem Int'l. Co. Ltd. v. Malay. Int'l. Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction … over the parties (personal jurisdiction).") (quoting *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998)); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is 'an essential element of the jurisdiction of a district ... court,' without which the court is 'powerless to proceed to an adjudication.'"); *Mones v. Com. Bank of Kuwait, S.A.K.*, 204 F. App'x 988, 990 (2d Cir. 2006) (declining to rule on merits of case before deciding question of personal jurisdiction).

      Mr. Underwood previously moved to dismiss all claims for lack of personal jurisdiction, arguing that the FTC Act does not confer nationwide jurisdiction and that the plaintiffs could not satisfy New York's long-arm jurisdiction over Mr. Underwood, a non-New York defendant. In its July 24, 2019 Order and Opinion, this Court held that the FTC Act *did* confer nationwide jurisdiction.  As to the NYAG's claims, this Court then held that,

> under the doctrine of pendent personal jurisdiction, where a federal statute authorizes nationwide service of process, and the federal and state claims derive from a common nucleus of operative fact, the district court may assert personal jurisdiction over the parties to the related state law claims even if personal jurisdiction is not otherwise available." *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1056 (2d Cir. 1993) (citation and internal quotation marks omitted). Because the federal and state law claims derive from the same facts concerning the alleged false advertising of Prevagen, there is personal jurisdiction over Mr. Underwood [] with respect to both the FTC Act and New York claims.

---

[1] Mr. Underwood anticipates joining in the arguments contained in the forthcoming pre-motion letter for summary judgment to be filed by the corporate defendants, but in doing so does not waive the personal jurisdiction challenges set forth herein.

Hon. Louis L. Stanton, U.S.D.J.
December 15, 2021
Page 2

(July 24, 2019 Opinion and Order, at p. 14.) Mr. Underwood's proposed motion for summary judgment would challenge, as a legal matter, this finding of "pendent personal jurisdiction" as relied upon by the Court in allowing the NYAG's claims against a non-New York defendant.[2]

The concept of pendent personal jurisdiction from *IUE AFL-CIO* considers the propriety of a court exerting personal jurisdiction over a defendant in a specific scenario: where state law claims by Plaintiff A[3] share a nexus with an "anchor" claim brought by Plaintiff A as to which there is uncontested personal jurisdiction (in that case, because of the federal claim's nationwide service of process provision). In other words, *IUE AFL-CIO* applies only where both the "anchor" claim and the additional claims for which personal jurisdiction is sought are **brought by the same plaintiff**. This limitation of *IUE AFL-CIO Pension Fund* has been recognized by federal courts in this context. *See, e.g., Canaday v. Anthem Cos., Inc.*, 9 F.4th 392, 401 (6th Cir. 2021) (distinguishing a form of pendent *claim* personal jurisdiction for which *IUE AFL-CIO* lends support from the doctrine of "[p]endant *party* personal jurisdiction [which] recognizes that a court's exercise of personal jurisdiction over one defendant as to a particular claim by one plaintiff allows it to exercise personal jurisdiction with respect to similar claims brought by other plaintiffs"); *In re Bard IVC*, 2016 WL 6393596, at n. 4 (D. Ariz. Oct. 27, 2016) (noting that "[s]ome cases have recognized a form of pendent personal jurisdiction with respect to multiple claims of a single plaintiff," and citing to *IUE AFL-CIO*, but concluding, "[e]ven if this doctrine is viable, it applies to claims asserted *by a single plaintiff*, not claims asserted by different plaintiffs."); *In re: FCA US LLC Monostable Elec. Gearshift Litig.*, 2017 WL 11552971, at *4 (E.D. Mich. Apr. 19, 2017) (citing *IUE AFL-CIO* for the proposition that "The courts of appeals that accept the notion of 'pendent personal jurisdiction' … reasoned that because the defendant was summoned properly before the court, due process was not offended by exercising personal jurisdiction over the defendant for the purpose of hearing additional, factually intertwined claims brought in the same case, *by the same plaintiffs*, without regard to whether personal jurisdiction separately could be obtained over those claims alone") (emphasis in original).

But that is not the situation here where the "anchor" claim that would serve as the predicate for personal jurisdiction over Mr. Underwood is one brought by the FTC, but it is the NYAG—*a different plaintiff*—that is seeing to use the "anchor" claim to gain personal jurisdiction over Mr. Underwood. Allowing a plaintiff to piggyback on the personal jurisdiction of a claim brought by a *different* plaintiff, even if the claims of the two plaintiffs overlap, is an impermissibly broad extension of the doctrine of pendent personal jurisdiction that has been routinely rejected by federal courts nationwide.[4] *See, e.g., Story v. Heartland Payment Sys., LLC*, 461 F. Supp. 3d 1216, 1230 (M.D. Fla. 2020) (noting plaintiffs propose "expand[ing] the doctrine [of pendent personal jurisdiction] to include additional pendent <u>party plaintiffs</u>, not just pendent <u>claims</u>," and noting that there was no 11th Circuit authority "adopting this theory"); *Wiggins v. Bank of Am., N.A.*, 488 F. Supp. 3d 611, 624 (S.D. Ohio 2020) ("pendent personal jurisdiction is most frequently applied when the Court has personal jurisdiction over 'some, but not all, of a *plaintiff's* related claims," and noting "[t]his court has previously declined to exercise its discretion to apply pendent jurisdiction when *multiple plaintiffs*—not a single plaintiff—assert separate claims against the same defendants [because] this application of pendent jurisdiction raised serious Due Process Clause concerns" and "the Court cannot offend Due Process Clause in order to create efficiency")

---

[2] Mr. Underwood continues to disagree with, and wishes to preserve for appeal, the Court's finding that the FTC Act confers nationwide jurisdiction and, for purposes of this pre-motion letter only and without waiver of the ability to challenge that finding, accepts the premise that there is jurisdiction as to Mr. Underwood for the FTC Act claims.
[3] In *IUE AFL-CIO*, it was a set of plaintiffs that made the same federal and additional state claims.
[4] These rulings are consistent with the caution that "[a] plaintiff must establish the court's jurisdiction with respect to each claim asserted." *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004).

(emphasis in original); *Vallarta v. United Airlines, Inc.*, 497 F. Supp. 3d 790, 802 (N.D. Cal. 2020) (declining "novel application" of pendent personal jurisdiction doctrine); *FCA US LLC Monostable Elec. Gearshift Litig.*, 2017 WL 11552971, at *5 (rejecting pendent personal jurisdiction to allow related claims by additional plaintiffs, noting the absence of "any court of appeals decision in any circuit that has extended the concept of pendent personal jurisdiction with such sweeping effect that can be squared with the constraints of the Due Process Clause."); *Tulsa Cancer Institute, PLLC v. Genentech Inc.*, 2016 WL 141859, at *4 (N.D. Okla. Jan. 12, 2016) (reversing prior holding permitting pendent personal jurisdiction over additional plaintiffs' claims).

In a March 2021 opinion rejecting application of pendent personal jurisdiction to additional plaintiffs, the district court for the Southern District of Florida stated that "*no* federal circuit court of appeals has adopted this pendent-*party* variety of personal jurisdiction." *Carter v. Ford Motor Co.*, 2021 WL 1165248, at *9 (S.D. Fla. Mar. 26, 2021). And indeed, a few months ago, the only Court of Appeals to consider this novel application of the pendent personal jurisdiction doctrine rejected it. *Canaday*, 9 F.4th at 401-02 (declining to find personal jurisdiction grounded in "relatedness" of claims between plaintiffs, and noting that "no federal statute or rule authorizes pendent claim or pendent party personal jurisdiction" and "[n]o such law exists—not in [] the supplemental jurisdiction statute, not in the Federal Rules of Civil Procedure"). Indeed, here, the NYAG not only seeks to piggyback on the jurisdictional predicate created by the claim a different plaintiff, in doing so, it seeks to expose Mr. Underwood to a category of remedies—financial damages under the GBL—that are not available under the FTC's "anchor" claim.

Absent the alleged jurisdictional "hook" of the FTC Act, this Court does not have personal jurisdiction over Mr. Underwood. There is no record evidence that Mr. Underwood himself transacted business in New York sufficient to establish specific jurisdiction under CPLR 302(a)(1). Nor can any acts by the corporation be imputed to Mr. Underwood to create specific jurisdiction under an "agency" theory, as the NYAG cannot satisfy its burden of demonstrating that Mr. Underwood was the "**primary actor**" behind Quincy's transactions in New York. Quincy is not an alter ego or agent of Mr. Underwood. Quincy has a marketing department with a marketing head; deposition testimony makes clear that Mr. Underwood was only one of a group of Quincy employees who approved edits to packaging, reviewed advertising, translated scientific research into marketing claims, and discussed, interpreted, and acted upon the results of the Madison Memory Study. There is therefore no dispute as to any material fact as to the exercise of specific personal jurisdiction over Mr. Underwood. *See In re Lyman Good Dietary Supplements Litig.*, 2018 U.S. Dist. LEXIS 131688, at *20 (S.D.N.Y. 2018) (finding no specific personal jurisdiction over claims against president/CEO of vitamin company where plaintiffs alleged only that the individual had "overall management responsibility" rather than "that they were the primary actors in the specific transactions giving rise to this action"); *Karabu Corp. v. Gitner*, 16 F. Supp. 2d 319 (S.D.N.Y. 1998) (Sotomayor, J.) (finding no specific personal jurisdiction over claims against individuals where complaint did not allege that individual was primary actor in relevant transaction, and noting that "control [for purposes of primary actor analysis] cannot be shown based merely upon a defendant's title or position within the corporation"). Allowing Mr. Underwood to be sued in New York based upon alleged corporate activity in New York that Mr. Underwood neither directed nor was the primary actor for would offend the Due Process clause of the Constitution. *See Walden v. Fiore,* 134 S. Ct. 1115, 1122-23 (2014) (holding that "[a] forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum" and that "the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State") (emphasis in original).

Hon. Louis L. Stanton, U.S.D.J.
December 15, 2021
Page 4

---

Respectfully submitted,

COZEN O'CONNOR

*/s/ Michael B. de Leeuw*

BY:     MICHAEL B. DE LEEUW