

January 19, 2022

**VIA ECF**

**Michael B. de Leeuw**

Direct Phone   212-908-1331
Direct Fax      646-461-2090
mdeleeuw@cozen.com

Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     <u>Federal Trade Comm'n, et al. v. Quincy Bioscience Holding Co., LLC,, et al.,</u>
        <u>17-cv-00124-LLS</u>

Your Honor:

Defendant Mark Underwood respectfully submits this letter in further support of the request to file a motion for summary judgment on the issue of personal jurisdiction.  This letter responds to just one point of error in the NYAG's opposition letter dated January 14, 2022.

Mr. Underwood's summary judgment challenge to personal jurisdiction—a prerequisite finding before proceeding to ruling on the merits of an action—is not  a motion for reconsideration of this Court's July 2019 denial of Mr. Underwood's motion to dismiss, as the NYAG argues.  Mr. Underwood's proposed summary judgment motion is a new challenge to this Court's exercise of personal jurisdiction, and is brought with the benefit of new case law and discovery that took place in the intervening two and a half years.  The NYAG's argument ignores that:  (1) the last two years have seen the first federal appellate case in the country to address the issue, holding, as Mr. Underwood argues, that the doctrine of pendent personal jurisdiction does not apply where the anchor claim and pendant claims are being brought by two different plaintiffs[1]; (2) discovery has revealed that, despite Plaintiffs' allegations in the pleadings, they cannot satisfy the "primary actor" test courts apply to extend specific personal jurisdiction from the corporation to an agent (an argument Mr. Underwood could not have made on the pleadings alone); and (3) in any event, a district court has the right to diverge from prior opinions—such as the one made at the pleading stage-- and it should do so here because the updated law makes clear that reliance on *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049 (2d Cir. 1993) was in error.  *See, e.g., Bank Leumi USA v. Ehrlich*, 98 F. Supp. 3d 637, 646 (S.D.N.Y. 2015) (noting that it is within the "Court's discretion" to diverge from law of prior ruling).  This is particularly so where the prior order was decided under a different standard of review than the proposed motion for summary judgment.  *Id.* at 647.

For these reasons, and for the reasons set forth in Mr. Underwood's letter dated December 15, 2021, Mr. Underwood respectfully requests that the Court allow him to file a motion for summary judgment on the ground that there is no personal jurisdiction in New York for the claims brought by the NYAG.

---

[1] *See Canaday v. Anthem Cos., Inc.*, 9 F.4th 392, 401 (6th Cir. 2021).

Hon. Louis L. Stanton, U.S.D.J.
January 19, 2022
Page 2

_____

Respectfully submitted,

COZEN O'CONNOR

*/s/ Michael B. de Leeuw*

BY:     MICHAEL B. DE LEEUW