## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION and<br><br>THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,<br><br>Plaintiffs,<br><br>v.<br><br>QUINCY BIOSCIENCE HOLDING COMPANY, INC., a corporation;<br><br>QUINCY BIOSCIENCE, LLC, a limited liability company;<br><br>PREVAGEN, INC., a corporation d/b/a/ SUGAR RIVER SUPPLEMENTS;<br><br>QUINCY BIOSCIENCE MANUFACTURING, LLC, a limited liability company; and<br><br>MARK UNDERWOOD, individually and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, and PREVAGEN, INC.,<br><br>Defendants. | Case No. 1:17-cv-00124-LLS |

## DECLARATION OF MARK UNDERWOOD IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(a)

Mark Underwood hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am not, and have never been, a resident of New York.

2. I do not own, and never have owned, any property in New York.

3. I do not personally transact business in New York.

4.      Quincy[1] employs approximately 80 employees.  Quincy has a board of directors comprised of a majority of independent directors.

5.      Quincy hired its first sales and marketing executive in 2005.  Since then, Quincy has added at least five more senior sales and marketing positions.

6.      Quincy has a sales and marketing department, a national accounts department, and a media procurement department.  Each of these departments has its own staff and each has its own leadership.

7.      Dakota Miller, who was hired in 2005, is Quincy's Director of Sales..

8.      Thomas Dvorak. who was hired in 2008, is Quincy's Vice President of Sales and Marketing.

9.      Ryan Liebl, who was hired in 2013, is Quincy's Media Director.

10.     Quincy does not have, and has never had, a New York-specific marketing, sales, or advertising team.

11.     At no time have I been in charge of any New York-specific marketing, sales or advertising team for Quincy; and I have never been in charge of any New York-specific marketing, sales or advertising efforts.

12.     Prevagen, Inc., a subsidiary of Quincy Bioscience Holding Company, Inc., is the entity that markets and sells Prevagen®.

13.     The media budget and spend for marketing relating to Prevagen is, and has always been, national.

---

[1] As used herein, the term "Quincy" refers to Quincy Bioscience Holding Company, Inc., along with its subsidiaries, including the other corporate defendants, Quincy Bioscience, LLC, Prevagen, Inc., and/or Quincy Bioscience Manufacturing, LLC.

14.     The media budget for Prevagen is decided by a group comprised of me, Tom Dvorak, Dakota Miller, Michael Beaman, Nathan Beaman, as well as Quincy's CFO.

15.      Advertising and marketing for Prevagen is national in scope.  Prior to 2015, advertising and marketing for Prevagen included direct response advertising, meaning that infomercials were played on regional television and radio channels.

16.     Prevagen infomercials have never been targeted to a specific geographic market, including New York.

17.     The process for placing these pre-2015 infomercials was as follows:  Quincy's media buyers would buy spot purchases for television and radio slots on television and radio channels throughout the country.  Quincy's marketing and advertising team would send infomercials to these channels to be aired.  The idea was to place the infomercials everywhere, and not to target any one specific market.

18.     Quincy's media buyers, Ryan Liebl and Andrew Shefka, would then analyze the response to the infomercials that had aired in different markets and then decide whether the advertisements were successful enough to purchase additional spots for infomercials in those markets.  All such decisions were made by Ryan and Andrew, who reported directly to Dakota Miller.

19.     I was not involved in directing any New York-market specific advertising for Prevagen.

20.     Media purchases for Prevagen were made either by Ryan Liebl and Andrew Shefka, or by third-party brokers we employed.  I did not purchase any media spots.

21.      Neither I, nor Quincy, have ever made any New York-specific marketing claims for Prevagen.

22.     I sat for two depositions in this litigation.  The first was on August 20, 2020, during which I testified as a Rule 30(b)(6) witness on behalf of Quincy.  The second was on August 21, 2020, during which I testified in my individual capacity.  Counsel for the New York Attorney General was present at both depositions but declined the opportunity to ask me any questions.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 18, 2022

Mark Underwood

4