

**Geoffrey W. Castello**

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel: (973) 503-5922
Fax: (973) 503-5950
gcastello@kelleydrye.com

April 14, 2022

**Via ECF**

Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>FTC, et al. v. Quincy Bioscience Holding Co., Inc., et al.</u>, Case No. 1:17-cv-00124-LLS

Your Honor:

    We represent defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., and Quincy Bioscience Manufacturing, LLC (collectively, "Quincy"). Pursuant to Section 3.B of Your Honor's Individual Practices, Quincy hereby requests that the court maintain portions of the papers filed in support of Quincy's Motion for Summary Judgment ("Motion") under seal.

    As the Court is aware, this case concerns certain marketing statements ("Challenged Claims") disseminated in relation to the dietary supplement Prevagen®. Plaintiffs in this action challenge whether Quincy had sufficient data to substantiate the Challenged Claims. Quincy's Motion seeks judgment in Quincy's favor based on, among other grounds, the fact that Plaintiffs have failed to raise a genuine issue of material fact regarding the adequacy of Quincy's support for the Challenged Claims. To demonstrate the absence of dispute on this point, Quincy has filed with and quoted in its Motion certain exhibits documenting Quincy's confidential research, proprietary marketing practices and/or expert discussion of same ("Confidential Materials"). The Confidential Materials have been filed with the Motion either as exhibits to the declaration of Glenn T. Graham ("Graham Declaration") or as exhibits to the declaration of Mark Underwood ("Underwood Declaration").

    The Confidential Materials include the following documents, which Quincy asks the Court to maintain under seal in their entirety:

- **Exhibit R to the Underwood Declaration –** Study protocol for the Madison Memory Study, documenting Quincy's confidential testing methodologies employed in researching and marketing Prevagen.

April 14, 2022

- **Exhibit M to the Graham Declaration** – Expert Report of Dominik D. Alexander, PhD, MSPH, including confidential information regarding the studies supporting the Challenged Claims.

- **Exhibit O to the Graham Declaration** – Expert Report of David L. Katz, MD, MPH, including confidential information regarding the studies supporting the Challenged Claims.

- **Exhibit P to the Graham Declaration** – Rebuttal Expert Report of David L. Katz, MD, MPH, including confidential information regarding the studies supporting the Challenged Claims.

- **Exhibit R to the Graham Declaration** – Expert Report of Mindy S. Kurzer, PhD, including confidential information regarding the studies supporting the Challenged Claims.

- **Exhibit W to the Graham Declaration** – Expert Report of David H. Schwartz, including confidential information regarding the studies supporting the Challenged Claims.

- **Exhibit X to the Graham Declaration** – Rebuttal Expert Report of David H. Schwartz, including confidential information regarding the studies supporting the Challenged Claims.

- **Exhibit Z to the Graham Declaration** – Rebuttal Expert Report of Professor Lee-Jen Wei, including confidential information regarding the studies supporting the Challenged Claims.

- **Exhibit FF to the Graham Declaration** – Excerpts from Quincy's Fourth Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories, providing details regarding the confidential scientific data supporting the Challenged Claims.

Also included in the Confidential Materials are the following documents, which Quincy requests the Court maintain on the docket in redacted form:

- **Exhibit A to the Graham Declaration** – Excerpts of the transcript of the deposition of Kenneth Lerner in his individual capacity taken on August 6, 2020, describing Quincy's data analysis performed in developing the Challenged Claims.

- **Exhibit C to the Graham Declaration** – Excerpts of the transcript of the deposition of Mark Underwood in his individual capacity taken on August 21, 2020, describing Quincy's process employed in developing its marketing strategies related to Prevagen.

- **Exhibit Q to the Graham Declaration** – Excerpts of the transcript of the deposition of David Katz, MD, MPH taken on October 20, 2021, describing the

April 14, 2022

- confidential protocol employed in Quincy's studies supporting the Challenged Claims.

- **Exhibit S to the Graham Declaration** – Excerpts of the transcript of the deposition of Mindy Kurzer, PhD taken on September 29, 2021, characterizing the confidential data supporting the Challenged Claims.

- **Exhibit U to the Graham Declaration** – Excerpts of the transcript of the deposition of Mary Sano PhD taken on October 22, 2021, characterizing Quincy's testing and analysis conducted in developing marketing strategies for Prevagen.

- **Exhibit Y to the Graham Declaration** – Excerpts of the transcript of the deposition of David Schwartz PhD taken on September 22, 2021, characterizing the confidential data supporting the Challenged Claims.

Quincy has narrowly tailored its request to seal only the portions of the foregoing exhibits that contain confidential information.

It is appropriate, under the law of this Circuit, for the Court to maintain the Confidential Materials described above under seal because their public disclosure would be detrimental to Quincy's commercial interests. In *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), the Second Circuit set forth a three step process to determine whether a document filed with the Court may be maintained under seal. First, the Court determines whether the document is a "judicial document" to which the public has a presumptive right of access, *i.e.* whether the document is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* If the Court determines that the materials at issue are in fact a judicial documents, it next evaluates the "weight to be given the presumption of access." That weight is proportional to the degree to which the document stands to "directly affect an adjudication." *Id.* "Finally, after determining the weight of the presumption of access, the Court must balance competing considerations against it," including "the privacy interests of those resisting disclosure." *Id.*

As documents filed in support of a motion for summary judgment, the Confidential Materials are judicial documents entitled to a strong presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). Even that presumption, however, is commonly overcome by the need to protect the confidentiality of confidential and proprietary business information." *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3, *6 (S.D.N.Y. Mar. 31, 2021). Confidential business information that courts routinely find sufficiently sensitive to justify sealing includes marketing plans and strategies, *Id.*; *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011), and product research and testing methods. *In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. & Versys Femoral Head Prod. Liab. Litig.*, No. 18-MC-2859 (PAC), 2021 WL 4706199, at *3 (S.D.N.Y. Oct. 8, 2021) (documents filed in relation to *Daubert* motion); *Playtex Prod., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016). As explained above, all of the Confidential Materials contain proprietary business information that falls into one of these categories. The public disclosure of the Confidential materials would harm Quincy's commercial position by providing its competitors with access to marketing strategies and data that Quincy has expended significant funds to develop. The Court should seal the Confidential Materials so that Quincy may defend against Plaintiffs' claims without

April 14, 2022

suffering this competitive harm. *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, No. 1:21-CV-11003-LTS, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022); *Playtex Prod., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016).

Respectfully submitted,

/s/ *Geoffrey W. Castello*

Geoffrey W. Castello
Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NJ 10007
Tel:    (212) 808-7800
Fax:    (212) 808-7897
gcastello@kelleydrye.com

*Counsel for Defendants
Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc. and Quincy Bioscience Manufacturing, LLC*

cc:     All Counsel of Record (via Email)