UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION and THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,<br><br>      Plaintiffs,<br><br>    v.<br><br>QUINCY BIOSCIENCE HOLDING COMPANY, INC., a corporation;<br><br>QUINCY BIOSCIENCE, LLC, a limited liability company;<br><br>PREVAGEN, INC., a corporation d/b/a SUGAR RIVER SUPPLEMENTS;<br><br>QUINCY BIOSCIENCE MANUFACTURING LLC, a limited liability company; and<br><br>MARK UNDERWOOD, individual and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, and PREVAGEN, INC.<br>      Defendants. | Case No. 1:17-cv-00124-LLS |

**DECLARATION OF TODD OLSON**

I, Todd Olson, hereby declare and state, as follows:

1. I have been employed at Quincy Bioscience Holding Company, Inc. since 2007. I have held the positions of Market Development Manager, and, most recently, Market Development Director, which I have held since 2018.

2. In this position, I am responsible for, among other things, overseeing the digital marketing team, managing account based management for regional chains and serving as the point person for certain national chains, overseeing public relations tasks, and assisting with international development efforts.

3. This declaration is based upon my personal knowledge, as well as my review of business records, made in the regular course of business at or near the time of the act, event or transactions. The records or reports on which I relied are described herein.

**The Prevagen Product Line**

4. Prevagen® is a line of dietary supplements that is intended to help with mild memory problems associated with aging.

5. Prevagen was first introduced for sale in the United States in or around 2007. One of the active ingredients in Prevagen is apoaequorin.

6. Between 2007 and the present, Prevagen has been sold in a variety of different formats and sizes (the "Prevagen Products").

7. Every package and label of Prevagen sold since 2007 contains the explicit statement that the product "is not intended to diagnose, treat, cure, or prevent any disease."

8. Every package and label of Prevagen sold since 2007 contains the phrase "dietary supplement."

9. Prevagen Products do not have an expiration date.

10. In or around 2016, the Prevagen Products were reformulated to include Vitamin D. Prevagen Products that contain Vitamin D3 contain 50 micrograms of Vitamin D3 per capsule or chewable tablet.

11.     Prevagen is marketed and sold to consumers and non-consumers (including, but not limited to, brick-and-mortar and online retailers, healthcare professionals, and pharmaceutical distributors).

**The Labeling and Packaging of Prevagen Products Changed Over Time**

12.     The labels for Prevagen Products have changed numerous times since 2007.

13.     Beginning in or around 2007, the labels for Prevagen Products contained the product descriptor "Jellyfish Fight Aging." A representative example of one of these labels is set forth below:



14.     Prevagen Products with labels bearing the product descriptor "Jellyfish Fight Aging" were available for sale starting in September 2007.

15.     True and correct copies of examples of the Prevagen Product labels and packaging materials bearing the product descriptor "Jellyfish Fight Aging" have been produced to Plaintiffs and are attached hereto as Exhibit A.

16.     Prevagen Products with labels and packages bearing the "Jellyfish Fight Aging" product descriptor were no longer being disseminated when the Complaint in this Action was filed

in January 2017. Quincy has no intention of using the "Jellyfish Fight Aging" product descriptor in future advertising or marketing materials for Prevagen.

17. Beginning in or around 2008, the labels for Prevagen Products contained the product descriptor: "Brain Cell Protection." A representative example of one of these labels is set forth below:



18. Prevagen Products with labels bearing the product descriptor "Brain Cell Protection" were available for sale starting in July 2008.

19. True and correct copies of examples of the Prevagen Product labels and packaging materials bearing the product descriptor "Brain Cell Protection" were produced to Plaintiffs and are attached hereto as Exhibit B.

20. Prevagen Products with labels and packages bearing the "Brain Cell Protection" product descriptor were no longer being disseminated when the Complaint in this Action was filed in January 2017. Quincy has no intention of using the "Brain Cell Protection" product descriptor in future advertising or marketing materials for Prevagen.

21. Beginning in or around 2011, the labels for Prevagen Products contained the product descriptor "Clearer Thinking." A representative example of one of these labels is set forth below:

4



22. Prevagen Products with labels bearing the product descriptor "Clearer Thinking" were available for sale starting in January 2011.

23. True and correct copies of examples of the Prevagen Product labels and packaging material bearing the product descriptor "Clearer Thinking" were produced to Plaintiffs and are attached hereto as Exhibit C.

24. Prevagen Products with labels and packages bearing the "Clearer Thinking" product descriptor were no longer being disseminated when the Complaint in this Action was filed in January 2017. Quincy has no intention of using the "Clearer Thinking" product descriptor in future advertising or marketing materials for Prevagen.

25. Beginning in or around late 2012, the labels for Prevagen Products contained the product descriptor "Improves Memory." A representative example of one of these labels is set forth below:



26.     Prevagen Products with labels bearing the product descriptor "Improves Memory" were available for sale starting in December 2012.

27.     True and correct copies of examples of the Prevagen Product labels and packaging material bearing the product descriptor "Improves Memory" were produced to Plaintiffs and are attached hereto as Exhibit D.

28.     In or around 2016, all of the Prevagen Products were reformulated to include Vitamin D3.  The labels for each Prevagen Product that contained Vitamin D3 were changed to reflect the fact that the product now contained Vitamin D3.  A representative example of one of these labels is set forth below:



29.     Prevagen Products with labels reflecting the addition of Vitamin D3 were available for sale starting in the fall of 2016.

6

30. True and correct copies of examples of the Prevagen Product labels reflecting the addition of Vitamin D3 were produced to Plaintiffs and are attached hereto as Exhibit E.

**The Advertising Challenged in the Complaint**

31. I have reviewed the Complaint filed by Plaintiffs in the above-referenced action and am familiar with its contents. I understand that the Complaint was filed on January 9, 2017.

32. I further understand that the Complaint identifies specific advertisements and advertising claims that Plaintiffs are challenging. None of the advertisements featured in the Complaint are currently being disseminated in the form challenged in the Complaint.

33. In or around May 2016, the graph featured on the Prevagen package depicted in Exhibit A of the Complaint was removed. Quincy has no intention of disseminating the graph depicted in Exhibit A of the Complaint in the future in any marketing or advertising materials relating to Prevagen without including one of the Qualifiers (as defined below).

34. The advertisement included as Exhibit B of the Complaint stopped being disseminated in the form challenged in the Complaint. Quincy has no intention of disseminating the advertisement depicted in Exhibit B of the Complaint in the future without including one of the Qualifiers.

35. The versions of the Prevagen website pages attached as Exhibit C of the Complaint were removed on or about March 2016. Exhibit C of the Complaint is not the current version of the website and has not been since on or about March 2016. Quincy has no intention of disseminating the website page depicted in Exhibit C of the Complaint in the future.

36. The Fourth Edition of the Brain Health Guide, attached as Exhibit D of the Complaint, was replaced with the Fifth Edition in or about the summer of 2016. The Fourth

Edition of the Brain Health Guide is no longer being disseminated and Quincy has no intention of disseminating it in the future.

37. The infomercial included as Exhibit E of the Complaint began airing in or around June 2013 and stopped airing in or around June 2014. Quincy has no intention of disseminating the infomercial included as Exhibit E of the Complaint (or any other infomercial) in the future.

38. The image of the bus depicted in Exhibit F of the Complaint is from the Better Memory Tour. The Better Memory Tour occurred beginning in or about 2011. The Better Memory Tour has not been active since 2015. Quincy has no intention of resuming it in the future.

**Prevagen's Current Labeling and Advertising**

39. On November 18, 2020, the United States District Court for the Southern District of Florida entered a Final Judgment and Order approving a nationwide class action settlement entered into by Quincy Bioscience, LLC, Quincy Bioscience Holding Company, Inc., Prevagen, Inc., Quincy Bioscience Manufacturing, LLC, Mark Underwood and Michael Beaman (the "*Collins* Settlement")

40. As part of the *Collins* Settlement, Quincy Bioscience, LLC, Quincy Bioscience Holding Company, Inc., Prevagen, Inc., Quincy Bioscience Manufacturing, LLC, Mark Underwood and Michael Beaman agreed to include in the marketing for Prevagen one of two statements (referred to herein as the "Qualifiers") in connection with marketing statements that Prevagen improves memory, improves memory within 90 days or any other period of time, or reduces memory problems associated with aging:

   i. Based on a clinical study of subgroups of individuals who were cognitively normal or mildly impaired. This product is not intended to diagnose, treat, cure, or prevent any disease.

   ii. Based on results from two subgroups of individuals who participated in a randomized double blind placebo controlled clinical study. Participants in the

two subgroups were cognitively normal or mildly impaired.  This product is not intended to diagnose, treat, cure, or prevent any disease.

41. Following approval of the *Collins* Settlement, the Qualifiers were incorporated into all new advertising, labelling and marketing materials for Prevagen that made the marketing claims identified in the *Collins* Settlement Agreement.

42. In December 2020, the labels for all Prevagen Products were changed to include one of the Qualifiers: "Based on a clinical study of subgroups of individuals who were cognitively normal or mildly impaired." Prevagen Products with this Qualifier were available for sale beginning in or around February 2021.

43. True and correct copies of the post-*Collins* Settlement labels for Prevagen Products have been produced to Plaintiffs are attached hereto as Exhibit F.

44. As a result of the *Collins* Settlement, Quincy has no intention of disseminating Prevagen Products without including one of the Qualifiers whenever the label uses one of marketing claims set forth in the *Collins* Settlement Agreement.

45. As a result of the *Collins* Settlement, Defendants have no intention of claiming that Prevagen improves memory, improves memory within 90 days or any other period of time, or reduces memory problems associated with aging in any advertising or marketing material for Prevagen in the future without including the Qualifiers.

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Executed on this 14 day of April, 2022 at Madison, Wisconsin.

_____
Todd Olson