

United States of America
## FEDERAL TRADE COMMISSION
Washington, DC 20580

Division of Advertising Practices
Edward Glennon
202-326-3126; eglennon@ftc.gov

April 28, 2022

**VIA ECF**
Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:   *FTC, et al. v. Quincy Bioscience Holding Co., Inc., et al.* (17-CV-00124-LLS)

Dear Judge Stanton:

Plaintiffs, the Federal Trade Commission and the People of the State of New York by Letitia James, Attorney General of the State of New York ("Plaintiffs"), write in response to Defendants' April 27, 2022 letter. Because briefing summary judgment and completing the remaining pretrial requirements consecutively—as opposed to concurrently, as advocated by Defendants— would enable the case to move forward efficiently and without delay, provide for equity between the parties, accommodate attorneys' family commitments and pre-existing travel plans, and be in accordance with the Court's comments at the November 12, 2021 hearing, Plaintiffs respectfully request that the Court adopt their proposed schedule set forth below.

Plaintiffs regret that the Court is burdened yet again by competing scheduling submissions by the parties. Plaintiffs communicated with Defendants for almost two weeks in an effort to reach agreement on a schedule to both brief summary judgment and complete pretrial submissions. The parties reached an agreement on summary judgment briefing and the exchange of exhibit lists, which the Court adopted on April 27 (Dkt. No. 231). Plaintiffs informed Defendants that they would be open to continuing negotiations on the pretrial schedule and would reconsider Defendants' latest proposal; Defendants indicated that they were "open to considering (modest) extensions for the remaining pretrial dates."[1] Yet one day later, Defendants submitted a one-sided schedule to the Court without any further attempt to compromise.

Plaintiffs respectfully ask the Court to adopt the following deadlines for completing the Court's pretrial requirements:

---

[1] Email from Jaclyn Metzinger, sent 4/26/22 at 8:42 AM (p. 4 of Ex. A to Defendants' 4/27/22 letter (Dkt No. 230-1)). This statement was the basis for Plaintiffs' representation to the Court in its April 26 filing (Dkt. No. 229) that "[t]he parties continue to negotiate the deadlines for paragraphs 5-9 of the Pretrial Order and will seek the Court's approval for any additional modifications."

The Honorable Louis L. Stanton                                          April 28, 2022
Page 2

- Parties shall exchange objections to their proposed trial exhibit lists (paragraph 5 of the Court's order of November 23, 2021 (Dkt No. 192) ("Pretrial Order") by July 21.
- Parties shall meet and confer regarding their objections to the proposed trial exhibits (paragraph 6 of the Pretrial Order) by August 4.
- Parties shall file the pretrial materials identified in paragraphs 7, 8 and 9 of the Pretrial Order by August 31.

Plaintiffs submit the following reasons in support of their request:

- Plaintiffs' proposal would allow for the case to proceed efficiently and without undue delay. Under the agreed-to schedule that the Court entered on April 27, the two pending summary judgment motions will not be fully briefed and ready for the Court's consideration until July 8. There is no reason for the parties to submit their final pretrial materials **only five days later**, as proposed by Defendants. A deadline of August 31 for filing final pretrial materials allows for efficient use of the parties' and Court's time following the completion of summary judgment briefing. Defendants' argument for an earlier deadline because they wish to move the case along quicky is wholly undermined by the fact that they took almost three months to file their summary judgment motion after the Court granted leave.

- Consecutive schedules for summary judgment briefing and pretrial submissions, in addition to allowing the parties to focus on summary judgment, would provide for more equity between the two sides. Despite waiting almost twelve weeks to file for summary judgment, Defendants now demand that Plaintiffs oppose Defendants' voluminous motion for summary judgment,[2] while also completing more than half of the requirements of the Court's Pretrial Order (specifically, exchanging objections to their proposed trial exhibit lists, meeting and conferring regarding such objections, and submitting a proposed pretrial order, sworn expert statements, trial briefs on contested issues of law, proposed jury charges, proposed voir dire questions, and a list of witnesses). While Defendants worked on their proposed findings and responses to Plaintiffs' findings while preparing their summary judgment filing, they did not have a deadline for filing their motion and were able to take as much time as they wanted. Plaintiffs should not now be prejudiced by having to comply both with briefing and pretrial deadlines, particularly given the complexity of Defendants' motion and the fact that many pretrial requirements remain.

- Plaintiffs' proposed schedule would accommodate family commitments and pre-existing travel plans over the course of the summer months. Defendants' proposed schedule would not.

---

[2] Defendants' summary judgment motion, which consists of a 49-page memorandum of law, a Rule 56.1 Statement with 155 facts, and three declarations that, in total, include 69 exhibits, raises numerous, complex issues.

The Honorable Louis L. Stanton                                               April 28, 2022
Page 3

- Plaintiffs' proposed schedule accords with our understanding, based on the Court's comments at the November 12, 2021 hearing, that the Court was not inclined to require the parties to work concurrently on briefing summary judgment and preparing pretrial submissions.  Specifically, at that hearing the Court stated:

    > THE COURT: It seems to me that the practical thing to do this afternoon when we do not have the full deposition of Dr. Sano before us, which may shed interesting light on this topic; that the practical thing to do is to proceed to set a tentative schedule to the best of our ability.  *Of course, it's in the future and can't be perfect, but do the best we can on forecasting when the pretrial order will be filed if there is to be no summary judgment.*  That is the normal progression towards trial.
    >
    > …
    >
    > MR. CASTELLO: Your Honor, I do anticipate writing a letter, a premotion letter for permission to file a motion for summary judgment. I understand your Honor would maybe dual track it, and that's fine, we can dual track both summary judgment and a pretrial order.
    >
    > THE COURT: That's right, that's scheduling it on the presumption that there's going to be a summary judgment motion, and that the work preparing for trial should await that. That's not the assumption that was in my question. Quite to the contrary. *My assumption was that until there is a holding that a summary judgment motion is a wise step, one that is called for, the schedule should proceed as if there were to be no summary judgment.* This flies in the face of that.

    Dkt No. 193 at pp. 10-11, 12 (emphases added).  Plaintiffs' proposed pretrial schedule, which was later incorporated into the Pretrial Order, was based on the Court's direction to proceed "as if there were to be no summary judgment."  As Defendants have now filed for summary judgment, Plaintiffs seek to modify the pretrial schedule.

For the above reasons, Plaintiffs respectfully request that the Court enter their proposed deadlines.

                                                    Respectfully,

*/s/ Edward Glennon*                          */s/ Kate Matuschak*
Edward Glennon                                Kate Matuschak
Federal Trade Commission          New York State Office of the Attorney General


cc:  All parties via ECF