

**Geoffrey W. Castello**

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel: (973) 503-5922
Fax: (973) 503-5950
gcastello@kelleydrye.com

April 29, 2022

**Via ECF**

Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>FTC, et al. v. Quincy Bioscience Holding Co., Inc., et al.</u>, Case No. 1:17-cv-00124-LLS

Your Honor:

We write on behalf of defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., Quincy Bioscience Manufacturing, LLC (collectively, "Quincy"), and Mark Underwood (with Quincy, "Defendants") in response to Plaintiffs' April 28 letter (ECF 232).

During the parties' exhaustive negotiations concerning Plaintiffs' request to modify the schedule, on April 20, Plaintiffs agreed to "the idea of working concurrently on the summary judgment briefing and pretrial submissions." (ECF 230-1 at p. 8.) By that date, the parties had agreed to extensions of all but one date in the operative Scheduling Order, ECF 192 ("Scheduling Order"). Specifically, the parties agreed to:

(1) exchange proposed trial exhibit lists by April 28 (paragraph 4);
(2) exchange objections to the proposed trial exhibits by May 12 (paragraph 5); and
(3) meet and confer regarding their objections by May 26 (paragraph 6).

(ECF 230-1 at 8.) The only remaining disagreement on the pre-trial schedule related to the filing of the pre-trial materials identified in paragraphs 7, 8 and 9 of the Scheduling Order (which the Court previously scheduled for June 3). (*Id.*) Plaintiffs suggested August 4. Quincy disagreed with such a lengthy extension and, after further negotiation, offered July 13. Plaintiffs initially rejected this proposal, but later advised that they would "reconsider" it. (*Id.* at p. 3-4.) Quincy responded that if, upon reconsideration, Plaintiffs agreed with their proposal, that Plaintiffs should include it in their letter to Your Honor. Despite this request, Plaintiffs did not include Defendants' proposal, and instead represented that the parties would "continue to negotiate" both the final pre-trial order deadline *and* the exhibit-related deadlines for which the parties had previously reached an agreement. (ECF 229 at 2.)

April 29, 2022

Plaintiffs now propose that the dates to which they previously agreed for the tasks identified in paragraphs 5 and 6 of the Scheduling Order (May 12 and May 26, respectively) should be extended by *over two months* to July 21 and August 4, respectively.  Plaintiffs also propose that the final pretrial order deadline be extended until August 31, nearly *three months* beyond the current deadline, and nearly *one month* longer than their April 20 proposal of August 4.  (ECF 232 at 2.)  Plaintiffs cite no reason for this change of heart, and their new proposal flies in the face of their prior agreement to "work[] concurrently on the summary judgment briefing and pretrial submissions." (ECF 230-1 at p. 8.)

In spite of Defendants' desire to keep this case moving along as efficiently as possible, Defendants have already agreed to longer extensions than they otherwise would have liked to accommodate Plaintiffs' many requests for extensions.  And it is not Defendants' intent to impinge on Plaintiffs' summer vacation plans.  But unreasonably extending this matter denies Defendants their fundamental rights to due process.  Plaintiffs' pre-suit investigations and this action have been proceeding for 7 years, and this matter is now ripe for disposition, whether by way of summary judgment or trial.  Defendants believe that their current proposal is extremely reasonable, and provides Plaintiffs with more than sufficient time to oppose summary judgment and complete the remaining pretrial tasks, while also accommodating any personal commitments that Plaintiffs may have in the ensuing months.

Therefore, Defendants respectfully request that the Court: (1) enforce the parties' prior agreement to exchange exhibit objections on **May 12, 2022** and to meet and confer on those objections by **May 26, 2022**; (2) order that the deadline to file the Final Pretrial Order (including the items identified in paragraphs 7, 8 and 9 of the Scheduling Order) be extended to **July 13, 2022;** and (3) schedule a status conference in the second week of July.

Respectfully submitted,

*/s/ Geoffrey W. Castello*

Geoffrey W. Castello
Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel:  (212) 808-7800
Fax:  (212) 808-7897
gcastello@kelleydrye.com

*Counsel for Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc. and Quincy Bioscience Manufacturing, LLC*