# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| FEDERAL TRADE COMMISSION and | |
| THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York, | Case No. 1:17-cv-00124-LLS |
| Plaintiffs, | |
| v. | |
| QUINCY BIOSCIENCE HOLDING COMPANY, INC., a corporation; | |
| QUINCY BIOSCIENCE, LLC, a limited liability company; | |
| PREVAGEN, INC., a corporation d/b/a SUGAR RIVER SUPPLEMENTS; | |
| QUINCY BIOSCIENCE MANUFACTURING, LLC, a limited liability company; | |
| MARK UNDERWOOD, individually and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, and PREVAGEN, INC.; | |
| Defendants. | |

---

**DEFENDANTS QUINCY BIOSCIENCE HOLDING COMPANY, INC.,**
**QUINCY BIOSCIENCE, LLC, PREVAGEN, INC., AND QUINCY**
**BIOSCIENCE MANUFACTURING, LLC OBJECTIONS AND**
**RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendants Quincy Bioscience

Holding Company, Inc., Quincy Bioscience LLC, Prevagen, Inc., and Quincy Bioscience

Manufacturing, LLC ("Quincy"), hereby object and respond to Plaintiffs the Federal Trade

Commission's (the "FTC") and the People of the State of New York by New York State Attorney General Letitia James's ("NYAG") (collectively, "Plaintiffs") First Requests for Admission to Defendants (the "Requests").

## **DEFINITIONS**

The following definitions shall be used throughout these Responses and Objections.

1.     "Action" means the lawsuit captioned *Federal Trade Commission v. Quincy Bioscience Holding Company, Inc., et al.*, filed in the United States District Court for the Southern District of New York, Case No. 1:17-cv-00124-LLS.

2.     "NYAG" shall mean plaintiff the People of the State of New York, by Letitia James, Attorney General of the State of New York, and any and all of its current and former trustees, fiduciaries, officers, directors, employees, agents, representatives, predecessors, successors, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

3.     "FTC" shall mean plaintiff United States Federal Trade Commission and any and all of its current and former trustees, fiduciaries, officers, directors, employees, agents, representatives, predecessors, successors, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

4.     "Complaint" shall mean the Complaint for Permanent Injunction and Other Equitable Relief filed by Plaintiffs in this Action on or about January 9, 2017 (Dkt. No. 1).

5.    "Quincy" shall mean Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc. d/b/a Sugar River Supplements, and Quincy Bioscience Manufacturing, LLC, collectively.

## GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

1.    Defendants object to the Requests to the extent they seek to impose discovery obligations beyond those required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.

2.    Defendants object to the Requests to the extent they seek documents protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, immunity, or exemption from discovery. Inadvertent production of any information that is privileged, protected from disclosure, or otherwise immune from discovery shall not constitute a waiver of any privilege or protection or the right to object to the use of the information that was inadvertently produced. Defendants reserve the right to recall from discovery any inadvertently produced document.

3.    Defendants objects to the Requests to the extent they seek information that is neither relevant to the claims or defenses in the action nor reasonably calculated to lead to the discovery of admissible evidence.

4.    Defendants object to the Requests to the extent that individual Requests and Defendants' responses contain information and documents of a confidential and proprietary nature. Defendants will only respond to such Requests pursuant to the terms of the Discovery Confidentiality Order (Doc. No. 95) entered by the Court on February 11, 2020 (the "Confidentiality Order").

3

5.     Defendants object to the Requests to the extent they are overly broad and/or unduly burdensome.

6.     Defendants object to the purported time period set forth in the Instructions as overly broad and unduly burdensome.

7.     Defendants object to the Requests to the extent they are vague, ambiguous, susceptible to more than one interpretation, or fail to define specific terms necessary to comprehend the Requests.

8.     Defendants object to the Requests to the extent they employ the term "Defendants" without specifying which defendant the Request is directed to.

9.     Defendants object to the Requests to the extent they seek the production or identification of documents not within Defendants' possession, custody or control.

10.    Defendants object to the Requests to the extent they contain legal conclusions or the application of law to facts that are subject to dispute in this action.

11.    Defendants object to the Requests to the extent they seek legal conclusions.

12.    Defendants object to the Requests to the extent that they seek documents that are publicly available, that are otherwise equally accessible to Plaintiff, or that have been previously made available to Plaintiff.

13.    Defendants object to the Requests to the extent they seek cumulative or duplicative information.

14.    Each and every response which states that Defendants will undertake a reasonable search for information relating to these Requests shall not be construed as a representation that

4

such information exist or as an admission of any legal or factual contention contained in any individual Request.

15.    Defendants object to the definition of "Defendants" to the extent that it is overly broad, creates undue burden, or purports to require requests based on information that is outside Defendants' possession, custody or control. Defendants (i) object to other definitions used in the Requests to the extent that Defendants do not use those definitions in the regular course of business; and (ii) they are vague and unintelligible.

16.    These responses are made without in any way waiving or intending to waive, but to the contrary intending to preserve and preserving: (i) any objections as to the competency, relevancy, materiality, privilege or admissibility as evidence, for any purpose, of any documents or information produced in response to the Requests; (ii) the right to object on any ground to the use of the documents or information produced in response to the Requests at any hearing, trial or other point during this action; (iii) the right to object on any ground at any time to a demand for further responses to the Requests; or (iv) the right at any time to amend, supplement, modify or correct these responses and objections. By agreeing to produce documents in response to a Request, Defendants do not admit that it has documents responsive to that request.

17.    Nothing contained in any response herein shall be deemed to be an admission, concession or waiver by Defendants as to the validity of any claim or defense asserted by Plaintiff.

18.    Defendants reserve the right to assert additional objections to these Requests as appropriate and to amend or supplement these objections and responses in accordance with the applicable rules and Court orders and based on the results of Defendants' continuing investigation.

## OBJECTIONS AND RESPONSES TO EACH OF THE REQUESTS

**REQUEST NO. 1:**

Quincy Bioscience Holding Company, Inc. owns 100% of Quincy Bioscience, LLC, Prevagen, Inc., and Quincy Bioscience Manufacturing, LLC.

**RESPONSE TO REQUEST NO. 1:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 2:**

Defendants share the same officers and board of directors.

**RESPONSE TO REQUEST NO. 2:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the term "officers" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit only that Defendants share the same officers. Defendants deny that they share a board of directors.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

6

**REQUEST NO. 3:**

Prevagen is a dietary supplement that, prior to 2016, contained one active ingredient, the protein Apoaequorin.

**RESPONSE TO REQUEST NO. 3:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 4:**

Throughout the relevant time period, Defendants have manufactured and labeled the Prevagen Products in the United States.

**RESPONSE TO REQUEST NO. 4:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the term "labeled" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit only that one Defendant manufactured and labeled Prevagen in the United States. Deny the remainder of the Request.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 5:**

Throughout the relevant time period, Defendants have advertised, marketed, promoted, distributed, and sold the Prevagen Products in the United States, including New York.

**RESPONSE TO REQUEST NO. 5:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit only that one Defendant advertised, marketed, promoted, distributed, and sold the Prevagen Products in the United States, including New York. Deny the remainder of the Request.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 6:**

Throughout the relevant time period, consumers in the United States, including in New York, have purchased Prevagen Products online directly from one or more of Defendants' websites.

**RESPONSE TO REQUEST NO. 6:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "Defendants' websites" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit only as to certain websites operated by one Defendant. Deny the remainder of the Request.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 7:**

During the relevant time period, consumers have purchased Prevagen Products through retail stores and retail websites in the United States, including in New York.

**RESPONSE TO REQUEST NO. 7:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the terms "through," "retail stores" and "retail websites" are vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 8:**

During the relevant time period, consumers have purchased Prevagen Products through the offices of healthcare professionals in the United States, including in New York.

**RESPONSE TO REQUEST NO. 8:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds

9

that the phrases "through the offices" and "healthcare professionals" are vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 9:**

Defendants have disseminated and continue to disseminate advertising, labeling, and other marketing materials in the United States, including in New York, with claims that Prevagen improves memory.

**RESPONSE TO REQUEST NO. 9:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the term "disseminated" and the phrase "other marketing material" are vague, ambiguous and undefined. Defendants further object to the Request on the grounds that the referenced advertising, labeling, and other marketing material speaks for itself.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit only that one Defendant "disseminated and continue[s] to disseminate advertising, labeling, and other marketing materials in the United States, including New York, with claims that Prevagen improves memory". Deny the remainder of the Request and further state that the referenced material speaks for itself.

10

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 10:**

Beginning in 2009, Defendants conducted the Madison Memory Study to assess the effect of Prevagen on memory and other cognitive functions.

**RESPONSE TO REQUEST NO. 10:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "assess the effect of Prevagen on memory and other cognitive functions" and word "conducted" are vague, ambiguous and undefined. Defendants further object to the Request on the grounds that the term "Prevagen" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 11:**

The Madison Memory Study was designed and conducted in-house by Defendants' employees.

**RESPONSE TO REQUEST NO. 11:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the terms "designed," "conducted" and "in-house" are vague, ambiguous and undefined.

11

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit only that employees of one Defendant conducted the Madison Memory Study. Deny as to the remainder of this Request.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 12:**

Defendants did not submit the Madison Memory Protocol to an Institutional Review Board.

**RESPONSE TO REQUEST NO. 12:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "Madison Memory Protocol" is vague, ambiguous and undefined. Defendants further object to the Request on the grounds that the phrase "Institutional Review Board" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows:  As this Request is posed, Defendants are unable to either admit or deny it because the Request is unintelligible.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 13:**

The Madison Memory Study included administration of the following nine Cogstate Tests from the Cogstate battery of tests: Groton Maze Learning (GML); Groton Maze Recall (GMR); International Shopping List (ISL); International Shopping List-Delayed Recall (ISL-DR); One

Card Learning (OCL); Two Card Back (TWOB); One Card Back (ONB); Detection (DET); and Identification (IND).

**RESPONSE TO REQUEST NO. 13:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 14:**

Raw data from the Madison Memory Study produced by Defendants in a document with Bates Number QUI-FTCNY-00164210 includes participant scores on more than nine Cogstate Tests, including the Set-Shifting Task (SET).

**RESPONSE TO REQUEST NO. 14:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "participant scores" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny. Defendants further state that the document speaks for itself.

Defendant notes that the document referenced in this Request was produced as "Confidential" and therefore designates its response to this Request as Confidential pursuant to the Confidentiality Order.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 15:**

The 90-day phase of Madison Memory Study was completed on or before April 13, 2011.

**RESPONSE TO REQUEST NO. 15:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "90-day phase" and word "completed" are vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 16:**

Defendants conducted a 360-day continuation of the Madison Memory Study on some of the participants who were enrolled in the first 90 days of the study.

**RESPONSE TO REQUEST NO. 16:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds

14

that the word "continuation" and the phrase "first 90 days of the study" are vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 17:**

The continuation of the Madison Memory Study included 23 participants who remained on Prevagen for 23 days and 19 participants who remained on Prevagen for 360 days.

**RESPONSE TO REQUEST NO. 17:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the word "continuation" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 18:**

The data from the continuation of the Madison Memory Study beyond 90-days did not show any statistically significant benefits of the treatment arm over the placebo arm on any Cogstate Test.

**RESPONSE TO REQUEST NO. 18:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the word "continuation" is  vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: After conducting a reasonable inquiry, the information Defendants know or can readily obtain is insufficient to enable them to admit or deny this Request.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 19:**

The inclusion criteria for the Madison Memory Study, according to the Madison Memory Protocol, included subjects with "ongoing memory difficulties and concern about the current status of their memory/decline or cognitive abilities associated with the aging process."

**RESPONSE TO REQUEST NO. 19:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit only that the language quoted in  Request No. 19 accurately quotes one of the many inclusion criteria included in the Madison Memory Study Protocol document as defined in Plaintiffs' Requests.

16

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 20:**

The Madison Memory Protocol did not reference the AD8 Dementia Screening Interview or identify any AD8 score as an inclusion or exclusion criteria for participants in the study.

**RESPONSE TO REQUEST NO. 20:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "Madison Memory Protocol" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 21:**

The Madison Memory Protocol did not identify any target population for the Madison Memory Study based on any specific score on the AD8 Dementia Screening Interview.

**RESPONSE TO REQUEST NO. 21:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "Madison Memory Protocol" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

17

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 22:**

The Madison Memory Protocol does not indicate how many Cogstate Tests would be administered in the study.

**RESPONSE TO REQUEST NO. 22:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "Madison Memory Protocol" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit only as to the written Madison Memory Study Protocol document as defined in Plaintiffs' Requests.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 23:**

The only written statistical analysis plan prior to commencement of the Madison Memory Study was the description set out in the Madison Memory Protocol.

**RESPONSE TO REQUEST NO. 23:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrases "written statistical analysis plan" and "Madison Memory Protocol" are vague, ambiguous and undefined.

18

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 24:**

The statistical analysis described in the Madison Memory Protocol does not specify any statistical correction or adjustment for the use of multiple Cogstate Tests in the Madison Memory Study.

**RESPONSE TO REQUEST NO. 24:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrases "statistical analysis," "Madison Memory Protocol," and "statistical correction or adjustment" are vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 25:**

The Madison Memory Protocol was never amended in writing to include any reference to the AD8 Dementia Screening Interview or to identify a target population based on any specific AD8 score or range of scores.

**RESPONSE TO REQUEST NO. 25:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrases "Madison Memory Protocol" and "target population" are vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 26:**

Participants in the Madison Memory Study self-administered the AD8 Dementia Screening Interview.

**RESPONSE TO REQUEST NO. 26:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the word "self-administered" is  vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: After conducting a reasonable inquiry, the information Defendants know or can readily obtain is insufficient to enable them to admit or deny this Request.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

20

**REQUEST NO. 27:**

The method used to verify that Madison Memory Study participants were complying with pill-taking protocol was to ask each participant about compliance at testing sessions.

**RESPONSE TO REQUEST NO. 27:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "pill-taking protocol" is  vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 28:**

After the 90-day phase of the Madison Memory Study was complete, Defendants conducted an analysis of the Cogstate Test results for the entire study population (i.e. all participants, regardless of AD8 score), including an analysis dated May 20, 2011 with Bates Numbers QUINCYFTC-197241 to QUINCYFTC-197255.

**RESPONSE TO REQUEST NO. 28:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrases "90-day phase" and "entire study population" are vague, ambiguous and undefined.

21

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 29:**

Defendants' analyses of the Madison Memory Study data for the entire study population failed to find a statistically significant difference (at a P value of 0.05) between the treatment arm and placebo arm for day 0 to day 90 on any Cogstate Tests.

**RESPONSE TO REQUEST NO. 29:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "entire study population" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 30:**

Defendants also conducted analyses of data for smaller populations of participants in the Madison Memory Study population based on participants' AD8 score, gender, and age.

**RESPONSE TO REQUEST NO. 30:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants object to the Request on the grounds that the

phrases "smaller populations of participants" and "Madison Memory Study population" are vague and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 31:**

Defendants' analyses of the Madison Memory Study data based on AD8 scores included nine analyses for each of the individual AD8 scores (AD8 0 through AD8 8) and at least fifteen analyses of participants falling within a range of AD8 scores including the following: AD8 0¬1, AD8 0-2, AD8 0-3, AD8 0-4, AD8 0-5, AD8 1-2, AD8 1-3, AD8 1-4, AD8 2-3, AD8 2-4, AD8 2-5, AD8 3-5, AD8 3-6, AD8 4-8, AD8 6-8.

**RESPONSE TO REQUEST NO. 31:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrases "at least fifteen" and "participants falling within a range of AD8 scores" are vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 32:**

Defendants' analyses of the Madison Memory Study data based on AD8 scores included additional analyses for three populations of participants with scores AD8 0-1, AD8 2-5, and AD8 6-8 on secondary variables of the Cogstate tests.

**RESPONSE TO REQUEST NO. 32:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "additional analyses" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 33:**

Defendants' analyses of the Madison Memory Study data included four populations of participants based on gender or a combination of gender, age, and AD8 score: male participants; female participants; female participants age 55 or older with AD8 scores of 0-1; and female participants age 55 or older with AD8 scores of 0-2.

**RESPONSE TO REQUEST NO. 33:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

24

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 34:**

Defendants' analyses of the Madison Memory Study data included four populations of participants based on age: 40-49; 50-59; 60-69; and 70-79.

**RESPONSE TO REQUEST NO. 34:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 35:**

Each of the analyses Defendants conducted of data from different populations of participants in the Madison Memory Study included analyses of at least nine separate Cogstate Tests.

**RESPONSE TO REQUEST NO. 35:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "different populations of participants" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

25

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 36:**

As each participant completed the Madison Memory Study, that participant and the Defendants' employee serving as test proctor for that participant were told whether the participant had been in the treatment or placebo arm.

**RESPONSE TO REQUEST NO. 36:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrases "as each participant completed" and "test proctor for that participant" are vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 37:**

In 2010, prior to completion of the Madison Memory Study, Defendants presented results of the Madison Memory Study from an intermediate time point (Day 60) at the Alzheimer's Association International Conference on Alzheimer's disease (ICAD) in Honolulu, Hawaii.

**RESPONSE TO REQUEST NO. 37:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds

26

that the phrases "completion of the Madison Memory Study" and "intermediate time point (Day 60)", and the word "presented" are vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 38:**

Prior to the completion of the Madison Memory Study, Defendants conducted an interim analysis of results for the first 100 participants to complete the study.

**RESPONSE TO REQUEST NO. 38:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrases "completion of the Madison Memory Study," "interim analysis" and "complete the study" are vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 39:**

The 2011 Madison Memory Study Paper appeared in The Journal of the Alzheimer's Association, July 2, 2011, Vol. 7, Issue 4, Supplement, Page e65 and was also posted on at least one of Defendants' websites.

27

**RESPONSE TO REQUEST NO. 39:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 40:**

A poster version of the 2011 Madison Memory Study Paper was presented by Mark Underwood at the Alzheimer's Association International Conference (AAIC) in Paris, France.

**RESPONSE TO REQUEST NO. 40:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "poster version" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 41:**

The 2011 Madison Memory Study Paper was not subjected to peer review by the Journal of the Alzheimer's Association or any other peer-reviewed scientific journal.

28

**RESPONSE TO REQUEST NO. 41:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: After conducting a reasonable inquiry, the information Defendants know or can readily obtain are insufficient to enable them to admit or deny this Request.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 42:**

The 2011 Madison Memory Study Paper reports results for only four Cogstate Tests, without disclosing the total number of Cogstate Tests administered to participants.

**RESPONSE TO REQUEST NO. 42:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 43:**

The 2011 Madison Memory Study Paper does not identify any target population for the study based on any specific AD8 score or any range of AD8 scores.

29

**RESPONSE TO REQUEST NO. 43:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "target population" is vague, ambiguous and undefined

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 44:**

The 2011 Madison Memory Study Paper reports results from different populations of participants: the population of all participants (see p. 6); a population of participants characterized as within a "normal to mild cognitive range on the AD8" (see p. 10); and a population of participants characterized as "within the moderate to severe cognitive range on the AD8" (*id.*).

**RESPONSE TO REQUEST NO. 44:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrases "different populations of participants" and "all participants" are vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit only that the language in Request No. 44 appears in the 2011 Madison Memory Study as defined in the Requests and speaks for itself.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 45:**

The 2014 Madison Memory Study Paper was not submitted to any peer-reviewed scientific journal for publication.

**RESPONSE TO REQUEST NO. 45:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 46:**

The 2014 Madison Memory Study Paper was made available to the public, including by posting on at least one of Defendants' websites.

**RESPONSE TO REQUEST NO. 46:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

31

**REQUEST NO. 47:**

The 2014 Madison Memory Study Paper reports on results from four different populations of participants: the entire study population participants; participants with AD8 scores of 0-1; participants with AD8 scores of 0-2; and participants with AD8 scores of 2-5.

**RESPONSE TO REQUEST NO. 47:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object on the grounds that the Request on the grounds that the phrases "different populations of participants" and "entire study population" are vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 48:**

The January 2016 Madison Memory Study Paper identifies only two Cogstate Tests used in the study, without disclosing the other Cogstate Tests administered to participants.

**RESPONSE TO REQUEST NO. 48:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

32

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 49:**

The January 2016 Madison Memory Study Paper reports on results from three different populations: the population of all 218 participants; participants with AD8 scores of 0-2; and participants with AD8 scores of 2-5.

**RESPONSE TO REQUEST NO. 49:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "all 218 participants" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 50:**

The January 2016 Madison Memory Study Paper states that the study had several limitations including the lack of control for variables that may have affected participant performance.

**RESPONSE TO REQUEST NO. 50:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit and further state that the document speaks for itself.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 51:**

The January 2016 Madison Memory Study Paper states that participants, study coordinators, and evaluators remained blinded until the end of the study.

**RESPONSE TO REQUEST NO. 51:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit and further state that the document speaks for itself.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 52:**

The August 2016 Madison Memory Study Paper is based on a reanalysis of the Madison Memory Study data by Georgetown Economic Services, an economic consulting firm.

34

**RESPONSE TO REQUEST NO. 52:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the word "reanalysis" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 53:**

The August 2016 Madison Memory Study Paper was completed more than one year after the Defendants received a Civil Investigative Demand from the FTC and a subpoena from the NYAG.

**RESPONSE TO REQUEST NO. 53:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the word "completed" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 54:**

The metadata in the document produced by Defendants as the August 2016 Madison Memory Study Paper identifies Janet Liang as the author.

**RESPONSE TO REQUEST NO. 54:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the words "metadata" and "author" are vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 55:**

Janet Liang is an economist with Georgetown Economic Services.

**RESPONSE TO REQUEST NO. 55:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

36

**REQUEST NO. 56:**

The August 2016 Madison Memory Study Paper reports the results of nine Cogstate tests for three populations of participants: the study population as a whole; participants with scores of AD8 0-1; and participants with scores of AD8 0-2.

**RESPONSE TO REQUEST NO. 56:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrases "populations of participants" and "the study population as a whole" are vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 57:**

The August 2016 Madison Memory Study Paper at page 5 (Bates Number QUI-FTCNY-00003700) indicates that there were no statistically significant results observed over the entire study population.

**RESPONSE TO REQUEST NO. 57:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "over the entire study population" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny and further state that the document speaks for itself.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 58:**

The August 2016 Madison Memory Study Paper was not submitted to any peer-reviewed scientific journal for publication.

**RESPONSE TO REQUEST NO. 58:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 59:**

The August 2016 Madison Memory Study Paper was made available to the public, including by posting on at least one of Defendants' websites.

**RESPONSE TO REQUEST NO. 59:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 60:**

Each of the Madison Memory Study Papers describes the Madison Memory Study as having 218 participants.

**RESPONSE TO REQUEST NO. 60:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "each of the Madison Memory Study Papers" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 61:**

Each of the Madison Memory Study Papers includes a discussion of one or more results for populations encompassing participants with AD8 scores higher than AD8 2.

**RESPONSE TO REQUEST NO. 61:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "each of the Madison Memory Study Papers" is vague, ambiguous and undefined.

39

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 62:**

None of the Madison Memory Study Papers indicated the total number of participants enrolled in the study, the number of dropouts, or the total number of participants who met the "End of Study Completion Criteria" as set out on page 5 (Bates Number QUI-FTCNY-00058428) of the Madison Memory Study Protocol.

**RESPONSE TO REQUEST NO. 62:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrases "none of the Madison Memory Study Papers," "total number of participants" and "the number of dropouts" are vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 63:**

None of the Madison Memory Study Papers reported any statistically significant result of the treatment arm compared to the placebo arm on any Cogstate Test for the study population as a whole.

**RESPONSE TO REQUEST NO. 63:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "study population as a whole" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 64:**

None of the Madison Memory Study Papers indicates that any statistical adjustment or correction was made to account for the fact that the study measured multiple outcomes, including outcomes on at least nine Cogstate Tests.

**RESPONSE TO REQUEST NO. 64:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrases "none of the Madison Memory Study Papers" and "measured multiple outcomes" are vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 65:**

None of the Madison Memory Study Papers reported any results from the continuation of the study beyond 90 days.

**RESPONSE TO REQUEST NO. 65:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "continuation of the study" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 66:**

None of the Madison Memory Study Papers reported any results from the St. Mary's Sleep index and standardized Quality of Life questions.

**RESPONSE TO REQUEST NO. 66:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "none of the Madison Memory Study Papers" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

42

**REQUEST NO. 67:**

The Memory Improvement Trial was conducted by Defendants after completion of the Madison Memory Study.

**RESPONSE TO REQUEST NO. 67:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 68:**

The Memory Improvement Trial Protocol at pages 8 to 9, Bates Numbers QUI-FTCNY-00033645 to QUI-FTCNY-00033646, indicates that the rationale for the trial was to "build upon the Madison Memory Study" to assess the "potential for benefit of apoaequorin in populations without existing cognitive difficulties."

**RESPONSE TO REQUEST NO. 68:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny and further state that the document speaks for itself.

43

Defendants note that the document referenced in this Request was produced as "Confidential" and therefore designate their response to this Request as Confidential pursuant to the Confidentiality Order.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 69:**

At least eight Cogstate Tests were administered in the Memory Improvement Trial, including the Continuous Performance Task, Groton Maze Learning, Groton Maze Recall, International Shopping List, International Shopping List Recall, One Card Learning, Two Back Card, and Set Shift.

**RESPONSE TO REQUEST NO. 69:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 70:**

The Memory Improvement Trial failed to find statistically significant results between the treatment arm and the placebo arm on any Cogstate Test for either the 28-day trial or the 90-day continuation.

**RESPONSE TO REQUEST NO. 70:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 71:**

The results of the Memory Improvement Trial have not been published in any scientific journal or otherwise made publicly available in any form by Defendants.

**RESPONSE TO REQUEST NO. 71:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 72:**

Other than the Madison Memory Study and the Memory Improvement Trial, Defendants have not produced results for any placebo-controlled human clinical study of apoaequorin or Prevagen, using quantitative assessments of memory or other cognitive function.

**RESPONSE TO REQUEST NO. 72:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the word "produced" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows:  Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 73:**

Defendants have neither produced nor identified to Plaintiffs any placebo-controlled human clinical study conducted on a population defined as and limited to adults with normal or mildly impaired cognitive function, using quantitative assessments, to substantiate any memory or other cognitive benefit of Prevagen.

**RESPONSE TO REQUEST NO. 73:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the word "produced" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 74:**

After the completion of the Madison Memory Study, neither Defendants nor anyone acting on behalf of Defendants have conducted any placebo-controlled human clinical study of apoaequorin or Prevagen using quantitative assessments of memory or other cognitive function in a population defined as and limited to adults with normal or mildly impaired cognitive function, with the exception of the Memory Improvement Trial.

**RESPONSE TO REQUEST NO. 74:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "completion of the Madison Memory Study" is vague, ambiguous and undefined. Defendants further object to the Request to the extent it seeks information protected from disclosure by the attorney-client privilege and the attorney work product doctrine including, but not limited to, protection under Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure. Any privileged information will be excluded from Defendants' response to this Request.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 75:**

Neither Defendants nor anyone acting on behalf of Defendants have conducted any human clinical study to test whether the Prevagen formulation containing apoaequorin and Vitamin D has any effect on memory or other cognitive functions.

**RESPONSE TO REQUEST NO. 75:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request to the extent it seeks information protected from disclosure by the attorney-client privilege and the attorney work product doctrine including, but not limited to, protection under Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure.  Any privileged information will be excluded from Defendants' response to this Request.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 76:**

Defendants have neither produced nor identified to Plaintiffs any human clinical study examining the effect of a product containing both apoaequorin and Vitamin D on memory or other cognitive functions.

**RESPONSE TO REQUEST NO. 76:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the word "produced" is  vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit.

48

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 77:**

No labeling or packaging for the Prevagen Products makes claims about cognitive or other benefits derived from Vitamin D.

**RESPONSE TO REQUEST NO. 77:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 78:**

No television, radio, or print advertising for the Prevagen Products make claims about cognitive or other benefits derived from Vitamin D.

**RESPONSE TO REQUEST NO. 78:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 79:**

Apoaequorin is a recombinant, water soluble protein composed of 196 amino acids with a molecular weight of 22.3kDA (kilo daltons).

**RESPONSE TO REQUEST NO. 79:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 80:**

The 2010 "Assessment of the Stability of the Apoaequorin Protein in Pepsin at pH 1.2 and 2.0" report by Richard E. Goodman and Afua Ofori-Anti, produced by Defendants with Bates Numbers QUINCYFTC-012963 to QUINCYFTC-012988 (the "2010 Goodman Report") was not designed to ascertain, and does not provide any information as to, what, if any, digestive products (e.g., amino acids, peptides) resulted at the conclusion of the study.

**RESPONSE TO REQUEST NO. 80:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit.

50

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 81:**

The assays used in the 2010 Goodman Report did not include trypsin, chymotrypsin, elastase, or other enzymes present in the human gastrointestinal tract.

**RESPONSE TO REQUEST NO. 81:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 82:**

Neither Defendants, nor anyone acting on behalf of Defendants, has conducted any peptide mapping (e.g., using reversed-phase chromatography, high performance liquid chromatography (HPLC)) to reveal the peptides, if any, that will be generated when apoaequorin is digested.

**RESPONSE TO REQUEST NO. 82:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit.

51

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 83:**

Neither Defendants, nor anyone acting on behalf of Defendants, has conducted any scientific research on humans showing that apoaequorin reaches the bloodstream or cerebrospinal fluid.

**RESPONSE TO REQUEST NO. 83:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 84:**

Neither Defendants, nor anyone acting on behalf of Defendants, has conducted any scientific research on humans showing that apoaequorin, when orally administered, crosses the blood-brain barrier of humans.

**RESPONSE TO REQUEST NO. 84:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 85:**

Defendants have not produced or identified any scientific evidence to show that any orally-administered protein, including apoaequorin, crosses the blood-brain barrier in healthy adults.

**RESPONSE TO REQUEST NO. 85:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 86:**

Defendants retained Dr. Paul Pencharz, who according to prior counsel for Quincy Bioscience Holding Company, Inc. is "a world renowned expert in protein metabolism" (letter produced by Plaintiffs with Bates Numbers FTC-0000806 to -0000814) to review, among other things, the "Quantification of Apoaequorin from Dog CSF and Plasma Samples" (report by Custom Biologics produced by Defendants with Bates Numbers QUI-FTCNY-00077448 to -00077460) and "A Novel Mechanism for Cognitive Enhancement in Aged Dogs with the Use of a Calcium-Buffering Protein" (published article produced by Defendants with Bates Numbers QUI-FTCNY-00100932 to QUI-FTCNY-00100937).

53

**RESPONSE TO REQUEST NO. 86:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the word "retained' is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny and further state that the document speaks for itself.

Defendants note that the document referenced in this Request was produced as "Confidential" and therefore designate their response to this Request as Confidential pursuant to the Confidentiality Order.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 87:**

On February 11, 2016, Dr. Pencharz opined, "Therefore, in my opinion the unpublished study report does not establish that apoaequorin crosses the blood brain barrier in dogs. I also do not believe the published study in dogs from the Journal of Vet Behavior demonstrates that apoaequorin crosses the blood brain barrier, as a mechanism of action is not discussed or studied" (letter produced by Plaintiffs at FTC-0000693 to FTC-0000696).

**RESPONSE TO REQUEST NO. 87:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

54

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit and further state that the document speaks for itself.

Defendants note that the document referenced in this Request was produced as "Confidential" and therefore designate their response to this Request as Confidential pursuant to the Confidentiality Order.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 88:**

By letter dated February 17, 2016, prior counsel for Quincy Bioscience Holding Company, Inc. notified Steven M. Musser, Ph.D., Deputy Director for Scientific Operations of the Food and Drug Administration's ("FDA's") Center for Food Safety & Applied Nutrition, that "[a]t this time, Quincy believes the mechanism of action for apoaequorin is not fully understood. There are no studies that definitively establish the mechanism of action for apoaequorin" (letter produced by Plaintiffs with Bates Numbers FTC-0000806 to -0000814).

**RESPONSE TO REQUEST NO. 88:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny and further state that the document speaks for itself.

Defendants note that the document referenced in this Request was produced as "Confidential" and therefore designate their response to this Request as Confidential pursuant to the Confidentiality Order.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 89:**

Neither Defendants, nor anyone acting on behalf of Defendants, is currently conducting any research to ascertain a mechanism of action for apoaequorin.

**RESPONSE TO REQUEST NO. 89:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request to the extent it seeks information protected from disclosure by the attorney-client privilege and the attorney work product doctrine including, but not limited to, protection under Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure. Any privileged information will be excluded from Defendants' response to this Request.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 90:**

Defendants maintain that apoaequorin is a "dietary ingredient" as set forth in 21 U.S.C. §321(ff)(1) of the Federal Food, Drug, and Cosmetic Act because apoaequorin "is principally a

56

source of amino acids" and a metabolite as stated by prior counsel for Quincy Bioscience Manufacturing, Inc. in a letter dated December 27, 2012 to Ms. Demetria L. Lueneburg, Compliance Officer of the Minneapolis District of the FDA (letter produced by Defendants with Bates Numbers QUINCYFTC-547151 to -547154).

**RESPONSE TO REQUEST NO. 90:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit only that Defendants maintain apoaequorin is a dietary ingredient and deny the remainder of this Request.

Defendants note that the document referenced in this Request was produced as "Confidential" and therefore designate their response to this Request as Confidential pursuant to the Confidentiality Order.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 91:**

Three-Bar Chart appearing in packaging and other marketing for Prevagen Products does not depict tests results for Day 60 of the Madison Memory Study.

**RESPONSE TO REQUEST NO. 91:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit and further state that the document speaks for itself.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 92:**

The Three-Bar Chart appearing in packaging and other marketing for Prevagen Products shows the percentage change at different time points only for the treatment arm of the Madison Memory Study.

**RESPONSE TO REQUEST NO. 92:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrases "packaging and other marketing for Prevagen Products" and "percentage change at different time points only for the treatment arm of the Madison Memory Study" are vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: As this Request is posed, Defendants are unable to either admit or deny it because the Request is unintelligible and further state that the document speaks for itself.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 93:**

Defendants have not identified to Plaintiffs any specific data from the Madison Memory Study that correspond to the percentage change results depicted in the Three-Bar Chart.

**RESPONSE TO REQUEST NO. 93:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "have not identified" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 94:**

Michael Beaman co-founded and provided the initial financing for the Defendants.

**RESPONSE TO REQUEST NO. 94:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "provided the initial financing" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Deny.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

59

**REQUEST NO. 95:**

Michael Beaman was informed of the results of scientific research being conducted by Defendants and others acting on behalf of Defendants.

**RESPONSE TO REQUEST NO. 95:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrases "was informed" and "results of scientific research being conducted by Defendants and others acting on behalf of Defendants" are vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: As Chief Executive Officer of Quincy, Michael Beaman is kept apprised of all significant updates regarding the company and its products. However, without any further specificity in the Request, after conducting a reasonable inquiry, the information Defendants know or can readily obtain are insufficient to enable them to admit or deny this Request as to *all* "scientific research being conducted."

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 96:**

Michael Beaman was aware of the warning letter issued by the FDA on October 16, 2012 and addressed to Mark Underwood.

**RESPONSE TO REQUEST NO. 96:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to this Request to the extent that

60

it does not specify a date when "Michael Beaman was aware of the warning letter issued by the FDA on October 16, 2012."

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit. By way of further response, as Chief Executive Officer of Quincy, Michael Beaman is kept apprised of all significant updates regarding the company and its products.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 97:**

Michael Beaman participated by phone in at least one meeting with the FDA regarding the subject matter of the FDA warning letter issued on October 16, 2012.

**RESPONSE TO REQUEST NO. 97:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the word "participated" is vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit. By way of further response, as Chief Executive Officer of Quincy, Michael Beaman is kept apprised of all significant updates regarding the company and its products.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 98:**

Michael Beaman was involved in discussions to shift Defendants' advertising from direct response advertising to branded advertising.

**RESPONSE TO REQUEST NO. 98:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "involved in discussions," the word "shift," and the phrase "direct response advertising to branded advertising" are vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit only that, as Chief Executive Officer of Quincy, Michael Beaman is kept apprised of all significant updates regarding the company and its products.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 99:**

Mark Underwood is the co-founder, President, and Chief Operating Officer of the Defendants and reports directly to the Defendants' shareholders.

**RESPONSE TO REQUEST NO. 99:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrases "reports directly" and "Defendants' shareholders" are vague, ambiguous and undefined

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit only that Mark Underwood is the co-founder, President, and Chief Operating Officer of Defendants. Deny the remainder of the Request.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

**REQUEST NO. 100:**

Mark Underwood is part of the marketing creative team, translates scientific data into marketing language, and directs research programs and activities.

**RESPONSE TO REQUEST NO. 100:**

Defendants hereby incorporate by reference as if set forth fully herein the General Objections and Reservation of Rights. Defendants further object to the Request on the grounds that the phrase "part of" and word "translates" are vague, ambiguous and undefined.

Subject to and without waiving the foregoing objections, based upon a reasonable investigation, Defendants respond to this Request as follows: Admit.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement this response.

Dated: New York, New York
        September 30, 2020

KELLEY DRYE & WARREN LLP

By:  */s/ Geoffrey W. Castello*
     John E. Villafranco (admitted *pro hac vice*)
     Geoffrey W. Castello
     Jaclyn M. Metzinger

Glenn T. Graham
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897
jvillafranco@kelleydrye.com
gcastello@kelleydrye.com
jmetzinger@kelleydrye.com
ggraham@kelleydrye.com

*Counsel for Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc. d/b/a Sugar River Supplements, and Quincy Bioscience Manufacturing, LLC*

64

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 30, 2020, I caused the foregoing Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc. d/b/a Sugar River Supplements, and Quincy Bioscience Manufacturing, LLC's  Objections and Responses to Plaintiffs' First Requests for Admission upon the following parties and participants:

Michelle Rusk
Annette Soberats
Ed Glennon
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Drop CC-10528
Washington, D.C. 20580
mrusk@ftc.gov
asoberats@ftc.gov
eglennon@ftc.gov

Kate Matuschak
Office of the New York State Attorney General
28 Liberty Street
New York, N.Y. 10005
kate.matuschak@ag.ny.gov

Michael de Leeuw
Tamar Wise
Cozen O'Connor
45 Broadway
New York, NY 10006
mdeleeuw@cozen.com
twise@cozen.com

/s/ Glenn Graham
Glenn Graham