

May 11, 2022

**Michael B. de Leeuw**
Direct Phone   212-908-1331
Direct Fax       646-461-2090
mdeleeuw@cozen.com

**VIA ECF**

Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Federal Trade Comm'n, et al. v. Quincy Bioscience Holding Co., LLC,, et al., 17-cv-00124-LLS

Your Honor:

Defendant Mark Underwood respectfully submits this letter in opposition to Plaintiff the People of the State of New York, by Letitia James, Attorney General of the State of New York's ("NYAG") untimely and improper request for a pre-motion conference concerning its proposed cross-motion for partial summary judgment.  ECF No. 242.

As Your Honor is well aware, Mr. Underwood submitted his initial letter motion seeking leave to file his Motion for Summary Judgment for lack of personal jurisdiction for the NYAG's claims on December 15, 2021, nearly *five months ago*.  ECF No. 195.  After seeking additional time to respond to Mr. Underwood's request, ECF No. 198, the NYAG submitted its response on January 14, 2022, ECF No. 203.  The NYAG's response previewed its opposition to Mr. Underwood's summary judgment motion, arguing that it amounts to a motion for reconsideration (it does not), that this Court maintains personal jurisdiction over the NYAG's state law claims by virtue of the Federal Trade Commission's federal law claims (it does not), and that this Court maintains personal jurisdiction over Mr. Underwood pursuant to New York Civil Practice Law & Rules ("CPLR") § 302(a) as President of the Corporate Defendants (it does not).  *Compare* ECF No. 203 at 2-3 *with* ECF No. 237 at 1-3, 4-10, 11-19.  But nowhere in its response did the NYAG indicate—let alone *request*—an intent to file a cross-motion for summary judgment on these issues.  It is only now, five months after Mr. Underwood's initial request and two months after Mr. Underwood filed his motion for summary judgment, that the NYAG seeks leave to file a motion of its own.

Flouting this Court's rules, the NYAG has already submitted its opening brief in support of its motion for summary judgment—tacked on to its opposition to Mr. Underwood's summary judgment motion.  *See* ECF 237 at 21 ("As requested in the NYAG's letter-motion for leave to file for partial summary judgment, *filed contemporaneously herewith*, the Court should grant partial summary judgment in the

Hon. Louis L. Stanton, U.S.D.J.
May 11, 2022
Page 2

_____

NYAG's favor" (emphasis added)).  The NYAG's request is both untimely and procedurally improper and should not be entertained by this Court.  Pursuant to Rule 2(A) of Your Honor's Individual Rules of Practice, a party seeking to file a motion for summary judgment must seek leave for a pre-motion conference with the court "before making any motion."  All of the other parties in this case have followed this procedure.  The NYAG made no such request before submitting its cross-motion for summary judgment.  *See* ECF No. 237 at 21-22.  Instead, the NYAG improperly and presumptively submitted its pre-motion letter *at the same time* as the motion itself.  *See* ECF No. 237 (motion filed May 6, 2022), ECF No. 242 (pre-motion letter filed May 6, 2022).  Had the NYAG submitted a timely, proper request, its cross-motion for summary judgment would have been filed at the same time as Mr. Underwood's, allowing the parties a proper briefing schedule and the Court to handle these motions efficiently.

It is unclear why the NYAG made the tactical choices it did, but one can only surmise that it was in order to write a further reply brief *after* Mr. Underwood submits his reply brief.  And, while Mr. Underwood believes that the Court should not entertain the NYAG's motion at all, at a minimum, the Court should not allow the NYAG to have a second brief on this motion.

For these reasons, Mr. Underwood respectfully requests that this Court deny the NYAG's request for a pre-motion conference regarding its proposed cross-motion for summary judgment as untimely and procedurally improper.

Respectfully submitted,

COZEN O'CONNOR

*/s/ Michael B. de Leeuw*

BY:    MICHAEL B. DE LEEUW