

June 23, 2022

**Michael B. de Leeuw**

Direct Phone   212-908-1331
Direct Fax       646-461-2090
mdeleeuw@cozen.com

**VIA ECF**

Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:    Federal Trade Comm'n, et al. v. Quincy Bioscience Holding Co., LLC,, et al.,
17-cv-00124-LLS**

Your Honor:

We represent Defendant Mark Underwood in the above-captioned matter. Pursuant to Section 3.B of Your Honor's Individual Practices, Mr. Underwood hereby requests that the Court maintain portions of the papers filed in further support of Mr. Underwood's Motion for Partial Summary Judgment ("Reply") under seal.

As the Court is aware, this case concerns certain marketing statements ("Challenged Claims") disseminated in relation to the dietary supplement Prevagen®.  In response to the NYAG's Statement of Additional Material Facts, Mr. Underwood has filed certain exhibits discussing confidential research, proprietary marketing practices and data, and other data relevant to Quincy's business ("Confidential Materials").[1]  The Confidential Materials have been filed with the Reply as exhibits to the declaration of Michael de Leeuw ("de Leeuw Declaration").

The Confidential Materials include the following documents, which Mr. Underwood requests the Court maintain under seal in their entirety:

- **Exhibit 4 to the de Leeuw Declaration** – Excerpts from Defendants' Second Supplemental Responses and Objections to Plaintiffs' Second Set of Interrogatories providing details regarding Quincy's proprietary marketing practices.

- **Exhibit 5 to the de Leeuw Declaration** – Excerpts from Quincy's Fourth Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories, providing details regarding the confidential scientific data and sales data supporting the Challenged Claims.

---

[1]     This sealing request is made without waiver of Mr. Underwood's request that the Court strike the NYAG's Statement of Additional Material Facts as improper.

Hon. Louis L. Stanton, U.S.D.J.
June 23, 2022
Page 2

_____

The Confidential Materials include the following documents, which Mr. Underwood requests the Court maintain on the docket in redacted form:

- **Exhibit 1 to the de Leeuw Declaration** – Excerpts of the transcript of the deposition of Mark Underwood in his individual capacity taken on August 21, 2020, describing Quincy's process employed in developing its confidential research, its marketing strategies related to Prevagen, and its ownership.

Mr. Underwood has narrowly tailored his request to seal only the portions of the foregoing exhibits that contain confidential information.

As made clear in Defendants' letter seeking to maintain certain exhibits (including certain of the exhibits referenced above) under seal, ECF No. 219, it is appropriate, under Second Circuit precedent, for this Court to grant Mr. Underwood's request because their public disclosure would be detrimental to the corporate defendants' commercial interests. The Second Circuit has set forth a three step process to determine whether a document filed with the Court may be maintained under seal. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). First, the Court must determine whether the document is a "judicial document" to which the public has a presumptive right of access. *Id.* Second, if the Court determines that the materials are "judicial documents," it evaluates the "weight to be given the presumption of access," which is proportional to the degree to which the document stands to "directly affect an adjudication." *Id.* Finally, after determining the weight to be given the presumption of access, the Court must balance competing considerations against it, which include "the private interests of those resisting disclosure." *Id.*

Mr. Underwood does not dispute that, as documents filed in support of a motion for summary judgment, the Confidential Materials listed above are judicial documents entitled to a presumption of access. *Id.* at 121. But, that presumption is commonly overcome by the need to protect the confidentiality of proprietary business information. *Kewazinga Corp. v. Microsoft Corp.*, No. 18 Civ. 4500, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard."). Courts in this Circuit have routinely found information regarding marketing plans and strategies, *Kewazinga Corp.*, 2021 WL 1222122, at *6; *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011), and product research and testing methods, *In re Zimmer M/L. Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinective Tech. & Versys Femoral Head Prod. Liab. Litig.*, No. 18 MC 2859, 2021 WL 4706199, at *3 (S.D.N.Y. Oct. 8, 2021), sufficiently sensitive to justify sealing.

All of the Confidential Materials listed above contain proprietary business information that justifies seal. The public disclosure of these Confidential Materials would harm the corporate defendants by providing their competitors with access to marketing

Hon. Louis L. Stanton, U.S.D.J.
June 23, 2022
Page 3

strategies and data that the corporate defendants expended significant time and money to develop.  By sealing the Confidential Materials, the Court would permit Defendants to defend against Plaintiffs' claims without suffering competitive harm.  *W.J. Deutsch & Sons, Ltd. v. Diego Zamora, S.A.*, No. 21 Civ. 11003, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022); *Playtex Prod., LLC v. Munchkin, Inc.*, No. 14 Civ. 1308, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016).

Respectfully submitted,

COZEN O'CONNOR

*/s/ Michael B. de Leeuw*

BY:    MICHAEL B. DE LEEUW