

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

JANE M. AZIA, CHIEF
CONSUMER FRAUDS AND PROTECTION BUREAU
KATE MATUSCHAK
ASSISTANT ATTORNEY GENERAL
E-MAIL: Kate.Matuschak@ag.ny.gov
(212) 416-6189

June 30, 2022

**By ECF**

Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *FTC et al. v. Quincy Bioscience Holding Co., Inc. et al.* (No. 17-cv-00124-LLS)

Dear Judge Stanton:

      Plaintiff the People of the State of New York, by Letitia James, Attorney General of the State of New York ("NYAG"), respectfully requests that the Court grant leave for the NYAG to file a brief sur-reply in response to Defendant Mark Underwood's Reply in further Support of Motion for Partial Summary judgment and Opposition to Motion for Summary Judgment by New York Attorney General (filed June 23, 2022) [Dkt. No. 264] ("Reply") or, in the alternative, the NYAG respectfully requests that the Court consider this submission in lieu of a sur-reply. *See SEC v. Ripple Labs*, No. 20-cv-10832, 2022 U.S. Dist. LEXIS 21936 (S.D.N.Y. Feb. 3, 2022) ("Motions for leave to file a sur-reply are subject to the sound discretion of the court.") (internal quotation marks and citation omitted). The NYAG would limit any sur-reply to the following three arguments, all of which address new arguments and/or procedural issues.

      *First*, this Court should not strike the additional material facts cited by the NYAG in its Response to Defendant Mark Underwood's Rule 56.1 Statement (filed May 6, 2022) [Dkt. Nos. 238 & 239].) Underwood argues that the NYAG was not entitled to introduce material facts in opposition to summary judgment. (Reply at 9 n.5.) Rule 56(c)(1) of the Federal Rules of Civil Procedure provides, "A *party* asserting that a fact cannot be or is genuinely disputed must support that assertion . . . ." (Emphasis added.) Rule 56 does not limit the opportunity to present undisputed facts to movants. Indeed, this Court routinely considers opposing statements of undisputed fact in ruling on motions for summary judgment. *See, e.g.*, *Whitehurst v. 230*

*Fifth, Inc.*, 998 F. Supp. 2d 233, 240 n.2 (S.D.N.Y. 2014) (in deciding motions for summary judgment, considering "Defendants' Counterstatement of Undisputed Material Facts in Opposition to Plaintiffs' Motion for Summary Judgment (Def. 56.1(b))"); *Tesla Wall Sys., LLC v. Related Cos., L.P.*, No. 17-cv-5966, 2018 U.S. Dist. LEXIS 81398, at *12-13 (S.D.N.Y. May 13, 2018) (in deciding motions for summary judgment, considering "Counter Statement of Undisputed Material Facts in Opposition to Motions for Summary Judgment"); *cf. Skates v. Inc. Vill. of Freeport*, 265 F. Supp. 3d 222, 226 n.1 (E.D.N.Y. 2017) (in deciding motion for summary judgment, considering nonmovant's "Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1"). In the case Underwood cites (Reply at 9 n.5), the court admonished the nonmovant for advancing additional undisputed facts, but did not appear to consider those facts material. *Ostreicher v. Chase Bank USA, N.A.*, No. 19-cv-8175, 2020 WL 6809059, at *1 n.1 (S.D.N.Y. Nov. 19, 2020) (disregarding additional undisputed facts that the nonmovant "simply thinks are important").

It would be nonsensical if Underwood could move for summary judgment, citing only the undisputed facts favorable to him, but the NYAG could only introduce facts that are disputed. This is especially so where, as here, one of the alleged grounds for summary judgment is a lack of record evidence. (*See* Mem. of Law in Support of Mot. for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 56(a) (filed Mar. 18, 2022) [Dkt. No. 211] at 18-23; Reply at 8-15.) The NYAG set forth a number of facts that preclude summary judgment in Underwood's favor and the NYAG should not be precluded from presenting such evidence simply because it is undisputed.

*Second*, Underwood has conceded disputes of material fact that preclude summary judgment in his favor. Underwood's Response to the NYAG's Statement of Additional Material Facts (filed June 23, 2020) [Dkt. No. 265] indicates that he contests 10 of the 17 facts set forth by the NYAG. (*See id.* Nos. 1, 3, 5, 8-9, 11-12, 15-17.) Should the Court be inclined to agree with Underwood's position that NYAG may only offer disputed findings in opposition to summary judgment, those 10 findings could still be considered by the Court. For 7 of these, Underwood appears to concede that the disputed facts are material. (*See id.* Nos. 5, 8, 11-12, 15-17.) On this basis alone, summary judgment in Underwood's favor is precluded.

*Third*, the Court need not consider Underwood's responses to the NYAG's Statement of Additional Material Facts to the extent they rely upon evidence that has not been filed with the Court.[1] (*See* Additional Facts Response No. 3 (relying in part on redacted portion of Underwood deposition transcript); *id.* No. 5 (relying in part on redacted portion of Underwood deposition transcript and an exhibit that was not filed with the Court in connection with Underwood's reply); *id.* Nos. 16 & 17 (relying on exhibits that were not filed with the Court in connection with Underwood's reply). Facts 16 and 17 are unrebutted and Facts 3 and 5 are unrebutted in part.

---

[1] Underwood purported to file certain of his exhibits under seal, but does not appear to have done so. (*See* Decl. of Michael de Leeuw in Further Support of Mot. for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 56(a) (filed June 23, 2022) [Dkt. No. 266] (attaching redacted deposition transcript as Exhibit 1 and "Filed Under Seal" slip sheets as Exhibits 4 and 5.) This was a violation of Your Honor's Individual Practices and this Court's applicable Standing Order (filed Dec. 19, 2019) (19-mc-00583).

Matuschak to Hon. Louis L. Stanton, U.S.D.J.
Page 2 of 3

*See* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion.").

                                              Respectfully submitted,

                                              /s/ *Kate Matuschak*
                                              Kate Matuschak
                                              Assistant Attorney General
                                              New York State Office of the Attorney General

cc:       Counsel of Record (via ECF)