ORIGINAL

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATED:  7/5/22
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION, ET AL.,

                                Plaintiffs,

        - against -

QUINCY BIOSCIENCE HOLDING CO., INC.,
ET. AL.,

                                Defendants.

17 Civ. 124 (LLS)

OPINION & ORDER

      Defendant Mark Underwood moves for partial summary judgment seeking to dismiss plaintiff the New York Attorney General's (NYAG's) claims against him for lack of personal jurisdiction. The NYAG opposes Mr. Underwood's motion, and cross-moves for partial summary judgment on the issue of this Court's personal jurisdiction over Mr. Underwood.

      Mr. Underwood's motion is granted.

      Upon review of the recent case law, the Court agrees that the doctrine of pendent personal jurisdiction does not apply in this case, where the Court's exercise of personal jurisdiction over Underwood as to the NYAG's claims would be "anchored" by its jurisdiction over a separate plaintiff's (the FTC's) claims. See Canaday v. Anthem Companies, Inc., 9 F.4th 392 (6th Cir. 2021), cert. denied, No. 21-1098, 2022 WL 1914113 (U.S. June 6, 2022) (rejecting such a version of pendent party jurisdiction); see also Df. Br., Dkt. No. 211, at 13-15 (collecting cases).

      As other courts have reasoned, the expansive interpretation of the doctrine of pendent party jurisdiction that the NYAG

-1-

advocates for here would be inconsistent with the basic principle underlying personal jurisdiction and due process, namely that there must exist a nexus between the defendant and the forum for each claim asserted, regardless of considerations of judicial economy and convenience. See e.g., Chizniak v. CertainTeed Corp., No. 17-CV-1075, 2020 WL 495129, at *5 n.4 (N.D.N.Y. Jan. 30, 2020) (rejecting application of pendent party personal jurisdiction doctrine to allow additional plaintiffs to piggyback on anchor claim brought by other set of plaintiffs because doing so "would counteract the Due Process Clause requirement that personal jurisdiction comports with traditional notions of fair play and substantial justice"); Wiggins v. Bank of Am., N.A., 488 F. Supp. 3d 611, 624 (S.D. Ohio 2020) ("This Court has previously declined to exercise its discretion to apply pendent jurisdiction when *multiple plaintiffs*—not a single plaintiff—assert separate claims against the same defendants . . . . this application of pendent jurisdiction raised serious Due Process Clause concerns" and "the Court cannot offend Due Process Clause in order to create efficiency") (internal citations and quotation marks omitted)(emphasis in original).

Since the Court may not exercise jurisdiction over the NYAG's claims against Mr. Underwood through the doctrine of pendent personal jurisdiction, it must consider whether jurisdiction is proper under N.Y. C.P.L.R. § 302.

The undisputed facts show that Mr. Underwood is not

domiciled in New York, and does not personally have continuous or permanent contacts with New York. The question is therefore whether through his role as President, co-founder and board member of defendant corporation Quincy Bioscience Holding Company, Inc., Mr. Underwood was a primary actor in Quincy's transactions in New York that gave rise to the litigation. See Arma v. Buyseasons, Inc., 591 F. Supp. 2d 637, 647 (S.D.N.Y. 2008) ("As a necessary part of this inquiry, a plaintiff must demonstrate that the out-of-state corporate officers were primary actor[s] in the transaction in New York that gave rise to the litigation, and not merely some corporate employee[s] ... who played no part in it.")(internal quotations and citations omitted)(alterations in original).

Plaintiff has not raised a genuine dispute of material fact as to Underwood's role as a "primary actor" in directing the allegedly infringing advertisements targeting New York specifically.

Plaintiff concedes that Prevagen advertisements are disseminated nationwide. See Pl. R. 56.1 Statement, Dkt. No. 249, at ¶ 13. It presents no evidence to show that Mr. Underwood participated in developing advertising specifically for New York, besides repeatedly asserting that Mr. Underwood "*may* have been the sole individual responsible for reviewing and editing packaging and advertising", see Pl. Response to Df. R. 56.1, Dkt. No. 238, at ¶¶ 3, 4, 5, 7, 12, 13, 14, 16, a statement

-3-

based on Mr. Underwood's testimony that he handled all corporate functions at the Company's inception more than 14 years ago. See Df. Reply. Br. at 13. That supposition does not contradict Underwood's assertions that many individuals are responsible for sales and marketing at the company, see Df. R. 56.1 Statement at ¶¶ 16-22, that he was part of a marketing team at the Company, id. at ¶17, and that he was not involved in directing any New York-market specific advertising or purchasing media spots for such ads. Id. at ¶14; see also Df. Br. 5-7. In fact, Underwood asserts that the Company itself does not, and has never had, New York specific marketing teams or claims, see Df. R. 56.1 Statement at ¶ 15, and plaintiff does not contradict that statement. See Pl. Response to Df. R. 56.1 at ¶ 15.

Therefore, although it is undisputed that Mr. Underwood is the President, co-founder, and board member of the company, that Prevagen advertisements have been disseminated to consumers in the State of New York through a variety of media, and that Mr. Underwood has a role in the creation, review, approval and placement of the advertisements (see Pl. R. 56.1 Statement and Df. Response to Pl. R. 56.1, Dkt. Nos. 249 and 265, respectively), none of those facts create a material dispute as to whether Mr. Underwood is a "primary actor" in Quincy's marketing and advertising as it relates to the state of New York, and defendant has shown that he is not. See, e.g., Ontel Prod., Inc. v. Project Strategies Corp., 899 F. Supp. 1144, 1149

-4-

(S.D.N.Y. 1995) ("It is not enough that Ziskind, as President of P.S.C., likely *possessed authority* to direct all the activities that gave rise to this suit. . . . Accordingly, the action against Ziskind is dismissed for lack of personal jurisdiction.")(emphasis in original).

The Court lacks jurisdiction over the NYAG's claims against Mr. Underwood individually, and those claims are therefore dismissed.

So Ordered.

Dated:   New York, New York
         July 5, 2022

                                      *Louis L. Stanton*
                                      Louis L. Stanton
                                      U.S.D.J.