

July 11, 2022

**Michael B. de Leeuw**
Direct Phone    212-908-1331
Direct Fax 646-461-2090
mdeleeuw@cozen.com

**VIA ECF**

Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>Federal Trade Comm'n, et al. v. Quincy Bioscience Holding Co., LLC,, et al.,
      17-cv-00124-LLS</u>

Your Honor:

     We are counsel to Defendant Mark Underwood and respectfully submit this letter in response to the NYAG's July 7, 2022 letter opposing Mr. Underwood's motion to seal certain documents submitted in support of his Motion for Partial Summary Judgment. (ECF No. 275.)

     The NYAG's position that Mr. Underwood has not articulated a legitimate basis for withholding *portions* of certain documents submitted in support of his Motion for Partial Summary Judgment[1] is baseless. The NYAG offers an unsupported, speculative argument that public disclosure of this data would not cause harm. (ECF No. 275 at 2-3.) Not so. The relevant, redacted portions of Mr. Underwood's deposition transcript and the Corporate Defendants' interrogatory responses discuss the inner workings of the Corporate Defendants' marketing team—proprietary data that could be used by the Corporate Defendants' competitors for their own benefit. Similarly, the Corporate Defendants' *nonpublic* sales data contained in the cited portions of the Corporate Defendants' interrogatory responses is highly sensitive information that could be used by the Corporate Defendants' competitors to the Corporate Defendants' detriment. Indeed, the NYAG itself acknowledged the proprietary nature of the Corporate Defendants' sales data by redacting it in its (improperly filed) statement of additional material facts. (*See* ECF No. 239 at 22.)

     Contrary to the NYAG's position, this Court does not require a party seeking to seal proprietary business information (*e.g.*, marketing plans and sales data) to *identify* the competitors that would use this information or *speculate* about how that information could be used. Instead, this Court must assess whether Mr. Underwood's concern that publicly disclosing this proprietary information would be prejudicial to him and to the Corporate

---

[1] With respect to the redacted deposition transcript of Mr. Underwood, the NYAG is only challenging the sealing request as it relates to the portions of Mr. Underwood's deposition cited in support of Mr. Underwood's reply brief in further support of the Motion for Partial Summary Judgment. ECF No. 275 at 2.

LEGAL\58645579\1

Hon. Louis L. Stanton, U.S.D.J.
July 11, 2022
Page 2
_____

Defendants outweighs the public's right to access this information at this time. *Kewazinga Corp. v. Microsoft Corp.*, No. 18 Civ. 4500, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021). As this Court has found time and time again, the limited information that Mr. Underwood seeks to keep under seal involving the Corporate Defendants' marketing strategies and sales data meets that standard. *See id.* at *6 (concluding that redacted information related to "the amounts of its revenue and sales" and "specific revenue amounts from certain offerings" should be sealed as "it could indeed harm [the defendant] or advantage its competitors"); *see also GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (concluding that certain documents warranted seal where they contained "highly proprietary material concerning the defendants' *marketing strategies*, product development, costs and budgeting" as "the privacy interests of the defendants outweigh the presumption of public access").

Respectfully submitted,

COZEN O'CONNOR

*/s/ Michael B. de Leeuw*

BY:    MICHAEL B. DE LEEUW