

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

JANE M. AZIA, CHIEF
CONSUMER FRAUDS AND PROTECTION BUREAU
KATE MATUSCHAK
ASSISTANT ATTORNEY GENERAL
E-MAIL: Kate.Matuschak@ag.ny.gov
(212) 416-6189

July 14, 2022

**By ECF**

Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *FTC et al. v. Quincy Bioscience Holding Co., Inc. et al.* (No. 17-cv-00124-LLS)

Dear Judge Stanton:

    Plaintiffs the People of the State of New York, by Letitia James, Attorney General of the State of New York ("NYAG") and Federal Trade Commission ("FTC") respectfully submit this letter in response to Defendants' July 11, 2022 letter regarding their letter-motion to seal certain material that was filed in connection with their Motion for Summary Judgment [Dkt. No. 277] ("7/11/22 Letter"). Because Defendants have still failed to articulate any specific competitive harm from the materials' disclosure, Plaintiffs continue to advocate that they should be publicly available in their entirety.

    Plaintiffs submit this brief letter to correct the record. Contrary to Defendants' representation to the Court that they "offered to withdraw" the confidentiality designations of their expert reports earlier this year, they did, in fact, "hereby withdraw their confidentiality designations" for all but one of their expert reports, and withdrew most of the designations for the remaining one, in a letter to Plaintiffs dated January 7, 2022. Despite having withdrawn those confidentiality designations, Defendants filed those expert reports under seal and argued to the Court that disclosure of those reports "would be detrimental to Quincy's commercial interests" and "would harm Quincy's commercial position by providing its competitors with access to marketing strategies and data that Quincy has expended significant funds to develop." (4/14/22 Letter from Castello to Hon. Louis L. Stanton [Dkt. No. 219] at 2, 3.)

Matuschak & Wone to Hon. Louis L. Stanton, U.S.D.J.
Page 2 of 2

    Defendants fail to explain why, following their de-designation of these expert reports, they then filed those reports under seal and represented to the Court that public disclosure would do them harm. And now, Defendants finally offer to file those same reports publicly – but only if the Court orders them to do so. Given the strong presumption of public access under the common law and the First Amendment, Defendants' position is untenable. (*See* 6/16/22 Letter from Matuschak & Wone to Hon. Louis L. Stanton [Dkt. No. 252].)

    Plaintiffs also wish to correct Defendants' assertion that, with respect to the Madison Memory Study protocol, "the aspects of the protocol that the parties consider to be relevant are discussed in the parties' respective expert reports, which Defendants have agreed to file publicly." (7/11/22 Letter at 3.) Defendants have not agreed to publicly file the reports of Plaintiffs' experts, portions of which Defendants have designated "Confidential" in part because they discuss the protocol. Defendants cannot choose to selectively disclose the portions of documents that support their litigation position and seal the portions that do not. They have articulated no reason why certain information about the protocol is proprietary and would do them competitive harm if disclosed, while other of that information would not.

                                  Respectfully submitted,

/s/ *Kate Matuschak*
Kate Matuschak
Assistant Attorney General
New York State Office of the Attorney General

/s/ *Andrew Wone*
Andrew Wone
Federal Trade Commission

cc:    Counsel of Record (via ECF)