

**Glenn T. Graham**

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel: (212) 808-7800
Fax: (212) 808-7897
ggraham@kelleydrye.com

August 31, 2022

**Via ECF**

Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>FTC, et al. v. Quincy Bioscience Holding Co., Inc., et al.</u>, Case No. 1:17-cv-00124-LLS

Your Honor:

      We represent defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., and Quincy Bioscience Manufacturing, LLC (collectively, "Quincy"). Pursuant to Section 3.B of Your Honor's Individual Practices, Quincy hereby requests that the Court maintain limited portions of the parties' Joint Pretrial Order on the docket in redacted form.

      Paragraphs 186 through 188 of Section II of the Joint Pretrial Order (Plaintiffs' Proposed Findings of Fact) detail Quincy's sales, revenue, and advertising expenditures. This information represents Quincy's confidential business information. Indeed, this Court previously recognized as much and sealed the same sales and revenue information contained in Paragraphs 186 and 187 of the Joint Pretrial Order. That information—which was taken from Quincy's Fourth Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories—was submitted to the Court in connection with defendant Mark Underwood's reply papers in support of his motion for summary judgment. (Dkt. No. 266-5.) On August 24, 2022, this Court granted Mr. Underwood's request to seal that information, explaining that the "Exhibits attached to Exhibit 5 to the de Leeuw Declaration (Exhibits A through F, analyzing sales) may remain under seal in their entirety." (Dkt. No. 293.)

      The same should be true for the advertising and marketing information in Paragraph 187. This information (taken from Quincy's Second Supplemental Responses and Objection to Plaintiffs' Second Set of Interrogatories) details Quincy's advertising and marketing expenditures from 2015-2019. And courts routinely seal that type of information. *See Kewazinga Corp. v. Microsoft Corp.*, No. 18 Civ. 4500, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard."); *Louis Vuitton Malletier S.A.*

August 31, 2022

*v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing advertising expenditures and plans).

      Quincy therefore respectfully requests that the Court accept Quincy's proposed redactions to Paragraphs 186 through 188 of the Joint Pretrial Order for purposes of filing the Joint Pretrial Order on the public docket.

          Respectfully submitted,

          /s/ *Glenn T. Graham*

          Glenn T. Graham
          Kelley Drye & Warren LLP
          3 World Trade Center
          175 Greenwich Street
          New York, NY 10007
          Tel: (212) 808-7800
          Fax: (212) 808-7897
          ggraham@kelleydrye.com

          *Counsel for Defendants*
          *Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc. and Quincy Bioscience Manufacturing, LLC*

cc:    All Counsel of Record (via Email)