

United States of America
## FEDERAL TRADE COMMISSION
Washington, DC 20580

Annette Soberats
Division of Advertising Practices
202-326-2921; asoberats@ftc.gov

September 14, 2022

**VIA ECF**
Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:   *FTC, et al. v. Quincy Bioscience Holding Co., Inc., et al.* (17-CV-00124-LLS)
        Plaintiffs' Opposition to Defendants' Request for Pre-Motion Conference and Briefing

Your Honor:

Plaintiffs, the Federal Trade Commission ("FTC") and the People of the State of New York ("NYAG"), write to oppose Defendants' request for a pre-motion conference concerning their anticipated motion to strike Plaintiffs' proposed findings of ultimate fact.  The Court should deny Defendants' request because they raise no valid basis for a conference or briefing.

**Plaintiffs' Proposed Findings Comply with the Court's Order for Pretrial Submissions (ECF No. 192)**.  Defendants first complain about the number of Plaintiffs' findings, yet the Court's Order for Pretrial Submissions did not place a restriction on the number of findings any party could serve.  Moreover, the number of Plaintiffs' proposed findings is reasonable for a case that includes multiple defendants, federal and state counts, eleven experts, a multi-year national advertising campaign with numerous TV, radio, and internet ads, and various studies propounded by Defendants as purported substantiation for the challenged advertising claims.  In this case, Plaintiffs must prove that:  (1) individual Defendant Mark Underwood is individually liable; (2) the Corporate Defendants are liable and operated as a common enterprise; (3) Defendants made the challenged advertising claims and disseminated ads with those claims; (4) Defendants lacked competent and reliable scientific evidence to support the challenged advertising claims; (5) Plaintiffs are entitled to injunctive relief; and (6) the NYAG is entitled to monetary relief in the form of restitution, penalties, disgorgement, and statutory costs.  Plaintiffs' proposed findings properly address these issues.  Given the complexity of this case, it is not surprising that Defendants themselves served *one hundred and thirty-four* purported findings of ultimate fact on Plaintiffs, a fact that they conveniently fail to acknowledge in their letter-motion.

Defendants next argue that more than half of Plaintiffs' findings constitute hypotheticals, legal conclusions, and expert opinions, but the only two examples they cite fail to support their argument.  Defendants contend that two of Plaintiffs' proposed findings, which state that the Madison Memory Study – Defendants' primary purported substantiation – does not show that

The Honorable Louis L. Stanton    September 14, 2022
Page 2

Prevagen improves memory and cognition in humans, are impermissible legal conclusions on the ultimate issue to be tried by this Court. But these proposed findings are factual assertions about what the study's data fails to show. If ultimately found to be true, they would be sufficient to sustain a judgment for Plaintiffs as to the issue of whether Defendants' advertising is deceptive.

**Plaintiffs Properly Contested Defendants' Purported Findings of Ultimate Fact**. In keeping with the Court's Order for Pretrial Submissions, Plaintiffs, on March 24, 2022, "inform[ed] Defendants which of Defendants' proposed findings [were] contested and which [were] not contested." Plaintiffs noted their legal objections, provided evidentiary support where appropriate, and proposed reply counter-findings, as necessary. The Court's Order did not require Plaintiffs to provide evidentiary support for the facts Plaintiffs contested, but rather to merely state which findings were contested and which were not. This directive is consistent with the Court's past practice in other cases in which the Court has instructed parties as follows:

> (1) Those assertions which are only evidentiary and do not amount to "ultimate fact" may be identified as such by marking them as "immaterial" indicating that they do not require a response . . . ;
>
> (4) Assertions of "ultimate fact" which are no more than points of law require no response, and may be marked accordingly;
>
> (5) Statements which are only conclusory or argument may be met with statements of equal breadth.

*See, e.g.*, *Tesla Wall Sys., LLC v. Budd*, No. 14-cv-8564-LLS, Order, ECF No. 53 (S.D.N.Y. Oct. 7, 2016).

In accordance with the Court's Order and prior rulings, Plaintiffs did not, for instance, provide documentary support for purported findings that seek to mischaracterize FTC law and guidance.[1] Such purported findings are assertions of law and argument that according to this Court's order and past practice require no response or statements of equal breadth. Plaintiffs properly contested these findings as irrelevant and immaterial, cited the applicable law, and/or provided reply counter-findings that referenced the relevant portions of the FTC's guidance. Moreover, Defendants have not provided support for their position that Plaintiffs did not comply

---

[1] For example, Defendants proposed three findings that state that Plaintiffs have not proffered any expert testimony or evidence, or any consumer survey evidence, regarding consumers' interpretation or the net impression of any Prevagen ads. As Plaintiffs stated in their responses, such findings are irrelevant and immaterial, as they seek to improperly impose a burden of proof on Plaintiffs that is contrary to FTC and New York law. *See* Pls. Resps. Defs' Prop Findings Nos. 23-26. Where, as in this case, the challenged claims are express or strongly implied, the trier of fact may determine whether ads make the challenged claim without resorting to extrinsic evidence of consumer perception. *See, e.g.*, *FTC v. Bronson Partners, LLC,* 564 F. Supp. 2d 119, 125-28 & n.8 (D. Conn. 2008); *FTC v. Nat'l Urological Grp,* 645 F. Supp. 2d 1167, 1188-89 & n.12 (N.D. Ga. 2008).

The Honorable Louis L. Stanton                                    September 14, 2022
Page 3

with the Court's Order or that their findings should be converted into admissions.  In any case, Defendants themselves did not provide evidentiary support when contesting several of Plaintiffs' proposed findings of ultimate fact.

      For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' request for a pre-motion conference and for briefing on their anticipated motion to strike and to have certain of their findings deemed admitted.  To the extent that the Court is inclined to allow Defendants to move to strike or to have certain of their findings deemed admitted, Plaintiffs request that the Court grant Plaintiffs leave to do the same.

      Respectfully,

*/s/ Annette Soberats*
Annette Soberats, Attorney
Federal Trade Commission

*/s/ Kate Matuschak*
Kate Matuschak
Assistant Attorney General
New York State Office of the
Attorney General

cc: All parties via ECF