ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/20/22

## MEMORANDUM ENDORSEMENT

Federal Trade Commission et al. v. Quincy Bioscience ~~Holding~~ Company, Inc. et al.,
17 Civ. 124 (LLS)

The issues raised by Defendants in their September 1, 2022 letter challenging Plaintiffs' proposed findings are disposed of as follows:

1. Defendant's proposed motion to strike Plaintiffs' proposed findings of fact is denied. A motion to strike, commonly addressed to allegations in a pleading, is ill-adapted to a pre-trial statement of what the adversary will undertake to prove, even though the statement is needlessly prolix, and lacks evidentiary support;

2. Plaintiffs are directed to set forth no more than 20 proposed findings of ultimate fact, without evidentiary support, which would be sufficient to support a judgment for Plaintiffs if those ultimate facts were found to be true, Individual Practices of Judge Louis L. Stanton 4(A)(1)(2021); and

3. Unless Plaintiffs disclose the facts in support of each of Plaintiffs' proposed supporting findings to Defendants within the next 30 days, such undisclosed evidence will not be received at trial.

So ordered.

Dated:   New York, New York
         October 20, 2022

                                    *Louis L. Stanton*
                                    LOUIS L. STANTON
                                    U.S.D.J.

**MEMO ENDORSED**

**COZEN O'CONNOR**

September 1, 2022

**VIA ECF**

**Michael B. de Leeuw**
Direct Phone  212-908-1331
Direct Fax      646-461-2090
mdeleeuw@cozen.com

Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  **Federal Trade Comm'n, et al. v. Quincy Bioscience Holding Co., LLC,, et al.**, 17-cv-00124-LLS

Your Honor:

We are counsel to Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., and Quincy Bioscience Manufacturing, LLC (collectively, "Quincy") and to Defendant Mark Underwood ("Mr. Underwood" and, together with Quincy, "Defendants") and respectfully request a pre-motion conference in advance of filing a motion challenging Plaintiffs' proposed findings of fact pursuant to the Order dated November 23, 2021 (ECF No. 192). The anticipated bases for Defendants' motion are set forth below.

**A.   Plaintiffs' Proposed Findings of Fact That Amount to Legal Conclusions, Rely on Expert Testimony, Are Irrelevant, or Rely on Hypotheticals Should Be Stricken.**

On November 23, 2021, this Court issued an order detailing the guidelines for pre-trial submissions in this action. (ECF No. 192, the "Pre-Trial Order".) In the Pre-Trial Order, this Court directed the Federal Trade Commission and the People of the State of New York (the "Plaintiffs") to serve "a set of proposed findings of ultimate fact, without evidentiary detail, which would be sufficient to sustain a judgment for Plaintiffs if these facts were ultimately found to be true." (Id. ¶ 1.) This Court then directed Defendants to respond to Plaintiffs' proposed findings, and noted that Defendants' disagreements with Plaintiffs' proposed findings "should be based on substance only, not on the form or wording of any proposed finding." (Id. ¶ 2.)

Instead of adhering to this Court's clear directive and clarifying the issues to be tried, Plaintiffs elected to submit *more than two hundred* proposed findings of fact styled as allegations, more than half of which constitute sweeping series of hypotheticals, legal conclusions, patently subjective statements, or expert opinions inappropriately disguised as facts. Most egregiously, Plaintiffs' proposed facts include legal conclusions on *the ultimate issues* to be tried by this Court, such as, "The Madison Memory Study does not show that Prevagen improves memory in humans" and "The Madison Memory Study does not show that Prevagen improves cognition in humans." None of these statements are appropriate candidates for "findings of ultimate fact"; instead, they constitute an egregious abuse of this Court's clear directive and should be stricken.

Hon. Louis L. Stanton, U.S.D.J.
September 1, 2022
Page 2

### B. The Court Should Admit Defendants' Proposed Findings of Fact that Plaintiffs Failed to Refute with Evidentiary Support.

In the Pre-Trial Order, this Court also called for Defendants to serve proposed findings on Plaintiffs "on affirmative defenses and other subject matter not covered by Plaintiffs," which Plaintiffs were also ordered to contest. (Pre-Trial Order ¶ 2.) But, unlike Defendants, Plaintiffs repeatedly failed to provide evidentiary support for their responses to Defendants' proposed findings of fact or pointed to documents or information that are nonresponsive. Instead, Plaintiffs object to these facts on generalized grounds, arguing that they are "irrelevant and immaterial" or "vague and ambiguous" without record support. Defendants maintain that to the extent Plaintiffs failed to challenge those findings of fact with evidentiary support, those findings of fact should be deemed admitted.

Respectfully submitted,

COZEN O'CONNOR

/s/ Michael B. de Leeuw

BY:   MICHAEL B. DE LEEUW


KELLEY DRYE & WARREN LLP

/s/ Glenn Graham

BY:   GLENN GRAHAM



United States of America
**FEDERAL TRADE COMMISSION**
Washington, DC 20580

Annette Soberats
Division of Advertising Practices
202-326-2921; asoberats@ftc.gov

September 14, 2022

**VIA ECF**
Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:   *FTC, et al. v. Quincy Bioscience Holding Co., Inc., et al.* (17-CV-00124-LLS)
      Plaintiffs' Opposition to Defendants' Request for Pre-Motion Conference and Briefing

Your Honor:

    Plaintiffs, the Federal Trade Commission ("FTC") and the People of the State of New York ("NYAG"), write to oppose Defendants' request for a pre-motion conference concerning their anticipated motion to strike Plaintiffs' proposed findings of ultimate fact. The Court should deny Defendants' request because they raise no valid basis for a conference or briefing.

    **Plaintiffs' Proposed Findings Comply with the Court's Order for Pretrial Submissions (ECF No. 192).** Defendants first complain about the number of Plaintiffs' findings, yet the Court's Order for Pretrial Submissions did not place a restriction on the number of findings any party could serve. Moreover, the number of Plaintiffs' proposed findings is reasonable for a case that includes multiple defendants, federal and state counts, eleven experts, a multi-year national advertising campaign with numerous TV, radio, and internet ads, and various studies propounded by Defendants as purported substantiation for the challenged advertising claims. In this case, Plaintiffs must prove that: (1) individual Defendant Mark Underwood is individually liable; (2) the Corporate Defendants are liable and operated as a common enterprise; (3) Defendants made the challenged advertising claims and disseminated ads with those claims; (4) Defendants lacked competent and reliable scientific evidence to support the challenged advertising claims; (5) Plaintiffs are entitled to injunctive relief; and (6) the NYAG is entitled to monetary relief in the form of restitution, penalties, disgorgement, and statutory costs. Plaintiffs' proposed findings properly address these issues. Given the complexity of this case, it is not surprising that Defendants themselves served *one hundred and thirty-four* purported findings of ultimate fact on Plaintiffs, a fact that they conveniently fail to acknowledge in their letter-motion.

    Defendants next argue that more than half of Plaintiffs' findings constitute hypotheticals, legal conclusions, and expert opinions, but the only two examples they cite fail to support their argument. Defendants contend that two of Plaintiffs' proposed findings, which state that the Madison Memory Study – Defendants' primary purported substantiation – does not show that

The Honorable Louis L. Stanton                                                September 14, 2022
Page 2

Prevagen improves memory and cognition in humans, are impermissible legal conclusions on the ultimate issue to be tried by this Court. But these proposed findings are factual assertions about what the study's data fails to show. If ultimately found to be true, they would be sufficient to sustain a judgment for Plaintiffs as to the issue of whether Defendants' advertising is deceptive.

**Plaintiffs Properly Contested Defendants' Purported Findings of Ultimate Fact.** In keeping with the Court's Order for Pretrial Submissions, Plaintiffs, on March 24, 2022, "inform[ed] Defendants which of Defendants' proposed findings [were] contested and which [were] not contested." Plaintiffs noted their legal objections, provided evidentiary support where appropriate, and proposed reply counter-findings, as necessary. The Court's Order did not require Plaintiffs to provide evidentiary support for the facts Plaintiffs contested, but rather to merely state which findings were contested and which were not. This directive is consistent with the Court's past practice in other cases in which the Court has instructed parties as follows:

> (1) Those assertions which are only evidentiary and do not amount to "ultimate fact" may be identified as such by marking them as "immaterial" indicating that they do not require a response . . . ;
>
> (4) Assertions of "ultimate fact" which are no more than points of law require no response, and may be marked accordingly;
>
> (5) Statements which are only conclusory or argument may be met with statements of equal breadth.

*See, e.g., Tesla Wall Sys., LLC v. Budd*, No. 14-cv-8564-LLS, Order, ECF No. 53 (S.D.N.Y. Oct. 7, 2016).

In accordance with the Court's Order and prior rulings, Plaintiffs did not, for instance, provide documentary support for purported findings that seek to mischaracterize FTC law and guidance.[1] Such purported findings are assertions of law and argument that according to this Court's order and past practice require no response or statements of equal breadth. Plaintiffs properly contested these findings as irrelevant and immaterial, cited the applicable law, and/or provided reply counter-findings that referenced the relevant portions of the FTC's guidance. Moreover, Defendants have not provided support for their position that Plaintiffs did not comply

---

[1] For example, Defendants proposed three findings that state that Plaintiffs have not proffered any expert testimony or evidence, or any consumer survey evidence, regarding consumers' interpretation or the net impression of any Prevagen ads. As Plaintiffs stated in their responses, such findings are irrelevant and immaterial, as they seek to improperly impose a burden of proof on Plaintiffs that is contrary to FTC and New York law. *See* Pls. Resps. Defs' Prop Findings Nos. 23-26. Where, as in this case, the challenged claims are express or strongly implied, the trier of fact may determine whether ads make the challenged claim without resorting to extrinsic evidence of consumer perception. *See, e.g., FTC v. Bronson Partners, LLC*, 564 F. Supp. 2d 119, 125-28 & n.8 (D. Conn. 2008); *FTC v. Nat'l Urological Grp*, 645 F. Supp. 2d 1167, 1188-89 & n.12 (N.D. Ga. 2008).

The Honorable Louis L. Stanton September 14, 2022
Page 3

with the Court's Order or that their findings should be converted into admissions. In any case, Defendants themselves did not provide evidentiary support when contesting several of Plaintiffs' proposed findings of ultimate fact.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' request for a pre-motion conference and for briefing on their anticipated motion to strike and to have certain of their findings deemed admitted. To the extent that the Court is inclined to allow Defendants to move to strike or to have certain of their findings deemed admitted, Plaintiffs request that the Court grant Plaintiffs leave to do the same.

Respectfully,

/s/ *Annette Soberats*
Annette Soberats, Attorney
Federal Trade Commission

/s/ *Kate Matuschak*
Kate Matuschak
Assistant Attorney General
New York State Office of the
Attorney General

cc: All parties via ECF