# EXHIBIT A

```
 1                UNITED STATES DISTRICT COURT
 2                SOUTHERN DISTRICT OF NEW YORK
 3
 4    FEDERAL TRADE COMMISSION and   )
 5    THE PEOPLE OF THE STATE OF     )
 6    NEW YORK, BY LETITIA JAMES,    )
 7    ATTORNEY GENERAL OF THE STATE  )
 8    OF NEW YORK,                   )
 9          Plaintiffs,              )
10           -vs-                    ) Case No.
11    QUINCY BIOSCIENCE HOLDING      ) 1:17-CV-00124-LLS
12    COMPANY, INC., a corporation,  )
13    et al.,                        )
14          Defendants.              )
15    -----------------------------)
16
17           CONFIDENTIAL - ATTORNEYS' EYES ONLY
18
19              The videotape deposition of DAVID
20    SCHWARTZ, PH.D., was taken on Wednesday,
21    September 22, 2021, commencing at 9:42 a.m.,
22    remotely, before Tammy S. Newton, Notary Public.
23
24
25
```

2

Schwartz, Ph.D. - Confidential
FTC, et al. v. Quincy Bioscience Holding, et al.                9/22/2021

```
 1                A P P E A R A N C E S
 2       ON BEHALF OF PLAINTIFFS:
 3            EDWARD GLENNON, ESQUIRE
 4            ANNETTE SOBERATS, ESQUIRE
 5            ANDREW WONE, ESQUIRE
 6            Federal Trade Commission
 7            600 Pennsylvania Avenue, N.W.
 8            Washington, D.C. 20850
 9            eglennon@ftc.gov
10                and
11            KATE MATUSCHAK, ESQUIRE
12            JANE AZIA, ESQUIRE
13            Attorney General of the State of
14            New York
15            Assistant Attorney General
16            Consumer Frauds and Protection Bureau
17            28 Liberty Street
18            New York, New York 10005
19            (212) 416-6189
20            kate.matuschak@ag.ny.gov
21
22
23
24
25
```

3

Schwartz, Ph.D. - Confidential
FTC, et al. v. Quincy Bioscience Holding, et al.                    9/22/2021

```
 1      ON BEHALF OF CORPORATE DEFENDANTS:
 2           GEOFFREY W. CASTELLO, III, ESQUIRE
 3           JACLYN M. METZINGER, ESQUIRE
 4           GLENN T. GRAHAM, ESQUIRE
 5           CAITLIN HICKEY, ESQUIRE
 6           Kelley Drye & Warren
 7           101 Park Avenue
 8           New York, New York 10178
 9           (212) 808-7800
10           gcastello@kelleydrye.com
11
12      ON BEHALF OF DEFENDANT UNDERWOOD:
13           MICHAEL B. de LEEUW, ESQUIRE
14           Cozen O'Connor
15           45 Broadway Atrium, Suite 1600
16           New York, New York 10006
17           (212) 908-1331
18           mdeleeuw@cozen.com
19
20      ALSO PRESENT:
21           Eric Vavrasek, Videotape Operator
22           Will Ducklow, FTC Investigator
23
24
25
```

```
 1    their claims with 'competent and reliable
 2    scientific evidence.'"
 3              Do you see that?
 4         A    I see that.
 5         Q    Okay.  Then in that same paragraph,
 6    paragraph 7 of your report, you provide a
 7    definition of quote competent and reliable
 8    evidence -- "competent and reliable scientific
 9    evidence," sorry, with the citation to a document
10    produced by the FTC called "Dietary Supplements:
11    An Advertising Guide for Industry," correct?
12         A    Yes.
13         Q    And then if I can ask you to jump
14    quickly to your rebuttal report, which is Exhibit
15    2, and if you could scroll there rather to
16    paragraph 13.
17         A    Okay.
18         Q    Okay.  In paragraph 13 of your
19    rebuttal report you state that "The dietary
20    Supplement Health and Education Act (DSHEA)
21    provides a framework for manufacturers to make
22    structure-function claims on products that meet
23    the definition for a dietary supplement product,"
24    correct?
25         A    That's right.
```

1      Q     And you agree with that statement?
2      A     Yeah.  And I think my reason for
3   putting this in was because before DSHEA, I think
4   one might have argued that the type of evidence
5   desired by the plaintiff's experts might have
6   been more appropriate, but DSHEA sort of provides
7   for a more relaxed level of evidence for specific
8   kinds of claims.  And it defines what kind of
9   claims can be made, specifically
10  structure-function claims as opposed to disease
11  and drug claims.  So it provides this framework
12  that, I think, is very important to evaluate the
13  level of evidence substantiating marketing claims
14  for a dietary supplement.
15     Q     Okay.  And I appreciate that
16  explanation.  I just ask that you answer only the
17  question that I'm asking.  I do want you to give
18  a complete answer to those questions, but I don't
19  want you to answer a question that I -- that I
20  haven't asked or haven't yet asked perhaps.
21           MR. CASTELLO:  I'm going to object to
22  that instruction to the extent that you may ask a
23  question with anticipation that the witness will
24  answer it in a certain way.  And the witness may
25  hear your question and think you're asking

100
Schwartz, Ph.D. - Confidential
FTC, et al. v. Quincy Bioscience Holding, et al.
9/22/2021

1  exactly what he's answering.
2         So while I appreciate your attempt to
3  limit his responses, he needs to respond
4  truthfully to the question that he heard and
5  understood to be asked.
6         MR. GLENNON:  Oh, yeah.  No, I
7  absolutely agree, Geoff.  My question was do you
8  agree with that statement, and then he -- he then
9  stated his reason for including the statement,
10 which does not -- is not responsive to the
11 question I asked.
12        So I agree he should be allowed to
13 provide a complete answer, but I just want him to
14 answer, you know, my specific questions.
15        MR. CASTELLO:  I'm just going to note
16 that we have a difference in hermeneutics here,
17 and I believe he answered the question that you
18 asked.  And I disagree.  It's on the record.  I
19 just need to -- I'm just noting my objection to
20 the limitation limiting instruction.
21 BY MR. GLENNON:
22    Q    Dr. Schwartz, to the last point that
23 you just spoke about, actually in the last
24 sentence of paragraph 13 of your rebuttal report,
25 you state, "The very passage of DSHEA by Congress

101

Schwartz, Ph.D. - Confidential
FTC, et al. v. Quincy Bioscience Holding, et al.                    9/22/2021

1   demonstrates that a different standard of review
2   is being used to analyze dietary supplement
3   substantiation (in contrast to the standard of
4   review used to analyze disease claims made in
5   connection with drug products.)"
6           Do you see that sentence there?
7   A   Yes.
8   Q   Do you agree with that sentence?
9   A   I agree with that sentence.
10  Q   So in your opinion, the FTC Act and
11  DSHEA set forth the standard of evidence required
12  to substantiate claims for dietary supplement
13  products, correct?
14  A   In -- in conjunction with the FTC
15  requirements, which I take to be codified in that
16  document that I cited, the FTC guidance document.
17  Q   So you in forming your opinion about
18  whether the challenge claims were substantiating,
19  you're looking to the FTC Act, DSHEA, and the FTC
20  document that you cited for the definition of
21  competent and reliable scientific evidence; is
22  that right?
23  A   I'm looking to those things for
24  guidance, yes.
25  Q   Okay.  And you think those -- it's

102
Schwartz, Ph.D. - Confidential
FTC, et al. v. Quincy Bioscience Holding, et al.                9/22/2021

1  your opinion, correct, that those three sources
2  articulate the standard that applies to
3  substantiated claims for dietary supplement
4  products?
5      A    They articulate the standard to the
6  best that I have seen.  The standard may be
7  better articulated in another place.  I don't
8  know.  But over the course of my career, these
9  are the three -- three sort of articulations of
10 the standards that I typically use.
11     Q    Okay.  And that standard, in your
12 opinion, applies to a claim for any type of
13 dietary supplement product, correct?
14          MR. CASTELLO:  Objection.
15          THE WITNESS:  Well, it's my
16 understanding that they apply to products that
17 meet the definition of a dietary supplement.
18 BY MR. GLENNON:
19     Q    For instance, that standard would
20 apply to a claim that a dietary supplement caused
21 weight loss, correct?  Is that right?
22     A    So whether or not something is a
23 supplement is a function both of the nature of
24 the ingredient as defined by DSHEA but also
25 defined by the nature of the claims.  So you

1    say same standard.  I don't really know what they
2    mean there.
3    BY MR. GLENNON:
4        Q    You cannot say you agree with that
5    statement.  Is that accurate?
6        A    I don't know if I disagree with it.  I
7    don't know how to interpret it, I would say.
8        Q    So in your opinion, is there a
9    separate standard of evidence for claims about
10   dietary supplement products?
11       A    From my read of the FTC requirements
12   for substantiating marketing claims as set forth
13   in this document, it seems to me that there's a
14   much different standard than the FDA, for
15   example, uses to substantiate drug claims.
16       Q    Okay.  And that's -- that opinion is
17   based on your interpretation of this document,
18   correct?
19       A    That's correct.
20       Q    And I think we have established you're
21   familiar with this document, right?
22       A    I haven't memorized -- I haven't
23   memorized it, but I'm generally familiar with
24   this document.
25       Q    Does the document say anywhere that

123
Schwartz, Ph.D. - Confidential
FTC, et al. v. Quincy Bioscience Holding, et al.
9/22/2021

1   has to understand whether or not a product is
2   supplement.
3          Before DSHEA, there would be no, you
4   know -- DSHEA defines structure-function claims
5   and defines what constitutes a dietary
6   supplement.  So before DSHEA, there would have
7   been no ability to substantiate a dietary
8   supplement claim, marketing claim, according to
9   the FTC guidance document.
10  BY MR. GLENNON:
11     Q   I'm sorry.  Can you -- I'm not sure I
12  understood your answer completely.  Would you
13  mind rephrasing that, if that's okay.
14     A   I'm referring to the passage of DSHEA
15  in terms of defining a supplement product, right.
16  So before you have a definition of a supplement,
17  there would be no ability to align the evidence
18  as set forth in the FTC guidance document as to
19  whether or not that level of evidence adequately
20  substantiates the claim.
21          So I think DSHEA has to be used in
22  tandem with the FTC guidelines to understand
23  things.  And before DSHEA, I think we just had
24  one type of claim that was out there.
25     Q   So again, your opinion is that DSHEA

124
Schwartz, Ph.D. - Confidential
FTC, et al. v. Quincy Bioscience Holding, et al.
9/22/2021

1   established a separate standard of substantiation
2   for dietary supplement claims.  Is that accurate?
3           MR. CASTELLO:  Objection.
4           THE WITNESS:  In the context of
5   defining structure-function claims, yes.
6   BY MR. GLENNON:
7       Q   Is your opinion about what the proper
8   level of substantiation is under federal law, is
9   that specific to your area of science?
10          MR. CASTELLO:  Objection.
11          THE WITNESS:  It's not specific to my
12  Ph.D. in neuroscience, but it is specific to the
13  work I've been doing for the last 30 years.
14  BY MR. GLENNON:
15      Q   So it's possible that an expert in a
16  different field, for instance weight loss, could
17  have your same opinion about the level of
18  substantiation required for a dietary supplement
19  claim?
20          MR. CASTELLO:  Objection.
21          THE WITNESS:  Well, it's possible that
22  an expert in weight loss could have a different
23  opinion, sure.  I think it also depends on what
24  the basis for that opinion is.
25  BY MR. GLENNON:

287

Schwartz, Ph.D. - Confidential
FTC, et al. v. Quincy Bioscience Holding, et al.                               9/22/2021

1  CERTIFICATE OF SHORTHAND REPORTER - NOTARY PUBLIC
2          I, Tammy S. Newton, the officer before
3  whom the foregoing proceedings was taken, do
4  hereby certify that the foregoing transcript is a
5  true and correct record of the proceedings; that
6  said proceedings were taken by me
7  stenographically and thereafter reduced to
8  typewriting under my supervision; and that I am
9  neither counsel for, related to, nor employed by
10 any of the parties to this case and have no
11 interest, financial or otherwise, in its outcome.
12         IN WITNESS WHEREOF, I have hereunto set
13 my hand and affixed my notarial seal this 26th
14 day of September, 2021.
15 My commission expires:
16 3/05/2022
17
18                    *Tammy S Newton*
19            Notary Public in and for the
20            State of Maryland
21
22
23
24
25

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FEDERAL TRADE COMMISSION and<br><br>THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES,<br>Attorney General of the State of New York,<br><br>Plaintiffs,<br><br>v.<br><br>QUINCY BIOSCIENCE HOLDING COMPANY, INC., a corporation;<br><br>QUINCY BIOSCIENCE, LLC, a limited liability company;<br><br>PREVAGEN, INC., a corporation d/b/a SUGAR RIVER SUPPLEMENTS;<br><br>QUINCY BIOSCIENCE MANUFACTURING, LLC, a limited liability company;<br><br>MARK UNDERWOOD, individually and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, and PREVAGEN, INC.; and<br><br>Defendants. | Case No. 1:17-cv-00124-LLS |

**ERRATA SHEET FOR THE TRANSCRIPT**
**OF THE DEPOSITION OF DAVID H. SCHWARTZ, Ph.D.**

I, David Schwartz, hereby make the following corrections to the transcript of my deposition, which occurred on September 22, 2021:

| PAGE | LINE(S) | CORRECTION | REASON |
| --- | --- | --- | --- |
| 245 | 10, 14, 15, 17, 20 | Replace "access" with "axis" | Transcription error |
| 246 | 2, 5, 8 | Replace "access" with "axis" | Transcription error |
| 257 | 21 | Replace "access" with "axis" | Transcription error |
| 258 | 1, 2, 14, 15, 21 | Replace "access" with "axis" | Transcription error |
| 264 | 24 | Replace "access" with "axis" | Transcription error |
| 265 | 1, 6 | Replace "access" with "axis" | Transcription error |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 21, 2021.

_____
DAVID H. SCHWARTZ, PHD