

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/7/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION and

THE PEOPLE OF THE STATE OF NEW
YORK, by LETITIA JAMES, Attorney
General of the State of New York,

                Plaintiffs,

      - against -

QUINCY BIOSCIENCE HOLDING
COMPANY, INC., a corporation;

QUINCY BIOSCIENCE, LLC, a limited
liability company;

PREVAGEN, INC., a corporation
d/b/a/ SUGAR RIVER SUPPLEMENTS;

QUINCY BIOSCIENCE
MANUFACTURING, LLC, a limited
liability company; and

MARK UNDERWOOD, individually and as
an officer of QUINCY BIOSCIENCE
HOLDING COMPANY, INC., QUINCY
BIOSCIENCE, LLC, AND PREVAGEN, INC.,

                Defendants.

17 Civ. 124 (LLS)

OPINION & ORDER

    Plaintiff Attorney General of the State of New York (the "NYAG") submitted Motions to Seal several supporting documents in conjunction with its Opposition to Defendant Mark Underwood's Motion for Partial Summary Judgment, in support of the NYAG's Motion for Summary Judgment, and its Opposition to Defendants' Motion for Summary Judgment. (Dkt. Nos. 235, 248, and 253).

1

Specifically, the NYAG requests that the following documents remain under seal:

1. Exhibits to the Declaration of Kate Matuschak in Support of the NYAG's Opposition to Defendant Mark Underwood's Motion for Partial Summary Judgment
2. The NYAG's Opposition to Defendant Mark Underwood's Motion for Partial Summary Judgment
3. The NYAG's Response to Defendant Mark Underwood's 56.1 Statement
4. The NYAG's 56.1 Statement in support of its Motion for Summary Judgment
5. Exhibits to the Declaration of Annette Soberats in Support of the NYAG's Opposition to Defendants' Motion for Summary Judgment
6. The NYAG's Opposition to Defendants' Motion for Summary Judgment
7. The NYAG's Response to Defendants' 56.1 Statement

The NYAG states that the documents should be sealed because they contain information that was designated "Confidential" under a Protective Order agreed to by both parties.

Documents submitted in connection with a motion for summary judgment are "judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment" and "should not remain under seal absent the most compelling reasons." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119, 121 (2d Cir. 2006). "Sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Id. at 124.

The existence of a protective order is not a compelling reason to justify sealing judicial documents. Id. at 126.

Without specific reasons why each individual request should be sealed, the motions to seal are denied.

So ordered.

Dated:   New York, New York
         March 7, 2023

                                    Louis L. Stanton
                                    ─────────────────
                                    LOUIS L. STANTON
                                       U.S.D.J.