

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

JANE M. AZIA, CHIEF
CONSUMER FRAUDS AND PROTECTION BUREAU
KATE MATUSCHAK
ASSISTANT ATTORNEY GENERAL
E-MAIL: Kate.Matuschak@ag.ny.gov
(212) 416-6189

September 13, 2023

**By ECF**

Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *FTC et al. v. Quincy Bioscience Holding Co., Inc. et al.* (No. 17-cv-00124-LLS)

Dear Judge Stanton:

In advance of the Final Pretrial Conference set by the Court for September 15, 2023, the parties respectfully submit this letter to alert the Court of outstanding issues and remaining pre-trial tasks they would like to address at the conference, if the Court will allow:

1.   <u>Trial Structure</u>.  The parties wish to discuss which issues will be decided by the jury and which issues will be decided by the Court following a jury verdict, as well as the timing of the respective presentations.  It is the parties' understanding that, pursuant to the Court's April 27, 2021 Order [ECF No. 170], liability for the claims asserted by the Office of the New York State Attorney General ("NYAG") against the corporate Defendants should be determined by the jury.  The parties further understand that, following a jury verdict, the claims asserted by the Federal Trade Commission ("FTC") against the corporate Defendants and individual Defendant Mark Underwood should be determined by the Court.  The parties further understand that, in ruling on the FTC's claims, the Court would be bound by the jury's findings on issues of fact common to both the NYAG and FTC's claims.

Additionally, should liability be found, the Court would subsequently determine the appropriate remedies, including the equitable relief sought by both the FTC and the NYAG, as

well as the amount of civil penalties to be awarded to the NYAG pursuant to New York General Business Law § 350-d. The parties submit that the post-verdict proceedings, if necessary, would involve an additional evidentiary hearing or hearings regarding Mr. Underwood's individual liability on the FTC Act claims, if necessary, as well as monetary relief, including consideration of discovery responses from Corporate Defendants related to penalties. (The parties dispute the type of discovery updates needed to determine penalties.) The NYAG submits that additional briefing regarding the appropriate penalties calculation should take place during this post-verdict period. Defendants submit that the NYAG should provide its proposed penalty calculation method prior to trial, and that any required briefing with respect to the appropriate method of calculation should occur prior to the start of trial.

The parties dispute whether the FTC and Mr. Underwood would be entitled to present opening and closing arguments to the jury and would like to seek the Court's guidance on this issue. It is Defendants' position that because the FTC does not have any claims to be heard by the jury, it is not entitled to present an opening statement to the jury. In the same vein, because Mr. Underwood is not a party to any claims to be heard by the jury, counsel for Mr. Underwood would also not present an opening statement to the jury. Plaintiffs' position is that the FTC is entitled to participate fully in the jury trial, including presenting an opening statement and closing arguments, because the Court in deciding the FTC's claims will be bound by the jury's findings with respect to issues that are common to the FTC's and NYAG's claims.

Moreover, to the extent that both Plaintiffs and Defendants wish to call Defendant fact witnesses for their cases-in-chief, the parties would like to seek the Court's guidance as to whether such witnesses may be called adversely by Plaintiffs during their case-in-chief and then later called for direct testimony in Defendants' case-in-chief, or whether such fact witnesses will only take the stand one time during trial.

2. <u>Trial Length</u>. Plaintiffs respectfully request 7 days to present their case to the jury. Defendants request 15 days to present their case to the jury.

3. <u>Proposed Pretrial Schedule</u>. The parties jointly propose the following pretrial deadlines:

| | |
|---|---|
| October 6, 2023: | Parties exchange objections to deposition designations and counter-designations. (The parties previously exchanged affirmative deposition designations on August 31, 2023.) |
| October 6, 2023: | Defendants withdraw confidentiality designations for deposition transcripts in accordance with the Court's August 24, 2022 Order [ECF No. 291] and September 2, 2022 Order [ECF No. 310]. (Defendants previously withdrew confidentiality designations for certain proposed trial exhibits on August 31, 2023.) |
| October 17, 2023: | Parties exchange objections to deposition counter-designations. |
| October 17, 2023: | Parties file motions in limine.* |

Matuschak to Hon. Louis L. Stanton, U.S.D.J.

        The parties wish to confirm whether the Court would like them to follow the pre-motion conference procedure set forth in the Court's Individual Rule 2.A for motions in limine.

        The parties also wish to confirm whether the Court would like a submission identifying the remaining issues to be decided following the Court's December 19, 2022 Opinion & Order [ECF No. 331] addressing the parties' motions to exclude expert testimony.

November 17, 2023: Parties file oppositions to motions in limine.*

December 14, 2023: Parties file replies on motions in limine.*

If, however, trial is set for a date after late January 2024, Plaintiffs would like to revisit the deadlines that are marked with asterisks (*) above with the Court.

    4.    <u>Revised Pretrial Submissions.</u>  The parties have met and conferred regarding certain revisions to their respective exhibit lists, jury instructions, witness lists, and/or joint pretrial order, and wish to discuss at the conference whether and what additional revisions may be helpful to the Court.  The parties further expect that they will continue to meet and confer as the trial date approaches to minimize the number of outstanding disputes prior to trial.  Defendants propose that the parties' revised pretrial submissions be filed thirty (30) days before the start of the trial.  Plaintiffs propose to set a date for pretrial submissions for which revisions would be helpful to the Court after a trial date has been set.  If the Court believes a revised pretrial order would be helpful, Plaintiffs submit that Defendants should be limited to twenty proposed findings of fact.

        Respectfully submitted,

        /s/ *Kate Matuschak*
        Kate Matuschak
        Assistant Attorney General
        New York State Office of the Attorney General

cc:    Counsel of Record (via ECF)