UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION and<br><br>THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,<br><br>Plaintiffs,<br><br>v.<br><br>QUINCY BIOSCIENCE HOLDING COMPANY, INC., a corporation;<br><br>QUINCY BIOSCIENCE, LLC, a limited liability company;<br><br>PREVAGEN, INC., a corporation d/b/a/ SUGAR RIVER SUPPLEMENTS;<br><br>QUINCY BIOSCIENCE MANUFACTURING, LLC, a limited liability company; and<br><br>MARK UNDERWOOD, individually and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, and PREVAGEN, INC.,<br><br>Defendants. | Case No. 1:17-cv-00124-LLS |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFFS
OR THEIR EXPERTS FROM INTRODUCING EVIDENCE RELATED
TO DEFENDANT MARK UNDERWOOD'S PERSONAL FINANCES**

Pursuant to Federal Rule of Evidence 403, Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., Quincy Bioscience Manufacturing, LLC (collectively, "Quincy") and Mark Underwood (together with Quincy, "Defendants") seek to preclude Plaintiffs the Federal Trade Commission (the "FTC") and the New York Attorney

General (the "NYAG" and, together with the FTC, "Plaintiffs")[1] and their experts from introducing evidence or eliciting testimony related to Mr. Underwood's personal finances, including, but not limited to, evidence relating to Mr. Underwood's ownership interest in Quincy and any profits he earned from Quincy, because such evidence is irrelevant to the limited remaining claims against Mr. Underwood (none of which involve claims for monetary relief against him personally) and is otherwise likely to confuse and mislead the jury and unfairly prejudice Defendants.

Evidence relating to Mr. Underwood's personal finances, including his ownership interest in Quincy and any profits earned from Quincy, provides no probative value to this case because none of the claims remaining against Mr. Underwood seek monetary relief.  On July 5, 2022, this Court granted Mr. Underwood's motion for partial summary judgment, and dismissed the claims brought against him personally by the NYAG for lack of personal jurisdiction.  (Dkt. No. 272.) Mr. Underwood's personal finances and profits from Quincy have nothing to do with either the substance of the NYAG's claim against the corporate defendants or the relief the NYAG seeks against the corporate defendants.

Moreover, any evidence relating to Mr. Underwood's personal finances, including his ownership interest in Quincy and any profits earned from Quincy, is irrelevant both to the merits of the FTC's claims and the relief the FTC seeks.  On the merits, the claims under the FTC Act have no relationship to Mr. Underwood's personal finances.  And in light of the Supreme Court's decision in *AMG Capital Management, LLC v. Federal Trade Commission*, 141 S. Ct. 1341, 1347

---

[1] At the September 15, 2023 pre-trial conference, this Court indicated its view that the FTC should not be permitted to participate in the jury trial on the NYAG's claims, as the FTC is not entitled to have a jury decide any of its claims.  Defendants agree, and maintain that Mr. Underwood should not be a party to the jury trial as a result, but because this Court has not yet issued a final order on this point, bring this motion on behalf of Quincy and Mr. Underwood, with respect to both the FTC and the NYAG's claims.

(2021), the FTC may not seek monetary relief for its claims. Assuming the FTC could prevail on its claims, evidence relating to Mr. Underwood's finances is entirely irrelevant to assessing whether to grant injunctive relief against Defendants.

Given the lack of relevance to the merits or relief sought in this case, evidence relating to Mr. Underwood's personal finances would serve no purpose other than to attempt to prejudice Defendants, and should be excluded. *See Hermosillo v. County of San Bernadino*, No. EDCV 15-00033, 2017 WL 5479645, at *3 (C.D. Cal. Feb. 16, 2017) (finding that evidence related to defendants' personal finances would be prejudicial if disclosed during the liability portion of trial); *Smart Mktg. Group, Inc. v. Publications Int'l, Ltd.*, No. 04 C 146, 2014 WL 625321, at *3 (N.D. Ill. Feb. 18, 2014) (excluding evidence related to personal finances of plaintiff's principal pursuant to FRE 403 because such testimony was irrelevant to merits or damages and "appear[ed] designed merely to elicit sympathy from the jury").

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: October 24, 2023 | KELLEY DRYE & WARREN LLP |

By: /s/ Geoffrey W. Castello
John E. Villafranco (admitted *pro hac vice*)
Geoffrey W. Castello
Jaclyn M. Metzinger
Glenn T. Graham
Caitlin R. Hickey
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
jvillafranco@kelleydrye.com
gcastello@kelleydrye.com
jmetzinger@kelleydrye.com
ggraham@kelleydrye.com
chickey@kelleydrye.com

*Counsel for Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc. d/b/a Sugar River Supplements, and Quincy Bioscience Manufacturing, LLC*

COZEN O'CONNOR P.C.

By: /s/ Michael de Leeuw
Michael de Leeuw
Tamar S. Wise
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel: (212) 908-1331
mdeleeuw@cozen.com
twise@cozen.com

*Counsel for Defendant Mark Underwood*