UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION and<br><br>THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,<br><br>      Plaintiffs,<br><br>      v.<br><br>QUINCY BIOSCIENCE HOLDING COMPANY, INC., a corporation;<br><br>QUINCY BIOSCIENCE, LLC, a limited liability company;<br><br>PREVAGEN, INC., a corporation d/b/a/ SUGAR RIVER SUPPLEMENTS;<br><br>QUINCY BIOSCIENCE MANUFACTURING, LLC, a limited liability company; and<br><br>MARK UNDERWOOD, individually and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, and PREVAGEN, INC.,<br><br>      Defendants. | Case No. 1:17-cv-00124-LLS<br><br><br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO PARTICIPATE IN JURY TRIAL** |

  Plaintiff the Federal Trade Commission ("FTC") respectfully moves for leave to participate in proceedings before the jury by examining witnesses and offering evidence.[1] The

---

[1] The FTC makes this motion pursuant to the September 15, 2023 final pretrial conference in this matter, during which the Court permitted the FTC to brief the extent to which it should be permitted to participate in the jury trial. *See* Declaration of Edward Glennon ("Glennon Decl."),

jury's findings in this case will conclusively determine the Corporate Defendants'[2] liability under the FTC Act.  Basic principles of justice and fundamental fairness therefore dictate that the FTC be allowed to participate alongside the New York Attorney General's Office ("NYAG") in presenting the case against the Corporate Defendants.  Such participation would neither unfairly benefit Plaintiffs nor prejudice Defendants, as it would not result in the jury considering any additional issues, evidence, or argument.  Having one proceeding involving both the FTC and NYAG also would promote both judicial economy and the federal policy of avoiding multiplicity of proceedings.  Notably, in another case from this district with a similar posture, the court allowed the government to participate before the jury by examining witnesses and offering evidence.  The FTC respectfully asks the Court to adopt the same approach.

> **I.    Principles of Justice and Fundamental Fairness Afford the FTC the Opportunity to Participate in Proceedings before the Jury, as the Jury's Findings Will Determine Liability Under the FTC Act**

Basic principles of justice and fundamental fairness mandate that parties be given an opportunity to be heard and present evidence before a trier of fact.  *See Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (parties are entitled to an opportunity to be heard "at a meaningful time and in a meaningful manner"); *City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 297 (1953) (stating that "a reasonable opportunity to be heard" before a judicial determination of rights is "a basic principle of justice"); *In re Complaint of Bankers Tr. Co.*, 752 F.2d 874, 890 (3d Cir. 1984) ("Due process mandates that a judicial proceeding give all parties an opportunity to be heard on the *critical and decisive allegations* which go to the *core* of the parties' claim or

---

Ex. 1, Tr. of Sept. 15, 2023 Final Pretrial Conference, at 22:17-19.  The FTC no longer seeks to make an opening statement or closing argument in the presence of the jury.  However, as discussed herein, the FTC should be permitted to examine witnesses and offer evidence.

[2] "Corporate Defendants" refers to Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., and Quincy Bioscience Manufacturing, LLC.

defense and to present evidence on the contested facts.") (emphases in original); *Thompson v. Madison Co. Bd. of Educ.*, 476 F.2d 676, 678 (5th Cir. 1973) ("Due process mandates that a judicial proceeding give the affected parties an opportunity to be heard on the allegations asserted in the complaint and to present evidence and argument on the contested facts and legal issues framed by the answer to the complaint.");[3] *see also Todaro v. Norat*, 112 F.3d 598, 599 (2d Cir. 1997) ("minimum requirements of fairness" required that party be given "the opportunity to present his side of the story").[4]

The FTC and NYAG challenge the same advertising claims (Comp. (ECF No. 1) ¶¶ 36-45), and establishing liability under New York General Business Law ("GBL") Sections 349 and 350 and Sections 5(a) and 12 of the FTC Act requires proof of the same elements. *See People v. Gen. Elec. Co.*, 756 N.Y.S.2d 520, 523 (App. Div. 2003) (under GBL Section 349, party "must prove that the challenged act or practice was misleading in a material way, and the deceptive practice must be likely to mislead a reasonable consumer acting reasonably under the

---

[3] While government entities do not enjoy due process rights under the Constitution, they are entitled to the protections mandated by the principles of justice and fundamental fairness, which are akin to due process rights. *See United States v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087, 1090 (6th Cir. 1990) (stating that, while the IRS did not have a constitutional right to due process, "the basic principle of justice that notice and an opportunity to be heard are necessary before a party's claim is barred" applied in the case); *In re Scott Cable Commc'ns, Inc.*, 259 B.R. 536, 543-44 (D. Conn. 2001); *In re Friedman*, 184 B.R. 883, 888 n.1 & 890 (N.D.N.Y. 1994); *see also In re Hairopoulos*, 118 F.3d 1240, 1244 n.3 (8th Cir. 1997).

[4] The same principles of justice and fairness inform the requirement that, before a party can be collaterally estopped by the determination of an issue in a previous proceeding, the party or its privy must have participated in that proceeding and had a full and fair opportunity to litigate the issue in question. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.7 (1979) ("It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard."); *Amer. Standard, Inc. v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 716 (S.D.N.Y. 2007) (noting that "due process does not permit application of collateral estoppel against a party who did not have a full and fair opportunity to litigate the issue in the earlier proceeding") (quoting *People Who Care v. Rockford Bd. of Educ.*, 68 F.3d 172, 178 (7th Cir. 1995)).

circumstances") (internal quotes and citations omitted); *People v. Applied Card Sys., Inc.*, 805 N.Y.S.2d 175, 177 (App. Div. 2005) (elements for establishing liability under GBL Sections 349 and 350 are the same); *FTC v. Nat'l Urological Grp.*, 645 F. Supp. 2d 1167, 1188 (N.D. Ga. 2008) ("To establish liability under Sections 5 and 12 of the FTC Act, the FTC must prove: (1) that there was a representation; (2) that the representation was likely to mislead customers acting reasonably under the circumstances; and (3) that the representation was material."); *FTC v. QT, Inc.*, 448 F. Supp. 2d 908, 957 (N.D. Ill. 2006) (setting forth same elements).  Therefore, the jury's factual findings — as to whether: (1) the Corporate Defendants made the challenged advertising claims; (2) those claims were false or unsubstantiated; and (3) those claims were material — would conclusively determine the Corporate Defendants' liability under federal law. Basic principles of justice and fundamental fairness thus dictate that the FTC be allowed to participate alongside the NYAG in the proceeding against the Corporate Defendants.

      Prohibiting the FTC entirely from proceedings before the jury also would unfairly disadvantage Plaintiffs by preventing them from presenting their best case — one they have developed together over more than six years and planned to present jointly.  The FTC has participated as a co-equal plaintiff alongside the NYAG and made significant contributions over the course of the litigation.  FTC attorneys, for example, took all three non-expert and 30(b)(6) depositions, took the lead in deposing five of Defendants' seven expert witnesses, and defended three of the four depositions of Plaintiffs' experts.  Glennon Decl. at ¶ 8.  To now preclude the FTC from participating before the jury would unfairly, and unnecessarily, prevent Plaintiffs from presenting their case in the most effective manner.

      Principles of justice and fairness therefore dictate that the FTC be allowed to examine witnesses and seek to admit evidence in presenting the case against the Corporate Defendants.

## II. FTC Presentation of Witnesses and Evidence Would Neither Unfairly Advantage Plaintiffs Nor Disadvantage Defendants

FTC participation in proceedings before the jury would neither unfairly advantage Plaintiffs nor disadvantage Defendants. As establishing liability of the Corporate Defendants would involve proof of the same facts under New York and federal law, FTC participation would not cause the jury to consider any issues, or hear any evidence, it otherwise would not have. The jury thus would not be influenced by any additional, FTC-specific evidence or considerations — something that appeared to inform some of the concerns about FTC involvement that the Court voiced at the September 15 conference.[5] Furthermore, FTC participation before the jury would be limited. FTC attorneys would take part only by examining witnesses and offering evidence; they would not make an opening statement or closing argument. Plaintiffs also would coordinate witness examinations to ensure they didn't cover the same material. The Court could explain the presence of FTC attorneys with a simple instruction (possibly along the lines of one proposed by the Defendants themselves, as described below), and from the perspective of the jurors, the attorneys for the Plaintiffs would simply be a unified set of lawyers presenting a single case.

The Corporate Defendants themselves implicitly acknowledged the lack of prejudice that would arise from the participation the FTC requests by explicitly anticipating it without making

---

[5] The Court, for instance, described the FTC, in a separate proceeding, presenting evidence "which would be different from something that would otherwise be the only evidence before the jury …." Glennon Decl., Ex. 1, Tr. of Sept. 15, 2023 Final Pretrial Conference, at 10:23-11:3. The Court also stated that a jury verdict in a separate proceeding involving only the NYAG would be "nothing but a proper jury's verdict on the germane evidence in that case, not as embellished by other considerations that would affect its judgment." *Id.* at 18:7-10. While the FTC later would need to introduce additional evidence to establish the liability of Individual Defendant Mark Underwood, it would do so in a separate proceeding before the Court, outside the presence of the jury. *See FTC v. Moses*, 913 F.3d 297, 306-07 (2d Cir. 2019) (stating that, for an individual to be held liable for a corporation's deceptive acts or practices, the individual must have had the requisite knowledge and either participated directly in the acts or practices or had the authority to control them).

any objection. The Corporate Defendants' proposed jury instructions, filed with the Court on November 17, 2022, included an instruction containing the following:

> **As you have seen, there are two Plaintiffs that are bringing this case, the Federal Trade Commission (the "FTC") and the NYAG.** The FTC is bringing claims against Quincy and Mark Underwood under the FTC Act, a United States statute. I will be deciding the claims brought by the FTC. You will be deciding the claims brought by the NYAG. **Although the lawyers for the FTC and the NYAG have been working together, the FTC and the NYAG are bringing separate claims under separate laws against different defendants.** The NYAG is bringing claims against Quincy, i.e. the corporate defendants, but not Mark Underwood, under New York's General Business Law and New York's Executive Law, both New York statutes.

Quincy's Proposed Jury Instructions and Requests to Charge (ECF No. 327-4) at 25, General Instruction No. 19 (emphases added); *see also* Parties' Joint Letter to the Court (ECF No. 339), at 2 (Sept. 13, 2023) (where Defendants argued only that the FTC should not be allowed to make an opening statement). In fact, even at the September 15 conference, Defendants did not object to the FTC's examination of witnesses or presentation of evidence; rather, they argued only that the FTC should not be allowed to make an opening statement or closing argument. Counsel for the Corporate Defendants, for example, stated:

> So I don't think we have a disagreement that the FTC would participate in a conduct of the trial in terms of examining witnesses and presenting evidence or attempting to present evidence. The difference comes, I think, strictly in the realm of opening and closing statements, which they can do outside of the jury's hearing but still make those arguments to you.

Glennon Decl., Ex. 1, Tr. of Sept. 15, 2023 Final Pretrial Conference, at 7:4-10. Similarly, counsel for Individual Defendant Mark Underwood stated that "we're willing to let the FTC participate in examining witnesses and cross-examining them. We don't think they should be

6

addressing the jury in the opening and closing remarks. We think that's where the confusion can be created." *Id.* at 14:12-16.

Notably, in a case from this district involving private plaintiffs trying legal claims to a jury and the United States government trying equitable claims to the court, the government participated in proceedings before the jury in the manner presently requested by the FTC. In that case, a group of private plaintiffs and the U.S. government filed separate suits against a New York village and individual defendants. *See LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 416-17, 419 (2d Cir. 1995). The private plaintiffs sought both legal damages and injunctive relief, alleging, *inter alia*, that the defendants had violated the Fair Housing Act ("FHA"). *Id.* Defendants demanded a jury trial on the private plaintiffs' damages claims. *Id.* The government sought (1) a declaratory judgment that the defendants had violated the FHA and (2) injunctive relief. *Id.* The two cases were consolidated for both discovery and trial. *Id.* During the trial, government attorneys examined witnesses, moved documents into evidence, and objected to defense counsel's questions. Glennon Decl., Ex. 2, Tr. of Oct. 26, 1993 trial proceedings in consolidated matter of *United States v. Village of Airmont* (No. 91-cv-8453-GLG) and *LeBlanc-Sternberg v. Fletcher* (No. 91-cv-2550-CM), at 1007:19-1008:12 (government attorney conducting direct examination of witness); *id.* at 1029:22-1030:1 (government attorney moving exhibit into evidence during direct examination);[6] Glennon Decl., Ex. 3, Tr. of Oct. 20, 1993 *LeBlanc-Sternberg* Trial Proceedings, at 483:6-11 (objecting to defense counsel's question on

---

[6] Trial proceedings in the consolidated matter of *United States v. Village of Airmont* (No. 91-cv-8453-GLG) and *LeBlanc-Sternberg v. Fletcher* (No. 91-cv-2550-CM) are hereinafter referred to as "*LeBlanc-Sternberg* Trial Proceedings."

cross-examination).[7] The defendants did not argue on appeal that the government should not have been allowed to participate in proceedings before the jury, and the Second Circuit, in setting forth the background of the case, noted that both the government and the private plaintiffs had introduced evidence at the trial. *See LeBlanc-Sternberg*, 67 F.3d at 419-20.

The government in the *LeBlanc-Sternberg* litigation was able to examine witnesses and offer evidence before the jury, and the FTC respectfully asks the Court for leave to do the same.

### III. The Co-Plaintiffs Should Make One Presentation of Evidence to Establish the Liability of the Corporate Defendants

Having the NYAG and FTC present one case against the Corporate Defendants also would promote judicial economy and the federal policy of avoiding multiplicity of trials. *See Gen. Inv. Co. v. Ackerman*, 37 F.R.D. 38, 40-41 (S.D.N.Y. 1964) (equitable and legal causes of action with almost identical issues should be tried in the same action, given that "[i]t is the policy of the federal courts to avoid multiplicity of suits" and defendants would not be prejudiced by trying all claims together). As stated, the jury's findings would conclusively establish the

---

[7] Over defense counsel's objection, the trial judge also allowed the government to make an opening statement in the presence of the jury, although it instructed the Assistant United States Attorney not to face the jury directly. *See* Glennon Decl., Ex. 5, Tr. of Oct. 15, 1993 *LeBlanc-Sternberg* Trial Proceedings, at 31:10-33:3; Ex. 4, Tr. of Oct. 18, 1993 *LeBlanc-Sternberg* Trial Proceedings, at 11:11-14, 44:4-22. Just before the government's opening, the court told the jurors that:

> As I advised you earlier, the Government's suit has to be decided by the Court; however, its cause of action is identical to one of those pursued by the private plaintiffs and the evidence that they'll be offering, since this is a consolidated trial, will be before you just as it will be before me, and so you may hear the opening statement of the Government.

Glennon Decl., Ex. 4, Tr. of Oct. 18, 1993 *LeBlanc-Sternberg* Trial Proceedings, at 44:4-12. The judge had the government make its closing argument before the court alone, while the jury was deliberating. *See* Ex. 6, Tr. of Dec. 6, 1993 *LeBlanc-Sternberg* Trial Proceedings, at 5541:25-5542:6.

liability of the Corporate Defendants under federal law, and FTC participation before the jury would not result in the jurors considering any additional issues or evidence. Additionally, were the Court to require the FTC to present its case against the Corporate Defendants in a separate proceeding outside the presence of the jury, the FTC would not present any evidence other than what the NYAG already had presented. A separate evidentiary proceeding involving the FTC's claims against the Corporate Defendants therefore would be unnecessary. Given the lack of prejudice to the Corporate Defendants from FTC participation, the FTC submits that the Court should allow the FTC to take part in proceedings before the jury as requested.

### IV. Conclusion

For the reasons expressed above, the FTC respectfully requests that the Court allow it to participate in proceedings before the jury by examining witnesses and presenting evidence.

Respectfully submitted,

Dated: December 1, 2023

By: */s/ Edward Glennon*
ANNETTE SOBERATS
EDWARD GLENNON
ANDREW WONE
TIFFANY M. WOO
CHRISTINE LEE DELORME
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, D.C. 20850
202-326-2921, asoberats@ftc.gov
202-326-3126, eglennon@ftc.gov
202-326-2934, awone@ftc.gov
202-326-3583, twoo@ftc.gov
202-326-2095, cdelorme@ftc.gov
202-326-3259 (facsimile)

*Attorneys for Plaintiff Federal Trade Commission*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2023, I have caused service of the foregoing Plaintiff Federal Trade Commission's Memorandum of Law in Support of Motion for Leave to Participate in Jury Trial to be made by electronic filing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

Dated: December 1, 2023

*/s/ Edward Glennon*
Federal Trade Commission