**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FEDERAL TRADE COMMISSION and<br><br>THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,<br><br>Plaintiffs,<br><br>v.<br><br>QUINCY BIOSCIENCE HOLDING COMPANY, INC., a corporation;<br><br>QUINCY BIOSCIENCE, LLC, a limited liability company;<br><br>PREVAGEN, INC., a corporation d/b/a/ SUGAR RIVER SUPPLEMENTS;<br><br>QUINCY BIOSCIENCE MANUFACTURING, LLC, a limited liability company; and<br><br>MARK UNDERWOOD, individually and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, and PREVAGEN, INC.,<br><br>Defendants. | Case No. 1:17-cv-00124-LLS |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF THE FEDERAL TRADE COMMISSION'S
<u>MOTION FOR LEAVE TO PARTICIPATE IN JURY TRIAL</u>**

-i-

## **TABLE OF CONTENTS**

    **Page**

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT ...................................................................................................................................2

    I.    The FTC's Participation in the Jury Trial Will Compromise the Integrity of the Trial.........................................................................................................................................2

    II.    The FTC's "Fairness" Argument is Devoid of Substance and Fails to Answer the Principal Question Posed by the Court ...................................................................................5

    III.    The Prejudice to Defendants Should the FTC Be Allowed to Participate in the Jury Trial is Substantial ..............................................................................................................7

CONCLUSION...............................................................................................................................9

-ii-

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AMG Cap. Mgmt., LLC v. Fed. Trade Comm'n*,
   593 U.S. 67 (2021)............................................................................................................2

*Chevron Corp. v. Donziger*,
   No. 1:11-cv-00691, 2013 WL 5526287 (S.D.N.Y. Oct. 7, 2013).............................................2

*Curtis v. Loether*,
   415 U.S. 189 (1974)............................................................................................................4

Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., Quincy Bioscience Manufacturing, LLC (collectively, "Quincy") and Mark Underwood[1] (together with Quincy, "Defendants") hereby submit their opposition to the FTC's Motion for Leave to Participate in Jury Trial (the "Motion"). (Dkt. 363.)

## PRELIMINARY STATEMENT

As the Court wisely stated at the September 15, 2023 Pretrial Conference, "the simplest way to try the jury trial is always the best, and the best way is to try it as the jury trial." (Dkt. 364-1 at 21:23-25.) Application of this principle to preclude the FTC's participation in the jury trial of the NYAG's claims is consistent with both the law and the equities in this case, a position that the FTC previously argued in this action and therefore the FTC's motion should be denied.

The law is plain that the FTC has no right to a jury trial and, in fact, the FTC vehemently opposed Quincy's assertion of its right to a jury trial with respect to liability on the NYAG's claims for restitution and civil penalties. It should come as no surprise to the FTC and it will not be prejudiced by its exclusion from the very jury trial it previously opposed. But the FTC's participation in the jury trial would result in considerable prejudice to Quincy and Mr. Underwood. It would inject confusion in the minds of the jurors as to why lawyers from the federal government are involved in a case brought by the NYAG. It may also impact juror perception of the strength of the NYAG's claims if they are informed that the federal government is bringing similar claims against the Defendants. To the extent the FTC improves its case by contributing to the jury trial, such participation would "corrupt[] the simple trial of the AG's case" as well as "the separation

---

[1] The NYAG's case is against the Quincy corporate defendants only. Mark Underwood, an individual defending claims asserted by the FTC, participates in this Opposition brief only to the extent of arguing that, should the Court grant the FTC its requested relief, the same relief should be afforded to Mr. Underwood. In participating in this Opposition brief, Mr. Underwood does not waive his position that the FTC should not be permitted to participate in the jury trial on the NYAG's claims.

between the jury trial and the nonjury trial." (*Id.* at 15:24—16:1, 16:6-7.)  The FTC's Motion utterly fails to address the Court's concerns about that corruption.

As for the equities, the FTC has known since the Pretrial Conference—*3 months ago*—that this Court (at least initially) planned to preclude the FTC from participating in the jury trial. And while the Court noted that it would consider further briefing on this issue, the FTC chose not to submit any such briefing for *75 days*—and the NYAG has submitted nothing at all.  Instead, the FTC waited until Defendants were months into final trial preparation, and until after the parties filed and opposed motions *in limine*, to file their Motion.  For the reasons set forth herein, the Court's initial inclination to preclude the FTC from the jury trial is consistent with the law, makes good sense and is the correct manner in which to proceed.

## ARGUMENT

### I.    The FTC's Participation in the Jury Trial Will Compromise the Integrity of the Trial.

The FTC's Motion must be considered in the wake of the Supreme Court's decision in *AMG Capital Management*, which held that the FTC does not have a right under Section 13(b) of the Federal Trade Commission Act to seek monetary relief, including restitution or disgorgement, and the consequences of that decision.  *See AMG Cap. Mgmt., LLC v. Fed. Trade Comm'n*, 593 U.S. 67, 82 (2021).

This Court, in granting Defendants' request for a jury trial, correctly held that Defendants' request applied only to the state claims brought by the NYAG under the New York General Business Law Sections 349 and 350.  This is because the FTC's only remaining claims are equitable in nature, and equitable claims do not confer a Seventh Amendment right to a jury. *Chevron Corp. v. Donziger*, No. 1:11-cv-00691, 2013 WL 5526287, at *2 (S.D.N.Y. Oct. 7, 2013) ("Cases seeking only injunctions are purely equitable and carry no right to trial by jury.").  The FTC vigorously argued against a jury trial in its motion to strike Defendants' jury demand,

admitting that "[n]othing in the FTC Act provides for a right to a jury trial, and the Supreme Court has held that the Seventh Amendment does not confer such a right in cases seeking equitable relief." (Dkt. 155 at 4-5.) But the FTC's recently reversed position does not warrant the relief it now seeks in the Motion. After losing its right to recover monetary relief, and after opposing a jury trial in this case, the FTC's claimed entitlement to participate in the NYAG's jury trial rings hollow.

Indeed, the Court correctly observed at the Pretrial Conference that the FTC's participation in the jury trial would serve only one purpose—to better the NYAG's position before the jury—which would benefit the FTC in whatever post-jury trial proceedings occur. In the Court's own words, "to the degree that the FTC improves its case by the contributions it makes in the [NY]AG's case, it is corrupting the simple trial of the AG's case. . . . Whatever evidence is put in, it's put in to benefit the plaintiffs in the FTC case in a way that they would not otherwise have." (Dkt. 364-1 at 15:24—16:5.)

This is clearly problematic because only the NYAG's claims—and not the FTC's claims—can be decided by a jury. The Court voiced this concern in its initial ruling: "by definition, I think that [benefit to the NYAG] is a corruption of the separation that goes to the separation between the jury trial and the nonjury trial." (*Id.* at 16:5-7.) The Court concluded that "simplest is best":

> [Y]ou can't sneak into the jury trial and affect it in a way that would lead to your advantage in a nonjury trial. They are separate. And I think the simplest way to try the jury trial is always the best, and the best way is to try it as the jury trial. And without bringing in nonjury matters, such as an opening, closing by people who are only entitled to a nonjury – [] – that leads to a blurring. And the Court does its best to avoid blurring.
>
> …
>
> I think the line we should be following is the complete separation. And the jury's verdict will be nothing but a proper jury's verdict on the germane evidence in that case, not as embellished by other considerations that would affect its judgment.

3

(*Id.* at 21:21—22:5, 18:6-10.)  The FTC's suggested participation in the jury trial would only complicate the trial and confuse the jury.  Separation of the two trials is therefore necessary to preserve the integrity of the jury trial.

The FTC does not even try to address the Court's concern about corruption of the jury trial.  Instead, it points to trial transcript excerpts from a 30-year old case in which a government plaintiff apparently participated in its co-plaintiff's jury trial, even though the government's case was being heard by the Court.  *See LeBlanc-Sternberg v. Fletcher*, No. 7:91-cv-08453 (S.D.N.Y.).[2]  As an initial matter, that case is completely inapposite.  It was brought under the Fair Housing Act, in which either party—plaintiff or defendant—has a right to a jury trial when a claim for damages "is joined with an equitable claim."  *See Curtis v. Loether*, 415 U.S. 189, 196 n.11 (1974).  In contrast, here, the FTC has no right to a jury trial.  Moreover, nothing in the cited *LeBlanc-Sternberg* transcripts explains what occurred in that case.  There is no discussion about *what* the court decided or *why* the court allowed the government to participate.  The parties may have stipulated to allow that participation, or may have never addressed the issue at all.  It is also possible that some idiosyncratic facts about that case warranted government participation in the jury trial.  There is simply no way to know based on the limited information referenced in the FTC's Motion, nor does it matter.  This case was brought by the NYAG under the GBL, which gives a defendant a right to a jury trial, whereas the FTC has no right to try its FTC Act claims before a jury.  The *LeBlanc-Sternberg* case is completely irrelevant to this Court's considerations as it fails to engage the specific concerns the Court raised about *this* case at the Pretrial Conference.

---

[2] The FTC suggests that the government gave an opening statement in the jury trial "over defense counsel's objection." (Mot. at 8 n.7.) But there is no support for that statement in the exhibits the FTC submitted.

4

## II.  The FTC's "Fairness" Argument is Devoid of Substance and Fails to Answer the Principal Question Posed by the Court.

While the FTC styles its request as one of "fairness," as the Court has already recognized, the issues to be decided are a matter of *law*—and the law is that the FTC has no right to a jury trial. (Dkt. 364-1 at 21:18-19 ("Well, I think the law gives you [the FTC] a nonjury trial").) The FTC argues that it should be given an opportunity to present evidence before the jury because the Court will be bound by some of the jury's findings when it rules on the FTC's claims in whatever post-jury proceedings take place. But the FTC has conceded on the record that it would not introduce any additional evidence to support the jury's factual findings on the facts that are common to both the FTC's and NYAG's claims. (*Id.* at 18:13-14 ("[T]here would not be any additional evidence with regard to many of the factual claims . . . .").) And the NYAG conceded the same point:

> We're all looking to establish the same facts, and those same facts will meet the legal requirements of both statutes at issue. So it's not as if Mr. Glennon [counsel for the FTC], standing in front of the jury, is going to present something different from what someone from the [NY] AG's office will present.
> …
>
> [T]here won't be any difference, your Honor, in terms of presentation. Ms. Azia is one of the attorneys from my office, and I don't think her presentation to the jury in terms of examining witnesses is going to be any different from what Mr. Glennon will do, because we're establishing the same set of facts.

(*Id.* at 19:12—20:4.) Both Plaintiffs therefore admit that the evidence that the NYAG submits *will be the same* as what the FTC would submit in the subsequent proceeding. There is no risk to the FTC that the NYAG, which is represented by able counsel, will fail to put on the same witnesses, fail to seek the same testimony, or fail to seek to admit other evidence relating to common issues. The FTC and the NYAG have coordinated all pretrial activity to date, and the FTC does not argue that its absence at the jury trial will prohibit it from continuing to do so.

Thus, the FTC's "fairness" argument is not really about the evidence that the jury would hear and consider, but rather what it believes about the *quality of the lawyering* before the jury.

5

The FTC made this shockingly plain. When asked by the Court what the FTC could do differently than the NYAG at the jury trial, the FTC's lawyer pointed to only one potential drawback: "Well, of course, the skill of the federal attorneys, of course, would be very helpful without a doubt." (*Id.* at 13:2-3.) As the Court itself recognized in response to the FTC's comment, "[s]o you would be saying the same things to them, except saying it better?" (*Id.* at 13:6-7.) This preposterous argument does not support any claim to fairness nor does it support the FTC's suggestion that it would not have a "full and fair" opportunity to have the common factual allegations litigated in the jury trial.

Moreover, at the Pretrial Conference, the Court requested that if this matter were briefed, the FTC should specifically address "what the difference to the jury, having your presentation in the middle of the jury case, as compared to not having it." (*Id.* at 22:19-23.) Tellingly, the FTC's Motion addresses no such difference besides vague assertions of the FTC's desire to "present[] their best case," to "present[] their case in the most effective manner," and to the agencies' expectation that they "planned to present jointly." (Mot. at 4.) But the FTC admits that it and the NYAG acted as "co-equal plaintiff[s]" during this near-seven year litigation, (*id.*), and admits that the presentation to the jury would be *substantively the same* regardless of the FTC's participation.

Furthermore, the FTC's arguments about "fairness" need to be considered alongside the strategic choices the FTC willingly made. The FTC chose to bring this action with the NYAG, and chose to develop the case alongside the NYAG as a "co-equal plaintiff." And the FTC chose to continue to do so in the last two and a half years despite the Court ruling, in April of 2021, that the NYAG's claims would proceed before a jury and the FTC's claims would not. (Dkt. 170.) The possibility of preclusion from the jury trial should have been apparent to the FTC several years ago, and the materialization of that possibility is not "unfair." It is a correct application of the law.

6

As noted above, the FTC vehemently opposed a jury trial of its claims and now reverses course by requesting an opportunity to participate during the jury trial alongside the NYAG. The FTC's argument hinges on the premise that the NYAG and FTC must try each of their claims before different fact-finders—the NYAG before a jury and the FTC before this Court. But that does not have to be the case. Plaintiffs have the ability to try all their claims before the same fact-finder if—as it has done in other cases—the NYAG drops its pursuit of monetary relief. In that scenario, the FTC and NYAG would only be pursuing equitable relief, eliminating Quincy's right to a jury trial altogether. Indeed, this is exactly what the state plaintiffs did in the recent case brought in this District by the FTC, alongside seven state attorneys general (including the NYAG), against Martin Shkreli and his related companies. In the Shkreli case, the state AGs pursued civil penalties and forfeitures, and those claims therefore would ordinarily proceed before a jury on defendants' request. But by stipulation of all parties to "streamline aspects of th[e] litigation," the state AG plaintiffs withdrew their claims for civil penalties and forfeitures and the defendants withdrew their jury demand. *See Fed. Trade Comm'n v. Vyera Pharmaceuticals, LLC*, 1:20-cv-00706 (S.D.N.Y.), ECF No. 407. The subsequent bench trial involved all claims brought by all plaintiffs before the same finder of fact. This option remains available to Plaintiffs.

## III. The Prejudice to Defendants Should the FTC Be Allowed to Participate in the Jury Trial is Substantial.

While there is no merit to the FTC's "fairness" argument, Defendants *will* suffer tremendous prejudice should the FTC be allowed to participate in the jury trial. As an initial matter, any factors that complicate rather than simplify the jury trial will visit substantial harm on Quincy. The FTC has no right to a jury trial, yet its presence may appear to a juror to be a factor in determining a verdict. Without any justification for its presence, the jurors will be required to ask themselves and each other why both the federal government and state government have teamed

together to bring claims against Quincy. The jury will likely be confused when it hears FTC lawyers question witnesses and raise objections when the only plaintiff in the jury trial is the NYAG and they are only being charged with deciding the NYAG's claims. This prejudice will be compounded by the fact that the second plaintiff is part of the government of the United States of America. The mere suggestion to the jury that the NYAG's claims are being buttressed by the FTC prejudices Quincy to the extent it suggests to the jury that the claims have the imprimatur of the *federal government* behind them. The jury's confusion on these and other issues will redound to the detriment of Quincy and the risk of that confusion and the attendant prejudice is easily addressed by precluding the FTC from participating in the jury trial. Not only does such a course of action ensure a simpler approach to the trial, but it also avoids the risk of prejudice to Quincy.

Next, there is prejudice from the fact that the FTC waited much too long to make its Motion. In the interim, Quincy has been preparing for trial guided by the Court's initial ruling at the Pretrial Conference precluding the FTC's participation in the jury trial. For the last three months, Quincy has prepared for a jury trial against only the NYAG. Allowing the FTC to participate in the trial at this late stage, with less than two months before trial, is unfair to Defendants. Moreover, because of the FTC's delay in even bringing this Motion, the time has come and gone for Quincy to file motions *in limine* relating to the FTC's participation at a trial relating to the NYAG's state law claims. The prejudice to Quincy now—with less than two months to go before trial—is certainly significantly heightened compared to the prejudice Quincy would have suffered had the FTC made this request, as it should have done, two years ago when the Court granted Quincy's right to a jury trial on the NYAG's claims or even three months ago immediately

8

following the Pretrial Conference. The longer the FTC waited to make its Motion and seek this relief, the deeper the prejudice to Quincy's trial position.[3]

Finally, individual defendant Mark Underwood—who is subject *only* to claims for injunctive relief under the FTC Act which will *not* be heard by the jury—would also suffer prejudice if the FTC is allowed to participate in the jury trial. Because the Court will be bound by the jury's findings with respect to the common elements between the FTC and NYAG's claims, anything that occurs during the jury trial to benefit the FTC will be to the detriment of Mr. Underwood. Mr. Underwood should not suffer any detrimental consequences as a result of the FTC participating in a jury trial for which it has no legal right to participate. As the Court aptly stated at the Pretrial Conference, "[t]he risk is one of distortion, and the more the distortion benefits the person not entitled to a jury trial [i.e., the FTC], the less just it is." (Dkt. 364-1 at 22:23-25.)

## **CONCLUSION**

For these reasons, the Court should deny the FTC's Motion to participate in the jury trial of the NYAG's claims against Quincy.

Respectfully submitted,

Dated: December 15, 2023

KELLEY DRYE & WARREN LLP

By: */s/ Geoffrey W. Castello*
    Geoffrey W. Castello
    John E. Villafranco (admitted *pro hac vice*)
    Jaclyn M. Metzinger
    Glenn T. Graham
    Caitlin R. Hickey
    3 World Trade Center
    175 Greenwich Street

---

[3] The FTC's suggestion that Quincy has somehow conceded it would not suffer prejudice by the FTC's participation in the jury trial is wrong. At one point, Quincy entertained the possibility of the FTC's participation as part of a negotiated resolution that would have barred the FTC from presenting opening and closing statements to the jury. Quincy is not bound by that potential compromise and the FTC did not, in any event, agree to that resolution. Plaintiffs also rely on statements which were made in Quincy's jury instructions filed in 2022. This case has evolved significantly since then and during the September 15, 2023 Pretrial Conference, the Court's logic prevailed.

9

        New York, NY 10007
        Tel: (212) 808-7800
        Fax: (212) 808-7897
        jvillafranco@kelleydrye.com
        gcastello@kelleydrye.com
        jmetzinger@kelleydrye.com
        ggraham@kelleydrye.com
        chickey@kelleydrye.com

*Counsel for Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc. d/b/a Sugar River Supplements, and Quincy Bioscience Manufacturing, LLC*

COZEN O'CONNOR P.C.

By: */s/ Michael de Leeuw*
    Michael de Leeuw
    Tamar S. Wise
    3 World Trade Center
    175 Greenwich Street
    New York, New York 10007
    Tel: (212) 908-1331
    mdeleeuw@cozen.com
    twise@cozen.com

    *Counsel for Defendant Mark Underwood*