# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION and

THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,

              Plaintiffs,

        v.

QUINCY BIOSCIENCE HOLDING COMPANY, INC., a corporation;

QUINCY BIOSCIENCE, LLC, a limited liability company;

PREVAGEN, INC., a corporation d/b/a/ SUGAR RIVER SUPPLEMENTS;

QUINCY BIOSCIENCE MANUFACTURING, LLC, a limited liability company; and

MARK UNDERWOOD, individually and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, and PREVAGEN, INC.,

              Defendants.

Case No. 1:17-cv-00124-LLS

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' CROSS-MOTION IN LIMINE**

# TABLE OF AUTHORITIES

**Cases**

*CardioVention, Inc. v. Medtronic, Inc.*,
  483 F. Supp. 2d 830 (D. Minn. 2007) ............................................................................ 2, 3

*Conan v. City of Fontana*,
  No. EDCV 16-1261-KK, 2017 WL 7795953 (C.D. Cal. Oct. 16, 2017) ........................... 2

*Crowe v. Bolduc*,
  334 F.3d 124 (1st Cir. 2003) ............................................................................................. 2

*FTC v. Nat'l Urological Group, Inc.*,
  No. 1:04-CV-3294-CAP, 2017 WL 6759868 (N.D. Ga. Oct. 10, 2017) ........................... 3

*LNC Invs. Inc. v. First Fid. Bank*,
  No. 92-CV-7584, 2000 WL 1182772 (S.D.N.Y. Aug. 21, 2000)...................................... 3

*Oracle USA, Inc. v. Rimini Street, Inc.*,
  No. 2:10-CV-00106-LRH-PAL, 2015 WL 5165374 (D. Nev. 2015)................................ 2

*POM Wonderful, LLC v. FTC*,
  777 F.3d 478 (D.C. Cir. 2015) ........................................................................................... 3

*U.S. v. Int'l Business Machs. Corp.*,
  84 F.R.D. 651 (S.D.N.Y. 1979) ......................................................................................... 2

*United States v. Harris*,
  185 F.3d 999 (9th Cir. 1999) ............................................................................................. 2

*Wyatt Technology Corp. v. Malvern Instruments, Inc.*,
  No. CV 07-8298 ABC (MANx), 2010 WL 11505684 (C.D. Cal. Jan. 25, 2010) .............. 2

Defendants have cross-moved in limine (ECF No. 361) to preclude mention of Prevagen sales data at the jury trial.  They make this motion "in the alternative" in response to Plaintiffs' Motion in Limine 11 to preclude reference to the monetary relief sought by the NYAG.  Defs.' Opp'n Br. at 38 (ECF 359).  The sales data is relevant and the monetary relief is not. Defendants' motion should be denied.

Without citing any case law or other legal authority, Defendants argue that "should Plaintiffs prevail on their motion *in limine* to preclude any mention of monetary relief at the jury trial in this action . . . Defendants respectfully request that evidence related to sales data for Prevagen be excluded."  *Id.*  They argue that Prevagen sales data has no relevance to Defendants' liability on the NYAG's claims, but rather is only relevant to calculations of the NYAG's potential monetary relief.  *Id.* at 38-39.  This argument fails to recognize a key distinction between Defendants' sales data and the monetary relief sought by Plaintiffs in this action. Whereas the monetary relief sought by Plaintiffs has no impact on a jury's liability determination, Prevagen sales data is wholly relevant to Defendants' liability.  First, it directly relates to Defendants' credibility and bias.  Second, it provides relevant context to Defendants' decision not to conduct any other reported randomized controlled clinical trial ("RCT") after the Madison Memory Study.

Prevagen sales data goes directly to Corporate Defendants' credibility as a company; Defendant Mark Underwood's credibility as a witness;[1] and the credibility of Defendants'

---

[1] As Plaintiffs have noted in opposition to Defendants' Third Motion in Limine, Plaintiffs are entitled to introduce evidence with respect to Defendant Underwood's ownership interest in and financial relationship to the Corporate Defendants.  Pls.' Mem. of Law in Opp. to Defs.' Mots. in Lim. (ECF No. 357) at 8-11.  Defendant Underwood is co-founder and President of each of the Corporate Defendants, and the largest shareholder of Defendant Quincy Bioscience Holding Company, Inc. with a 33% stake in its stock.  *See* Decl. of Andrew Wone in Supp. of Pls.' Opp.

employee witnesses. *See Oracle USA, Inc. v. Rimini Street, Inc.*, No. 2:10-CV-00106-LRH-PAL, 2015 WL 5165374, at *3 (D. Nev. 2015) (testimonial bias of officers and employees who are directly compensated by the company for their work or hold stock in the company can be explored since they may have a financial interest in the outcome of the case). "[E]vidence that a trial witness has a financial incentive in the outcome of [a] trial is 'classic evidence of bias, which is routinely permitted on cross-examination.'" *CardioVention, Inc. v. Medtronic, Inc.*, 483 F. Supp. 2d 830, 835 (D. Minn. 2007) (denying motion to exclude evidence of shareholder's financial condition because they have a financial interest in the outcome of the litigation) (*quoting Crowe v. Bolduc*, 334 F.3d 124, 132 (1st Cir. 2003)). Indeed, it is a "hornbook proposition" that "[i]nquiry into a witness' financial interest in the outcome of a case, and the extent of that interest, is essential if bias is to be uncovered." *U.S. v. Int'l Business Machs. Corp.*, 84 F.R. 651, 652 (S.D.N.Y. 1979). Courts have refused to exclude evidence of the "salaries and/or dividends paid" to a company's executives and shareholders, finding that pecuniary interest may be shown to prove bias "because the jury may reasonably believe that the willingness of a witness to lie or shade testimony would be affected, not only by whether the results may benefit him, but also by how much." *Wyatt Technology Corp. v. Malvern Instruments, Inc.*, No. CV 07-8298 ABC (MANx), 2010 WL 11505684, at *23 (C.D. Cal. Jan. 25, 2010) (citing *United States v. Harris*, 185 F.3d 999, 1008 (9th Cir. 1999)); *see also Conan v. City of Fontana*, No. EDCV 16-1261-KK, 2017 WL 7795953, at *1 (C.D. Cal. Oct. 16, 2017). Here, Defendants and their witnesses have not only a financial interest in avoiding the monetary relief the NYAG is seeking, but also a financial interest in avoiding injunctive relief that would

---

to Defs.' Mots. in Lim. (ECF NO. 358) Ex. 7, Tr. of Aug. 21, 2020 Dep. of Mark Underwood, at 37:13-20; Op. & Order (ECF No. 72) at 2.

prohibit them from making the challenged advertising claims.  It is therefore critical that Plaintiffs be able to introduce evidence of Prevagen sales data.  This is especially true because, in cross-examining witnesses, "counsel . . . are entitled to very considerable latitude in inquiring into circumstances that may show bias on the part of the witness in favor of the party calling him." *LNC Invs. Inc. v. First Fid. Bank*, No. 92-CV-7584, 2000 WL 1182772, at *2 (S.D.N.Y. Aug. 21, 2000).

Moreover, Prevagen sales data is relevant to Defendants' decision not to conduct any other reported clinical study of apoaequorin or Prevagen on adults with normal or mildly impaired cognitive function, even though they were aware of Plaintiffs' concerns about the flaws of the Madison Memory Study.  Joint Pretrial Order (ECF No. 300) ¶ 32.  Jurors should be able to evaluate this choice in light of Prevagen sales data to determine whether it would have been financially feasible for Defendants to develop further substantiation for the challenged claims and they simply chose not to.  *See, e.g.*, *POM Wonderful, LLC v. FTC*, 777 F.3d 478, 497 (D.C. Cir. 2015) (considering that while RCTs may be costly, company had already shown its ability to sponsor dozens of studies, including several RCTs); *FTC v. Nat'l Urological Group, Inc.*, No. 1:04-CV-3294-CAP, 2017 WL 6759868, at *27 (N.D. Ga. Oct. 10, 2017) (noting that company had wherewithal to complete RCTs on product but chose not to); *Cardiovention*, 483 F. Supp. 2d at 836 (evidence of shareholders' financial worth relevant to shareholders' decision not to invest despite financial ability to do so).

Defendants' Cross-Motion in Limine to preclude evidence of Prevagen sales data should be denied.

Respectfully submitted,

Dated:  December 20, 2023

FEDERAL TRADE COMMISSION

By:  */s/ Edward Glennon*

 ANNETTE SOBERATS
 EDWARD GLENNON
 ANDREW WONE
 TIFFANY M. WOO
 CHRISTINE LEE DELORME
 Federal Trade Commission
 600 Pennsylvania Avenue, NW
 Washington, D.C. 20850
 202-326-2921, asoberats@ftc.gov
 202-326-3126, eglennon@ftc.gov
 202-326-2934, awone@ftc.gov
 202-326-3583, twoo@ftc.gov
 202-326-2095, cdelorme@ftc.gov
 202-326-3259 (facsimile)

 *Attorneys for Plaintiff*
 *FEDERAL TRADE COMMISSION*

PEOPLE OF THE STATE OF NEW YORK
BY LETITIA JAMES

LETITIA JAMES

Attorney General of the State of New York

By:  */s/ Mary Alestra*

 JANE M. AZIA
 Bureau Chief
 KATE MATUSCHAK
 Assistant Attorney General
 MARY ALESTRA
 Special Counsel
 Consumer Frauds and Protection Bureau
 28 Liberty Street
 New York, NY 10005
 Tel: (212) 416-6189
 Fax: (212) 416-6003
 Email: kate.matuschak@ag.ny.gov
 Email: mary.alestra@ag.ny.gov

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December, 2023, I have caused service of the

foregoing Plaintiffs' Opposition to Defendants' Cross-Motion in Limine to be made by

electronic filing with the Clerk of the Court using the CM/ECF system, which will send a Notice

of Electronic Filing to all counsel of record.

Dated: December 20, 2023

_/s/ Mary Alestra_____
Mary Alestra
New York State Office of the Attorney General