ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/8/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FEDERAL TRADE COMMISSION and

THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,

          Plaintiffs,

- against -

QUINCY BIOSCIENCE HOLDING COMPANY, INC., a corporation;

QUINCY BIOSCIENCE, LLC, a limited liability company;

PREVAGEN, INC., a corporation d/b/a/ SUGAR RIVER SUPPLEMENTS;

QUINCY BIOSCIENCE MANUFACTURING, LLC, a limited liability company; and

MARK UNDERWOOD, individually and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, AND PREVAGEN, INC.,

          Defendants.

17 Civ. 124 (LLS)

ORDER

---

The parties' Motions in Limine are resolved as follows:

**New York Attorney General and Federal Trade Commission Motions in Limine**:

- <u>Motion in Limine No. 1</u>: The motion is granted. Defendants shall not argue that evidence of consumer perception is required.

- <u>Motion in Limine No. 2</u>: The motion is granted. Defendants shall not argue that plaintiffs were required to put forth affirmative scientific or clinical research. However, it is a fair question to ask an expert the basis for his or her

1

expert opinion or if his or her expert opinion assumes some fact which is unproved.

- Motion in Limine No. 3: The motion to exclude Dr. Kurzer's testimony is denied. Dr. Kurzer's testimony is relevant to issues in the case, including the quality of the scientific literature as support for the Prevagen claims, such as reports on the effect of Vitamin D.

- Motion in Limine No. 4: The decision on the motion to exclude evidence and argument relating to the FTC Guidance is reserved for trial and will concern specific testimony. The document will not be admissible as evidence of what the law is but may be admissible for other purposes.

- Motion in Limine No. 5: Rulings on defendants' expert witnesses' testimony are reserved for trial and will concern specific testimony.

- Motion in Limine No. 6: The decision on the motion to exclude any testimony and argument regarding good faith is reserved for trial. The defense of good faith should not be presented to the jury. However, good faith may be alluded to in the history of the development of Prevagen. Objections to specific testimony regarding good faith will be ruled on at trial.

- Motion in Limine No. 7: The decision on the motion to exclude any testimony and arguments regarding advice of counsel is reserved for trial. The defense of advice of counsel should not be presented to the jury. However, testimony regarding attorneys may be alluded to in the history of Prevagen's development. Objections to specific testimony regarding the advice of counsel will be ruled on at trial.

- Motion in Limine No. 8: Rulings on the evidence of the research and advertising practices of other companies are reserved for trial and will concern specific testimony.

- Motion in Limine No. 9: Rulings on references to Aduhelm are reserved for trial and will concern specific testimony.

- <u>Motion in Limine No. 10</u>: The motion to exclude reference to private litigation regarding the advertising of Prevagen, including the <u>Collins</u> settlement, is granted. The disclaimers may be discussed without disclosing their source.

- <u>Motion in Limine No. 11</u>: The motion to exclude mention of the monetary relief sought by the New York Attorney General is granted.

**<u>Quincy and Mark Underwood's Motions in Limine</u>:**

- <u>Motion in Limine No. 1</u>: The parties have agreed to not introduce evidence of or elicit testimony relating to the FDA Warning Letter, so the motion is denied as moot. Failing that resolution, decision on the motion is reserved for trial.

- <u>Motion in Limine No. 2</u>: Decision on the motion to prevent plaintiffs or their experts from characterizing the Madison memory study analyses as "post hoc" is reserved for trial. Disputes regarding the meaning of that label may be more adequately addressed on cross examination.

- <u>Motion in Limine No. 3</u>: Underwood's ownership interest and financial relationship to the corporate defendants and financial interest in the outcome of trial are all admissible. Plaintiffs shall not ask about personal finances, net worth, or wealth beyond his involvement with the corporate defendants.

- <u>Cross Motion in Limine No.1</u>: Prevagen sales data is immaterial to the liability phase and is accordingly excluded under Rule 403. It may be admissible in the potential damages phase, which will be decided and is reserved until then.

So ordered.

Dated:  New York, New York
        January 8, 2024

                                        *Louis L. Stanton*
                                        LOUIS L. STANTON
                                          U.S.D.J.