**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FEDERAL TRADE COMMISSION and<br><br>THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,<br><br>      Plaintiffs,<br><br>    v.<br><br>QUINCY BIOSCIENCE HOLDING COMPANY, INC., a corporation;<br><br>QUINCY BIOSCIENCE, LLC, a limited liability company;<br><br>PREVAGEN, INC., a corporation d/b/a SUGAR RIVER SUPPLEMENTS;<br><br>QUINCY BIOSCIENCE MANUFACTURING, LLC, a limited liability company; and<br><br>MARK UNDERWOOD, individually and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, and PREVAGEN, INC.,<br><br>      Defendants. | Case No. 1:17-cv-00124-LLS<br><br><br>**PLAINTIFFS' REVISED PROPOSED JURY INSTRUCTIONS** |

Pursuant to this Court's Individual Practices and the parties' agreement endorsed by the Court (ECF No. 381), Plaintiffs, the Federal Trade Commission and the People of the State of New York, by Letitia James, Attorney General of the State of New York, respectfully submit

1

these revised proposed jury instructions.[1]  These changes reflect the issues and claims to be tried

to the jury as well as clarification in applicable New York law.  These changes include an

instruction clarifying which claims will be decided by the jury so that the jury understands the

role of Plaintiff the Federal Trade Commission and Defendant Mark Underwood, who appear on

the case docket and in the case caption of multiple proposed exhibits.  Notwithstanding our

request for an instruction, Plaintiffs' attorneys will abide by the Court's Order and will not

disclose to the jury that FTC attorneys are participating in the trial.

---

[1]   Plaintiffs reserve their right to supplement these proposed jury instructions based on
Defendants' proposed jury instructions and the final charging conference with the Court.

## GENERAL PRE-TRIAL INSTRUCTIONS
### Plaintiffs' Requested Instruction No. 1

**General Background About the Case**

This is a lawsuit bought by two Plaintiffs—the Federal Trade Commission and the New York Attorney General—against the companies, Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Quincy Bioscience Manufacturing, LLC and Prevagen, Inc., whom I will collectively refer to as "Quincy Bioscience" or "Defendants," and the Individual Defendant Mark Underwood, an officer of Quincy Bioscience.  Your role is solely to address liability for the claims brought by the New York Attorney General against Quincy Bioscience.  In other words, did the New York Attorney General prove its claims against Defendants by a preponderance of the evidence?  When you have rendered your verdict, I will then address the claims brought by the Federal Trade Commission against both Quincy Bioscience and Mark Underwood and any relief to be awarded to Plaintiffs.

This case involves a product called Prevagen, which Defendants advertise, market, and sell nationwide, including in the state of New York.  The New York Attorney General alleges that Defendants' advertising claims for Prevagen are deceptive because Defendants lack substantiation for the claims they have made about Prevagen—in other words, Defendants lack scientific evidence sufficient to support the claims being made.  Defendants have denied the allegations.

**Source/Authority**

*See* Complaint (ECF No. 1); Quincy Bioscience Answer (ECF No. 73).

### GENERAL PRE-TRIAL INSTRUCTIONS

### Plaintiffs' Requested Instruction No. 2

**Opening Instructions**

You will sometimes hear me refer to "counsel."   "Counsel" is another way of saying lawyer or attorney.   I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason.   When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.   When I say, "admitted into evidence," or "received into evidence," I am indicating that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact.   I will decide all questions of law that arise during the trial.   Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented.   Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses.   During the trial, you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers.   It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible.   You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections.   If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question.   You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.

The lawyers are not allowed to speak with you during this case.   When you see the lawyers at recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure.   Sometimes, you may be excused from the courtroom

during these discussions.   I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

**<u>Source/Authority</u>**

3 Fed. Jury Prac. & Instr. § 101:01 (6th ed.) (modified).

## GENERAL PRE-TRIAL INSTRUCTIONS

### <u>Plaintiffs' Requested Instruction No. 3</u>

#### <u>Order of Trial</u>

The case will proceed as follows:

First, the lawyers for each side may make opening statements.   What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show.   A party is not required to make an opening statement.

After the opening statements, the lawyers representing the Plaintiffs will present evidence in support of their claims and lawyers for Defendants may cross-examine the witnesses.  Lawyers for Defendants may also present evidence and the lawyers representing the Plaintiffs may cross-examine those witnesses.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown.   What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict.   You will then decide the case.

#### <u>Source/Authority</u>

3 Fed. Jury Prac. & Instr. § 101:02 (6th ed.) (modified to reflect the facts of the case).

**GENERAL PRE-TRIAL INSTRUCTIONS**

**Plaintiffs' Requested Instruction No. 4**

**Province of Judge and Jury**

After all the evidence has been heard and argument and instructions are finished, you will meet to make your decision.  You will determine the facts from all the testimony and other evidence that is presented.  You are the sole and exclusive judge of the facts.  I must stress that you must accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury.  Such comments are only expressions of my opinion as to the facts.  You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

**Source/Authority**

3 Fed. Jury Prac. & Instr. § 101:10 (6th ed.)

### GENERAL PRE-TRIAL INSTRUCTIONS
### **Plaintiffs' Requested Instruction No. 5**

**Jury Conduct**

To ensure fairness, you must obey the following rules:

1. Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2. Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.   You may tell people you are a juror, but do not tell them anything else about the case.

3. Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it, until the trial has ended.   If someone should try to talk to you about the case during the trial, please report it to me immediately.

4. During the trial, you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them.   It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5. Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case, or about anyone involved with it.

6. Do not make up your mind during the trial about what the verdict should be.   Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

7. If you need to tell me something, simply give a signed note to the clerk to give to me.

**Source/Authority**

3 Fed. Jury Prac. & Instr. § 101:11 (6th ed.).

## GENERAL PRE-TRIAL INSTRUCTIONS

### Plaintiffs' Requested Instruction No. 6

**Juror Use of Technology**

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.   This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case.   In other words, you should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case.   Do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, not even your fellow jurors.   After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, the Internet and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case.   This includes your family and friends.  You may not communicate with anyone about the case on your cell phone, through e-mail or text messaging, or through any blog, website, or app, including Twitter, Facebook, Instagram, Snapchat, Tik Tok, LinkedIn, or YouTube.   You may not use any similar technology or social media, even if I have not specifically mentioned it here.   I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

**Source/Authority**

3 Fed. Jury Prac. & Instr. § 101:13 (6th ed.) (modified).

## GENERAL PRE-TRIAL INSTRUCTIONS

### <u>Plaintiffs' Requested Instruction No. 7</u>

**<u>Juror Questions</u>**

I do not permit jurors to ask questions of witnesses or of the lawyers.   Please do not interrupt the lawyers during their examination of witnesses.   If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will see that this is corrected.

**<u>Source/Authority</u>**

3 Fed. Jury Prac. & Instr. § 101:18 (6th ed.).

10

## GENERAL PRE-TRIAL INSTRUCTIONS

### Plaintiffs' Requested Instruction No. 8

#### Evidence in the Case

The evidence in the case will consist of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have produced the exhibits.

3. All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence.  Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions.  In some cases, a deposition may be played for you on video.  Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe.   You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence.   The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session, even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Some evidence is admitted for a limited purpose only.   When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case.  But in your consideration of the evidence, you are not limited to the statements of the witness.   In other words, you are not limited solely to what you see and hear as the witnesses testified.  You may draw from the facts that you find have been proved such reasonable inferences or conclusions as you feel are justified in light of your experience.

#### Source/Authority

3 Fed. Jury Prac. & Instr. §§ 101.40, 101.43, 101.44 (6th ed.) (modified).

### GENERAL POST-TRIAL INSTRUCTIONS

### <u>Plaintiffs' Requested Instruction No. 9</u>

#### <u>Role of the Jury</u>

Now that you have heard the evidence and the arguments, it is my duty to give you instructions about the law applicable to this case.  If anyone has stated a legal principle different from any that I state to you in my instructions, it is my instructions you must follow. It is your duty as jurors to follow the law as stated in these instructions and to apply the rules of law I give you to the facts as you find them from the evidence in the case.

Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty as jurors to base a verdict on any other view of the law than that given in the instructions of the Court, just as it would be a violation of your sworn duty as judges of the facts to base a verdict on anything but the evidence in the case.

Nothing I say in these instructions and no ruling I made during the trial, nor anything I may have said or done during the trial, is to be taken as an indication that I have any view about the facts in this case.   It's not my function to determine the facts, but rather yours.

You have been chosen and sworn as jurors in this case to try the issues of fact.   You are to perform your duty without bias or prejudice as to any party.   Our system of law does not permit jurors to be governed by sympathy or prejudice or public opinion.   Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences to any party.

#### <u>Source/Authority</u>

*See* Jury Instructions, *Diageo North America, Inc. v. W.J. Deutsch & Sons Ltd.*, No. 17-cv-4259-LLS (S.D.N.Y. June 1, 2022); *see also* Jury Instructions, *Tesla Wall Sys., LLC v. Budd*, No. 14-cv-08564-LLS (S.D.N.Y. Nov. 7, 2016); 4 Modern Federal Jury Instructions—Civil P 71.1 (2022) ("You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict.").

## GENERAL POST-TRIAL INSTRUCTIONS

### Plaintiffs' Requested Instruction No. 10

**Statement of the Case**

The New York Attorney General has brought two counts that it has the burden to prove. The New York Attorney General contends that Quincy Bioscience made deceptive advertising claims for Prevagen in violation of Section 63(12) of New York Executive Law and Sections 349 and 350 of New York General Business Law.

I will detail each of the elements of these counts in the instructions I give you. Each of these counts should be evaluated separately, although the counts may have similar elements of proof. Quincy Bioscience has asserted affirmative defenses. I will detail each of these affirmative defenses in these instructions.

**Source/Authority**

*See* Complaint (ECF No. 1); Corporate Defendants' Answer (ECF No. 73).

## GENERAL POST-TRIAL INSTRUCTIONS

### Plaintiffs' Requested Instruction No. 11

### Burden of Proof—Preponderance of the Evidence

In this civil case, the party with the burden of proof on an issue must usually prove the truth of the assertions by a preponderance of the evidence.   To prove something by a preponderance of the evidence means to establish that something is more likely so than not so. In other words, the preponderance of evidence in this case means such evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proven is more likely true than not.

The burden of proving something by a preponderance means that if, after hearing all of the evidence, you believe it's more likely than not that some event occurred, then that fact has been proved to you by a preponderance of the evidence.   If you believe it more likely that it did not occur, or that it is equally likely that the event occurred or did not occur, then the party having the burden of proving that fact to you has not succeeded.   A preponderance-of-the-evidence standard does not require proof "beyond a reasonable doubt," which is the standard in criminal cases.   Instead, it only requires that you believe it is slightly more likely that the event occurred than it did not occur.   If you believe there is a 51% chance that the event occurred, then the preponderance standard has been met.

### Source/Authority

*See* Jury Instructions, *Diageo North America, Inc. v. W.J. Deutsch & Sons Ltd.*, No. 17-cv-4259-LLS (S.D.N.Y. June 1, 2022); *see also* Jury Instructions, *Tesla Wall Sys., LLC v. Budd*, No. 14-cv-08564-LLS (S.D.N.Y. Nov. 7, 2016) (modified); 3 Fed. Jury Prac. & Instr. § 104:01 (6th ed.) (describing the preponderance of the evidence standard) ("[A] preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true . . . You may have heard of the term 'proof beyond a reasonable doubt.' That is a stricter standard applicable in criminal cases.  It does not apply in civil cases such as this.").

# GENERAL POST-TRIAL INSTRUCTIONS

## Plaintiffs' Requested Instruction No. 12

### Evidence in this Case

The evidence in the case consists of the sworn testimony of the witnesses, regardless of which side called them, and of all exhibits received in evidence, regardless of who produced them. There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts in a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect, or circumstantial, evidence, the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts. For example, if you wake up in the morning and smell bacon and hear noise in the kitchen, you may conclude that someone is making breakfast. That's all there is to circumstantial evidence. From facts established as true, you determine that some other fact is or is not so. As a general rule, the law makes no distinction between direct and circumstantial evidence. It simply requires that the jury find the facts in accordance with all of the evidence in the case, whether direct or circumstantial. You are permitted to draw from facts which you find to have been proved such reasonable inferences about other facts as seem justified in light of your experience. An inference is not a guess, and it is not speculation. It's a reasoned, logical deduction based on the proof as to some fact that some other fact did or did not exist.

### Source/Authority

*See* Jury Instructions, *Diageo North America, Inc. v. W.J. Deutsch & Sons Ltd.*, No. 17-cv-4259-LLS (S.D.N.Y. June 1, 2022); *see also* 3 Fed. Jury Prac. & Instr. § 103:30 (6th ed.) ("Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to."); 4 Modern Federal Jury Instructions-Civil 74-2 (2022) ("Direct evidence is when a witness testifies about something he knows by virtue of his own senses – something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition. The other type of evidence is circumstantial evidence. This evidence which tends to prove a disputed fact by proof of other facts.").

## GENERAL POST-TRIAL INSTRUCTIONS

### Plaintiffs' Requested Instruction No. 13

### Credibility of Witnesses

As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept, and what weight you attach to it.  In your everyday affairs, you determine for yourselves the reliability or unreliability of statements made to you by others.  The same tests that you use in your everyday dealings are the tests which you apply in your deliberations.  The interest or lack of interest of any witness in the outcome of the case, the bias or prejudice of the witnesses, if there would be any, the appearance, the manner in which the witness gives his testimony on the stand, the opportunity that the witness had to observe the facts concerning which he testified, the probability or the improbability of the witness' testimony when viewed in the light of all the other testimony in the case, these are all items to be taken into your consideration in determining the weight, if any, that you will give to that witness' testimony.

### Source/Authority

*See* Jury Instructions, *Diageo North America, Inc. v. W.J. Deutsch & Sons Ltd.*, No. 17-cv-4259-LLS (S.D.N.Y. June 1, 2022); 4 Modern Federal Jury Instructions-Civil P 76.01 (2022) ("You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life . . . In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case.  Always remember that you should use your common sense, your good judgment, and your own life experience.").

## GENERAL POST-TRIAL INSTRUCTIONS

### Plaintiffs' Requested Instruction No. 14

### Opinion Evidence – Expert Witness

You've heard testimony from experts.  An expert is a witness who is permitted to testify as to his or her opinion of a matter in which they have special knowledge or skill or experience or training.  An expert's testimony is offered only to assist you.  You must weigh the expert testimony according to the considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You may give the testimony whatever weight, if any, you find it deserves in the light of all of the evidence in the case.  If you should find that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound or are outweighed by other evidence, you may disregard the opinion entirely, or accept those portions that you find have merit.

### Source/Authority

*See* Jury Instructions, *Diageo North America, Inc. v. W.J. Deutsch & Sons Ltd.*, No. 17-cv-4259-LLS (S.D.N.Y. June 1, 2022).

17

## GENERAL POST-TRIAL INSTRUCTIONS

### Plaintiffs' Requested Instruction No. 15

### Common Enterprise

A common enterprise means that each company that is a defendant in a case may be held liable for the deceptive acts and practices of the other companies that are defendants.

Here, the New York Attorney General alleges that Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Quincy Bioscience Manufacturing, LLC and Prevagen, Inc. operated as a common enterprise while engaged in deceptive advertising practices.

When determining whether a common enterprise exists, the pattern and framework of the whole enterprise must be taken into consideration.  To determine whether a common enterprise exists among Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Quincy Bioscience Manufacturing, LLC and Prevagen, Inc., you can evaluate factors such as:  common control; the sharing of office space and officers; whether business is transacted through a maze of interrelated companies; the commingling of corporate funds and failure to maintain separation of companies; unified advertising; and evidence that reveals that no real distinction exists between the companies.

If you find that Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Quincy Bioscience Manufacturing, LLC and Prevagen, Inc. operated as a common enterprise, then all will be responsible for any deceptive acts and practices attributed to any of these companies.  You do not need to decide which deceptive acts and practices are attributable to each defendant.

### Source/Authority

*See FTC v. Network Servs. Depot, Inc.*, 617 F.3d 1127, 1142-43 (9th Cir. 2010) (finding common enterprise where companies pooled resources, staff, and funds); *New York v. Debt Resolve*, 387 F. Supp. 3d 358, 365-66  (S.D.N.Y. 2019) (stating relevant factors for finding common enterprise include employees in common, common control, sharing offices, commingling funds, and sharing advertising and marketing) (quoting *FTC v. Consumer Health Benefits Ass'n II*, No. 10-civ-3551, 2012 U.S. Dist. LEXIS 72161, at *15 (E.D.N.Y. May 12, 2012)); *FTC v. Tax Club, Inc.*, 994 F. Supp. 2d 461, 470 (S.D.N.Y. 2014) ("The very nature of this theory is that corporate entities that are a part of the common enterprise are liable for the conduct of other entities in the enterprise, regardless of whether the particular entity engaged in the behavior at issue."); *FTC v. LoanPointe*, No. 2:10-CV-225DAK, 2011 U.S. Dist. LEXIS 104982, at *24-25 (D. Utah Sept. 16, 2011) (stating common enterprise exists where companies share common control, office space, employees, interrelated funds); *FTC v. Nat'l Urological Grp.*, 645 F. Supp. 2d 1167, 1182-84 (N.D. Ga. 2008) (finding common enterprise where companies shared officers, office space, advertising materials); *FTC v. Neovi, Inc.*, 598 F. Supp. 2d 1104, 1116 (C.D. Cal. 2008) (finding corporations to be in common enterprise and thus held jointly and severally liable where corporations shared office space, executives and employees,

payroll funds, and advertising); *FTC v. J.K. Publ'ns, Inc.*, 99 F. Supp. 2d 1176, 1202 (C.D. Cal. 2000) (finding no real distinction among the companies). [2]

_____

[2]   FTC case law is given great weight in construing statutory fraud under New York Executive Law § 63(12) and deceptive practices and false advertising under New York General Business Law ("GBL"). *See People v. Applied Card Sys., Inc.*, 805 N.Y.S.2d 175, 178 (App. Div. 2005) ("recognizing that the interpretations of the Federal Trade Commission Act (*see* 15 U.S.C. § 45 *et seq.*) are useful in determining the aforementioned violations under both the Executive Law and General Business Law"); *see also State v. Feldman*, 210 F. Supp. 2d 294, 302 (S.D.N.Y. 2002); *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank*, 647 N.E.2d 741, 744-45 (N.Y. 1995); *State v. Colo. State Christian Coll.*, 346 N.Y.S.2d 482, 487 (Sup. Ct. 1973).

## GENERAL POST-TRIAL INSTRUCTIONS

### <u>Plaintiffs' Requested Instruction No. 16</u>

**<u>Intent</u>**

Evidence of intent to deceive is not required to establish liability.  You may find Defendants liable even if there is no evidence of an intent to deceive.

**<u>Source/Authority</u>**

*See People v. Trump Entrepreneur Initiative LLC*, 137 A.D.3d 409, 417 (N.Y. App. Div. 2016); *People v. Gen. Elec. Co.*, 302 A.D.2d 314, 315 (N.Y. App. Div. 2003) (noting intent to deceive not required under N.Y. GBL § 349); *People v. Apple Health & Sports Clubs, Ltd.*, 206 A.D.2d 266, 267 (N.Y. App. Div. 1994) (noting intent not required for N.Y. Exec. Law § 63(12) fraud).

## GENERAL POST-TRIAL INSTRUCTIONS

### Plaintiffs' Requested Instruction No. 17

**Advice of Counsel**

You may not consider reliance on the advice of counsel as a defense to liability.  When you consider whether Defendants have violated New York law, it does not matter whether Defendants consulted with attorneys about their marketing claims or the support for those claims.

**Source/Authority**

*See FTC v. Cyberspace*, 453 F.3d 1196, 1202 (9th Cir. 2006) (stating that reliance on advice of counsel is not a valid defense on the question of knowledge required for individual liability); *FTC v. Direct Benefits Grp., LLC*, No. 6:11-CV-1186-ORL-28, 2013 LEXIS 162696, at *10 (M.D. Fla. Nov. 14, 2012) (stating "reliance on advice of counsel [is] not a valid defense on the question of knowledge required for individual liability . . . because counsel cannot sanction something that the defendant should have known was wrong") (internal citations omitted); *FTC v. Medical Billers Network, Inc.*, 543 F. Supp. 2d 283, 321-322 (S.D.N.Y. 2008) (stating reliance on the advice of counsel is not a defense on the question of knowledge for individual liability).

**NYAG'S EXECUTIVE LAW COUNT – UNSUBSTANTIATED ADVERTISING CLAIMS**

<u>**Plaintiffs' Requested Instruction No. 18**</u>

<u>**New York Executive Law § 63(12) Count – Repeated Fraudulent or Illegal Acts**</u>

The NYAG contends that Quincy Bioscience violated New York Executive Law § 63(12) by making deceptive advertising claims for Prevagen.

In its New York Executive Law § 63(12) Count, the NYAG contends that Quincy Bioscience made the following representations in their advertising without adequate substantiation:

1. Prevagen improves memory;
2. Prevagen is clinically shown to improve memory;
3. Prevagen improves memory within 90 days;
4. Prevagen is clinically shown to improve memory within 90 days;
5. Prevagen reduces memory problems associated with aging;
6. Prevagen is clinically shown to reduce memory problems associated with aging;
7. Prevagen provides other cognitive benefits, including but not limited to healthy brain function, a sharper mind, and clearer thinking; and
8. Prevagen is clinically shown to provide other cognitive benefits, including, but not limited to, healthy brain function, a sharper mind, and clearer thinking.

The NYAG contends that these representations were false or misleading, and/or were not substantiated at the time the representations were made.  The NYAG therefore contends that these representations constituted fraudulent and illegal conduct, which is prohibited by § 63(12).

<u>**Source/Authority**</u>

*See* Complaint (ECF No. 1) ¶¶ 42-43; N.Y. Exec. Law § 63(12); *People v. Gen. Elec. Co.*, 302 A.D.2d 314, 314 (N.Y. App. Div. 2003) (describing § 63(12) fraudulent conduct); *State v. Princess Prestige*, 42 N.Y.2d 104, 107 (N.Y. 1977) (noting that violation of state or federal law constitutes illegality within the meaning of § 63(12)).

**NYAG'S EXECUTIVE LAW COUNT – UNSUBSTANTIATED ADVERTISING CLAIMS**

**Plaintiffs' Requested Instruction No. 19**

**Elements of Proof for New York Executive Law § 63(12) Count**

To find for the NYAG on its New York Executive Law § 63(12) Count, you must conclude that each of the following has been proved by a preponderance of the evidence:

1. The representations were conveyed, whether expressly or impliedly, in Quincy Bioscience's advertising;
2. The representations were repeated or persistent (i.e., they were made more than once);
3. The representations had the capacity or tendency to deceive not only the average consumer, but also the ignorant, the unthinking, and the credulous, or created an atmosphere conducive to fraud.

The NYAG does <u>not</u> need to establish that there was an intent to deceive; that consumers relied on Quincy Bioscience's representations; or that the claims were material.

**Source/Authority**

*See* N.Y. Exec. Law § 63(12); *People v. Trump*, No. 452564/2022, 2023 N.Y. Misc. LEXIS 5705, at *40 (N.Y. Sup. Ct. 2023) ("It is settled that a standalone cause of action under Executive Law § 63(12) does not require demonstration of materiality"); *People v. Trump Entrepreneur Initiative LLC*, 137 A.D.3d 409, 417 (N.Y. App. Div. 2016); *People v. Gen. Elec. Co.*, 302 A.D.2d 314, 314 (N.Y. App. Div. 2003) (noting that § 63(12) protects "not only the average consumer, but also 'the ignorant, the unthinking and the credulous'") (quoting *Guggenheimer v. Ginzburg*, 43 N.Y.2d 268, 273 (N.Y. 1977)); *People v. Apple Health & Sports Club, Ltd.*, 206 A.D.2d 266, 267 (N.Y. App. Div. 1994).

## NYAG'S GENERAL BUSINESS LAW COUNT – DECEPTIVE ACTS OR PRACTICES OR FALSE ADVERTISING

### Plaintiffs' Requested Instruction No. 20

**New York General Business Law Count – Deceptive Acts or Practices or False Advertising**

The NYAG contends that Quincy Bioscience violated New York General Business Law § 349, which prohibits deceptive acts or practices, and violated New York General Business Law § 350, which prohibits false advertising.  The NYAG contends that Quincy Bioscience made the following representations in their advertising without adequate substantiation:

1. Prevagen improves memory;
2. Prevagen is clinically shown to improve memory;
3. Prevagen improves memory within 90 days;
4. Prevagen is clinically shown to improve memory within 90 days;
5. Prevagen reduces memory problems associated with aging;
6. Prevagen is clinically shown to reduce memory problems associated with aging;
7. Prevagen provides other cognitive benefits, including but not limited to healthy brain function, a sharper mind, and clearer thinking;
8. Prevagen is clinically shown to provide other cognitive benefits, including, but not limited to, healthy brain function, a sharper mind, and clearer thinking.

The NYAG contends that these representations were false or misleading, and/or were not substantiated at the time the representations were made.  The NYAG therefore contends that these representations constituted violations of both §§ 349 and 350.

**Source/Authority**

*See* Complaint (ECF No. 1) ¶¶ 44-45; N.Y. GBL §§ 349 & 350.

**NYAG'S GENERAL BUSINESS LAW COUNT – DECEPTIVE ACTS OR PRACTICES
OR FALSE ADVERTISING**

**Plaintiffs' Requested Instruction No. 21**

**Elements of Proof for New York General Business Law Count**

To find for the NYAG on its New York General Business Law Count, you must conclude that each of the following has been proved by a preponderance of the evidence:

1. The representations were conveyed in Quincy Bioscience's advertising;
2. The representations had the capacity to mislead or deceive a reasonable person acting reasonably under the circumstances; and
3. The representations were material.

The NYAG does not need to establish that there was an intent to deceive or that consumers relied on Quincy Bioscience's representations.

**Source/Authority**

*See* N.Y. GBL §§ 349 & 350; *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (N.Y. 2012); *People v. Gen. Elec. Co.*, 302 A.D.2d 314, 315 (N.Y. App. Div. 2003).

# CLAIMS CONVEYED

## Plaintiffs' Requested Instruction No. 22

## Net Impression/Express and Implied Representations

Now, I will give you instructions regarding the first element of proof for each of the New York Attorney General's claims—whether the claims that the New York Attorney General contends are deceptive were conveyed by Defendants' advertisements for Prevagen.

To determine whether the claims identified by Plaintiff were conveyed by the advertisements for Prevagen, you must assess the overall net impression of the advertisements, not an isolated phrase or word or the literal truth or falsity of the words in the advertisements. A claim can be express or implied. An express claim is one that is stated explicitly, which itself establishes the meaning of the claim. An implied claim is one that is made indirectly. To illustrate, suppose a certain car gets poor gas mileage, say, 10 miles per gallon. One advertisement boasts that this car gets 30 miles per gallon while another identifies the car as the "Miser," depicts it rolling through the countryside past one gas station after another, and proclaims that the car is inexpensive to operate. Both ads make deceptive claims as to good gas mileage; the first does so expressly, the second does so impliedly.

You may find that an advertisement contains a claim even if the advertisement contains other claims, as well. If an advertisement is capable of conveying more than one impression to the consumer and any one of them is false or misleading, the advertisement may be found to be false or misleading. In addition, an advertiser can be liable for misleading claims made through consumer testimonials or endorsements.

If the advertisement makes an express claim or an implied claim that is reasonably clear on its face, you need not look to other evidence to ascertain whether the advertisement made the claim. Plaintiff is not required to put forth any evidence of ad meaning in the form of consumer research or surveys.

If you find that Plaintiff has proven that the claims in the New York Executive Law and New York General Business Law counts were conveyed by Defendants' advertisements for Prevagen, then you must consider the second element of proof.

## Source/Authority

*See FTC v. NPB Advertising*, 218 F. Supp. 2d 1352, 1358 (M.D. Fla. 2016) (stating that it is the overall impression of an ad, not an isolated word or phrase, that determines representation conveyed); *FTC v. Nat'l Urological Grp.*, 645 F. Supp. 2d 1167, 1189 (N.D. Ga. 2008) (stating that the court must look to the net impression rather than literal truth or falsity of the words in the ad; if an ad explicitly states claims, there is no need to look to extrinsic evidence); *FTC v. Bronson Partners, LLC*, 564 F. Supp. 2d 119, 125 (D. Conn. 2008) ("It is therefore necessary in these cases to consider the advertisement in its entirety . . . . The entire mosaic should be viewed rather than each tile separately.") (quoting *FTC v. Sterling Drug, Inc.*, 317 F.2d 669, 675 (2d Cir.

1963))); *FTC v. Med. Billers Net.*, 543 F. Supp. 2d 283, 304 (S.D.N.Y. 2008) (stating that "each representation must stand on its own merit, even if other representations contain accurate, non-deceptive information") (citing *FTC v. Gill*, 71 F. Supp. 2d 1030, 1044 (C.D. Cal. 1999))); *Kraft, Inc. v. FTC*, 970 F.2d 311, 319 (7th Cir. 1992) (the "Miser" example); *Kraft, Inc.*, 114 F.T.C. 40, 121-22 (Jan. 30, 1991) (stating that the primary evidence of what claims an ad can convey to reasonable consumers consists of the ad itself, and that, if the court can't conclude with confidence that a particular message was conveyed, it will not find that claim without extrinsic evidence; such extrinsic evidence can include reliable results from a methodologically sound survey); *Thompson Med. Co.*, 1984 FTC LEXIS 6, at *312-13 (Nov. 23, 1984) (stating that express claims are directly stated, that implied claims are any claims that are not express, and that if a claim can't be discerned, one then looks to extrinsic evidence); *Bristol-Myers Co*, 1983 FTC LEXIS 64, at *123 (July 5, 1983) (stating that an ad is capable of conveying more than one impression); *FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 391-92 (1965) (stating that it is not necessary for the Commission to conduct a survey of the viewing public before it can determine that commercials had a tendency to mislead); *People v. Orbital Publishing Group, Inc.*, 169 A.D.3d 564, 566 (N.Y. App. Div. 2019) (finding disclaimer insufficient to negate a solicitation's "overall misleading impression"); *People v. Charter Communications, Inc.*, 162 A.D.3d 553, 554 N.Y. App. Div. 2018) (finding lower court correctly reviewed disclosures in light of other statements made in advertisement); *People v. Applied Card Sys., Inc.*, 27 A.D.3d 104, 107-108 (N.Y. App. Div. 2005) (reviewing solicitation offers "as a whole").

## Plaintiffs' Requested Instruction No. 23

**Capacity to Deceive—Credulous Consumer**

Now, I will give you instructions regarding the third element of proof for the New York Executive Law § 63(12) Count—whether the claims have the capacity to deceive.

Whether a representation has the capacity to deceive is evaluated from the perspective of the credulous, or gullible, consumer, who is more likely to believe something than the average consumer.  Plaintiff does not need to show that any consumers were actually deceived.  Rather, Plaintiff only needs to show that the representation was likely to mislead consumers.  The NYAG's Executive Law Count protects not only the average consumer but also the ignorant, the unthinking, and the credulous.

**Source/Authority**

*See* N.Y. Exec. Law § 63(12); *People v. Gen. Elec. Co.*, 302 A.D.2d 314, 314 (N.Y. App. Div. 2003) (noting that § 63(12) protects "not only the average consumer, but also 'the ignorant, the unthinking and the credulous'") (quoting *Guggenheimer v. Ginzburg*, 43 N.Y.2d 268, 273 (N.Y. 1977))).

**Plaintiffs' Requested Instruction No. 24**

**Likely to Mislead—Reasonable Consumer**

Now, I will give you instructions regarding the second element of proof for the New York General Business Law Count—whether the claims were likely to mislead consumers acting reasonably under the circumstances.

Whether a representation is likely to mislead is evaluated from the perspective of the reasonable consumer in the audience targeted by the advertiser. Plaintiff does not need to show that consumers were actually deceived. Rather Plaintiff only needs to show that the representation was likely to mislead consumers acting reasonably under the circumstances.

**Source/Authority**

*See ECM BioFilms, Inc. v. FTC*, 851 F.3d 599, 610-11 (6th Cir. 2017) (an ad conveys a claim "if consumers acting reasonably under the circumstances would interpret the advertisement to contain that message") (citing *Pom Wonderful v. FTC*, 777 F.3d 478, 490 (D.C. Cir. 2015))); *FTC v. Fleetcor Technologies, Inc.*, No. 1:19-CV-5727, 2022 WL 3273286, at *6 (N.D. Ga. Aug. 9, 2022) (stating that the FTC is not required to prove that customers were actually deceived); *FTC v. Washington Data Res.*, 856 F. Supp. 2d 1247, 1272 (M.D. Fla. 2012) ("Advertising deception is evaluated from the perspective of the reasonable prospective purchaser, that is, a reasonable consumer in the audience targeted by the advertisement."); *FTC v. Nat'l Urological Grp.*, 645 F. Supp. 2d 1167, 1188 (N.D. Ga. 2008) (stating that an ad is deceptive if it is likely to mislead customers acting reasonably under the circumstances); *People v. Gen. Elec. Co.*, 302 A.D.2d 314, 315 (N.Y. App. Div. 2003) (to establish claim under GBL § 349, "the deceptive practice must be 'likely to mislead a reasonable consumer acting reasonably under the circumstances'" (citation omitted); *accord People v. Applied Card Sys., Inc.*, 27 A.D.3d 104, 106 (N.Y. App. Div. 2005).

**Plaintiffs' Requested Instruction No. 25**

**Competent and Reliable Scientific Evidence**

Plaintiff contends that Quincy Bioscience's advertising representations are misleading. The representations are likely to mislead consumers if Defendants lack competent and reliable scientific evidence supporting them. Competent and reliable scientific evidence means tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that have been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results. To determine what constitutes competent and reliable scientific evidence, you should look to what experts would consider to be adequate in determining the amount and type of evidence that is sufficient to demonstrate that a representation is truthful.

You have heard the testimony of several expert witnesses in this case. As I stated earlier, you may give that testimony whatever weight, if any, you find it deserves in light of all of the evidence in this case.

**Source/Authority**

*See FTC v. Roca Labs, Inc.*, 345 F. Supp. 3d 1375, 1381, 1387-89 (M.D. Fla. 2018) (stating that, for health-related claims, an advertiser must demonstrate that it has competent and reliable scientific evidence to support any claimed reasonable basis to assert that the claims are true); *FTC v. NPB Advertising, Inc.*, 218 F. Supp. 3d 1352, 1358 (M.D. Fla. 2016) (same); *Daniel Chapter One*, 405 F. App'x 505, 506 (D.C. Cir. 2010) (stating that there is nothing unreasonable about the specific type of basis required, namely competent and reliable scientific evidence including clinical trials with human subjects); *FTC v. Nat'l Urological Grp.*, 645 F. Supp. 2d 1167, 1202 (N.D. Ga. 2008) (stating efficacy claims must be substantiated with competent and reliable scientific evidence); *FTC v. QT, Inc.*, 448 F. Supp. 2d 908, 961 (N.D. Ill. 2008) (an advertiser must possess competent and reliable scientific evidence to substantiate a health claim); POM Wonderful, LLC v. FTC, 777 F.3d 478, 505 (D.C. Cir. 2008) (requiring at least one RCT); *FTC v. Direct Mktg. Concepts, Inc.* 569 F. Supp. 2d 285, 303-04 (D. Mass. 2008) (courts have found that double-blind placebo-controlled studies are required to provide adequate substantiation for the truthfulness of health-related efficacy claims); *FTC v. Braswell*, No. CV 03-3700, 2005 WL 4227194, at *10 (C.D. Cal. Sept. 27, 2005) (stating that courts can look to what experts in the relevant area of study would consider to be adequate in determining the amount of and type of evidence that is sufficient).

# ANECDOTAL EVIDENCE

## Plaintiffs' Requested Instruction No. 26

## Consumer Testimonials

Anecdotal evidence in the form of consumer testimonials or endorsements is not competent and reliable scientific evidence.

## Source/Authority

*See FTC v. Alcoholism Cure Corp.*, No. 3-10-CV-266, 2011 WL 13137951, at *38 (M.D. Fla. Sept. 16, 2011) (granting FTC's motion for summary judgment where defendant cited "no legal authority in support of his argument that anecdotal customer testimonials . . . may supplant competent and reliable scientific evidence to substantiate his health-related claims" concerning a dietary supplement); *FTC v. Ewing*, No. 14-CV-683, 2017 WL 4797516, at *5 (D. Nev. Oct. 24, 2017) ("'[a]necdotal evidence, such as testimonials by satisfied patients or statements by doctors that, based on their experience, they 'believe' a drug is effective,' does not constitute competent and reliable scientific evidence" (citing *Simeon Mgmt. Corp. v. FTC*, 579 F.2d 1137, 1143-44 (9th Cir. 1978))); *FTC v. COORGA Nutraceuticals*, 201 F. Supp. 3d 1300, 1312 (D. Wyo. 2016) (noting that testimonials are not a form of proof); *Removatron Int'l Corp.,* 1985 FTC LEXIS 21, at *59 (July 15, 1987) ("[I]t is well established that subjective assessments, such as consumer testimonials and consumer surveys, are anecdotal evidence at best and are not adequate substantiation for claims of product performance or the device's scientific or biomedical efficacy.").

**BURDEN SHIFTING**

**Plaintiffs' Requested Instruction No. 27**

**Shifting Burden**

Defendants have the burden of establishing the substantiation they relied on for their claims.  Plaintiff then has the burden of proving that Defendants' purported substantiation is not competent and reliable scientific evidence as defined in these instructions.  However, Plaintiff is not required to conduct or present clinical studies showing that Prevagen does not perform as claimed.

If you determine that the substantiation put forth by Defendants to support the claims for Prevagen is not competent and reliable scientific evidence as defined in these instructions, then you must find that the claims in the New York Executive Law and General Business Law Counts are misleading.

**Source/Authority**

*See In re Daniel Chapter One*, No. 9329, 2009 FTC LEXIS 157, at *137 (Aug. 5, 2009) (initial decision) ("the advertiser has the burden of establishing the substantiation it relied on for its claim") (citing *FTC v. QT, Inc.*, 448 F. Supp. 2d 908, 959 (N.D. Ill. 2008))); *FTC v. Direct Marketing Concepts*, 624 F.3d. 1, 8 (1st Cir. 2010) (stating that, where advertisers lack adequate substantiation, they lack a reasonable basis, and where advertisers lack a reasonable basis, the ads are deceptive as a matter of law); *FTC v. QT, Inc.*, 448 F. Supp. 2d 908, 959 (N.D. Ill. 2008) (stating that, after the advertiser satisfies its burden, the Commission then has the burden of proving that the purported substantiation is inadequate but is not required to conduct or present clinical studies showing that the products do not perform as claimed).

**MATERIALITY**

**Plaintiffs' Requested Instruction No. 28**

**Materiality**

If you find that the claims in the New York General Business Law Count are misleading, then you must consider the third and final element of proof – whether the claims are material.

A representation is material if it involves information important to consumers and is likely to affect their conduct regarding a product, such as influencing a decision to buy or use a product. Claims that are stated explicitly or significantly involve health are presumed material.

**Source/Authority**

*See Kraft, Inc. v. FTC*, 970 F.2d 311, 322 (7th Cir. 1992) (claims that significantly involve health are presumptively material); *FTC v. NPB Advertising*, 218 F. Supp. 2d 1352, 1358 (M.D. Fla. 2016) (stating that, because an express claim inherently misleads a consumer, an express claim is presumptively material); *FTC v. Washington Data Resources*, 856 F. Supp. 2d 1247, 1272 (M.D. Fla. 2012) (stating a representation is material if likely relied upon by a reasonable prospective consumer); *FTC v. Nat'l Urological Group, Inc.,* 645 F. Supp. 2d 1167, 1190-91 (N.D. Ga. 2008) (applying the presumption of materiality to claims that dietary supplements were effective to treat weight loss and sexual dysfunction); *FTC v. QT, Inc.*, 448 F. Supp. 2d 908, 965 (N.D. Ill. 2008) (stating that a medical, health related claim is material); *FTC v. Transnet Wireless Corp.*, 506 F. Supp. 2d 1247, 1266-67 (S.D. Fla. 2007) (stating that a representation is material if it is the kind relied upon by a reasonable person); *People v. Image Plastic Surgery, LLC*, No. 450389/19, 2022 N.Y. App. Div. LEXIS 6082, at *2 (N.Y. App. Div. Nov. 3, 2022) (accepting the substance of defendants' misrepresentations as evidence of materiality).

# DISCLAIMERS

## Plaintiffs' Requested Instruction No. 29

### Disclaimers

Defendants contend that ads containing their new disclaimer do not violate the laws at issue in this case.  However, the presence of a disclaimer or a qualifier does not necessarily alter the deceptive net impression of an ad.

To be effective, the disclaimer or qualifier must be sufficiently clear and conspicuous to cure the alleged deception and leave an accurate impression—i.e., consumers must be able to notice, read, and understand the disclaimer.  Small print disclaimers that consumers would be unlikely to see or read are insufficient as disclaimers.

If you find that the claims are misleading or false and the new disclaimer is not sufficiently clear and conspicuous to cure the deception or untruthfulness, then you must find Defendants liable for the deceptive representations in those ads.

### Source/Authority

*See FTC v. Cyberspace.com, LLC*, 453 F.3d 1196, 1200-01 (9th Cir. 2006); *Removatron Int'l Corp. v. FTC*, 884 F.2d 1489, 1497 (1st Cir. 1989) ("Disclaimers or qualifications in any particular ad are not adequate to avoid liability unless they are sufficiently prominent and unambiguous to change the apparent meaning of the claims and to leave an accurate impression. Anything less is only likely to cause confusion by creating contradictory double meanings."); *Thomson Medical Co*., 1984 FTC LEXIS 6, at *303 (1984) (order requiring disclosure to be clear and prominent), *aff'd*, 791 F.2d 189 (D.C. Cir. 1986); *Indep. Directory Corp. v. FTC*, 188 F.2d 468 (2d Cir. 1951) (finding solicitations to be deceptive despite the fine print disclosure); *FTC v. Medlab, Inc.,* 615 F. Supp. 2d 1068, 1077 (N.D. Cal. 2009) ("Defendants cannot innoculate [sic] themselves from the representations that appear in the body of the text by including cautionary statements at the foot of the advertisements."); *Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 345 (N.Y. 1999) (finding disclaimers inadequate to overcome deceptive practices claim under N.Y. GBL § 349); *People v. Orbital Publ. Group, Inc.*, 169 A.D.3d 564, 566 (N.Y. App. Div. 2019) (finding disclaimers inadequate to overcome claims under N.Y. GBL §§ 349 and 350).

## DEFENDANTS' AFFIRMATIVE DEFENSES

### Plaintiffs' Requested Instruction No. 30

**Good Faith**

Defendants contend that they acted in good faith in all aspects of their marketing and advertising. An assertion of good faith does not protect Defendants from liability under New York law. When you consider whether the Defendants have violated New York law, it does not matter whether Defendants intended to deceive anyone or whether they thought their claims were truthful or legal.

You may not consider good faith in making your determination about liability.

**Source/Authority**

*See* Order Granting In Part Denying In Part Motion to Strike (ECF No. 99) at 7 (stating that good faith is not a defense to liability); *FTC v. Bronson Partners, LLC*, 564 F. Supp. 2d 119, 125 (D. Conn. 2008) (stating that an advertiser's good faith does not immunize it from responsibility for its misrepresentations); *FTC v. Five-Star Auto Club*, 97 F. Supp. 2d 502, 526 (S.D.N.Y. 2000) (stating that it is not necessary to prove misrepresentations were made in bad faith to establish a Section 5 violation); *FTC v. Sabal*, 32 F. Supp. 2d 1004, 1009 (N.D. Ill. 1998) (stating that good faith is not a valid defense to a Section 5 claim); *People v. Gen. Elec. Co.*, 302 A.D.2d 314, 314-15 (N.Y. App. Div. 2003) (noting that neither good faith nor scienter is required under New York Executive Law § 63(12) and intent is not required for a claim under New York GBL § 349).

## DEFENDANTS' AFFIRMATIVE DEFENSES

### Plaintiffs' Requested Instruction No. 31

**Commercial Speech**

Defendants contend that the claims challenged by Plaintiff are protected commercial speech under the First Amendment of the U.S. Constitution that cannot be regulated by government.

However, deceptive or false commercial speech is not entitled to any constitutional protection.  If you find that the challenged claims are deceptive or false, then the First Amendment does not protect Defendants from liability.

**Source/Authority**

*See Zauderer v. Office of Disciplinary Counsel of Supreme Court*, 471 U.S. 626, 638 (1985) ("The States and the Federal Government are free to prevent the dissemination of commercial speech that is false, deceptive, or misleading . . . ."); *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557, 563 (1980) ("The government may ban forms of communication more likely to deceive the public than to inform it . . . ."); *Bristol-Myers Co. v. FTC*, 738 F.2d 554, 562 (2d Cir. 1984) (stating that "deceptive advertising enjoys no constitutional protection and it may be regulated").

**DEFENDANTS' AFFIRMATIVE DEFENSES**

**Plaintiffs' Requested Instruction No. 32**

**New York General Business Law Count**

Quincy Bioscience contends that the NYAG's count under New York General Business Law §§ 349 and 350 fail because the alleged deceptive acts and practices occurred outside the State of New York.  Because it is undisputed that Quincy Bioscience's advertisements were disseminated in the State of New York and that Quincy Bioscience sold Prevagen to New York consumers, you cannot use this defense as a basis to absolve Quincy Bioscience of liability for deceptive practices or false advertising that occurred in New York or was directed to New York.

**Source/Authority**

*See* N.Y. GBL §§ 349, 350.

## CLOSING INSTRUCTIONS

### Plaintiffs' Requested Instruction No. 33

### Election of Foreperson, Duty to Deliberate, Communications with Court, Cautionary, Unanimous Verdict, Verdict Form

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone – including me – how your votes stand numerically.

Fourth, your verdict must be based solely upon the evidence and on the law I have given you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign, and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

### Source/Authority

3 Fed. Jury Prac. & Instr. § 103:50 (6th ed.).

Dated:  January 12, 2024

FEDERAL TRADE COMMISSION

    */s/ Edward Glennon*
ANNETTE SOBERATS
EDWARD GLENNON
ANDREW WONE
TIFFANY M. WOO
CHRISTINE LEE DELORME
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, D.C. 20850
202-326-2921, asoberats@ftc.gov
202-326-3126, eglennon@ftc.gov
202-326-2934, awone@ftc.gov
202-326-3583, twoo@ftc.gov
202-326-2095, cdelorme@ftc.gov
202-326-3259 (facsimile)

    *Attorneys for Plaintiff*
*FEDERAL TRADE COMMISSION*

PEOPLE OF THE STATE OF NEW YORK
BY LETITIA JAMES,
Attorney General of the State of New York

By:  */s/ Kate Matuschak*
JANE M. AZIA
KATE MATUSCHAK
MARY ALESTRA
NOAH H. POPP
EMILY E. SMITH
Consumer Frauds and Protection Bureau
28 Liberty Street
New York, NY 10005
212-416-6189, kate.matuschak@ag.ny.gov
212-416-6698, mary.alestra@ag.ny.gov
212-416-8915, noah.popp@ag.ny.gov
212-416-8316, emily.smith@ag.ny.gov
212-416-6003 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of January, 2024, I have caused service of the foregoing Plaintiffs' Revised Proposed Jury Instructions to be made by electronic filing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

Dated: January 12, 2024

*/s/ Kate Matuschak*
Assistant Attorney General
New York State Office of the Attorney General