ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/3/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION and

THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,

        Plaintiffs,

- against -

QUINCY BIOSCIENCE HOLDING COMPANY, INC., a corporation;

QUINCY BIOSCIENCE, LLC, a limited liability company;

PREVAGEN, INC., a corporation d/b/a/ SUGAR RIVER SUPPLEMENTS;

QUINCY BIOSCIENCE MANUFACTURING, LLC, a limited liability company; and

MARK UNDERWOOD, individually and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, AND PREVAGEN, INC.,

        Defendants.

17 Civ. 124 (LLS)

ORDER

    The parties' renewed motions under Rule 50(b) are denied.

    The Jury's March 11, 2024 verdict found with respect to the Challenged Statements concerning Prevagen as follows:

    1. All the Challenged Statements lacked support by competent and reliable scientific evidence;

    2. All were consumer-oriented;

3. Each Statement was conveyed repeatedly or persistently, and had the capacity or tendency to deceive, in violation of New York Executive Law Section 63(12);

4. Two Challenged Statements (Prevagen reduces memory problems with aging and that had been clinically shown) were materially misleading, in violation of New York General Business Law Sections 349 and 350;

5. The other six Challenged Statements[1] were not materially misleading.

The trial record supports that verdict.

There was no evidence that any particular person was actually deceived by any of the Challenged Statements.

The Quincy defendants challenge the jury's verdict on the New York Executive Law claim, arguing that violations found for all of the Challenged Statements cannot stand because the jury did not find liability for all of the Challenged Statements on the General Business Law claims.

---

[1] Those statements are: (1) Prevagen improves memory; (2) Prevagen is clinically shown to improve memory; (3) Prevagen improves memory within 90 days; (4) Prevagen is clinically shown to improve memory within 90 days; (5) Prevagen provides other cognitive benefits, including but not limited to healthy brain function, a sharper mind, and clearer thinking; and (6) Prevagen is clinically shown to provide other cognitive benefits, including but not limited to healthy brain function, a sharper mind, and clearer thinking.

2

The jury's charge stated:

If you do not find the Quincy Defendants liable for New York General Business Law Sections 349 and 350, then you need not reach the Attorney General's charge under New York Executive Law 63 (12).

If however, you find that one or more of the Quincy Defendants violated New York General Business Law Sections 349 and 350, then you will decide the New York Executive Law Section 63 (12) charge. To find for the New York Attorney General on its New York Executive Law Section 63 (12) charge, you must conclude that each of the following has been proven by a preponderance of the evidence:

(1)  That the Challenged Statements were conveyed, either expressly or impliedly, in Quincy's advertising;

(2)  That the Challenged Statements were repeated or persistent; and

(3)  That the Challenged Statements had the capacity or tendency to deceive the consumer.

The jury, having found two such violations of the New York General Business Law Sections 349 and 350, considered New York Executive Law 63(12). It found that law was violated by every one of the Challenged Statements. The jury's verdict followed its charge. It is fully supported by the evidence, which the jury evaluated with care, and will not be disturbed.

Determinations of the Attorney General's remedies and the non-jury trial of the FTC's claims against Mark Underwood and the other defendants remain.

3

So ordered.

Dated:   New York, New York
        May 2, 2024

                                        /s/ Louis L. Stanton
                                        LOUIS L. STANTON
                                            U.S.D.J.