**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FEDERAL TRADE COMMISSION and

THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,

              Plaintiffs,

              v.

QUINCY BIOSCIENCE HOLDING COMPANY, INC., a corporation;

QUINCY BIOSCIENCE, LLC, a limited liability company;

PREVAGEN, INC., a corporation d/b/a/ SUGAR RIVER SUPPLEMENTS;

QUINCY BIOSCIENCE MANUFACTURING, LLC, a limited liability company; and

MARK UNDERWOOD, individually and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, and PREVAGEN, INC.,

              Defendants.

Case No. 1:17-cv-00124-LLS

**PLAINTIFF FEDERAL TRADE COMMISSION'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION**

1

Plaintiff Federal Trade Commission ("FTC") respectfully submits this opposition to Defendants' Motion for Reconsideration in Light of New Law (ECF No. 460).

## I.     INTRODUCTION

The "new law" on which Defendants base their motion for reconsideration is the Second Circuit's May 2, 2024 decision in *Bustamante v. KIND, LLC*, a litigation brought by private plaintiffs under the New York General Business Law as well as California and Florida state statutes.  No. 22-2684-CV, -- F.4th --, 2024 WL 1917155 (2d Cir. May 2, 2024).  *Bustamante* does not involve FTC law or impact the FTC's claims in this litigation in any way.  Defendants' allusions to the FTC in their motion should therefore be disregarded.  Under the FTC Act, the law is clear that extrinsic evidence, such as consumer perception evidence, is not required for claims (such as those challenged here) that are expressly conveyed or clearly implied.  The Court's prior rulings that consumer perception evidence is not required in this case are correct under federal law.  Those prior rulings should be left undisturbed, and Defendants' motion should be denied.

## II.     ARGUMENT

Although Defendants do not, and cannot, contend that *Bustamante* involves anything other than state law, Defendants seemingly attempt to sweep the FTC into their present motion by (1) referring generally to their motion for summary judgment and arguments they made about the FTC Act "[t]hroughout this litigation," and (2) concluding without basis that "*Bustamante*'s requirement that plaintiffs provide admissible evidence of consumer perception is dispositive of Plaintiffs' claims in this case."  Defs.' Mem. of Law in Supp. of Defs.' Mot. for Recons. in Light of New Law (ECF No. 461) ("Defs.' Mem.") at 1, 6.  But there can be no question that *Bustamante* does not involve FTC law or impact the FTC's claims.  Defendants' allusions to the FTC have no relevance to this motion and should be disregarded.

*Bustamante* does not involve the FTC Act and has no effect on the clearly established case law under the FTC Act that consumer perception evidence is not required for express or clearly implied claims. *See, e.g.*, *FTC v. Bronson Partners, LLC*, 564 F. Supp. 2d 119, 125–27 (D. Conn. 2008) (explaining that the need for extrinsic evidence to determine whether an advertisement makes a particular claim hinges on the type of claim the advertisement makes, and that extrinsic evidence is not necessary for express claims or implied claims that are "reasonably clear from the face of the advertisement"); *FTC v. Nat'l Urological Grp., Inc*., 645 F. Supp. 2d 1167, 1189 (N.D. Ga. 2008) (extrinsic evidence not needed if an advertisement "explicitly states or clearly and conspicuously implies a claim"; such evidence is necessary only for claims that are so faintly implied as to be "barely discernable"); *FTC v. QT, Inc.*, 448 F. Supp. 2d 908, 958 (N.D. Ill. 2006) ("Where implied claims are conspicuous and reasonably clear from the face of the advertisements, extrinsic evidence is not required." (internal quotation marks omitted)); *see also FTC v. FleetCor Techs., Inc.*, 620 F. Supp. 3d 1268, 1295 (N.D. Ga. 2022) ("[W]here the advertisement's claim is explicit, or where it is clearly and conspicuously implied, no extrinsic evidence — in the form of consumer surveys or otherwise — is required to ascertain whether the representation was made." (internal quotation marks and alteration omitted)); *FTC v. Alcoholism Cure Corp*., No. 10-cv-266, 2011 WL 13137951, at *25 (M.D. Fla. Sept. 16, 2011) ("[C]onsumer survey evidence is not required to support a finding that an advertisement has a tendency to deceive."); *FTC v. Medlab, Inc.*, 615 F. Supp. 2d 1068, 1077–78 (N.D. Cal. 2009) ("Courts, including the Supreme Court, have uniformly rejected imposing a requirement to present consumer survey evidence on the FTC, and we decline to do so as well." (citation and alterations omitted)).

As the challenged claims in this case are express or clearly implied, no consumer perception evidence is required.  *See, e.g.*, Pls.' Mem. of Law in Supp. of Pls.' Mots. in Lim. (ECF No. 343) at 3–7; Pls.' Trial Br. (ECF No. 323) at 5; Test. of Todd Olson, Trial Tr. at 60–117, Feb. 22, 2024 (discussing advertisements and packaging that made the challenged claims).

The Court's determinations that consumer perception evidence is not required in this case are correct under federal law and *Bustamante* presents no reason to disturb them.  *See, e.g.*, Op. & Order on Mot. for Summ. J. & Mot. to Exclude Expert Test. (ECF No. 331) at 16 ("The lack of evidence of consumer perception does not mean finding that the challenged statements were not misleading. . . .  [E]vidence of consumer perception is superfluous if the FTC proves at trial that defendants did not possess the necessary scientific substantiation to support the challenged statements."); *see also* Order on Mots. in Lim. (ECF No. 379) at 1 ("Defendants shall not argue that evidence of consumer perception is required."); Order on Renewed Rule 50(b) Mots. (ECF No. 457) at 1 (denying the parties' renewed motions under Rule 50(b)).  The Court should leave its prior, correct rulings as they relate to federal law undisturbed.[1]

---

[1] The FTC agrees with the opposition to Defendants' motion filed by the Office of the New York Attorney General ("NYAG") but defers to the NYAG on the analysis of New York law.

**III.**    **CONCLUSION**

For the foregoing reasons, the FTC respectfully requests that the Court deny Defendants'

Motion for Reconsideration in Light of New Law (ECF No. 460).


Respectfully submitted,

Dated:  May 29, 2024                          FEDERAL TRADE COMMISSION

By: */s/ Edward Glennon*_____
      ANNETTE SOBERATS
      EDWARD GLENNON
      ANDREW WONE
      TIFFANY M. WOO
      CHRISTINE LEE DELORME
      Federal Trade Commission
      600 Pennsylvania Avenue, NW
      Washington, D.C. 20850
      202-326-2921, asoberats@ftc.gov
      202-326-3126, eglennon@ftc.gov
      202-326-2934, awone@ftc.gov
      202-326-3583, twoo@ftc.gov
      202-326-2095, cdelorme@ftc.gov
      202-326-3259 (facsimile)

      *Attorneys for Plaintiff*
      *FEDERAL TRADE COMMISSION*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May, 2024, I have caused service of the foregoing Plaintiff Federal Trade Commission's Memorandum of Law in Opposition to Defendants' Motion for Reconsideration to be made by electronic filing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

Dated: May 29, 2024

*/s/ Christine Lee DeLorme*
Christine Lee DeLorme
Federal Trade Commission