UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION and

THE PEOPLE OF THE STATE OF NEW
YORK, by LETITIA JAMES, Attorney
General of the State of New York,

Plaintiffs,

v.

QUINCY BIOSCIENCE HOLDING
COMPANY, INC., a corporation;

QUINCY BIOSCIENCE, LLC, a limited
liability company;

PREVAGEN, INC., a corporation
d/b/a/ SUGAR RIVER SUPPLEMENTS;

QUINCY BIOSCIENCE
MANUFACTURING, LLC, a limited
liability company; and

MARK UNDERWOOD, individually and as
an officer of QUINCY BIOSCIENCE
HOLDING COMPANY, INC., QUINCY
BIOSCIENCE, LLC, and PREVAGEN,
INC.,

Defendants.

Case No. 1:17-cv-00124-LLS

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION FOR RECONSIDERATION IN LIGHT OF NEW LAW**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ............................................................................................................................2

I.      *Bustamante* Warrants Summary Judgment or Judgment as a Matter of Law in Defendants' Favor.................................................................................................................2

II.     *Bustamante* Did Not Limit Its Holding to "Specific, Narrow Circumstances" ...................5

III.    *Bustamante* Also Warrants Summary Judgment or Judgment as a Matter of Law in Defendants' Favor on the FTC Act Claims .......................................................................8

CONCLUSION........................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Almazon v. JPMorgan Chase Bank, Nat'l Ass'n,*
  No. 1:19-cv-04871, 2020 WL 1151313 (S.D.N.Y. Mar. 9, 2020).............................................4

*Beardsall v. CVS Pharmacy, Inc.,*
  953 F.3d 969 (7th Cir. 2020) ...................................................................................................7

*Bruton v. Gerber Prod. Co.,*
  703 F. App'x 468 (9th Cir. 2017) ............................................................................................5

*Bustamante v. KIND, LLC,*
  100 F.4th 419 (2d Cir. 2024) ........................................................................................ *passim*

*Chapin Home for the Aging v. McKimm,*
  No. 1:11-cv-00667, 2013 WL 948110 (E.D.N.Y. Mar. 11, 2013) ...........................................4

*Goshen v. Mut. Life Ins. Co. of New York,*
  98 N.Y.2d 314 (2002) ...............................................................................................................8

*Johnson & Johnson * Merck Consumer Pharms. Co. v. Smithkline Beecham Corp.,*
  960 F.2d 294 (2d Cir. 1992) .....................................................................................................5

*La Rosa v. Abbott Lab'ys,*
  No. 1:22-cv-05435, 2024 WL 2022297 (E.D.N.Y. May 7, 2024)...........................................7

*Russo v. New York & Presbyterian Hosp.,*
  No. 1:09-cv-05334, 2011 WL 837802 (E.D.N.Y. Mar. 3, 2011) .............................................5

ii

Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., Quincy Bioscience Manufacturing, LLC (collectively "Quincy"), and Mark Underwood (with Quincy, "Defendants") respectfully submit this memorandum of law in further support of their motion under Rule 54(b) of the Federal Rules of Civil Procedure and Local Rule 6.3 for reconsideration of this Court's December 19, 2022 Opinion & Order denying Defendants' motion for summary judgment and/or its May 3, 2024 Order denying Quincy's motion for judgment as a matter of law ("JMOL").

## PRELIMINARY STATEMENT

There can be no reasonable debate that the Second Circuit's recent decision in *Bustamante v. KIND, LLC*, 100 F.4th 419 (2d Cir. 2024), constitutes controlling law and is an intervening change in the law that warrants reconsideration. Resolving a split among district courts, the Second Circuit clarified that, under the General Business Law ("GBL") and other similar consumer-protection statutes that use the "reasonable consumer" standard, a plaintiff *must* come forward with admissible evidence of what consumers expected after viewing a challenged advertising claim to establish deception and defeat summary judgment. The NYAG and the FTC filed separate oppositions, but neither agency directly addresses *Bustamante*'s holding to this case.

The NYAG spends much of its brief arguing that the Second Circuit cited inapplicable cases in reaching its conclusion. To that end, the NYAG highlights what it believes are more apt decisions from courts outside of this district and from New York's trial and intermediate appellate courts. While that amounts to a not-so-subtle critique of the Second Circuit's decision, it completely ignores that the Second Circuit's interpretation of New York law is binding on this Court regardless of what courts outside of this district and New York state courts (other than the New York Court of Appeals) have to say on the topic.

1

The FTC's opposition is more limited, arguing that *Bustamante* dealt with GBL claims and therefore does not apply to the FTC's claims under the FTC Act.  But throughout this litigation, the FTC has acknowledged, and even argued, that claims under the two statutes are governed by the same "reasonable consumer" standard and require proof of the same elements.  In other words, the FTC must prove deceptiveness, which is governed by the reasonable-consumer standard; and the Second Circuit has held that to prove deception under that standard, a plaintiff must advance admissible evidence establishing how the challenged statements tended to mislead reasonable consumers acting reasonably.  The FTC cites no Second Circuit decision to the contrary.  The basis for reconsideration of the NYAG's claims applies just the same to the FTC's claims under the FTC Act.

## ARGUMENT

### I.     *Bustamante* Warrants Summary Judgment or Judgment as a Matter of Law in Defendants' Favor

The NYAG contends that *Bustamante* does "not change the law under the GBL."  (NYAG Opp. at 3.)  In so arguing, the NYAG critiques the Second Circuit's reasoning and "reli[ance] on cases that have no application to the case at hand," including a Lanham Act case and a case brought under California's consumer-protection laws.  (*Id.*)

But the cases that the Second Circuit relied on are beside the point for two reasons.  First, when the Second Circuit rules on an issue like this one, that ruling controls.  Second, regardless of how it arrived at its conclusion, *Bustamante* was a case brought under the GBL, and deception under the GBL "is governed by the reasonable consumer standard."  *Bustamante*, 100 F.4th at 426.  Hence, the focus of Quincy's motion is on the controlling nature of the Second Circuit's ruling and on the Second Circuit's plain and unambiguous holding under the GBL's "reasonable consumer" standard.  To establish deception under that standard at the summary judgment stage,

2

as the Second Circuit made clear, "plaintiffs *must* present admissible evidence establishing how the challenged statement . . . tends to mislead reasonable consumers acting reasonably." *Id.* (emphasis added).

Quincy highlighted that portion of the Second Circuit's opinion in its opening brief. (Mot. at 2, 5.) The NYAG ignored it because it is dispositive of the NYAG's claims. The NYAG failed to introduce any evidence on summary judgment or at trial showing how consumers perceived or understood any of the challenged advertisements and marketing messages. The NYAG also failed to offer any evidence of a reasonable consumer's interpretation of the clear and conspicuous disclaimers and qualifying language that accompanied the challenged marketing claims (*i.e.*, that Prevagen is a "dietary supplement," that it "is not intended to diagnose, treat, cure or prevent any disease," and that the challenged claims were "[b]ased on a clinical study of subgroups of individuals who were cognitively normal or mildly impaired."). In ruling on the parties' motions for judgment as a matter of law, this Court noted that "[t]here was no evidence that any particular person was actually deceived by any of the Challenged Statements." (Dkt. 457, at 2.)

The jury was instructed that the presence of disclaimers may affect "what claims were actually conveyed," "whether the claim was materially misleading," and whether such disclaimers "eliminate[] the possibility that a reasonable consumer would be misled." (Trial Tr. at 1447:2-10.) The NYAG's failure to proffer *any* evidence of how reasonable consumers would perceive either the challenged claims themselves or the disclaimers that accompanied the challenged claims constitutes a complete failure of proof which warrants reconsideration under *Bustamante.*

Unable to get around the Second Circuit's holding or its own failures of proof, the NYAG takes this Court on an irrelevant detour through decisions from out-of-state district court cases interpreting the FTC Act. (*See* NYAG Opp. at 3-4.) According to the NYAG, FTC Act cases are

3

given "great weight" in construing deceptive practices and false advertising under the GBL.  *Id.* at

3.  The NYAG says that "under FTC law, extrinsic evidence is not required for express or clearly

and conspicuously implied claims like those at issue here."  (NYAG Opp. at 3-4 (citing *FTC v.*

*Fleetcor Techs., Inc.*, 620 F. Supp. 3d 1268 (N.D. Ga. 2022), *FTC v. Nat'l Urological Grp., Inc.*,

645 F. Supp. 2d 1167, 1189 (N.D. Ga. 2008), and *FTC v. QT, Inc.*, 448 F. Supp. 2d 908 (N.D. Ill.

2006)).)  But that law is not controlling, and the NYAG fails to explain why this Court would look

to decisions from district court cases in other circuits under the FTC Act when there is now clear

and binding authority from the Second Circuit directly on point discussing the GBL.  The Second

Circuit's interpretation of the GBL in *Bustamante* is controlling; the Northern District of Georgia

and the Northern District of Illinois's interpretation of the FTC Act is not.

The NYAG next turns to several cases from New York's state trial and intermediate

appellate courts.  According to the NYAG, New York state court cases have denied defendants'

motions for summary judgment in GBL cases notwithstanding the absence of evidence showing

how reasonable consumers understood the allegedly deceptive advertising claims.  (*See* NYAG

Opp. at 4 (citing *People v. Applied Card Systems, Inc.*, 27 A.D. 104 (3d Dep't 2005), and *People*

*v. Network Associates, Inc.*, 758 N.Y.S.2d 466, 470 (N.Y. Sup. Ct. 2003)).)  But even if that were

true, there is now binding authority from the Second Circuit that holds otherwise, and so those

New York state cases are irrelevant.  *See, e.g.*, *Almazon v. JPMorgan Chase Bank, Nat'l Ass'n*,

No. 1:19-cv-04871, 2020 WL 1151313, at *11 (S.D.N.Y. Mar. 9, 2020) ("While a federal court

construing state law must follow the pronouncements of the state's highest court, a district court

is also bound by the circuit court's interpretation of state law, at least until the state's highest court

has clearly ruled otherwise or the federal appellate court has reconsidered."); *Chapin Home for the*

*Aging v. McKimm*, No. 1:11-cv-00667, 2013 WL 948110, at *3 (E.D.N.Y. Mar. 11, 2013) ("But

4

the Second Circuit's interpretation of New York law stands.  That interpretation is, of course, binding on the Court."); *Russo v. New York & Presbyterian Hosp.*, No. 1:09-cv-05334, 2011 WL 837802, at \*6 (E.D.N.Y. Mar. 3, 2011) ("Although New York state courts have not uniformly accepted the Second Circuit's interpretation of state law in *Tomka*, 'it is binding upon this Court.'" (quoting *Perks v. Town of Huntington*, 251 F. Supp. 2d 1143, 1160 (E.D.N.Y. 2003))).

In short, *Bustamante* was a GBL case.  The Second Circuit charted the GBL's reasonable-consumer standard and the Second Circuit now requires GBL plaintiffs to come forward with admissible evidence of reasonable consumers' perception of the at-issue advertising claims. *Bustamante* applies and controls here, warranting reconsideration of this Court's denial of Quincy's motions for summary judgment and/or judgment as a matter of law.

## II.     *Bustamante* Did Not Limit Its Holding to "Specific, Narrow Circumstances"

Without any basis to reject *Bustamante* outright, the NYAG pivots and attempts to limit the impact of the opinion to "specific, narrow circumstances."  (*See* NYAG Opp. at 5.)  There is no textual or other basis for such a limitation.

Rather than squarely dealing with *Bustamante*'s holding and reasoning, the NYAG again looks to (and discusses at considerable length) two cases that *Bustamante* cited: *Johnson & Johnson \* Merck Consumer Pharmaceuticals Co. v. Smithkline Beecham Corp.*, 960 F.2d 294, 297-98 (2d Cir. 1992), and *Bruton v. Gerber Products Co.*, 703 F. App'x 468, 471 (9th Cir. 2017). The NYAG argues that these two cases limit *Bustamante's* application to claims where "the literal truth of the marketing claim was accepted by the court" or where there are "multiple, shifting, definitions of the key term" in the challenged advertisements.  (NYAG Opp. at 1, 5-6.)  This theory is flawed for at least two reasons.

5

First, Quincy is not relying on these cases.  Quincy relies solely on the Second Circuit's

binding interpretation and application of the GBL in *Bustamante*.

Second, the Second Circuit did not limit its holding to the "specific, narrow circumstances"

identified by the NYAG, or to any "specific" or "narrow" circumstances at all.  In fact, the claim

before the Second Circuit in *Bustamante*—that KIND's products were "All Natural"—was not

accepted as "literally true."  And while the plaintiffs in *Bustamante* did proffer different potential

meanings of the "all natural" claim, they failed to support that proffer with any evidence of how

*reasonable consumers* (as oppose to the named plaintiffs themselves) interpreted the challenged

claims.  The NYAG suffers from the same evidentiary failure here.  While the NYAG attempts to

distinguish the challenged marketing claims for Prevagen as "straightforward and express,"

(NYAG Opp. at 7 n.2), this characterization is based on nothing more than the NYAG's own say-

so. [1]  Indeed, the NYAG's position demonstrates exactly what the Second Circuit's holding now

avoids – findings of deception based solely on a plaintiff's say-so.  To meet that end, the Second

Circuit announced a definitive rule: to establish deception, "plaintiffs must present admissible

evidence establishing how the challenged labeling statement . . . tends to mislead reasonable

consumers acting reasonably." *Bustamante*, 100 F.4th at 426.  In *Bustamante*, the plaintiffs failed

to produce such evidence, and that made summary judgment appropriate. *Id.* at 434.  The same

result is warranted here.

There is nothing unusual about the reach of the Second Circuit's ruling.  Courts routinely

hold that when challenged advertising claims are not misleading as a matter of law (as the claims

---

[1]     The NYAG also accuses Quincy of not suggesting an alternative meaning of the challenged
marketing claims. (NYAG Opp. at 8 n.3.)  It is not Quincy's burden to raise doubt as to the
meaning of its own marketing claims, but rather it was the NYAG's burden at summary and trial
to prove that its interpretation of the challenged claims is shared by reasonable consumers acting
reasonably.  It failed to satisfy this burden.

here were not), a plaintiff must come forward with some evidence beyond the advertisements themselves to prove deception.  That obligation reflects little more than "the burden of production and persuasion borne by plaintiffs in almost all civil litigation."  *See, e.g.*, *Beardsall v. CVS Pharmacy, Inc*., 953 F.3d 969, 976 (7th Cir. 2020) (interpreting the GBL and other consumer-protection statutes and requiring plaintiffs to go "beyond the pleadings and support[] their claims with the necessary evidence").  Indeed, another district court has read *Bustamante* to require a plaintiff bringing a deceptive-marketing claim to "demonstrate [objectively] that a 'reasonable consumer' is likely to be misled by the representation."  *La Rosa v. Abbott Lab'ys*, No. 1:22-cv-05435, 2024 WL 2022297, at \*5 (E.D.N.Y. May 7, 2024) (alteration in original).

In seeking to narrow *Bustamante*, the NYAG reads words into the opinion that cannot be found in the opinion.  It goes without saying that had the Second Circuit wished to limit its holding in the way that the NYAG proposes, it could have done so.  It did not.  *Bustamante*'s holding thus finds straightforward application here: summary judgment or judgment as a matter of law is warranted because there is no admissible evidence, either in the trial record or the summary judgment record, about what reasonable consumers would expect when viewing the challenged advertisements and marketing for Prevagen.

In a last-ditch effort to avoid the import of this holding and its effect on its claims, the NYAG suggests that "[j]urors know what the words in Quincy's marketing claims mean to ordinary, reasonable people like themselves."  (NYAG Opp. at 8.)  But that argument runs headlong into the core of *Bustamante*'s holding: deception under the reasonable-consumer standard is not left for the finder of fact to decide on its own.  *See Bustamante*, 100 F.4th at 424 ("Because plaintiffs failed to produce admissible evidence demonstrating what a reasonable consumer, acting reasonably, would expect of KIND products bearing the 'All Natural' label, we

7

hold that the District Court did not err in granting summary judgment in favor of KIND.").  The

Second Circuit explicitly addressed the NYAG's argument and held that GBL plaintiffs

themselves must provide the finder of fact with *more* than just the advertisements themselves.

They must provide extrinsic evidence of how a reasonable consumer (and not how members of the

jury) would interpret the advertisements.  The NYAG failed to do so.

### III.      *Bustamante* Also Warrants Summary Judgment or Judgment as a Matter of Law in Defendants' Favor on the FTC Act Claims

The FTC separately argues that *Bustamante* is not dispositive of its claims because it has

asserted claims under the FTC Act, not the GBL.  (FTC Opp. at 3.)  But these two statutes are

nearly identical.  *See Goshen v. Mut. Life Ins. Co. of New York*, 98 N.Y.2d 314, 325 (2002)

("General Business Law § 350 'borrows the substantive standards of the Federal Trade

Commission Act and applies them to intrastate transactions in New York.'" (quoting *Mem. of*

*Attorney General*, 1963 N.Y. Legis Ann, at 106)).  Although the two statutes have some

differences, they share a common element of deception, which is governed by the reasonable

consumer standard under both the FTC Act and the GBL.

The FTC (and the NYAG) have repeatedly conceded (and argued) as much.  A few

examples highlight the point:

- In their opposition to Defendants' motion for summary judgment (which the FTC and the NYAG jointly filed), in the NYAG's briefing on its motion for judgment as a matter of law (which the FTC purportedly joined), and in the NYAG's opposition to Defendants' motion for judgment as a matter of law (which the FTC expressly joined), Plaintiffs cited FTC Act and GBL cases discussing deceptiveness interchangeably.  (*See* Dkt. 255; Dkt. 447, Dkt. 451; Dkt. 455.)

- In a joint pretrial letter, the FTC and the NYAG described "Plaintiffs' position that the FTC is entitled to participate fully in the jury trial . . . because the Court in deciding the FTC's claims will be bound by the jury's findings with respect to issues that are common to the FTC's and NYAG's claims."  (Dkt. 339, at 2 (emphasis added).)

- At the September 15, 2023 final pretrial conference, the FTC repeatedly argued that the jury's findings on the GBL claims would be "conclusive," that the jury's findings would "determine liability" as to the FTC Act claims, and that "the overlap between" the FTC and the NYAG's claims "would cover the FTC claims entirely." (*See* Graham Reply Decl. Ex. B, at 9:2-4, 9:11-12, 11:17-19, 11:23-24, 12:6-8, 16:17-18.)

- In its motion asking to participate in the jury trial in this action, the FTC reiterated that "[t]he jury's findings in this case [would] conclusively determine the Corporate Defendants' liability under the FTC Act"; that "establishing liability under . . . Sections 349 and 350 [of the GBL] and Sections 5(a) and 12 of the FTC Act *requires proof of the same elements*"; and that as a result, a separate evidentiary hearing would be unnecessary. (Dkt. 363, at 1-2, 3-4 (emphasis added) (collecting cases).)

Only now that it is no longer convenient does the FTC distinguish between the two statutes and attempt to distance itself from the NYAG's case. And to the extent that the FTC is walking back the position that it has taken throughout this litigation, it is now contradicting the NYAG. In the briefing on this motion, the NYAG states that it believes that "the New York General Business Law is modeled on the Federal Trade Commission Act," while the FTC attempts to distance itself from the NYAG and the GBL. (*Compare* NYAG Opp. at 3, *with* FTC Opp. at 2.)

In support of its argument that *Bustamante* does not control here, the FTC points to the same out-of-Circuit cases as the NYAG (although it adds cases from district courts in Florida, California, and Connecticut). (FTC Opp. at 3 (citing *FTC v. Alcoholism Cure Corp.*, No. 3:10-CV-266, 2011 WL 13137951 (M.D. Fla. Sept. 16, 2011), *FTC. v. Medlab, Inc.*, 615 F. Supp. 2d 1068 (N.D. Cal. 2009), and *FTC v. Bronson Partners*, LLC, 564 F. Supp. 2d 119 (D. Conn. 2008)).) For the same reasons, those cases are not binding and cannot overrule the Second Circuit's clear delineation of what a plaintiff must do to prove deceptiveness under the reasonable-consumer standard—the standard that governs claims under both the GBL and the FTC Act.

Interestingly, the FTC concedes that there are certain circumstances where extrinsic evidence is required to prove deception under the FTC Act, but argues that it is not required "in

9

this case" because the challenged claims "are expressly conveyed or clearly implied." (FTC Opp. at 2.) But that begs the question, according to whom? Unlike other cases relied upon by the FTC, this case was *not* commenced in the Commission and there were no agency findings of deception. The FTC chose to file this action in court. Like the NYAG, the FTC advocates for a judicial system in which it has the power to declare that an advertising claim is "expressly conveyed or clearly implied" and therefore relieve itself of any evidentiary burden for elements of its claims where it bears the burden of proof. That does not happen when it files an action in court. Like all plaintiffs, it must prove every element of its claim. The Second Circuit rejected any notion that a plaintiff can declare falsity without proof and now requires admissible evidence of deception for cases proceeding under the "reasonable consumer" standard.

Perhaps most tellingly, despite its efforts to distinguish the FTC Act from the GBL, the FTC does not suggest that a representation could somehow deceive a reasonable consumer under the FTC Act but not under the GBL. Nor could it. All parties—including the FTC, until now apparently—agreed that the FTC Act and the GBL require a plaintiff to prove that the allegedly misleading advertised claims were deceptive. Because the Second Circuit has now expressly held that a plaintiff must "present admissible evidence that a reasonable consumer acting reasonably would be deceived by" a misrepresentation to prove deception, *Bustamante*, 100 F.4th at 434, the basis for reconsideration applies just the same to the FTC's claims under the FTC Act.

**CONCLUSION**

For the reasons set forth in Defendants' moving papers, and the reasons set forth above, *Bustamante* warrants reconsideration of both Defendants' motion for summary judgment and Quincy's motion for judgment as a matter of law, and entry of judgment in Defendants' favor.

10

Date: June 5, 2024

KELLEY DRYE & WARREN LLP

By:     */s/ Geoffrey W. Castello*
        John E. Villafranco (*pro hac vice*)
        Geoffrey W. Castello
        William A. Escobar
        Jaclyn M. Metzinger
        Glenn T. Graham
        Caitlin R. Hickey
        3 World Trade Center
        175 Greenwich Street
        New York, NY 10007
        Tel:    (212) 808-7800
        jvillafranco@kelleydrye.com
        gcastello@kelleydrye.com
        wescobar@kelleydrye.com
        jmetzinger@kelleydrye.com
        ggraham@kelleydrye.com
        chickey@kelleydrye.com

        *Counsel for Defendants*
        *Quincy Bioscience Holding Company, Inc.,*
        *Quincy Bioscience, LLC, Prevagen, Inc.,*
        *and Quincy Bioscience Manufacturing, LLC*

COZEN O'CONNOR, P.C.

By:     */s/ Michael de Leeuw*
        Michael de Leeuw
        Tamar S. Wise
        Amanda Giglio
        Robert Clark
        3 World Trade Center
        175 Greenwich Street
        New York, NY 10007
        Tel:    (212) 908-1331
        mdeleeuw@cozen.com
        twise@cozen.com
        agiglio@cozen.com
        rclark@cozen.com

        *Counsel for Defendant Mark Underwood*

11