ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/10/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
FEDERAL TRADE COMMISSION and
THE PEOPLE OF THE STATE OF NEW YORK,
by LETITIA JAMES, Attorney General of the
State of New York,

                      Plaintiffs,

  - against -

QUINCY BIOSCIENCE HOLDING
COMPANY, INC., a corporation;

QUINCY BIOSCIENCE, LLC, a limited
liability company;

PREVAGEN, INC., a corporation
d/b/a SUGAR RIVER SUPPLEMENTS;

QUINCY BIOSCIENCE MANUFACTURING, LLC,
a limited liability company; and

MARK UNDERWOOD, individually and as an
officer of QUINCY BIOSCIENCE HOLDING
COMPANY, INC., QUINCY BIOSCIENCE, LLC,
and PREVAGEN, INC.,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

17 Civ. 124 (LLS)

ORDER
RE: RECONSIDERATION

      Defendants move for reconsideration of much that has gone before, including the trial and verdict in this case, arguing that it is required by a recent decision of the Second Circuit, Bustamante v. KIND, LLC, 100 F.4th 419 (2d Cir. 2024), which they claim is "controlling law and is an intervening change in the law that warrants reconsideration." They say that

          Resolving a split among district courts, the Second Circuit
          clarified that, under the General Business Law ("GBL") and
          other similar consumer-protection statutes that use the

1

> "reasonable consumer" standard, a plaintiff *must* come forward with admissible evidence of what consumers expected after viewing a challenged advertising claim to establish deception and defeat summary judgment.

Defts' June 5, 2024 Reply Memo., p. 1 (emphasis is defts'.)

In fact, Bustamante offers nothing so Olympian.[1]  The facts involved in Bustamante are very different from the facts in this case. The holdings in both Bustamante and this case are mundane, routine applications of familiar law to the facts in each case.

Bustamante was a consumer class action against KIND, LLC who distributed snack foods with the label "All Natural", which plaintiffs claimed to be deceptive and misleading under State False Advertising Laws. Pretrial procedures led to the disqualification of plaintiffs' experts, and there was no admissible evidence defining just what "All Natural" meant. This Court (Pauley and Buchwald, JJ.) dismissed it for lack of a useful, clear definition "demonstrating what a reasonable consumer would expect of a KIND product bearing the "All Natural" label." As stated by the Court of Appeals (100 F.4th at 434):

> Without evidence of a reasonable consumer's understanding of "All Natural," plaintiffs cannot succeed on their claims at summary judgment. Indeed, a jury could hardly render a unanimous verdict when multiple, shifting, definitions of the key term have been offered by the party with the burden of proof."
>
> . . . . .
>
> Because plaintiffs failed to produce admissible evidence demonstrating what a reasonable consumer, acting reasonably, would expect of KIND products bearing the "All Natural" label, we hold that the District Court did not err in granting summary judgment in favor of KIND.

---

[1] Bustamante affirmed the district court's dismissal of a claim presenting a dozen different meanings possibly applicable to the word "natural" in the marketing of a snack food as "All Natural."

In this case, the jury found that out of eight statements made by the defendants two of the statements were materially misleading with respect to Quincy's product Prevagen and its claimed abilities to improve memory, particularly with respect to the aging, and none of the statements were supported by reliable scientific evidence needed under New York General Business Law Sections 349 and 350. It found that all eight of the statements had the capacity or tendency to deceive in violation of New York Executive Law Section 63 (12).

The bases for the different outcomes in these two cases, one a pretrial dismissal on the merits and the other a comprehensive jury verdict subjecting eight short statements to judgments under each of three applicable statutes, are moored in the facts of each case. There was no dispute about the meanings of the words in the statements in this case.

The word "Natural" in Bustamante had so many possible meanings that it could not be used as a standard in litigation.

As Second Circuit Judge Merriam summarized it (100 F.4th at 424):

> For the reasons set forth below, we hold that the District Court did not abuse its discretion in precluding the opinions of plaintiffs' experts. We also hold that because plaintiffs failed to present admissible evidence of what a reasonable consumer would expect of KIND products labeled "All Natural," the District Court did not err in concluding that there was no triable issue of fact as to whether reasonable consumers would be misled by the "All Natural" claim.

The statements in Quincy, about each of whose meanings there was never any doubt, were readily assessed under the standard each statute applied to them.

Disregarding the factual differences between the two cases, defendants urge that because Bustamante was dismissed for lack of definition of what a reasonable consumer would expect, this case should be dismissed for the same reason.

3

But the two cases are different from the start.

Bustamante was brought by a group of private litigants on behalf of themselves and others similarly situated, claiming that when they purchased the KIND snack food products they discovered that the products had been deceptively labeled, and were not "All Natural." Their reasonable expectations of all natural products were disappointed because the "All Natural" labels were false and misleading, in violation of common law and state consumer protection and false advertising laws.

Of course, in Bustamante there were the essential questions: What did "Natural" really mean? What were the consumers' reasonable expectations from the labels? Without admissible evidence on those points, the case collapsed. It was dismissed by Judge Buchwald, affirmed on appeal.

This Quincy case is not brought by a disappointed consumer. It is brought by the Attorney General of the State of New York and by the Federal Trade Commission, governmental officers charged with prevention of "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" (§ 349 of the New York General Business Law) and empowered to sue on behalf of New York State to enjoin such practices and obtain restitution (id. § 349 (b)). For present purposes, the FTC has equivalent duties and powers, on a national scale.

In resolving the quite different issues presented by this enforcement action (Are the statements supported by accepted scientific authority? Are they materially misleading? Even if not flatly false, do they tend to deceive? etc.) the jury was not asked to appraise consumer reactions. It is the act or practice which imposes liability, and which has a complete defense if the statement conforms to e.g., FTC or similar agency rules, GBL § 349 (d), without consulting

4

consumer reactions.

As shown by the jury's verdict, by their very nature Quincy's statements called for scientific support, but they had substantially none. Without that validation their mere tendency to deceive is enough to violate New York Executive Law § 63 (12).

Defendants' applications for a retroactive alteration of this Court's denial of summary judgment, and entry now of judgment NOV for the defendants, are denied.

So Ordered.

Dated: New York, New York
July 10, 2024

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.