ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FEDERAL TRADE COMMISSION and THE
PEOPLE OF THE STATE OF NEW YORK, by
LETITIA JAMES, Attorney General of the
State of New York,

                               Plaintiffs,

         - against -

QUINCY BIOSCIENCE HOLDING
COMPANY, INC., a corporation; QUINCY
BIOSCIENCE, LLC, a limited
liability company; PREVAGEN, INC., a
corporation d/b/a/ SUGAR RIVER
SUPPLEMENTS; QUINCY BIOSCIENCE
MANUFACTURING, LLC, a limited
liability company; and MARK
UNDERWOOD, individually and as
an officer of QUINCY BIOSCIENCE
HOLDING COMPANY, INC., QUINCY
BIOSCIENCE, LLC, AND PREVAGEN, INC.,

                               Defendants.

17 Civ. 124 (LLS)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/20/24

    Presently before this Court are plaintiff New York Attorney General's and the Quincy defendants' cross-motions regarding New York Executive Law § 63(12) ("NY Exec. Law 63(12)"). The parties dispute whether the New York Attorney General may bring a claim for liability under NY Exec. Law 63(12) in the absence of liability for a separate claim brought by the New York Attorney General. The New York Attorney General answers that question in the affirmative and maintains that NY Exec. Law 63(12) is a separate, independent cause of action. Quincy disagrees and argues that NY Exec. Law 63(12) extends the remedies the New

1

York Attorney General may pursue if a party is held liable under another statute. After several arguments on that question and recognizing the split of authority on the topic, this Court solicited further briefing.

This Court thanks the parties for their thoughtful briefs on the issue, which it has reviewed carefully and have aided this Court's determination. This Court finds that NY Exec. Law 63(12) provides an independent cause of action that does not depend on the Quincy defendants' liability under other claims. That conclusion is supported by an inquiry into the roots of NY Exec. Law 63(12), which coincides with a review of New York Court of Appeals decision the State of New York v. Cortelle Corp., 38 N.Y.2d 83 (1975), and is supported by New York caselaw and the text of the statute itself.

The New York Court of Appeal's decision in Cortelle is fundamental to the development of caselaw addressing the scope of NY Exec. Law 63(12). In Cortelle, the New York Court of Appeals analyzed the statute of limitations applicable to NY Exec. Law 63(12), examining whether the NY Exec. Law 63(12) was subject to CPLR 214(2), which governed the statute of limitations for "an action to recover upon a liability, penalty or forfeiture created or imposed by statute." Id. at 86. The Cortelle Court held that NY Exec Law 63(12) did not create or impose a liability; rather, causes of action under NY Exec Law

63(12) "seek essentially to redress wrongs previously known to the law, long before the enactment of the statutes discussed. These causes of action, therefore, do not depend upon liabilities, penalties, or forfeitures created or imposed by" contemporary legislation. Id. at 89. In reaching this conclusion, the Cortelle found that NY Exec Law 63(12) creates

> no new claims but only provide[s] particular remedies and standing in a public officer to seek redress on behalf of the State and others. Moreover, the kind of wrong the Attorney-General seeks to redress is not a new one to the decisional law but a now rather old and common type of fraud.

Id. at 86, The People of the State of New York v. Trump Entrepreneur Initiative LLC, 137 A.D.3d 409, 416 (1st Dept. 2016) (NY Exec Law 63(12) addresses a "wrong that had long been actionable under the common law."). It held that NY Exec. Law 63(12) did not "make" any conduct unlawful that was previously unknown—it instead codified the NY Attorney General's ability to bring a claim for fraudulent practices already prohibited by common law. Id. at 88. NY Exec. Law 63(12) therefore was not subject to the statute of limitations in CPLR 214(2).

Quincy says that Cortelle is determinative and argues that, because NY Exec. Law 63(12) does not impose new liability, the New York Attorney General is limited to seeking new remedies, rather than wrongs under that statute. Though the Court of Appeals in Cortelle did not directly address the question, it

3

did recognize that NY Exec. Law 63(12) "provided standing in the New York Attorney General to seek redress and additional remedies for recognized wrongs which pre-existed the statutes." Cortelle, 38 N.Y.2d at 83.

The First Department of New York, however, has directly answered the question of whether NY Exec. Law 63(12) empowers the New York Attorney General to bring a cause of action. Relying on Cortelle, as this Court does, the First Department held "that the Attorney General, is, in fact, authorized to bring a cause of action for fraud under Executive Law § 63(12)." Trump Entrepreneur, 137 A.D.3d at 418.[1] The First Department recognized that "prevailing authority" in New York courts have reached the same conclusion. Id.[2] This Court agrees.

---

[1] In 2013 the First Department reached the opposite conclusion in People of New York v. Charles Schwab & Co., Inc.. 109 A.D.3d 445, 449. In Trump Entrepreneur, the First Department found that case to be an "anomaly," relied on an incorrect reasoning of Cortelle, and was a "patent judicial mistake." See 137 A.D.3d at 414, 417-18 (internal citations and quotations omitted). The First Department noted that "New York courts have generally allowed of independent causes of action for fraud under section 63(12)." Id. at 417 (collecting cases).

[2] This Court notes that the Fourth Department of New York and other lower courts have held or implied that a cause of action under NY Exec. Law 63(12) exists only in connection with liability under another statute. E.g., People ex rel. Spitzer v. Frink Am., Inc., 2 A.D.3d 1379, 1380 (4th Dept. 2003) (relying on Cortelle); see also Defs. Memorandum of Law (Dkt. No. 473) at 9-10 (collecting cases).

The Quincy defendants next argue that the text of NY Exec. Law 63(12) limits the New York Attorney General to using the law in a special proceeding in New York Supreme Court to enjoin ongoing or imminent fraudulent or illegal acts. In relevant part, NY Exec. Law 63(12) states,

> Whenever any person shall engage in repeated fraudulent or illegal acts or otherwise demonstrate persistent fraud or illegality in the carrying on, conducting or transaction of business, the attorney general may apply, in the name of the people of the state of New York, to the supreme court of the state of New York, on notice of five days, for an order enjoining the continuance of such business activity or of any fraudulent or illegal acts, directing restitution and damages and, in an appropriate case, cancelling any certificate filed under and by virtue of the provisions of section four hundred forty of the former penal law or section one hundred thirty of the general business law, and the court may award the relief applied for or so much thereof as it may deem proper.

The Quincy defendants argue that the New York Attorney General therefore may only issue "a five-day notice application for an injunction; the New York Attorney General may not allow for its own cause of action to be litigated in the normal cause of action." Defs. Memo at 3. However, that language is permissive, not exclusive, and the First Department's review of the text of the statute found that the language supported the proposition that the New York Attorney General is authorized to bring a separate cause of action. It found that the text

appears to authorize a cause of action; like similar statutes that authorize causes of action, section 63(12) defines the fraudulent conduct that it prohibits, authorizes the Attorney General to commence an action or proceeding to foreclose that conduct, and specifies the relief, including equitable relief, that the Attorney General may seek.

Trump Entrepreneur, 137 A.D.3d at 418. This Court agrees that the text supports that the conclusion that New York Attorney General may bring a cause of action under NY Exec. Law 63(12), as well as under the General Business Law and similar traditional statutes and decrees.

The jury's verdict, finding the Quincy defendants' Challenged Statements had the capacity or tendency to deceive under NY Exec. Law 63(12), is upheld.

So ordered.

Dated:   New York, New York
         August 20, 2024

_____
LOUIS L. STANTON
U.S.D.J.