ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/29/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION and

THE PEOPLE OF THE STATE OF NEW
YORK, by LETITIA JAMES, Attorney
General of the State of New York,

                Plaintiffs,

- against -

QUINCY BIOSCIENCE HOLDING
COMPANY, INC., a corporation;

QUINCY BIOSCIENCE, LLC, a limited
liability company;

PREVAGEN, INC., a corporation
d/b/a/ SUGAR RIVER SUPPLEMENTS;

QUINCY BIOSCIENCE
MANUFACTURING, LLC, a limited
liability company; and

MARK UNDERWOOD, individually and as
an officer of QUINCY BIOSCIENCE
HOLDING COMPANY, INC., QUINCY
BIOSCIENCE, LLC, AND PREVAGEN, INC.,

                Defendants.

17 Civ. 124 (LLS)

ORDER

    Presently before the Court is the scope of the Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc. doing business as Sugar River Supplements, and Quincy Bioscience Manufacturing, LLC (the "Quincy defendants")' liability under Section 5 and 12 of the Federal Trade Commission Act (the "FTC Act").

1

The jury in this case evaluated eight statements made by the Quincy defendants (the "Challenged Statements"). The jury found the Quincy defendants liable for two of those Challenged Statements under the New York General Business Law Sections 349 and 350. Jury Verdict form (Dkt. No. 421). Those statements are: "Prevagen reduces memory problems associated with aging" and "Prevagen is clinically shown to reduce memory problems associated with aging." Id.

To reach that conclusion, the jury answered four questions about each of the challenged statements: (1) whether the Challenged Statements were conveyed (2) whether the Challenged Statements lacked support by competent and reliable scientific evidence, (3) whether the Challenged Statements were materially misleading, and (4) whether the Challenged Statements were consumer oriented. The jury answered each of those questions in the affirmative for the statements that "Prevagen reduces memory problems associated with aging" and "Prevagen is clinically shown to reduce memory problems associated with aging" and therefore found the Quincy defendants liable under the New York General Business Law Sections 349 and 350 for those two statements. Id.

This Court is bound to follow the jury's findings of fact when determining the Quincy defendants' liability under the FTC Act because New York General Business Law Sections 349 and 350

2

are modeled upon Sections 5 and 12 of the FTC Act and the statutes share essentially the same legal elements. Song v. Ives Lab'ys, Inc., 957 F.2d 1041, 1048 (2d Cir. 1992) ("It is clear that a judge sitting at equity may not render a verdict which is inconsistent with that of a jury sitting at law on a claim involving the same essential elements.") (internal citations omitted)(alteration in the original); see also e.g., Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 26 (1995) (noting that the New York General Business Law statutes are modeled on the FTC Act), Bildstein v. MasterCard Int'l Inc., 329 F. Supp. 2d 410, 414 (S.D.N.Y. 2004) (collecting cases). Therefore, the jury's factual findings regarding the eight Challenged Statements, which are supported by the record at trial, are binding on this Court's determination of the Quincy defendants' liability under Sections 5 and 12 of the FTC Act.

Applying the jury's factual determinations, which are determinative of the Quincy defendants' liability under Sections 5 and 12 of the FTC Act, the Court finds that the Quincy defendants acted as a common enterprise and are liable for the statements "Prevagen reduces memory problems associated with aging" and "Prevagen is clinically shown to reduce memory problems associated with aging" under the FTC Act Sections 5 and 12.

So ordered.

Dated:   New York, New York
         August 29, 2024

                                    _____
                                    LOUIS L. STANTON
                                    U.S.D.J.

4