ORIGINAL

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/25/24
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION and

THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,

        Plaintiffs,

- against -

QUINCY BIOSCIENCE HOLDING COMPANY, INC., a corporation;

QUINCY BIOSCIENCE, LLC, a limited liability company;

PREVAGEN, INC., a corporation d/b/a/ SUGAR RIVER SUPPLEMENTS;

QUINCY BIOSCIENCE MANUFACTURING, LLC, a limited liability company; and

MARK UNDERWOOD, individually and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, AND PREVAGEN, INC.,

        Defendants.

17 Civ. 124 (LLS)

ORDER DENYING
28 U.S.C. § 1292(b)
APPLICATION

    In almost no manner does this case meet the standards for a successful application under 28 U.S.C. § 1292(b); most saliently, its trial has already been held, and as soon as post-trial proceedings are completed and judgment entered, the various issues can be appealed in normal course.

    With some divergences of opinions, the trend and weight of the New York cases with respect to New York Executive Law Section

63(12) was applied in this case. It is not novel. The Second Circuit Court of Appeals is likely to conclude that Chief Judge Breitel's opinion in <u>State v. Cortelle Corp.</u>, 38 N.Y.2d 83 (1975) authoritatively settled the state law on the challenged point, and was duly submitted to the jury and followed in this case.

An application, in the remote chance a § 1292(b) application might be granted, would certainly require months of briefing and awaiting its almost certain denial. If it were unexpectedly to be granted, the appellate process and expense thereafter inflicted would benefit only those more interested in the further delay of this case, for the prospect of reversal is slight.

At the present junction, with the prospect of entering a final and appealable judgment in sight, there is no sensible argument for a § 1292(b) application, and the motion for an order endorsing an application under 28 U.S.C. § 1292(b) is denied.

Dated:   New York, New York
         September 25, 2024

                                          /s/ Louis L. Stanton
                                         _____
                                              LOUIS L. STANTON
                                                  U.S.D.J.