ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/18/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
FEDERAL TRADE COMMISSION and
THE PEOPLE OF THE STATE OF NEW YORK,
by LETITIA JAMES, Attorney General of the
State of New York,

                   Plaintiffs,

  - against -

QUINCY BIOSCIENCE HOLDING
COMPANY, INC., a corporation;

QUINCY BIOSCIENCE, LLC, a limited
liability company;

PREVAGEN, INC., a corporation
d/b/a SUGAR RIVER SUPPLEMENTS;

QUINCY BIOSCIENCE MANUFACTURING, LLC,
a limited liability company; and

MARK UNDERWOOD, individually and as an
officer of QUINCY BIOSCIENCE HOLDING
COMPANY, INC., QUINCY BIOSCIENCE, LLC,
and PREVAGEN, INC.,

                   Defendants.
------------------------------------X

17 Civ. 124 (LLS)

MEMORANDUM
AND
JUDGMENT

At trial the plaintiffs challenged eight statements the defendants had made in their promotion of Prevagen ("challenged statements"):

    a. Prevagen improves memory,

    b. Prevagen is clinically shown to improve memory,

    c. Prevagen improves memory within 90 days,

    d. Prevagen is clinically shown to improve memory within 90 days,

1

e. Prevagen reduces memory problems associated with aging,

f. Prevagen is clinically shown to reduce memory problems associated with aging,

g. Prevagen provides other cognitive benefits, including but not limited to healthy brain function, a sharper mind, and clearer thinking,

h. Prevagen is clinically shown to provide other cognitive benefits, including but not limited to healthy brain function, a sharper mind, and clearer thinking.

The jury found that none of those statements was supported by competent and reliable scientific evidence, and two of them (about reduction of memory problems with aging) were materially misleading. Each of them has a tendency to deceive.

There was no evidence that Prevagen, or the challenged statements, had actually caused harm or economic injury. There was no claim for, or evidence of, damages. The jury acquitted all but the two aging memory statements of being materially misleading.

There is no evidence to support the occasionally discussed but unarticulated, unmade claims for disgorgement, and the claim for an injunction is effectively granted (see below).

## JUDGMENT

The full, fair and proper determination of this action is that the defendants must immediately remove all the above statements (and any others similar to them) from use in connection with any and all forms of promotion of Prevagen, and cease their use in the promotion of Prevagen in any way. Defendants' personnel must be clearly informed that no challenged statement may be made in a communication about Prevagen's performance, or in any situation in which it might be relied on.

So Ordered.

Dated: New York, New York
       November 18, 2024

                                   *Louis L. Stanton*
                                     LOUIS L. STANTON
                                         U.S.D.J.