ORIGINAL



```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

FEDERAL TRADE COMMISSION and
THE PEOPLE OF THE STATE OF NEW
YORK, by LETITIA JAMES, Attorney
General of the State of New York,

                Plaintiffs,

- against -

QUINCY BIOSCIENCE HOLDING
COMPANY, INC., a corporation;

QUINCY BIOSCIENCE, LLC, a limited
liability company;

PREVAGEN, INC., a corporation
d/b/a/ SUGAR RIVER SUPPLEMENTS;

QUINCY BIOSCIENCE
MANUFACTURING, LLC, a limited
liability company; and

MARK UNDERWOOD, individually and as
an officer of QUINCY BIOSCIENCE
HOLDING COMPANY, INC., QUINCY
BIOSCIENCE, LLC, AND PREVAGEN, INC.,

                Defendants.

17 Civ. 124 (LLS)

ORDER

Defendants Quincy Bioscience Holding Company, Inc.; Quincy Bioscience, LLC; Prevagen, Inc.; and Quincy Bioscience Manufacturing, LLC (collectively, "Quincy") filed a request for clarification on the scope of the Court's November 18, 2024 Memorandum and Judgment ("Judgment")(Dkt. No. 513). Plaintiff People of the State of New York, by Letitia James, Attorney General of the State of New York ("NYAG"), separately moved to amend the Judgment to pursue statutory penalties, disgorgement,

- 1 -

and statutory costs under N.Y. Exec. Law § 63(12) and N.Y. Gen. Bus. Law §§ 349 and 350. (Dkt. No. 517).

The Court affirms its Judgment and clarifies that its injunction forbidding defendants from using the eight marketing statements (the "Challenged Statements") in connection with the promotion of Prevagen takes effect forthwith and applies nationally wherever Prevagen is marketed. The jury found the claimed scientific support for all the Challenged Statements was lacking, although only two statements were materially misleading under N.Y. Gen. Bus. Law §§ 349 and 350,[1] and each of the Challenged Statements had a tendency to deceive under N.Y. Exec. Law § 63(12). (Dkt. No. 421). The Court held Quincy violated the Federal Trade Commission Act ("FTC Act"), which forbids false advertising and unfair or deceptive acts, without regard to locale. 15 U.S.C.A. § 45(a),52. (Dkt. No. 493).

It is undisputed that a court may issue a permanent injunction upon a finding of liability under the FTC Act. See 15 U.S.C. § 53(b)("[I]n proper cases the Commission may seek, and after proper proof, the court may issue, a permanent injunction."); see also Fed. Trade Comm'n v. Shkreli, 2024 WL 1026010, at *2 (2d Cir. Jan. 23, 2024)("In general, a district

---

[1] Those two statements are "Prevagen reduces memory problems associated with aging" and "Prevagen is clinically shown to reduce memory problems associated with aging."

- 2 -

court has broad discretion in framing an injunction in terms it deems reasonable to prevent wrongful conduct."). Courts may also enjoin lawful conduct or statements when the injunction is designed to prevent future misconduct. F.T.C. v. Verity Int'l, Ltd., 335 F.Supp.2d 479, 500 (S.D.N.Y. 2004). "Although injunctive relief should be tailored to address specific harms and not impose unnecessary burdens on lawful activity, courts may enjoin otherwise legitimate conduct in order to prevent future violations." Id.; see also Bristol-Myers Co. v. F.T.C., 738 F.2d 554, 561 (2d Cir. 1984). Enjoining lawful conduct is referred to as the 'fencing-in' doctrine, and it is most commonly used in FTC orders. However, it is appropriate for the Court to adopt the doctrine here because the FTC has informed the Court that it planned to use the doctrine to seek an injunction beyond Quincy's FTC Act violations. (Dkt. No. 523).

The Court considered the above factors and determined that the full, fair, and proper determination of the action was for Quincy to remove all Challenged Statements from use in connection with any and all forms of promotion of Prevagen.(Dkt. No. 513). Quincy continued to use the Challenged Statements after trial and the Court's Order imposing FTC Act liability, which demonstrates a high likelihood - indeed a near assurance - of future violations that may deceive consumers nationwide. (Dkt Nos. 511-1, 512-2,3). Each of the Challenged Statements asserts

- 3 -

similar, unsupported claims regarding memory or cognition, and although only two statements were materially misleading, all have the capacity or tendency to deceive, which is inconsistent with the purpose of the FTC Act. It is therefore appropriate to enjoin all eight Challenged Statements.

While the Court affirms the nationwide injunction, it denies the NYAG's pursuit of statutory penalties, disgorgement, and statutory costs. Quincy's loss of the use of all eight Challenged Statements in its marketing and public relations, at a single blow, is not a trivial event. It involves years of accumulated goodwill, whose loss must be replaced with costs and effort. That relief aligns with the purpose of both the FTC Act and the New York Statutes, and it should be administered in proportion to the damage caused by each statement's tendency to deceive, as found by the jury, whose verdict was discriminating and perceptive. The jury's careful denials that six of the Challenged Statements were materially misleading counsels forbearance rather than rigor in the calculation of a just judgment, stopping short of the pursuit of monetary penalties, particularly in light of the evidence that the defendants intended no harm.

## Conclusion

Quincy's Order to Show Cause and NYAG's Motion to Alter the Court's Judgment are denied. The Court affirms its Judgment, which applies to all of the Challenged Statements used in the promotion of Pregaven in any way and wherever the Federal Trade Commission Act reaches. Defendants are hereby ordered to cease the use of the Challenged Statements in Prevagen's marketing in a reasonable and practical amount of time and without delay.

So Ordered.

Dated:   New York, New York
         December 6, 2024

                                            *Louis L. Stanton*
                                            LOUIS L. STANTON
                                            U.S.D.J.