

**MEMO ENDORSED**

Geoffrey W. Castello

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel: (973) 503-5922
Fax: (973) 503-5950
gcastello@kelleydrye.com

November 20, 2025

**Via ECF**

Hon. Louis L. Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/25/2025

> Re:    *FTC et al. v. Quincy Bioscience Holding Co., Inc. et al.*
>        Case No. 1:17-cv-00124-LLS

Your Honor:

We write on behalf of Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., and Quincy Bioscience Manufacturing, LLC (collectively, "Quincy") concerning the NYAG's Motion to Enforce Judgment and for Injunctive Relief, Dkt. 536–40 (the "Motion"). We write to request that the Court so-order the below-proposed schedule to permit the parties to engage in discovery related to the NYAG's Motion and the purported expert report submitted in support of the Motion. In the alternative, we write to request that the Court hold a conference to set a case discovery and briefing schedule.

The NYAG filed its Motion earlier this week, on Monday, November 17th, seeking what amounts to a permanent injunction regarding commercial speech not at issue in the Parties' eight-year litigation or at the trial of this matter. The NYAG knew about Quincy's use of the advertising tagline, "For Your Brain," for over ten months. The NYAG—unbeknownst to Quincy—hired a purported survey expert who conducted a survey in July and wrote an expert report with extensive data attached thereto. Quincy saw this material for the first time in the NYAG's Motion on Monday.

The phrase "For Your Brain" was not the subject of the FTC and NYAG's Complaint and was not the subject of the voluminous fact and expert discovery, nor was it part of the multi-week trial that this Court conducted in 2024. The NYAG is bringing a new claim against Quincy but seeks to deprive Quincy of its due process rights by trying to cram this new claim into this Court's prior injunction. And while the NYAG's position appears to be that "as you can see from [its] papers, extrinsic evidence is not required in order for the Court to rule in [its] favor on the motion," that is not the law. For the reasons stated below, the Court should order a reasonable period for discovery to allow Quincy time to address the NYAG's new claim properly.

On December 6, 2024, the Court denied Quincy's and the NYAG's respective motions to alter the judgment, affirmed the judgment entered on November 18, 2024, and ordered Quincy "to cease the use of the Challenged Statements in Prevagen's marketing in a reasonable and practical amount of time without delay" (the "Injunction"). (Dkt. 524 at 5.) The Court contemplated that the Injunction "is not a trivial event" and would require "costs and effort." (*Id.* at 4.) Thereafter, Quincy, the NYAG, and Defendant Mark Underwood each filed Notices of Appeal concerning various decisions and orders issued by this Court. (*See* Dkt. 525–26, 535.) The appeal is fully briefed and is awaiting oral argument.

Following the Court's Injunction and subsequent denial of Quincy's motion to stay, Quincy undertook significant changes to its marketing to comply with the Injunction, at a great cost to the company. Shortly after the entry of the Injunction, Quincy kept the NYAG apprised of its efforts and engaged in a number of meet-and-confers with the NYAG to discuss its "progress in complying with this Court's injunction" between November 2024 and February 2025. (Matuschak Declaration ¶ 8.) To comply with the Injunction, Quincy removed each and every mention of the Challenged Statements from its packaging and advertising. Quincy finished completely phasing the Challenged Statements out of its marketing by the end of February 2025. (*Id.* ¶ 9.) The updated packaging and advertisements for Prevagen following the phase-out of the Challenged Statements include the tagline "For Your Brain."

On November 5, 2025, for the first time—over eight months after the parties' last meet-and-confer regarding Quincy's advertising changes—the NYAG informed Quincy that it would seek an order enjoining Quincy from using the tag line "For Your Brain" because the NYAG believes that this completely different language impliedly makes one or more of the Challenged Statements (it does not). (*Id.* ¶ 12.) After repeatedly arguing in the case before Your Honor and the Second Circuit that it was not required to produce extrinsic evidence of consumers' perception of Quincy's marketing and advertising statements, the NYAG informed Quincy for the first time on November 5 that it commissioned an expert report regarding the alleged "implied" claims. But, despite disclosing the existence of this report, the NYAG refused to share it or provide any details about it, including the identity of its author. Instead, the NYAG told Quincy that it would not disclose the report until it filed its anticipated motion to enforce—unless Quincy acceded to its demand to discontinue the "For Your Brain" statement.

Quincy saw the report for the first time when the NYAG attached it to the Motion. The NYAG filed the Motion on November 17, 2025, which set the deadline for Quincy's opposition as December 1, 2025 (i.e., the Monday after the Thanksgiving holiday).

This timeframe is far too short for Quincy to respond to what amounts to a motion for a permanent injunction relating to a brand-new claim that was not previously litigated. The NYAG's expert report from Melissa Pittaoulis, Ph.D., was not disclosed prior to November 17, 2025. (*See* Dkt. 300 at 74.) The expert report consists of 169 pages of narrative, exhibits, and references, as well as voluminous data relating to a consumer survey conducted in July 2025 in connection with that report.[1] Responding to the new facts and expert opinion that form the basis of the Motion will require a significant fact-finding effort on Quincy's part and will necessitate discovery regarding the NYAG's expert and Quincy's anticipated rebuttal experts. Quincy should be permitted to conduct the appropriate discovery as well as submit rebuttal opinions in opposition to the Motion. *Hannah v. Roadway Exp., Inc.*, 200 F.R.D. 651, 653 (D. Colo. 2001) (reasoning that if the plaintiff is allowed to designate an expert late, it follows that

---

[1]    Based on the date of her report as compared to the timing of the referenced consumer perception survey, it took Dr. Pittaoulis at least *three months* to interpret the results of her survey.

the court "would also have to allow the deposition of the late-designated expert; allow the defendants to designate their own expert, including a deposition of that expert; and allow the plaintiff an opportunity to designate a rebuttal expert, including a deposition of the rebuttal expert"); *see also Reyna v. Target Corp.*, No. 7:20-CV-01233, 2022 WL 12399321, at *2 (S.D.N.Y. Oct. 21, 2022) (quoting *Hannah* and providing the same).

Discovery is particularly important for Quincy to be able to respond to the Motion given the NYAG's concession that "For Your Brain" allegedly conveys an implied claim that, according to the NYAG, is in violation of the Injunction. While the Second Circuit recognizes that "the success of a plaintiff's implied falsity claim usually turns on the persuasiveness of a consumer survey," *Johnson & Johnson * Merck Consumer Pharms. Co. v. Smithkline Beecham Corp.*, 960 F.2d 294, 298 (2d Cir. 1992), the NYAG goes one step further by using their consumer survey to show that consumers perceive Quincy as conveying claims appearing nowhere in its marketing materials. Furthermore, notwithstanding the flaws in Dr. Pittaoulis's consumer survey apparent to a layperson—including evidence *that the vast majority of respondents identified no memory or cognition claims* implied in the phrase "For Your Brain"—Quincy should be permitted to conduct discovery into her expert opinions and to provide rebuttal expert opinions. *Goldberg v. Kelly*, 397 U.S. 254, 269 (1970) ("In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses.")

Given the above, Quincy respectfully proposes that the Court enter the following schedule:

| | |
|---|---|
| Deadline for Quincy to serve document requests related to NYAG's expert opinions | December 15, 2025 |
| Deadline for NYAG to respond to document requests related to NYAG's expert opinions | January 14, 2026 |
| Deadline for Quincy to conduct depositions of NYAG's experts | February 13, 2026 |
| Deadline for Quincy's rebuttal expert opinions | March 6, 2026 |
| Deadline for NYAG to serve document requests related to Quincy's expert opinions | March 20, 2026 |
| Deadline for Quincy to file opposition to NYAG's Motion | March 20, 2026 |
| Deadline for NYAG to conduct deposition of Quincy's experts | April 20, 2026 |
| Deadline for NYAG to file reply to Quincy's opposition | May 15, 2026 |

So Ordered.

Louis L Stanton

11/25/25

Louis L. Stanton

On November 18, 2025, Quincy contacted the NYAG to seek their consent to the above schedule. Counsel for the NYAG responded on November 19, 2025, and indicated that unless Quincy voluntarily discontinued the use of the "For Your Brain" statement it would not agree to this schedule and instead offered a discovery schedule on "a much shorter timeline" only if Quincy discontinues the use of the post-Injunction statement. Considering the contested nature of the Motion, and the constitutional protections that are afforded even to commercial speech, Quincy respectfully requests that the Court enter the above discovery schedule.

Respectfully submitted,

KELLEY DRYE & WARREN LLP

By: /s/ *Geoffrey W. Castello*
    Geoffrey W. Castello
    William A. Escobar
    Jaclyn M. Metzinger
    Glenn T. Graham
    Caitlin R. Hickey
    3 World Trade Center
    175 Greenwich Street
    New York, NY 10007
    Tel: (212) 808-7800
    Fax: (212) 808-7897
    gcastello@kelleydrye.com
    wescobar@kelleydrye.com
    jmetzinger@kelleydrye.com
    ggraham@kelleydrye.com
    chickey@kelleydrye.com

    *Counsel for Defendants Quincy Bioscience*
    *Holding Company, Inc., Quincy Bioscience,*
    *LLC, Prevagen, Inc. d/b/a Sugar River*
    *Supplements, and Quincy Bioscience*
    *Manufacturing, LLC*

    cc: All Counsel of Record (via ECF)