ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/26
```

FEDERAL TRADE COMMISSION and

THE PEOPLE OF THE STATE OF NEW
YORK, by LETITIA JAMES, Attorney
General of the State of New York,

       Plaintiffs,

    - against -

QUINCY BIOSCIENCE HOLDING
COMPANY, INC., a corporation;

QUINCY BIOSCIENCE, LLC, a limited
liability company;

PREVAGEN, INC., a corporation
d/b/a/ SUGAR RIVER SUPPLEMENTS;

QUINCY BIOSCIENCE
MANUFACTURING, LLC, a limited
liability company; and

MARK UNDERWOOD, individually and as
an officer of QUINCY BIOSCIENCE
HOLDING COMPANY, INC., QUINCY
BIOSCIENCE, LLC, AND PREVAGEN, INC.,

       Defendants.

17 Civ. 124 (LLS)

ORDER

Plaintiff People of the State of New York, by Letitia James,

Attorney General of the State of New York ("NYAG"), move to

enforce this Court's November 18, 2024 Judgment (Dkt. No. 513)

against defendants Quincy Bioscience Holding Company, Inc.;

Quincy Bioscience, LLC; Prevagen, Inc.; and Quincy Bioscience

Manufacturing, LLC (collectively, "Quincy"). (Dkt. No. 536).

Plaintiff also moves for fact discovery to support the motion.

- 1 -

(Dkt. No. 545). For the reasons explained below, both motions are denied.

## Background

The Court assumes familiarity with the facts of this case and recites only those relevant to the pending motions.

In March 2024, a jury found eight statements Quincy made to promote its product Prevagen (the "Challenged Statements") were not supported by competent and reliable scientific evidence. (Dkt. No. 421). On November 18, 2024, the Court issued a Final Judgment based on this verdict, which enjoined Quincy from using the Challenged Statements to advertise Prevagen. (Dkt. No. 513). The Court affirmed and clarified the scope of its Judgment on December 6, 2024. (Dkt. No. 524).

Quincy appealed the Judgment on December 19, 2024, and the NYAG cross-appealed on February 4, 2025. (Dkt. Nos. 525, 535). The appeals are pending before the Second Circuit.

Following the Judgment, Quincy adopted a new advertising campaign using the phrases "For Your Brain," "over-the-counter supplement for your brain," "unique supplement for your brain," and "supplement made for your brain" (the "For Your Brain Statements"). Pl. Br. at 4 (Dkt. No. 537). None of those statements were considered in the prior litigation.

On November 17, 2025, the NYAG moved to enforce the Court's Judgment against Quincy's new marketing campaign. The NYAG

argued the For Your Brain Statements contravene the Judgment because they imply that Prevagen improves memory, provides cognitive benefits, and has some beneficial effect on the brain. Id. at 8. The motion to enforce seeks to enjoin Quincy's use of the For Your Brain Statements in all advertising materials. Id. at 17.

## Legal Standard

As a threshold matter, the Court must consider whether it has jurisdiction over the NYAG's present motions despite the parties' appeals. See Travelers Ins. Co. v. Carpenter, 411 F.3d 323, 328 (2d Cir. 2005)(explaining that if jurisdiction is questionable, courts are obligated to examine the question sua sponte).

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). "A district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals." United States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996).

However, district courts retain jurisdiction to enforce their judgments following a notice of appeal. See City of New

York v. Venkataram, 2012 WL 2921876, at *3 (S.D.N.Y. July 18, 2012)(collecting cases).

## Discussion

The NYAG's motion is not a "motion to enforce" this Court's Judgment, rather it is an attack on the new For Your Brain Statements. Plaintiff asks this Court to "order Quincy to immediately remove advertising materials that make implied claims that Prevagen improves memory or provides other cognitive benefits, including but not limited to all materials using the words 'For Your Brain,' and to prohibit such representations in the future." Pl. Br. at 17. Such an order would enjoin speech not included in the original Judgment, not considered by a jury, and not addressed at trial. This is not an enforcement of the existing Judgment; it is an expansion.

The NYAG cannot recast its improper motion to modify the Judgment as a motion to enforce simply because the For Your Brain Statements and the Challenged Statements are allegedly similar. Similarity of issues does not mean it is the same case. Not only are the main facts – the words used – different from those considered at trial, but the background facts supporting the new statements – the present medical and scientific evidence – are unknown. It is not the Court's role to address those legal and factual questions while the original case, on its own facts, is on appeal.

- 4 -

The NYAG cannot shoehorn an entirely new set of facts into an existing Judgment. To do so would interfere with the appellate proceedings before the Second Circuit and frustrate principles of due process and judicial economy. The NYAG may bring a new case to enjoin the For Your Brain Statements, but that case would be separate and distinct from the one already tried and now on appeal.

## Conclusion

The NYAG's motion to enforce a judgment is denied for lack of jurisdiction, and its motion for fact discovery is denied as moot.

So ordered.

Dated: New York, New York

January 8, 2026

_Louis L. Stanton_

LOUIS L. STANTON

U.S.D.J.